THEODORE J. BOUTROUS JR., SBN 132099
 tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
 tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
 dmanthripragada@gibsondunn.com
JUSTIN T. GOODWIN, SBN 278721
 jgoodwin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Attorneys for Defendant
GRUBHUB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW TAN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>GRUBHUB, INC.,<br><br>        Defendant. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.**<br><br>[Removal from the Superior Court of the State of California in and for the County of San Francisco, Case No. CGC-15-548103] |

Gibson, Dunn &
Crutcher LLP

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF ANDREW TAN AND HIS COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1331, 1332, 1367, and 1711, Defendant GrubHub, Inc., now GrubHub Holdings Inc., hereby removes this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of San Francisco, Case No. CGC-15-548103, to the United States District Court for the Northern District of California, San Francisco Division. Removal is proper on the following grounds:

**TIMELINESS OF REMOVAL**

1.      Plaintiff Andrew Tan ("Plaintiff") filed a Class Action Complaint ("Complaint") against GrubHub, Inc. in the Superior Court for San Francisco County, California, Case Number CGC-15-548103, on September 23, 2015.  Pursuant to 28 U.S.C § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant as of the date of this filing are attached as Exhibits A-B to the Declaration of Theane Evangelis ("Evangelis Decl.") filed concurrently herewith.

2.      Plaintiff served Defendant with the Summons and Complaint on October 8, 2015.  *See* Evangelis Decl. Ex. A.  This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

**SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL**

3.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against GrubHub, Inc. pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4.      The Class Action Fairness Act applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶ 15.

Gibson, Dunn & Crutcher LLP

2
NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.

5.      Plaintiff alleges in the Complaint that he "brings this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all GrubHub drivers who have worked in California."  Compl. ¶ 15.

6.      The Complaint alleges that "GrubHub's conduct, . . . in misclassifying Plaintiff and other GrubHub drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code § 2802."  *Id.* at 6 ("Count I").

7.      The Complaint also alleges that "GrubHub's conduct, . . . in misclassifying Plaintiff and other GrubHub drivers as independent contractors, and failing to provide proper itemized wage statements constitutes a violation of California Labor Code § 226(a)."  *Id.*  ("Count II").

8.      The Complaint further alleges that "GrubHub's conduct, . . . in misclassifying Plaintiff and other GrubHub drivers as independent contractors, and failing to pay the drivers the California minimum wage each week worked constitutes a violation of California Labor Code §§ 1197 and 1194."  *Id.* at 7 ("Count III").

9.      The Complaint further alleges that "GrubHub's conduct, . . . in misclassifying Plaintiff and other GrubHub drivers as independent contractors, and failing to pay the drivers the appropriate overtime premium overtime hours they worked [sic] constitutes a violation of California Labor Code §§ 1194, 1198, 510, and 554."  *Id.* ("Count IV").

10.     The Complaint further alleges that "Defendant's conduct . . . violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ('UCL')" and "constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code Section 2802."  *Id.* ("Count V").

11.     Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

Gibson, Dunn &
Crutcher LLP

3

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.

1    12.    Defendant vehemently denies any liability in this case, both as to Plaintiff's individual

2    claims and as to the claims of the putative class members, and will present compelling defenses to

3    those claims on the merits.  Defendant also intends to oppose class certification, and believes class

4    treatment is inappropriate because, among other reasons, there are numerous material differences

5    between the named Plaintiff and the other independent Delivery Partners whom Plaintiff seeks to

6    represent in this action.  Defendant expressly reserves all rights in these regards.  However, for

7    purposes of meeting the jurisdictional requirements for removal *only*, Defendant submits that this

8    action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the

9    allegations *in the Complaint* identify a putative class of more than 100 members, establish the

10   minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million

11   in the aggregate for the entire class, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6).

12   **A.    The Proposed Class Consists of More than 100 Members.**

13   13.    Plaintiff alleges in the Complaint that he "brings this case as a class action . . . on

14   behalf of all GrubHub drivers who have worked in California."  Compl. ¶ 15.  GrubHub Holdings

15   Inc. ("GrubHub") launched its online platform in California in or around June 2014.  *See* Declaration

16   of Stan Chia ("Chia Decl.") ¶ 10.  Since June 2014, at least 1,500 independent Delivery Partners have

17   contracted with GrubHub to use its online platform to deliver food orders to diners.  *Id.* ¶ 11.

18   Accordingly, while GrubHub denies that class treatment is permissible or appropriate, the proposed

19   class plainly consists of more than 100 members.

20   **B.    GrubHub and Plaintiff Are Not Citizens of the Same State.**

21   14.    The minimum diversity of citizenship criteria under CAFA requires that the plaintiff

22   or any member of the putative class is a citizen of a state that is different from that of any defendant.

23   *See* 28 U.S.C. § 1332(d)(2)(A).

24   15.    Plaintiff alleges that he is a "resident of San Francisco, California."  Compl. ¶ 3.  In

25   addition, Plaintiff provided GrubHub with a copy of his driver's license, which also indicates that he

26   resides in San Francisco, California.  Chia Decl. ¶ 5, Ex. 1.

27   16.    GrubHub is incorporated in Delaware and maintains its corporate headquarters and

28   principal place of business in Chicago, Illinois.  Chia Decl. ¶ 2; Compl. ¶ 4.  GrubHub's corporate

Gibson, Dunn &
Crutcher LLP

4

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.

headquarters in Chicago, Illinois constitutes its principal place of business for purposes of removal because, among other things, GrubHub's executive and administrative operations are centrally managed from this location.  Chia Decl. ¶ 2; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

17.     Accordingly, GrubHub is and has been at all relevant times a citizen of the States of Delaware and Illinois, but not of California, the state of Plaintiff's citizenship.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

18.     Because the proposed class representative is a citizen of a state different from that of Defendant, the minimum diversity requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

**C.     The Amount Placed in Controversy by the Class Claims Exceeds $5 million.**

19.     Although GrubHub denies that Plaintiff's claims have any merit, GrubHub avers, for the purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff were to prevail on every single claim and allegation in the Complaint on behalf of the putative class alleged, the requested monetary recovery would exceed $5 million.

**1.     Plaintiff's class allegations seeking the recovery of expenses pursuant to section 2802 of the California Labor Code place more than $1.3 million in controversy.**

20.     Plaintiff alleges that GrubHub "has required Plaintiff and other GrubHub drivers to bear many of the expenses of their employment, including expense for their vehicles, gas, parking, phone data, and other expenses."  Compl. ¶ 12.  The Complaint seeks "compensatory damages, including all expenses owed" to the putative class.  *Id.* ¶ 8.

21.     <u>Cell Phone Expenses</u>.  GrubHub denies that reimbursement for any such expenses is owed to Plaintiff or to putative class members.  However, for purposes of this jurisdictional analysis *only*, GrubHub relies on Plaintiff's allegation that the reimbursements are owed.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint."); *Heejin Lim v. Helio, LLC*, No. CV 11-9183 PSG, 2012 WL 359304, at *2 (C.D. Cal. Feb. 2, 2012) ("The ultimate inquiry is, therefore, what amount is

Gibson, Dunn & Crutcher LLP

5

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.

put 'in controversy' by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any.") (citations omitted).

22.     California Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequences of the discharge of his or her duties, or of his or her obedience to the directions of the employer."  Cal. Lab. Code § 2802(a).  For the purposes of this provision, "the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to attorney's fees incurred by the employee enforcing the rights granted by this section." *Id.* § 2802(c).

23.     In 2015, the United States Department of Labor completed its Consumer Expenditure Survey, which provides information on the buying habits of American consumers, including data on their expenditures, income, and consumer unit (families and single consumers) characteristics. Evangelis Decl., Ex. C, *Consumer Expenditure Survey*, Bureau of Labor Statistics, http://www.bls.gov/cex/#tables.  The survey data is collected for the Bureau of Labor Statistics by the U.S. Census Bureau.  *Id.*  For the West region, which includes California, the United States Department of Labor found that consumer units had a mean annual expenditure on "Cellular phone service" of $1,010, which translates to $19.42 per week.  *See id.*  Each consumer unit on average consists of 2.6 individuals.  *Id.*  Dividing the average weekly expenditure on "Cellular phone service" by 2.6 to reach the cost of the individual weekly expenditures attributable to each putative class member results in individual weekly expenditures of $7.47.[1]

24.     Since June 2014, when GrubHub began contracting with independent Delivery Partners, the putative class members have used GrubHub's online platform to deliver food orders to diners for at least 20,000 aggregate weekly pay periods.  *See* Chia Decl. ¶ 13.  If, as Plaintiff alleges, the use of cell phones by Plaintiff and other GrubHub independent Delivery Partners constitutes a necessary expenditure or loss under California Labor Code section 2802, then the amount placed in controversy by this allegation is approximately $149,400, as shown in the chart below.

---

[1]  GrubHub denies that any reimbursements are warranted and reserves the right to contest the method of calculating what damages, if any, are owed to Plaintiffs and the putative class.

Gibson, Dunn &
Crutcher LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Amount in Controversy for Cell Phone Expenditures | |
|---|---|
| Mean Annual Cell Phone Expenditures in West Region According to U.S. Department of Labor | $1,010 |
| Mean Weekly Expenditures Per Capita | $7.47 |
| Aggregate Weekly Pay Periods For Putative Class Members | 20,000 |
| Amount in controversy for GrubHub ($7.47 average weekly reimbursement x 20,000 weekly pay periods) | **$149,400** |

25.    Mileage Expenses.  The Internal Revenue Service's standard mileage rates used to calculate the deductible costs of operating an automobile for business purposes ranged from 56 cents per mile to 57.5 cents per mile during the class period.  *See* Evangelis Decl. Ex. D, *Standard Mileage Rates*, Internal Revenue Service, http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates/.

26.    Since June 2014, when GrubHub launched its online platform in California and began contracting with independent Delivery Partners, the aggregate number of miles between the restaurant and the diner on a point-to-point, "as the crow flies," basis for California deliveries is approximately 600,000 miles.  Chia Decl. ¶ 14.  Applying a multiplier of 1.5 to reach a conservative estimate of the miles actually driven, rather than the "as the crow flies" distance, between restaurant and diner on California deliveries results in a travel distance of approximately 900,000 miles in the aggregate.  That figure does not take into account the miles driven to each restaurant to pick up the order, nor does it take into account any miles driven after the order is delivered.  *Id.* ¶ 14.  Applying a conservative multiplier of 2 to account for miles driven to each restaurant to pick up an order and any miles driven after the order is delivered results in approximately 1,800,000 miles driven by independent Delivery Partners during the relevant period, although GrubHub denies that Plaintiff or any class member is entitled to reimbursement for any such miles driven.

27.    GrubHub denies that Plaintiff or any class member is entitled to reimbursement for any expenses.  GrubHub further denies that the Internal Revenue Service's standard mileage rates are the appropriate metrics for determining the amount or size of reimbursements under California Labor

Gibson, Dunn & Crutcher LLP

7

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.

Code section 2802.  However, applying the lowest applicable Internal Revenue Service reimbursement rate during the class period, for the purposes of meeting the jurisdictional requirements for removal *only*, the amount placed in controversy by the class allegations concerning vehicle-related expenses exceeds $1,008,000.

28.  <u>Parking Expenses</u>.  Plaintiff also alleges that GrubHub "has required Plaintiff and other GrubHub drivers to bear many of the expenses of their employment, including expenses for . . . parking."  Compl. § 12.  Assuming, for the purposes of this jurisdictional analysis *only*, that class members incurred $10 in weekly parking expenses (a conservative estimate that would include expenses such as meter or other paid parking, and fines for parking violations, for example), the allegations in the Complaint place in controversy approximately $200,000 in connection with parking-related expenses.

**2.  Plaintiff's class allegations seeking penalties for improper itemized wage statements place more than $1.6 million in controversy.**

29.  Plaintiff alleges that GrubHub, "in misclassifying Plaintiff and other GrubHub drivers as Independent Contractors," failed "to provide proper itemized wage statements" in "violation of California Labor Code § 226(a).  Compl. ¶ 6.

30.  Under California Labor Code section 226(e), penalties for inaccurate wage statements are calculated at a rate of $50 per initial violation and $100 per subsequent violation, with a maximum penalty of $4,000 per person.  Cal. Labor Code § 226(e).  The statute of limitations for claims under California Labor Code section 226 is one year.  *See* Cal. Code Civ. Proc. §340(a).  Between September 23, 2014 and November 5, 2015, approximately 1,450 independent Delivery Partners contracted with GrubHub to use its online platform to deliver food orders to diners.  Chia Decl. ¶ 12.  Approximately 10% of these 1,450 independent Delivery Partners received more than 40 weekly payments (*see id.*), thereby capping their potential recovery under Section 226 at $4,000 per person, or $580,000 in total.  The remaining 90% of the independent Delivery Partners received less than or equal to 40 weekly payments of service fees over an aggregate number of weekly pay periods of approximately 11,000 (*see id.*), which translates to approximately $65,250 in penalties for alleged "initial" violations (at $50 each) and $969,500 in penalties for alleged "subsequent" violations (at

Gibson, Dunn &
Crutcher LLP

8

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.

$100 each), or $1,034,750.  As such, although GrubHub strongly denies that Plaintiff or any class member is entitled to penalties, the class allegations seeking penalties under section 226 of the California Labor Code place approximately $1,614,750 in controversy.

**3.   Plaintiff's class allegations seeking unpaid overtime wages place at least $2.4 million in controversy.**

31.   Plaintiff alleges that he "and other GrubHub drivers have *regularly* worked more than eight (8) and even twelve (12) hours per day and forty (40) hours per week, but GrubHub has not paid overtime wages for these hours."  Compl. ¶ 14 (emphasis added).  Plaintiff also alleges that "he *routinely* worked more than twelve (12) hours in a day, and GrubHub did not pay him at twice his regularly hourly rate."  *Id.* (emphasis added).  Furthermore, the Complaint alleges that "Plaintiff Tan's claims are typical of the claims of the class."  *Id.* ¶ 20.

32.   Plaintiff executed two Delivery Service Provider Agreements providing that he would receive a minimum average payment of $18 to $20 per hour for delivery services rendered.  Chia Decl. ¶ 7.  Assuming for the purposes of this jurisdictional analysis *only* that Plaintiff's service fee payments were comprised of 20% tips, and using the lower minimum average payment per hour that Plaintiff was eligible to receive under his two Delivery Service Provider Agreements, Plaintiff's regular rate of pay excluding tips was at least $15 per hour.  Plaintiff signed up for delivery blocks averaging approximately 53 hours per week.  *Id.* ¶ 9.  If, as Plaintiff alleges in his Complaint, he was entitled to premium pay for all hours "worked" (Compl. ¶ 14) over eight in a day and 40 in a week, and because Plaintiff appears to allege in his Complaint that he "worked" for the entirety of the delivery blocks for which he signed up, then this Notice assumes, for the purposes of this jurisdictional analysis *only*, that Plaintiff is alleging that he should have earned one-half times his regular rate of pay for an average of ten hours per week, and double his regular rate of pay for an average of three hours per week, totaling an average of $120 in unpaid overtime wages per week.

33.   Since June 2014, when GrubHub began contracting with independent Delivery Partners, the putative class members have used GrubHub's online platform to deliver food orders to diners for at least 20,000 aggregate weekly pay periods.  *See* Chia Decl. ¶ 13.  If each class member also averages $120 in unpaid overtime wages per week, in accordance with Plaintiff's allegation that

Gibson, Dunn & Crutcher LLP

his "claims are typical of the claims of the class" (Compl. ¶ 20), then the class overtime claim places at least $2,400,000 in controversy.  That is a conservative estimate because it does not account for overtime hours that result when an independent Delivery Partner's delivery blocks add up to more than eight or twelve hours in a day (or for several days) but fewer than forty hours over the course of the week.

**4.    Plaintiff's request for attorneys' fees places an additional $1.3 million in controversy.**

34.    Plaintiff requests an award of "all costs and attorney's fees incurred prosecuting this claim."  Compl. 8.

35.    Under Ninth Circuit precedent, the benchmark commonly used for the award of attorneys' fees is 25% of the common fund.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

36.    GrubHub denies that any such attorneys' fees are owed to Plaintiff or the putative class and reserves the right to contest the application of the 25% benchmark in this case.  However, for purposes of this jurisdictional analysis *only*, GrubHub relies on Plaintiff's allegations that the attorneys' fees are owed.  GrubHub has established that the total amount in controversy not including attorneys' fees is approximately $5,372,150.  Applying the 25% benchmark, Plaintiff's request for attorneys' fees places an additional $1,343,038 in controversy.

**5.    In total, Plaintiff's alleged damages and request for attorneys' fees place more than $6.7 million in controversy.**

37.    Combined, Plaintiff's class allegations place more than $6.7 million in controversy:

| Total Amount in Controversy | |
|---|---|
| Total Amount in Controversy from Section 2802 Claim | $1,357,400 |
| Total Amount in Controversy from Section 226 Claim | $1,614,750 |
| Total Amount in Controversy from Overtime Claim | $2,400,000 |
| Subtotal | $5,372,150 |
| Attorneys' Fees Benchmark | 25% |

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.

| Attorneys' Fees in Controversy | $1,343,038 |
|---|---|
| **TOTAL:** | **$6,715,188** |

38.     For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy, and removal to this Court is proper under CAFA.[2]

## THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

39.     Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a)  This is a civil action that is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B);

b)  This action involves a putative class of more than 100 independent Delivery Partners;

c)  The amount in controversy exceeds $5 million, exclusive of interest and costs, as required under 28 U.S.C. § 1332(d)(2); and

d)  Plaintiff is a citizen of a state that is different from that of Defendant GrubHub, Inc.

Accordingly, removal of this action is proper under 28 U.S.C. § 1441.

40.     The United States District Court for the Northern District of California, San Francisco Division, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiff originally filed this case in San Francisco County Superior Court. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

41.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon GrubHub are attached as Exhibits A through B to the Declaration of Theane Evangelis filed concurrently herewith.

---

[2]  Because GrubHub has shown there is federal jurisdiction over this action, Plaintiff bears the burden of proof with regard to any argument that an exception to CAFA removal applies and justifies remand. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).  GrubHub submits that no such exception applies and expressly reserves the right to contest and further brief the applicability of any exception that Plaintiff may raise in a motion for remand.

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.

42.     Upon filing this Notice of Removal, GrubHub will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of San Francisco County pursuant to 28 U.S.C. § 1446(d).

43.     WHEREFORE, GrubHub removes to this Court the above action pending against it in the Superior Court of California, County of San Francisco.


Dated: November 9, 2015

THEODORE J. BOUTROUS JR.
THEANE EVANGELIS
DHANANJAY S. MANTHRIPRAGADA
JUSTIN T. GOODWIN
GIBSON, DUNN & CRUTCHER LLP


By:   */s/ Theane Evangelis*
                        Theane Evangelis

Attorneys for Defendant
GRUBHUB, INC.

## ECF ATTESTATION

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated: November 9, 2015

GIBSON, DUNN & CRUTCHER LLP


By:   */s/ Justin T. Goodwin*
                        Justin T. Goodwin

Attorneys for Defendant
GRUBHUB, INC.

Gibson, Dunn & Crutcher LLP

12

NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT GRUBHUB, INC.