SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
THOMAS FOWLER, *pro hac vice*
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW CARLSON (SBN 273242)
(mcarlson@carlsonlegalservices.com)
Carlson Legal Services
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (510) 239-4710

# UNITED STATES DISTRICT COURT
## FOR THE CALIFORNIA NORTHERN DISTRICT

|  |  |
|---|---|
| ANDREW TAN and RAEF LAWSON in their capacities as Private Attorney General Representatives, and RAEF LAWSON, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiffs, <br> v. <br><br> GRUBHUB HOLDINGS INC. and GRUBHUB INC., <br><br> Defendants. | Case No. 15-cv-05128 JSC <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, STAY ALL PAGA CLAIMS** <br><br> Hearing Date:    March 24, 2016 <br> Time:                9:00 a.m. <br> Courtroom:        F <br><br> BEFORE THE HON. JACQUELINE SCOTT CORLEY |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ......................................... 2

III.  ARGUMENT ...................................................................................................... 4

  A.  Standard of Review .......................................................................................... 4

  B.  The Allegations In This Case Are Sufficient To State A Claim For Violation of
      Cal. Lab. Code § 2802 For Failure to Reimburse The Delivery Drivers For
      Expenses That They Paid That Should Have Been Borne By Defendants .................... 4

  C.  The Allegations In This Case Are Sufficient to State A Claim For Relief Under
      California Business And Professions Code Sections 17200 *et seq.* .............................. 8

  D.  The Allegations In This Case Are Sufficient to State A Claim For Relief For
      Violations of California's Minimum Wage and Overtime Laws ................................... 8

  E.  The Allegations In This Case Are Sufficient to State A Claim For Relief For
      Under PAGA ...................................................................................................... 14

  F.  The Court Should Deny Defendants' Request For A Stay Or Dismissal of the
      PAGA Claims Pending Before It ......................................................................... 18

IV.   CONCLUSION ................................................................................................. 23

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
OR, ALTERNATIVELY, STAY ALL PAGA CLAIMS
CASE NO. 3:15-cv-05128

## TABLE OF AUTHORITIES

**CASES**

Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.,
    843 F.2d 1253 (9th Cir. 1988) ........................................................................ 2, 19, 22

Amaral v. Cintas Corp. No. 2,
    163 Cal. App. 4th 1157 (2008) .................................................................................. 21

Arias v. Superior Court,
    46 Cal. 4th 969 (2009) ........................................................................................ 18, 22

Arriaga v. Florida Pac. Farms, L.L.C.
    305 F.3d 1228 (11th Cir. 2002) ................................................................................ 14

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ..................................................................................... 1, 4, 5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ................................................................................... 1, 5, 11

Brown v. Ralph's Grocery Co.,
    197 Cal. App. 4th 489 (2011) .................................................................................. 16

Butler v. DirectSat USA, LLC,
    800 F. Supp. 2d 662 (D. Md. 2011) .......................................................................... 12

Cardenas v. McLane Foodservice, Inc.,
    2011 WL 379413 (C.D. Cal. Jan. 31, 2011) .......................................................... 17, 18

Colorado River Water Conservation District v. United States,
    424 U.S. 800 (1976) ........................................................................ 2, 19, 20, 23

DeJesus v. HF Management Services, LLC,
    726 F.3d 85 (2d Cir. 2013) ....................................................................................... 10

Fields v. QSP, Inc.,
    2012 WL 2049528 (N.D. Cal. July 14, 2015) .......................................................... 22

Garcia v. Bryant, Inc.,
    2011 WL 5241177 (E.D. Cal. Oct. 31, 2011) ............................................................. 6

Kamakahi v. Am. Soc'y for Reproductive Med.,
    2012 WL 892163 (N.D. Cal. Mar. 2012) ................................................................ 18

Landers v. Quality Communications, Inc.,
    771 F.3d 638 (9th Cir. 2014) ............................................................................ passim

Levitte v. Google, Inc.,
    2009 WL 482252 (N.D. Cal. Feb. 25, 2009) ........................................................... 18

Manning v. Boston Med. Ctr. Corp.,
   725 F.3d 34 (1st Cir. 2013)........................................................................... 10

Martinez v. Regency Janitorial Servs. Inc.,
   2011 WL 4374458 (E.D. Wis. Sept. 19, 2011) ....................................... 11

Mitchell v. GrubHub, Inc.,
   Case No. BC584042 (LA Super Ct. June 12, 2015)........................... passim

Mitial v. Dr. Pepper Snapple Grp,
   2012 WL 2524272 (S.D. Fla. June 29, 2012)........................................ 11, 12

Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,
   460 U.S. 1 (1983) ....................................................................................... 19

Nakash v. Marciano,
   882 F.2d 1411 (9th Cir. 1989) .................................................................... 19

O'Connor v. Uber Technologies, Inc.,
   --- F.R.D. ---, 2015 WL 8292006 (N.D. Cal. Dec. 9, 2015)..................... 6

O'Connor v. Uber Technologies, Inc.,
   2013 WL 6354534 (N.D. Cal. Dec. 5, 2013)......................................... 6, 8

O'Connor v. Uber Technologies, Inc.,
   Case No. 13-cv-03826-EMC, Order Re First-Filed Rule And Uber's Request for
   Stay/Dismissal Pursuant To Colorado River Abstention Doctrine, ECF No. 474
   (N.D. Cal. Feb. 4, 2016) ...................................................................... passim

Ordonez v. Radio Shack,
   2011 WL 499279 (C.D. Cal. Feb. 7, 2011) ................................................ 6

Perez v. Wells Fargo Bank, N.A.,
   929 F. Supp. 2d 988 (N.D. Cal. 2013)........................................................ 8

Pruell v. Caritas Christi,
   678 F.3d 10 (1st Cir. 2012)......................................................................... 10

Renfro v. City of Emporia, Kan.
   948 F.2d 1529 (10th Cir. 1991) ................................................................. 13

Rodriguez v. F & B Solutions LLC,
   2014 WL 2069649 (E.D. Va. Apr. 29, 2014) ................................ 10, 11, 12

Ryder Truck Rental, Inc. v. Acton Foodservices Corp.,
   554 F. Supp. 277 (C.D. Cal. 1983).............................................................. 20

Sciortino v. Pepsico, Inc.,
   108 F. Supp. 3d 780 (N.D. Cal. 2015)......................................................... 20

Sec'y of Labor v. Labbe,
   319 F. App'x 761 (11th Cir. 2008) ............................................................ 10

Skidmore v. Swift & Co.
   323 U.S. 134 (1944) .................................................................................... 13

iii

<u>Stafford v. Dollar Tree Stores, Inc.</u>,
    2014 WL 6633396 (E.D. Cal. Nov. 21, 2014)...................................................... 16, 17

<u>Starr v. Baca</u>,
    652 F.3d 1202 (9th Cir. 2011) .................................................................................... 4

<u>Thomas v. Aetna Health of California, Inc.</u>,
    2011 WL 2173715 (E.D. Cal. June 2, 2011) ............................................................. 17

<u>Travelers Indem. Co. v. Madonna</u>,
    914 F.2d 1364 (9th Cir. 1990) .................................................................................. 20

<u>United States v. Union Auto Sales, Inc.</u>,
    490 F. App'x 847 (9th Cir. 2012)................................................................................ 4

<u>Varsam v. Laboratory Corp. of America</u>,
    --- F. Supp. 3d ---, 2015 WL 4624111 (S.D. Cal. Aug. 3, 2015) .............................. 9

<u>Watterson v. Page</u>,
    987 F.2d 1 (1st Cir.1993) ......................................................................................... 15

<u>Wilson v. Hewlett-Packard Co.</u>,
    668 F.3d 1136 (9th Cir. 2012) .................................................................................... 7

<u>Yucesoy v. Uber Technologies, Inc.</u>,
    2016 WL 493189 (N.D. Cal. Feb. 9, 2016) .......................................................... 12, 13


**STATUTES**

Cal. Bus. & Prof. Code §§ 17200 *et seq* ............................................................... 2, 8, 22

Cal. Lab. Code § 1194 ................................................................................................ passim

Cal. Lab. Code § 1197 ......................................................................................... 2, 3, 8, 15

Cal. Lab. Code § 1198 ....................................................................................... 2, 8, 9, 15

Cal. Lab. Code § 226(a) .............................................................................................. 2, 3, 4

Cal. Lab. Code § 2802 ................................................................................................ passim

Cal. Lab. Code § 510 ......................................................................................... 2, 8, 9, 15

Cal. Lab. Code § 554 ......................................................................................... 2, 8, 9, 15

Class Action Fairness Act ("CAFA"),
    28 U.S.C. § 1332(d) ..................................................................................................... 2

Fair Labor Standards Act,
    29 U.S.C. §§ 206 and 207............................................................................... 6, 11, 13

Private Attorneys General Act of 2004 ("PAGA"),
    Cal Lab. Code § 2698 *et seq.* ................................................................................ 1, 2

iv

Private Attorneys General Act of 2004 ("PAGA"),
   Cal. Lab. Code § 2699 ................................................................................ passim

**RULES**

Fed. R. Civ. P. 23 ...................................................................................... 2, 18

Fed. R. Civ. P. 8(a)(2) ................................................................................... 4

Fed.R.Civ.P. 12(b) ...................................................................................... 15

v

# I.    INTRODUCTION

Defendants GrubHub Holdings Inc. and GrubHub Inc. have moved to dismiss all counts of Plaintiffs' First Amended Complaint against all Defendants or, in the alternative, to stay Plaintiffs' PAGA claims. First, Defendants contend that Plaintiffs' claims are deficient and that the complaint does not meet the pleading standard set forth in the Supreme Court's decisions in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), because "their largely conclusory allegations and formulaic recital of the elements of their claims fall far short of stating any plausible claim against GrubHub." (Def.s' MTD, at 1, ECF No. 21.)  The Court should reject Defendants' arguments because Plaintiffs have not merely stated "conclusory allegations and formulaic recital of the elements of their claims," but have instead set forth plainly, and with sufficient detail, the allegations upon which their claims are founded.

The Supreme Court in <u>Iqbal</u> noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 663-64. Here, common sense demonstrates that Plaintiffs have pled their claims with sufficient specificity to put Defendants on clear notice of the basis of their allegations and the conduct they are challenging in this case. Under the harsh pleading standard that Defendants urge the Court to apply, a plaintiff would have to plead factual details more akin to the strict standard applied at the summary judgment stage, rather than the traditional notice standard applied at the pleading stage.

Second, Defendants argue that Plaintiffs' representative claim under the Private Attorneys General Act of 2004 ("PAGA"), Cal Lab. Code § 2698 *et seq.* should be dismissed or at least stayed because a similar case was filed in Los Angeles Superior Court prior to the filing of this case. Defendants posit that the PAGA statute bars an aggrieved employee from pursuing a PAGA claim against a defendant once a PAGA claim has already been filed against that same defendant by another aggrieved employee. Alternatively, Defendants argue that the Court should

1

dismiss or stay Plaintiffs' PAGA claims pursuant to the <u>Colorado River</u> abstention doctrine, see <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 818-19, (1976), in order to avoid a purported risk of piecemeal litigation. Judge Chen, however, recently rejected virtually identical arguments in <u>O'Connor v. Uber Technologies, Inc.</u>, Case No. 13-cv-03826-EMC, Order Re First-Filed Rule And Uber's Request for Stay/Dismissal Pursuant To *Colorado River* Abstention Doctrine, ECF No. 474 (N.D. Cal. Feb. 4, 2016). Indeed, nothing in the language of the PAGA statute or case law establishes a rule that the first-noticed PAGA claim precludes all later PAGA claims against the same defendant. Likewise, the Court should deny Defendants' request for abstention under <u>Colorado River</u>, because such abstention is considered an "extraordinary and narrow exception" that plainly does not apply to the facts at hand.[1]

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint in this matter on September 23, 2015, in California Superior Court, and Defendants removed the case to federal court on November 8, 2015, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Defs.' Notice of Removal, ECF No. 1.) Plaintiffs filed their First Amended Complaint on December 15, 2015 (First Am. Compl., ECF No. 15.) In their First Amended Complaint, Plaintiffs allege that Defendants have unlawfully misclassified their delivery drivers in the State of California as independent contractors rather than employees, in violation of California law. (First Am. Compl. ¶¶ 2, 13-15, ECF No. 15.) Furthermore, Plaintiffs allege that as a result of this misclassification, Defendants violated several provisions of the California Labor Code.[2]  (First Am. Compl. ¶¶ 2, ECF No. 15.)

---

[1]     See <u>Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.</u>, 843 F.2d 1253, 1256-57 (9th Cir. 1988).

[2]     Plaintiffs Lawson and Tan make these allegations in their capacities as Private Attorneys General on behalf of all GrubHub delivery drivers who have worked in California for the purpose of their PAGA claim pursuant to the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.* Additionally, Plaintiff Lawson brings claims of violations of Cal. Lab. Code §§ 2802, 226(a), 1197, 1194, 1198, 510, 554, and Cal. Bus. & Prof. Code §§ 17200 *et seq.* on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23.

First, Plaintiff Lawson contends that Defendants violated Cal. Lab. Code § 2802 in that Defendants required "Plaintiffs and other GrubHub drivers to bear many of the expenses of their employment, including expenses for their vehicles, gas, parking, phone data, and other expenses." (First Am. Compl. ¶ 15 and Counts I, VI, ECF No. 15.) Second, Plaintiff Lawson alleges that Defendants violated Cal. Lab. Code § 226(a) by "failing to provide proper itemized wage statements." (First Am. Compl. ¶ 12 and Counts II, VI, ECF No. 15.) Third, Plaintiff Lawson alleges that because Plaintiffs were "required to bear many of the expenses of their employment, their weekly pay rates have fallen below California's minimum wage in many weeks," in violation of Cal. Lab. Code §§ 1197 and 1194 (First Am. Compl. ¶ 12 and Counts III, VI, ECF No. 15.) Fourth, Plaintiff Lawson alleges that Defendants failed to pay the delivery drivers "the appropriate overtime premium" for the "overtime hours they worked." (First Am. Compl. ¶ 17 and Counts IV, VI, ECF No. 15.) Undergirding these claims, Plaintiffs allege that "Plaintiff Tan has regularly worked in excess of sixty hours per week, and GrubHub did not pay time-and-a-half for the hours he worked in excess of forty each week," and that "he routinely worked more than twelve (12) hours in a day, and GrubHub did not pay him at twice his regularly rate." (First Am. Compl. ¶ 17, ECF No. 15.) Likewise, Plaintiffs allege with respect to Plaintiff Lawson that "during the week of November 30, 2015, Plaintiff Lawson worked approximately forty-five hours and was not paid at time-and-a-half for the hours in excess of forty." (First Am. Compl. ¶ 17, ECF No. 15.)

Fifth, Plaintiff Lawson alleges that the Defendants' aforementioned violations of the California Labor Code "constitute[] unlawful business acts or practices."(First Am. Compl. ¶ 2 and Count V, ECF No. 15.) Sixth, Plaintiffs Lawson and Tan allege that they are "aggrieved employees" under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2699, as the result of the Defendants' aforementioned violations of the California Labor Code, and accordingly they seek the civil penalties provided by PAGA "on behalf of the State of California,

as well as themselves and all other current and former aggrieved employees of GrubHub who have worked in California." (First Am. Compl., Count VI, ECF No. 15.)

## III.  ARGUMENT

### A.  Standard of Review

Rule 8(a)(2) requires on that a plaintiff's complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." <u>United States v. Union Auto Sales, Inc.</u>, 490 F. App'x 847, 848 (9th Cir. 2012) (internal quotation omitted). The factual allegations of the complaint need only "plausibly suggest an entitlement to relief" and must simply present "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to support allegations." <u>Starr v. Baca</u>, 652 F.3d 1202, 1217 (9th Cir. 2011); <u>Iqbal</u>, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 663-64. Here, Plaintiffs have pled simple and straightforward facts that demonstrate facially plausible claims.[3]

### B.  The Allegations In This Case Are Sufficient To State A Claim For Violation of Cal. Lab. Code § 2802 For Failure to Reimburse The Delivery Drivers For Expenses That They Paid That Should Have Been Borne By Defendants

Defendants contend that Plaintiff Lawson has failed to state a claim for violations of Cal. Lab. Code §2802 because the allegations lack sufficient factual enhancement to establish a plausible claim, but in fact Plaintiffs have included more than enough particularity. (Def.s' MTD, at 7, ECF No. 21.) Indeed, Plaintiffs plead that Defendants violated Section 2802 in that

---

[3]     Plaintiff Lawson will not press his claim for violation of § 226(a) (Count II).

"GrubHub has required drivers to bear many of the expenses of their employment, including expenses for their vehicles, gas, parking, phone, data and other expenses" and that Plaintiffs "have been deprived reimbursement of their necessary business expenditures." (First Am. Compl. §§ 15, 19, ECF No. 15.) The relevant provision of Section 2802 requires that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though, unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Cal. Lab. Code § 2802(a).

Defendants argue first that the Section 2802 claim fails because it "contains only conclusory allegations of 'expenditures or losses.'" (Def.s' MTD, at 7, ECF No. 21.) Although this is merely a motion to dismiss, Defendants appear to believe that Plaintiffs must plead factual details more akin to the strict standard applied at the summary judgment stage. Defendants fault Plaintiffs, for example, for not specifying the exact vehicle expenses that were incurred and what specific cell phone service plans Plaintiffs have. The traditional notice pleading standard, even after Bell Atl. Corp. v. Twombly, 550 U.S. 662 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), simply does not require this level of specificity. The claim must only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and "[a] claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .'" Landers v. Quality Communications, Inc., 771 F.3d 638, 641 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678). Importantly, "[t]his standard does not rise to the level of a probability requirement" but merely requires "'more than a sheer possibility that a defendant has acted unlawfully.'" Landers, 771 F.3d at 641 (quoting Iqbal, 556 U.S. at 678).

Here, Plaintiff Lawson's claim is facially plausible because Plaintiffs have alleged that "GrubHub has required drivers to bear many of the expenses of their employment, including expenses for their vehicles, gas, parking, phone, data and other expenses" and that Plaintiffs

"have been deprived reimbursement of their necessary business expenditures." Not only have the Plaintiffs alleged that Defendants failed to reimburse Plaintiffs and other delivery drivers for necessary expenses that GrubHub required of them in connection with their work, but they have given specific examples of the types of expenses for which they were not reimbursed. Tellingly, Defendants have failed to cite any cases specific to a claim under Section 2802 that require such a high level detail. The reason for this omission is that courts tend to deny motions to dismiss challenging pleadings similar to Plaintiffs'. See e.g., Ordonez v. Radio Shack, 2011 WL 499279, at *3-6 (C.D. Cal. Feb. 7, 2011) (denying a motion to dismiss a Section 2802 claim based on the plaintiff's allegations that defendant had failed to reimburse him for uniforms and equipment); Garcia v. Bryant, Inc., 2011 WL 5241177, *9 (E.D. Cal. Oct. 31, 2011) (denying a motion to dismiss a Section 2802 claim where plaintiffs pleaded that defendants had failed to reimburse them for travel expenses and for using their personal telephones). Indeed, a nearly identical claim for violation of Section 2802 survived a motion to dismiss in O'Connor v. Uber Technologies, Inc., 2013 WL 6354534, *5-6 (N.D. Cal. Dec. 5, 2013) (denying a motion to dismiss a Section 2802 claim where plaintiffs pleaded that defendants had failed to reimburse expenses, including expenses for their vehicles, gas, and other expenses), and has been certified as a class action, O'Connor v. Uber Technologies, Inc., --- F.R.D. ---, 2015 WL 8292006, at *15 (N.D. Cal. Dec. 9, 2015), that is now scheduled for trial beginning in June 2016.

Further, Defendants argue that Plaintiff Lawson's Section 2802 claim fails because Plaintiffs did not allege a specific workweek in which Defendants failed to reimburse necessary expenses. (Def.s' MTD, at 8, ECF No. 21.) However, in support of this notion, Defendants cite only Landers, 771 F.3d at 641, which concerns not claims for failure to reimburse expenses under Section 2802, but instead the pleading standards required to state claims for violations of minimum wage and overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207. Simply put, Defendants' argument is inapposite to Section 2802 claims, and have not been required in other cases. See, e.g., O'Connor, 2013 WL 6354534, *5-6.

6

Additionally, Defendants contend that Plaintiff Lawson's Section 2802 claim fails because Plaintiffs did not "allege that any work-related expenses were 'necessary' to the performance of their delivery responsibilities." (Def.s' MTD, at 8, ECF No. 21.) However, Plaintiffs allege explicitly that they were "deprived reimbursement of their necessary business expenditures" and gave specific examples of those expenditures, such as "expenses for their vehicles, gas, parking, phone data, and other expenses." (First Am. Compl. ¶¶ 15, 19, ECF No. 15.) Moreover, the idea that delivery drivers who, as the Plaintiffs allege, must use their own vehicles, do not necessarily incur expenses for vehicle maintenance, fuel, and phone data is simply not plausible. Plaintiffs adequately allege that the Defendants failed to reimburse them for expenses necessary to the performance of their delivery responsibilities.

Finally, Defendants argue that Plaintiffs "fail to allege any facts establishing that GrubHub knew or had reason to know that they incurred any expenditures subject to reimbursement." (Def.s' MTD, at 8, ECF No. 21.) This disingenuous argument fails as Plaintiffs' allegations make clear that GrubHub has every reason to know that their delivery drivers have necessarily incurred expenses while making their deliveries. Defendants cited the Ninth Circuit for the proposition that "[P]laintiffs must sufficiently allege that a defendant was aware of" the circumstances giving rise to its legal obligations "to survive a motion to dismiss." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 (9th Cir. 2012). Plaintiffs have amply alleged the Defendants' awareness of the circumstances giving rise to its legal obligations. As Plaintiffs allege, GrubHub is a food delivery company that "provides delivery drivers who can be scheduled and dispatched through a mobile phone application or through its website and who will deliver food order from restaurants to customers at their homes and businesses." (First Am. Compl. ¶ 1, ECF No. 1.) Given the fact that the delivery drivers' sole job duty is to drive to restaurants and then to customers' homes, it would be absurd to conclude that GrubHub did not have reason to know that vehicle-related expenses like fuel and maintenance would be incurred. Likewise, Plaintiffs' allegations that the drivers are dispatched through a mobile phone

application clearly demonstrates that GrubHub had ample reason to know that the delivery drivers were incurring phone data costs because of their work.

### C. The Allegations In This Case Are Sufficient to State A Claim For Relief Under California Business And Professions Code Sections 17200 *et seq.*

Plaintiff Lawson contends that Defendants' violations of Cal. Lab. Code §§ 2802, 1197, 1194, 1198, 510, and 554 also violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). In order to "[e]stablish a violation of the UCL, a plaintiff may plead a violation under any one of three substantive prongs of the law: the 'unlawful' prong, which requires the allegation of violation of some underlying law as a predicate act; the 'unfair' prong, which requires a plaintiff to meet one of three tests for unfairness . . . ; and the 'fraudulent' prong, which alleges a business act that is likely to deceive members of the public." O'Connor, 2013 WL 6354534, at *16 (citing Perez v. Wells Fargo Bank, N.A., 929 F. Supp. 2d 988, 1003 (N.D. Cal. 2013)). Plaintiffs have pled a violation of the "unlawful" prong. Defendants argue that because Plaintiff Lawson has "failed to state a plausible claim for relief under any of the predicate statutes" the violations of which also constitute violations of the UCL, including Cal. Lab. Code §§ 2802, 1197, 1994, 1198, 510, and 554, the UCL claim also fails. However, as has been demonstrated in Parts III.B and III.D, Plaintiff Lawson's claims for failure to reimburse expenses under Section 2802, failure to pay minimum wage under Sections 1197 and 1194, and failure to pay overtime under Sections 1194, 1198, 510, and 554 have all been pled sufficiently to survive Defendants' Motion to Dismiss. Therefore, Plaintiff's UCL claim has also been pled sufficiently to survive.

### D. The Allegations In This Case Are Sufficient to State A Claim For Relief For Violations of California's Minimum Wage and Overtime Laws

In the First Amended Complaint, Plaintiff Lawson alleges that as a consequence of Defendants' unlawful misclassification of the delivery drivers, the drivers have been deprived of the minimum wage protections of Cal. Lab. Code §§ 1197 and 1194. (First Am. Compl. ¶16 and Count III, ECF No. 15.) Additionally, Plaintiff Lawson alleges that Defendants are liable for

8

their failure to pay overtime in violation of Cal. Lab. Code §§ 1194, 1198, 510, and 554. (First Am. Compl. ¶ 17 and Count IV.) In their Motion to Dismiss, Defendants argue that because the named Plaintiffs did not allege a specific workweek in which Plaintiffs' pay fell below minimum wage, or in which they were not properly compensated for overtime, their claims must be dismissed. (Def.s' MTD, at 10, ECF No. 21.) Defendants contend that <u>Landers</u>, 771 F.3d at 645, at minimum requires Plaintiffs to allege a particular workweek in which they were not paid minimum wage or compensated for overtime hours they actually worked. (Def.s' MTD, at 10, ECF No. 21.) As one court has found, however, "Contrary to Defendant's claim, <u>Landers</u> does not require that a '*particular instance*' be pled." <u>See</u> <u>Varsam v. Laboratory Corp. of America</u>, --- F. Supp. 3d ---, 2015 WL 4624111, *3 (S.D. Cal. Aug. 3, 2015) (emphasis added) (minimum wage and overtime claims were plausibly stated where plaintiffs alleged that "members of the putative class worked more than forty hours a week and that when employees 'worked off-the-clock that should have been compensated at an overtime rate' . . ." because the allegations "provide Defendant with sufficient notice to defend itself effectively"). Indeed, as <u>Landers</u> acknowledged, "no circuit court has interpreted Rule 8 as requiring [plaintiffs] to plead in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages." <u>Landers</u>, 771 F.3d at 641-42. The standard adopted in <u>Landers</u> requires only that Plaintiffs "should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages," and with respect to minimum wage, at least one workweek wherein Plaintiffs' pay fell below the minimum wage. <u>Id.</u> at 645.

Here Plaintiffs' allegations have clearly met the requirements of <u>Landers</u>. With respect to minimum wage, Plaintiffs allege that:

> Because Plaintiffs and other GrubHub drivers are paid by the delivery, and have been required to bear many of the expenses of their employment, their weekly pay rates have fallen below California's minimum wage in many weeks. For example, Plaintiff Tan's weekly wages fell below minimum wage during several weeks since he began working

9

for GrubHub in June 2015, as a result of his fuel and vehicle maintenance costs. Likewise, Plaintiff Lawson's weekly wages have fallen below minimum wage in numerous weeks because of the expenses that he has been required to bear, such as fuel and vehicle maintenance costs.

(First. Am. Compl. § 16, ECF No. 15.) These allegations clearly state that Plaintiffs' pay fell below the minimum wage in at least one workweek. In fact, they allege that the pay of each of the named Plaintiffs, personally, fell below minimum wage in multiple weeks. As the Landers court acknowledged, Plaintiffs in these cases are not required to allege these wage deficiencies with "mathematical precision." Landers, 771 F.3d at 645 (citing DeJesus v. HF Management Services, LLC, 726 F.3d 85, 89 (2d Cir. 2013)). This is especially true given the fact that courts considering pleading standards for wage and hour cases have noted that while "Plaintiffs certainly know what sort of work they performed and presumably know how much they were paid as wages; . . . precisely how their pay was computed and based upon what specific number of hours for particular time periods may depend on records they do not have." Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012); Landers, 771 F.3d at 645 ("After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants."); Rodriguez v. F & B Solutions LLC, 2014 WL 2069649 (E.D. Va. Apr. 29, 2014) ("The Court notes that a record of the precise number of hours worked is normally in the possession of the employer and as such, can often be obtained through discovery"). Here, it is clear that "the pleading contains enough substantive content to elevate the [wage] claims above the mere possibility of defendants' liability," Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 45 (1st Cir. 2013), and to the extent that Defendants desire more detailed information, they are in the best position to access those records (as well as obtain information from Plaintiffs in discovery regarding their recollection of their hours and earnings); see also Sec'y of Labor v. Labbe, 319 F. App'x 761, 763-64 (11th Cir. 2008) (holding that "[w]hile the[] allegations [in the complaint] are not overly detailed, we find that a claim for relief for failure to pay minimum wage, [or] to provide overtime compensation . . . does not require more," and

noting that "[u]nlike the complex antitrust scheme at issue in <u>Twombly</u> that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward").

Similarly, Plaintiffs' allegations with respect to overtime are sufficient to state a claim. Plaintiffs allege:

> Plaintiffs and other GrubHub drivers have regularly worked more than eight (8) and even twelve (12) hours per day and forty (40) hours per week, but GrubHub has not paid overtime wages for these hours. For example, Plaintiff Tan has regularly worked in excess of sixty hours per week, and GrubHub did not pay time-and-a-half for the hours he worked in excess of forty each week. Moreover, he routinely worked more than twelve (12) hours in a day, and GrubHub did not pay him at twice his regularly hourly rate. Likewise, during the week of November 30, 2015, Plaintiff Lawson worked approximately forty-five hours and was not paid at time-and-a-half for the hours in excess of forty.

(First Am. Compl. ¶ 17, ECF No. 15.) Under <u>Landers</u>, these allegations are more than sufficient to state a claim for overtime. <u>See Landers</u>, 771 F.3d at 644-46. Courts have "decline[d] to make the approximation of overtime hours the *sine qua non* of plausibility for [wage claims]" because "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." <u>Landers</u>, 771 F.3d at 645. Contrary to Defendants' argument that these allegations are conclusory, numerous courts across the country have upheld overtime claims based on allegations similar to those set forth in the complaint. <u>See Martinez v. Regency Janitorial Servs. Inc.</u>, 2011 WL 4374458, *4 (E.D. Wis. Sept. 19, 2011) (collecting cases). For example, in <u>Mitial v. Dr. Pepper Snapple Grp.</u>, 2012 WL 2524272, *3 (S.D. Fla. June 29, 2012), the "Complaint allege[d] that Plaintiff worked more than 40 hours per week and was not compensated overtime pay" and the Court found the allegations sufficient, noting that "[t]o the extent that Defendant seeks Plaintiff's … exact hours, discovery can provide Defendants with such data and the lack of this information is not grounds for dismissal at this initial pleading stage." <u>Id.</u> Likewise, in <u>Rodriguez</u>, the court upheld a claim for overtime where "Plaintiff has alleged that … she has worked in excess of 40 hours per week," her complaint "detail[ed] the

type of work that she performed for Defendants," and "she state[d] that she was not provided overtime compensation at a rate of 1.5 times her normal pay, nor did she receive minimum wage." 2014 WL 2069649, *3. The court noted that:

> There would be little benefit to dismissing this claim and requiring Plaintiffs to amend to provide an estimate of the number of the overtime hours worked. The existing complaint details the types of work activities that occupied Plaintiffs' alleged overtime hours and provides Defendants with sufficient notice of the basis of the allegations to form a response.

Id. (quoting Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662 (D. Md. 2011)). Here, Plaintiffs' allegations have put Defendants on notice that they worked as GrubHub delivery drivers more than forty hours per week (at least during some weeks) and were not compensated time-and-a-half for their hours in excess of forty per week. Furthermore, the complaint as pled clearly puts Defendants sufficiently "on notice of the basis of the allegations to form a response." Rodriguez, 2014 WL 2069649, *3. "At this stage of the proceeding, no more is required." Mitial, 2012 WL 2524272, *3.

Defendants argue further that Plaintiff Lawson's minimum wage and overtime claims fail because Plaintiffs "do not explain what time they are counting as compensable hours worked."[4] (Def.s' MTD, at 11, ECF No. 21.) However, Plaintiffs' allegations make clear that

---

[4]    Plaintiffs anticipate that Defendants will cite to a decision issued recently by Judge Chen in Yucesoy v. Uber Technologies, Inc., 2016 WL 493189, *5-6 (N.D. Cal. Feb. 9, 2016), in support of their argument that because Plaintiffs supposedly did not sufficiently allege what time they are counting as compensable hours, their overtime and minimum wage claims must be dismissed. In Yucesoy, Judge Chen dismissed the plaintiffs' Massachusetts minimum wage and overtime claims because Plaintiffs did not, in their Third Amended Complaint, plead facts that made it clear "what ability drivers have to conduct personal business while logged onto the app." Id.
   However, this case is easily distinguishable from Yucesoy, in that here Plaintiffs' allegations make clear that they do not have the ability to conduct personal business while working shifts for GrubHub. Unlike the plaintiffs in Yucesoy (Uber drivers who could log on or off the Uber app at any time and were not necessarily required to accept all ride requests offered to them), GrubHub delivery drivers are required to sign up for shifts in advance. (First Am. Compl. ¶ 13, ECF No. 15.) While a delivery driver is on shift, GrubHub requires the driver to be "within an area assigned by GrubHub and must be available to accept delivery assignments." (First Am Compl. ¶ 13, ECF No. 15.) Moreover, Plaintiffs allege that while they are on shift, "GrubHub directs drivers' work in detail, instructing drivers where to report for their shifts, how to dress, and where to go to pick up or await deliveries." (First Am. Compl. ¶ 13, ECF No. 15.) If the drivers do not follow these rules, they risk termination. (First Am. Compl. ¶ 13, ECF No. 15.) These allegations demonstrate that the delivery drivers could not conduct personal

---

while they are on shift for GrubHub, they cannot be "conducting personal errands, eating lunch, watching television, or sleeping between delivery orders" as GrubHub disingenuously suggests. (Def.s' MTD, at 11, ECF No. 21.) Indeed, the Plaintiffs allege that:

> Drivers are required to sign up for shifts in advance. GrubHub directs drivers' work in detail, instructing drivers where to report for their shifts, how to dress, and where to go to pick up or await deliveries. Drivers are required to follow requirements imposed on them by GrubHub regarding handling of food and timeliness of the deliveries or risk termination. GrubHub requires drivers to sign up for work shifts (such as blocks of 2.5 hours, 3 hours, or 4 hours). During these shifts, the drivers must be within an area assigned by GrubHub and must be available to accept delivery assignments.

(First Am. Compl. ¶ 13, ECF No. 15.) Plaintiffs' allegations establish the fact that if they are engaging in the non-work related activities that Defendants suggest during their shifts, they will be fired. Thus, Plaintiffs will likely succeed in proving that the time that they are on shift is work time because drivers' time during those shifts "is so restricted that it interferes with personal pursuits." See Renfro v. City of Emporia, Kan., 948 F.2d 1529, 1537 (10th Cir. 1991) (analyzing claim for compensable on-call time under the FLSA). In any event, this issue is not appropriate for resolution at the motion to dismiss stage, as Plaintiffs have adequately alleged facts supporting their minimum wage and overtime claims. Defendants' entire argument is premature given the lack of any factual record in this case regarding how drivers spend their time during their shift and how their time during their shift is restricted by Defendants. See Skidmore v. Swift & Co., 323 U.S. 134, 136 (1944) (noting in the context of the FLSA that "[w]hether in a concrete case such time falls within or without the Act is a question of fact"). Contrary to Defendants' argument, Plaintiffs have met their burden at the pleading stage because Plaintiffs'

---

business while on shift. In contrast, the Yucesoy plaintiff Uber drivers did not have to sign up for shifts and were not required to be in any particular area while they were logged into the Uber app available to accept calls. Yucesoy, 2016 WL 493189, *5-6. Indeed, the only requirement appears to have been that the Uber drivers accept "most" of the calls that came in, and the plaintiffs did not explain how often the calls came in. Id. at *6. Therefore, Judge Chen concluded it was "unclear what ability drivers have to conduct personal business while logged onto the app." Id.

Because the Plaintiffs in the instant case have alleged circumstances that prevent them from conducting personal business while on shift for GrubHub, Judge Chen's Yucesoy decision is inapposite. Further, as is discussed infra, other courts have not required such a high degree of detail with respect to compensable time as did Judge Chen in his Yucesoy decision.

First Amended Complaint puts Defendants on notice regarding the facts and theory underlying their minimum wage and overtime claims.

Defendants further object that Plaintiffs have not alleged with sufficient specificity "what hourly and regular rates of pay they used to compute minimum wage and overtime pay, how they calculated those rates, or which records they consulted in doing so," and "which costs, or even what types of costs, Plaintiffs chose to deduct when making any minimum wage calculations." (Def.s' MTD, at 11, ECF No. 15.) But again, this level of detail is unnecessary at the pleading stage; Plaintiffs' First Amended Complaint plainly puts Defendants on notice of the theory underlying their minimum wage claim and overtime claims – that delivery drivers have regularly worked in excess of forty hours per week without being compensated time-and-a-half and that the drivers' pay for the hours they spent working shifts for Defendants, less their necessary business expenses, amounts to less than minimum wage. See Landers, 771 F.3d at 645 (acknowledging that Plaintiffs need not plead their minimum wage and overtime claims with "mathematical precision"); see also Arriaga v. Florida Pac. Farms, L.L.C., 305 F.3d 1228, 1236 (11th Cir. 2002) (employer committed minimum wage violation when costs workers were required to pay to perform their jobs brought their net wages below minimum wage).

Lastly, Defendants contend that because Plaintiffs' minimum wage claim is derivative of their supposedly unsupported claim for unreimbursed expenses, the minimum wage claim necessarily fails. Def.s' MTD , at 11, ECF No. 21.) But as Plaintiffs have made clear in Part III.B *supra*, they have sufficiently stated a claim for unreimbursed expenses in violation of Cal. Lab. Code § 2802, and therefore Defendants' argument is meritless. Thus, Plaintiffs have met their burden of pleading.

### E.     The Allegations In This Case Are Sufficient to State A Claim For Relief For Under PAGA

Plaintiffs Lawson and Tan have both brought a PAGA claim (as a representative action) alleging that they were employed by Defendants and suffered injury as a result of GrubHub's

expense reimbursement, minimum wage, and overtime violations under the California Labor Code. (First Am. Compl. Count VI, ECF No. 15.) Defendants argue that Plaintiffs' PAGA claims fail for three reasons. First, Defendants argue that the claims fail because they are derivative of the Plaintiffs' claims under the California Labor Code, which Defendants contend are not adequately alleged. Again, Plaintiffs have clearly demonstrated in Parts III.B and III.D that the claims for failure to reimburse expenses under Section 2802, failure to pay minimum wage under Sections 1197 and 1194, and failure to pay overtime under Sections 1194, 1198, 510, and 554 have all been pled sufficiently to survive Defendants' Motion to Dismiss.

Second, Defendants argue that the PAGA claims must be dismissed because Plaintiffs did not plead compliance with PAGA's administrative notice requirements. Although Plaintiffs did not plead compliance with the administrative notice requirements, Plaintiffs have in fact satisfied these requirements and should simply be allowed to plead their compliance in an amended pleading should the Court find that such a pleading is required.

Third, Defendants argue that Plaintiffs are barred from pursuing their PAGA claims because a separate PAGA case concerning the same aggrieved employees was filed prior to this case. Def.s' MTD , at 12-13, ECF No. 21.) Specifically, Defendants posit that <u>Mitchell v. GrubHub, Inc.</u>, Case No. BC584042 (LA Super Ct. June 12, 2015), a PAGA case that Defendants contend concerns the same aggrieved employees that are at issue in this case, was filed prior to this action, and therefore Plaintiffs' PAGA claims are barred.[5] The reason for this bar, Defendants argue, is that "once an allegedly aggrieved employee notifies the LWDA of

---

[5]     Defendants have requested the Court to take judicial notice of the <u>Mitchell</u> Complaint, a Case Management Order in the <u>Mitchell</u> action, and the California Senate Rules Committee, Office of Senate Floor Analyses, Unfinished Business on Sen. Bill No. 796 (2003-2004 Reg. Sess.) as amended April 29, 2003. (Defs.' Req. for Judicial Notice, ECF No. 22.) Plaintiffs object to Defendants' request on the basis that under Rule 12(b), "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." <u>See</u> <u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir.1993). <u>See</u> <u>also</u> Fed.R.Civ.P. 12(b) (if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

potential Labor Code violations, the PAGA statute allows for that particular employee to be 'deputized' to pursue penalties on behalf of the LWDA," and that the PAGA statute prohibits anyone else from simultaneously pursuing the same penalties on the same facts and theories. (Defs'. Mot to Dismiss, at 13, ECF No. 21.)

Importantly, Judge Chen rejected a nearly identical argument in O'Connor v. Uber Technologies, Inc. in a decision issued on February 4, 2016. See O'Connor v. Uber Technologies, Inc., Case No. 13-cv-03826-EMC, Order Re First-Filed Rule And Uber's Request for Stay/Dismissal Pursuant To *Colorado River* Abstention Doctrine, ECF No. 474. Judge Chen found explicitly that "the PAGA statute does not require the stay or dismissal of duplicative PAGA claims." O'Connor, Order, at pg. 2, ECF No. 474. Indeed, the PAGA statute states:

> No action may be brought under this section by an aggrieved employee if the agency or any of its departments, divisions, commissions, boards, agencies, or employees, on the same facts and theories, cites a person within the timeframes set forth in Section 2699.3 for a violation of the same section or sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty on behalf of himself or herself or others or initiates a proceeding pursuant to Section 98.3.

Cal. Lab. Code § 2699(h). As Judge Chen notes, "under the plain language of the statute," an employee is barred from bringing a PAGA action "only when the Labor and Workplace Development Agency (LWDA) cites an employer based on the same Labor Code violation." O'Connor, Order, at pg. 2, ECF No. 474. Like Defendants in the instant case, the defendant in O'Connor cited Brown v. Ralph's Grocery Co., 197 Cal. App. 4th 489, 501 (2011), and Stafford v. Dollar Tree Stores, Inc., 2014 WL 6633396, *3 (E.D. Cal. Nov. 21, 2014), in support of its position. Judge Chen, however, found that "the issue at bar was not presented in those cases, and the statements therein are merely descriptive of section 2699(h); they were not holdings." O'Connor, Order, at *2, ECF No. 474. Even more importantly, Judge Chen noted that:

> Importantly, other than a one sentence description, none of those cases explain why section 2699(h) should be read to include deferring to a suit brought by *private* plaintiffs (as opposed to the LWDA) when the statutory language makes no such provision. The Court therefore declines to stay or dismiss the duplicative PAGA claims.

Id., at *2-3, ECF No. 474. Indeed, Judge Chen's decision is well-founded. Reading the statute to simply state that employees cannot file a PAGA claim where the LWDA is already pursuing the same violations against the employer makes sense, given that PAGA was intended to preserve state resources and requires that "the aggrieved employee or representative [] give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated," so that the agency can determine whether it "intends to investigate the alleged violation" or allow the employee to pursue the claims on its behalf. See Cal. Lab. Code § 2699.3. Nothing in the statute (or the case law interpreting it) suggests that this § 2699(h) was meant to create a per se bar to any later-filed PAGA actions that allege overlapping Labor Code violations (nor would such a rule make any sense).

Defendants cite Stafford, 2014 WL 6633396, *3 for the proposition that an "aggrieved employee cannot pursue a PAGA action if the agency or another party is pursuing enforcement against the employer on the same claims under the same provisions of the Labor Code." (Def.s' MTD, at 14, ECF No. 21.) However, in support of its *dicta* on this point, the Stafford court cited Thomas v. Aetna Health of California, Inc., 2011 WL 2173715, *18 (E.D. Cal. June 2, 2011), which stands for an entirely distinct proposition: that "a ***PAGA Judgment*** precludes all other suits for PAGA civil penalties based on the same predicate facts – including any imposition of penalties by the LWDA." (emphasis added). In other words, unlike a class action where there must be notice and an opportunity to opt out, a judgment in the employees' favor on a PAGA claim binds all other aggrieved employees and has a *res judicata* effect on any other pending claims based on the same facts and theories.[6]

---

[6]     Likewise, the other materials Defendants cite stand for the same uncontroversial position: that a final judgment on a PAGA claim in the employees' favor binds all aggrieved employees, such that other pending PAGA claims are extinguished. For example, Defendants cite Cardenas v. McLane Foodservice, Inc., 2011 WL 379413, at *4 (C.D. Cal. Jan. 31, 2011), for the proposition that "employees cannot bring repeated PAGA suits, and that a judgment prevents the government from pursuing an action or assessing penalties." Defendants read this single line of *dicta* to mean that a pending PAGA claim precludes all other later-filed PAGA claims, when in fact it simply

Similarly, Defendants cite an Analysis of Sen. Bill 796 (see ECF No. 22), which states that "[a]n action on behalf of other aggrieved employees would be final as to those plaintiffs, and an employer would not have to be concerned with future suits on the same issue." Again, Plaintiffs submit that this statement merely means that a PAGA judgment in the employees' favor is binding on "all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government," such that unlike in a class action where some workers can opt out and pursue the same claims, a PAGA judgment is binding and final on all workers. Arias v. Superior Court, 46 Cal. 4th 969, 986 (2009). However, nothing in these authorities hints at the sweeping rule that Defendants are now propounding – that the mere filing of a PAGA claim precludes the prosecution of all later-filed, overlapping PAGA claims. Indeed, the lack of any such hard-and-fast rule is evident based on the fact that overlapping PAGA claims are commonly filed in the courts (as this case and O'Connor demonstrate).[7] Thus, Defendants' argument that the first-filed PAGA claim is per se valid, and that any later-filed claims must be dismissed, is simply not supported by the statute or the case law.

## F. The Court Should Deny Defendants' Request For A Stay Or Dismissal of the PAGA Claims Pending Before It

Finally, Defendants argue that the Court should exercise its discretion to dismiss or stay the PAGA claims in this case in favor of the first-filed Mitchell State Court Action under the

---

means that "*a judgment* [on a PAGA claim] prevents . . . repeated PAGA suits" for the same offenses. Id. (emphasis added).

[7]     Moreover, courts considering the analogous situation of parallel, overlapping class claims under Fed. R. Civ. P. 23(g) do not rest decisions regarding appointment of class counsel solely on who filed first. Instead, when overlapping class claims are filed, courts focus on which counsel will most effectively prosecute the action on behalf of the class. See Fed. R. Civ. P. 23(g)(1)(A) (noting that the Federal Rules enumerate the following factors that inform designation of lead counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class"); see also Kamakahi v. Am. Soc'y for Reproductive Med., 2012 WL 892163, at *2 (N.D. Cal. Mar. 2012); Levitte v. Google, Inc., 2009 WL 482252, *2 (N.D. Cal. Feb. 25, 2009). Although PAGA representative actions are different in some respects from class actions, it is reasonable to assume that similar considerations may be considered by a court confronting overlapping PAGA claims, and that a per se rule in favor of a first-filed PAGA claim does not serve the state, the workers, or the purpose of the statute.

<u>Colorado River</u> abstention doctrine. However, the "exceptional circumstances" required for <u>Colorado River</u> abstention are completely absent here, and the Court should deny Defendants' request for all the reasons set forth herein.

"A federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances; only the clearest of justifications will warrant dismissal." <u>Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 2 (1983) (citing <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 818-19, (1976)); <u>see also</u> <u>Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.</u>, 843 F.2d 1253, 1256-57 (9th Cir. 1988) ("In general, abstention from the exercise of federal jurisdiction is considered an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" because "federal courts have a virtually unflagging obligation to exercise the jurisdiction given them"); <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1415 (9th Cir. 1989) ("<u>Colorado River</u> abstention should be invoked only in exceptional circumstances") (internal citation omitted). Thus, courts will generally not abstain from exercising jurisdiction simply because of the presence of parallel claims in state court. Instead, courts considering whether to abstain from exercising jurisdiction will consider and balance a number of factors, including:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; [] (4) the order in which the forums obtained jurisdiction . . . . ; (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights.

<u>Id.</u> at 1415. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." <u>Colorado River</u>, 424 U.S. at 818-19. Here, "[t]he exceptional-circumstances test set forth in <u>Colorado River</u>," has not been met and the Court should deny Defendants' request to stay or dismiss the PAGA claims before this Court in favor of the <u>Mitchell</u> litigation. <u>Moses H. Cone</u>, 460 U.S. at 2.

Again, Judge Chen's recent Order in <u>O'Connor</u> rejected an argument for abstention that was nearly identical to Defendants' here. See <u>O'Connor</u>, Order, at *3, ECF No. 474. In rejecting the defendant's argument, Judge Chen denied defendant's motion for abstention because "the state case will not resolve the federal action, and there is little judicial economy to be gained from abstention." <u>Id.</u>; <u>see also</u> <u>Sciortino v. Pepsico, Inc.</u>, 108 F. Supp. 3d 780, 815 (N.D. Cal. 2015) (where there is "substantial doubt that state proceedings will resolve the federal action . . . this precludes a <u>Colorado River</u> stay").

Defendants suggests first that the first factor (whether either court has assumed jurisdiction over a *res*) and fourth factor (the order in which the forums obtained jurisdiction) heavily support abstention because the <u>Mitchell</u> Action was filed first. Defendants cite <u>Ryder Truck Rental, Inc. v. Acton Foodservices Corp.</u>, 554 F. Supp. 277, 280-81 (C.D. Cal. 1983) for the proposition that the "Fact that state court jurisdiction was invoked first weighs heavily towards justifying a stay or dismissal of the parallel action." (Def.s' MTD, at 16, ECF No. 21.) However, the concerns raised in <u>Ryder</u> are not relevant here. In <u>Ryder</u>, a plaintiff had filed lawsuits for the same breach of the same contract in both state and federal court. <u>Ryder</u>, 554 F. Supp. at 278. Therefore, the order in which the two forums obtained jurisdiction was important in <u>Ryder</u> because "Having elected state court, plaintiff should be bound by its choice absent compelling reasons to seek relief in another forum." <u>Id.</u> at 280. This concern is not present in this case. Likewise, "unlike <u>Colorado River</u> where important real property rights were at stake and where there was a substantial danger of inconsistent judgments," this case does not implicate two courts exercising concurrent jurisdiction over a piece of property. <u>Travelers Indem. Co. v. Madonna</u>, 914 F.2d 1364, 1369 (9th Cir. 1990). Defendants' suggestion to the contrary is disingenuous.

Defendants argue that the second factor, the relative convenience of the forums is "largely irrelevant," as both this Court and the Superior Court of Los Angeles County are equally convenient. (Def.s' MTD, at 16, ECF No. 21.) However, Plaintiffs submit that allowing the

20

PAGA claims to proceed in the same Court and before the same judge as the underlying substantive claims in this case renders this Court a more convenient forum than the state court in Los Angeles.[8] Thus contrary to Defendants' position, the second factor actually disfavors abstention.

Defendants next argue that because the State Court Action seeks penalties for additional alleged violations[9] and involves a limitations period that dates back further than the period in this case, the State Court Action is in a better position to protect the rights of the litigants. However, that is not necessarily the case. Pursuant to Cal. Labor Code § 2699(e)(2), a court "may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." See Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1214 (2008) (reducing penalty to one-third of plaintiffs' damages award). Thus, this Court may well be better positioned to adjudicate the PAGA claims than the Mitchell court, because adjudicating both the underlying claims, as well as the PAGA claims will allow the Court to determine the appropriate amount of PAGA penalties in light of this statutory provision. In this sense, this Court is also better positioned to protect the parties' rights with respect to the PAGA claims.[10]

Defendants also argue that exercising federal jurisdiction would create a risk of piecemeal litigation. (Def.s' MTD, at 16-17, ECF No. 21.) However, the notion that staying the

---

[8]    The Mitchell Action pursues only PAGA claims and not claims for the underlying violations of the California Labor Code. (Defs.' RJN Ex. A at 17-18.)

[9]    Plaintiffs note that their decision to file PAGA claims based only on the underlying substantive claims they have pursued in their case constitutes the sort of prosecutorial discretion contemplated by the PAGA statute and certainly should not weigh in favor of staying the claims before this Court simply because counsel in other cases may have included a plethora of claims which may or may not be meritorious.

[10]    Thus, the contention that the PAGA claims must proceed in the Mitchell case rather than in this case simply because there are several additional potential months of penalties and alleged violations available in that does not trump the considerations raised here, given the distinct possibility that any PAGA penalties may well be reduced in any event in light of this requirement in Amaral.

PAGA claims in federal court will avoid piecemeal litigation is false because this case will still need to move forward and adjudicate the employee status question regardless of what it does with respect to the PAGA claims. Plaintiffs in this case would still have active California Labor Code and UCL claims even if the PAGA claims were stayed. Thus the "risk of inconsistent results" will exist regardless of whether the PAGA claims proceed in this case or not, because both courts will inevitably still have to confront the employee status question Am. Int'l Underwriters (Philippines), Inc., 843 F.2d at 1258 (9th Cir. 1988). Furthermore, Defendants wrongly assert that "resolving the PAGA claim in the State Court Action would resolve all of the PAGA-related allegations asserted in both actions." (Def.s' MTD, at 17, ECF No. 21.) Defendants ignore the fact that a judgment in a PAGA action "operates as a 'one-way' collateral estoppel," meaning that if this case were stayed, and the employer were to prevail, the employer would be precluded "from using a judgment in its favor to prevent future suits by absent nonparty employees." Fields v. QSP, Inc., 2012 WL 2049528, at *5, n.2 (N.D. Cal. July 14, 2015) (citing Arias v. Sup. Ct., 46 Cal. 4th 969, 987 (2009)). Indeed, if the employer prevailed in the Mitchell action, Plaintiffs could revive their claims in front of this Court. Contrary to Defendants' contention, resolving the PAGA claim in the Mitchell action would not necessarily resolve all of the PAGA-related allegations in both cases. It makes no sense for this Court to throw up its hands and cede all control over the PAGA claims on its docket in favor of the Mitchell case simply because the PAGA claim there was filed a few months earlier (or includes additional claims that Plaintiffs here chose not to file).

Finally, Defendants address the desire to avoid forum shopping. (Def.s' MTD, at 18, ECF No. 21.) The idea that Plaintiffs have brought their PAGA claim in this Court in order to forum shop simply is not plausible, given the fact that it was Defendants who removed this case from state court.

Thus, contrary to Defendants' contentions, the <u>Colorado River</u> factors do not favor abstention here, and no extraordinary circumstances are present that would warrant dismissal or a stay.

**IV.    CONCLUSION**

Defendants have filed a scattershot motion to dismiss all of Plaintiffs' claims. For the reasons discussed above, the Court should deny Defendants' Motion to Dismiss (other than Count II, which Plaintiffs will not contest). In the event that the Court concludes that any of Plaintiffs' pleadings fail to state a claim as currently stated, the Court should permit Plaintiffs the opportunity to submit an amended pleading as the Court finds necessary.

Date: February 12, 2016

Respectfully submitted,

ANDREW TAN and RAEF LAWSON, in their
capacity as Private Attorney General
Representatives, and RAEF LAWSON, on behalf of
himself and all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Thomas Fowler, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, tfowler@llrlaw.com

Matthew Carlson (SBN 273242)
CARLSON LEGAL SERVICES
100 Pine Street, Suite 1250
San Francisco, CA 94111
(510) 239-4710
Email: mcarlson@carlsonlegalservices.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this motion was served by electronic filing on February 12, 2016, on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
OR, ALTERNATIVELY, STAY ALL PAGA CLAIMS
CASE NO. 3:15-cv-05128