1 SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
2 THOMAS FOWLER, *pro hac vice*
(tfowler@llrlaw.com)
3 LICHTEN & LISS-RIORDAN, P.C.
4 729 Boylston Street, Suite 2000
Boston, MA 02116
5 Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801
6

7 MATTHEW CARLSON (SBN 273242)
(mcarlson@llrlaw.com)
8 LICHTEN & LISS-RIORDAN, P.C.
9 466 Geary Street, Suite 201
San Francisco, CA 94102
10 Telephone:     (617) 994-5801
Facsimile:     (617) 994-5801
11

12 **UNITED STATES DISTRICT COURT
FOR THE CALIFORNIA NORTHERN DISTRICT**

13

14 | | Case No. 15-cv-05128 JSC |

15

16 ANDREW TAN and RAEF LAWSON in their
capacities as Private Attorney General
Representatives, and RAEF LAWSON,
17 individually and on behalf of all other similarly
situated individuals,
18

19                     Plaintiffs,
v.
20

GRUBHUB HOLDINGS INC. and GRUBHUB
21 INC.,
22                     Defendants.
23

24

25

**SECOND AMENDED CLASS ACTION
AND PAGA COMPLAINT**
   1.  FAILURE TO REIMBURSE FOR
       BUSINESS EXPENSES IN VIOLATION
       OF CAL. LAB. CODE §2802
   2.  UNLAWFUL AND/OR UNFAIR
       BUSINESS PRACTICES (CAL. BUS. &
       PROF. CODE §§17200-17208)
   3.  FAILURE TO PAY MINIMUM WAGE
       IN VIOLATION OF CAL. LAB. CODE
       §§ 1197 AND 1194
   4.  FAILURE TO PAY OVERTIME IN
       VIOLATION OF CAL. LAB. CODE §§
       1194, 1198, 510, AND 554
   5.  PRIVATE ATTORNEY GENERAL ACT
       (PAGA) CLAIM FOR CIVIL
       PENALTIES (CAL. LAB. CODE § 2698
       *et seq.*)

26

27

28

## I.     INTRODUCTION

1.      This case is a class action brought on behalf of individuals who have worked for GrubHub Holdings Inc. and GrubHub Inc. ("GrubHub") as delivery drivers in California. GrubHub is a food delivery service that provides delivery drivers who can be scheduled and dispatched through a mobile phone application or through its website and who will deliver food orders from restaurants to customers at their homes and businesses.

2.      As described further below, GrubHub has misclassified Plaintiffs and other similarly situated delivery drivers as independent contractors and, in so doing, has violated the California Labor Code, including: (1) Cal. Lab. Code §2802 by requiring its drivers to pay various expenses that should have been borne by the employer; (2) Cal. Lab. Code §§ 1197 and 1194 by failing to pay minimum wage for all weeks worked; (3) Cal. Lab. Code § 1194, 1194, 510, and 554 by failing to pay overtime wages; (4) Cal. Bus. & Prof. Code §17200, *et seq.* by engaging in unfair competition. Pursuant to Fed. R. Civ. P. 23, Plaintiff Lawson, on behalf of himself and all similarly situated GrubHub drivers, seeks damages and/or restitution for these violations. Additionally Plaintiffs Lawson and Tan bring a claim pursuant to the Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2699, *et seq.*

## II.     PARTIES

3.      Plaintiff Andrew Tan is an adult resident of San Francisco, California, where he has worked as a GrubHub driver since June 2015.

4.      Plaintiff Raef Lawson is an adult resident of Los Angeles, California, where he has worked as a GrubHub driver since August 2015.

5.      Defendant GrubHub Holdings Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant does business in California, including in Los Angeles, San Diego and San Francisco.

6.      Defendant GrubHub Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant does business in California, including in Los Angeles,

TAN, ET AL., V. GRUBHUB HOLDINGS, INC. AND GRUBHUB INC., C.A. NO. 15-05128
SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT

San Diego, and San Francisco. GrubHub Inc. is the parent corporation of Defendant GrubHub Holdings Inc.

7.      Collectively, Defendants shall be referred to as "GrubHub."

## III.   JURISDICTION

8.      This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2), since Plaintiffs are California citizens and Defendants are citizens of Delaware and Illinois; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

## IV.   STATEMENT OF FACTS

9.      GrubHub is a food delivery service, which provides food delivery to customers in cities throughout the country via an on demand dispatch system.

10.      GrubHub offers customers the ability to request a driver on a mobile phone application or online through its website, who will go to the restaurant and pick up their food, then deliver it to the customer at their home or business.

11.      GrubHub's website advertises that "GrubHub is the nation's leading online and mobile food ordering company dedicated to connecting hungry diners with local takeout restaurants."

12.      GrubHub drivers receive a flat fee for each delivery completed plus gratuities added by customers.

13.      Although classified as independent contractors, GrubHub drivers like Plaintiffs are actually employees.  Drivers are required to sign up for shifts in advance.  GrubHub directs drivers' work in detail, instructing drivers where to report for their shifts, how to dress, and where to go to pick up or await deliveries.  Drivers are required to follow requirements imposed on them by GrubHub regarding handling of the food and timeliness of the deliveries or risk termination.

14.      GrubHub requires drivers to sign up for work shifts (such as blocks of 2.5 hours, 3 hours, or 4 hours). The time that Plaintiffs and similarly situated delivery drivers spent on shift

was all compensable working time. During these shifts, the drivers had be within an area assigned by GrubHub and had to be available to accept delivery assignments. For example, a GrubHub supervisor emailed Plaintiff Lawson informing him of the zones in which he would be working. The zone in which Plaintiff Lawson did deliveries primarily covered the Santa Monica and Culver City, within Los Angeles County, and the Venice neighborhood of Los Angeles, approximately 30 square miles in total.

15.     Plaintiffs and similarly situated GrubHub drivers had to be in the zone to which GrubHub assigned them in order to log-in to the GrubHub app, before they could perform deliveries. The delivery drivers were not permitted to leave their zones except if instructed to by a GrubHub dispatcher to perform a delivery outside of their zone.

16.     During the delivery drivers' shifts, GrubHub dispatchers typically assigned the drivers between two and four or more delivery jobs per hour. Each delivery assignment would typically take between thirty minutes and an hour and a half to complete.

17.     While the Plaintiffs and similarly situated delivery drivers were on shift, they were required to accept at minimum 75% of all orders that GrubHub dispatch assigns to them. If their acceptance rate dropped below 75%, GrubHub would terminate them.

18.     While the Plaintiffs and similarly situated delivery drivers were on shift, GrubHub required them to be in their cars or very near to their cars in the zone that GrubHub designated. Additionally, when GrubHub assigned a call to a delivery driver, GrubHub required the driver to arrive at the restaurant by a designated time or risk being terminated. As a practical matter, the delivery drivers had to be in or very near to their cars at all times during their shifts so that they could reach the restaurant on time when a delivery job was assigned.

19.     Given the frequency of duration of job assignments to Plaintiffs and similarly situated drivers, as well as the requirement that the drivers be in or very near to their cars at all time during their shifts, the drivers could not and did not engage in personal non-work activities during their GrubHub shifts.

TAN, ET AL., V. GRUBHUB HOLDINGS, INC. AND GRUBHUB INC., C.A. NO. 15-05128
SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT

20.     In addition, GrubHub is in the business of providing food delivery services to customers, and this is the very service its drivers provide.  The drivers' services are fully integrated into GrubHub's business, and without the drivers, GrubHub's business would not exist.

21.     However, based on their misclassification as independent contractors, GrubHub has required Plaintiffs and other GrubHub drivers to bear many of the expenses of their employment, including expenses for their vehicles, gas, parking, phone data, and other expenses.

22.     Because Plaintiffs and other GrubHub drivers are paid by the delivery, and have been required to bear many of the expenses of their employment, their weekly pay rates have fallen below California's minimum wage in many weeks.  For example, Plaintiff Tan's weekly wages fell below minimum wage during several weeks since he began working for GrubHub in June 2015, as a result of his fuel and vehicle maintenance costs. Likewise, Plaintiff Lawson's weekly wages have fallen below minimum wage in numerous weeks because of the expenses that he has been required to bear, such as fuel and vehicle maintenance costs.

23.     Plaintiffs and other GrubHub drivers have regularly worked more than eight (8) and even twelve (12) hours per day and forty (40) hours per week, but GrubHub has not paid overtime wages for these hours.  For example, Plaintiff Tan has regularly worked in excess of sixty hours per week, and GrubHub did not pay time-and-a-half for the hours he worked in excess of forty each week. Moreover, he routinely worked more than twelve (12) hours in a day, and GrubHub did not pay him at twice his regularly hourly rate. Likewise, during the week of November 30, 2015, Plaintiff Lawson worked approximately forty-five hours and was not paid at time-and-a-half for the hours in excess of forty.

## V.     CLASS ALLEGATIONS

24.     Plaintiff Raef Lawson brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all GrubHub drivers who have worked in California.

25.     Plaintiff Lawson and other class members have uniformly been deprived reimbursement of their necessary business expenditures as well as proper minimum wage and overtime.

26.     The members of the class are so numerous that joinder of all class members is impracticable.

27.     Common questions of law and fact regarding GrubHub's conduct in classifying drivers as independent contractors, failing to reimburse them for business expenditures and failing to pay minimum and proper overtime, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a.  Whether class members have been required to follow uniform procedures and policies regarding their work for GrubHub;

    b.  Whether class members have been subject to termination by GrubHub in its discretion;

    c.  Whether the work performed by class members—providing food delivery services to customers—is within GrubHub's usual course of business, and whether such service is fully integrated into GrubHub's business;

    d.  Whether these class members have been required to bear the expenses of their employment, such as expenses for vehicles, gas, bikes, and other expenses.

    e.  Whether GrubHub has failed to ensure payment of minimum wage for all weeks these class members worked.

    f.  Whether GrubHub has failed to pay overtime wages for the overtime hours that the class members worked.

28.     Named Plaintiff Raef Lawson is a class member, who suffered damages as a result of Defendant's conduct and actions alleged herein.

29.     Plaintiff Lawson's claims are typical of the claims of the class, and he has the same interests as the other members of the class.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

30.     Plaintiff Lawson will fairly and adequately represent and protect the interests of the class. He has retained able counsel experienced in class action litigation and independent contractor misclassification in particular. His interests are coincident with, and not antagonistic to, the interests of the other class members.

31.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

**VI.     PAGA REPRESENTATIVE ACTION ALLEGATIONS**

33.     Plaintiffs Tan and Lawson allege that GrubHub violated PAGA in the following ways: (1) failure to reimburse its drivers for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car maintenance, phones, and data, in violation of Labor Code §2802; (2) failing to pay minimum wage for each week worked in violation of Ca. Lab. Code §§ 1197 and 1194; (3) failing to pay overtime wages for all hours worked in excess of forty each week in violation of Cal. Lab. Code §§ 1198, 1194, 510, and 554.

34.     Plaintiff Andrew Tan provided notice of GrubHub's violations of various provisions of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("LWDA") and GrubHub on November 10, 2015. The LWDA has not provided a response to Plaintiff Tan's written notice. See Cal. Lab. Code § 2699.3(a)(2)(A).

35.     Plaintiff Raef Lawson provided notice of GrubHub's violations of various provisions of the California Labor Code as alleged in this complaint to the Labor and Workforce

Development Agency ("LWDA") and GrubHub on December 3, 2015. The LWDA has not provided a response to Plaintiff Lawson's written notice. See Cal. Lab. Code § 2699.3(a)(2)(A).

## COUNT I

**Violation of Cal. Lab. Code § 2802**
**(Plaintiff Lawson on behalf of himself and of all similarly situated individuals)**

Plaintiff Lawson realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. GrubHub's conduct, as set forth above, in misclassifying Plaintiff Lawson and other GrubHub drivers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code § 2802.

## COUNT II

**Violation of Cal. Lab. Code §§ 1197 and 1194 – Minimum Wage**
**(Plaintiff Lawson on behalf of himself and of all similarly situated individuals)**

Plaintiff Lawson realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. GrubHub's conduct, as set forth above, in misclassifying Plaintiff Lawson and other GrubHub drivers as independent contractors, and failing to pay the drivers the California minimum wage each week worked constitutes a violation of California Labor Code §§ 1197 and 1194.

## COUNT III

**Violation of Lab. Code §§ 1194, 1198, 510, and 554 – Overtime**
**(Plaintiff Lawson on behalf of himself and of all similarly situated individuals)**

Plaintiff Lawson realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. GrubHub's conduct, as set forth above, in misclassifying Plaintiff Lawson and other GrubHub drivers as independent contractors, and failing to pay the drivers the appropriate overtime premium overtime hours they worked constitutes a violation of California Labor Code §§ 1194, 1198, 510, and 554.

## COUNT IV

**Violation of Cal. Bus. & Prof. Code §17200, et seq.**
**(Plaintiff Lawson on behalf of himself and of all similarly situated individuals)**

Plaintiff Lawson realleges and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code Sections 2802, 1197, 1194, 1198, 510, and 554. As a result of Defendant's unlawful conduct, Plaintiff and class members suffered injury in fact and lost money and property, including, but not limited to business expenses that drivers were required to pay, unpaid overtime wages, and damages incurred due to Defendants' failure to pay minimum wage. Pursuant to California Business and Professions Code § 17203, Plaintiff Lawson and class members seek declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff Lawson and class members are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## COUNT V

**Penalties Pursuant to Labor Code Private Attorneys General Act of 2004**
**Cal. Lab. Code § 2699, et seq.**
**(Plaintiffs Lawson and Tan in their capacity as Private Attorney General Representatives on behalf of the State of California, themselves, and all other similarly situated individuals)**

Plaintiffs Lawson and Tan reallege and incorporate by reference the allegations in the preceding paragraphs as if fully alleged herein. Plaintiffs are aggrieved employees as defined by Cal. Lab. Code § 2699(c) as they were employed by GrubHub during the applicable statutory period and suffered injury as a result of GrubHub's Labor Code violations. Accordingly, Plaintiffs seek to recover on behalf of the State of California, as well as themselves and all other current and former aggrieved employees of GrubHub who have worked in California, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

GrubHub drivers are entitled to penalties for GrubHub violations of Cal. Lab. Code §§ 2802, 1194, 1197, 1198, 510, and 558 as set forth by Cal. Lab. Code § 2699(f).  Plaintiffs seek civil penalties pursuant to PAGA for (1) failure to reimburse delivery driver employees for all

1
2
3
4

necessary expenditures incurred in performing their duties, including but not limited to fuel, car maintenance, parking, phones, and data, in violation of Labor Code § 2802  (2) failure to pay minimum wage in violation of Labor Code §§ 1197 and 1194; (3) failure to pay overtime wages in violation of Labor Code §§ 1194, 1198, 510, and 554.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

Cal. Lab. Code § 2699(f) provides for civil penalties for violation of all Labor Code provisions for which no civil penalty is specifically provided. There is no specified civil penalty for violations of Cal. Lab. Code § 2802. With respect to minimum wage violations under Cal. Lab. Code §§ 1197 and 1194, § 1197.1 imposes a civil penalty in addition to any other penalty provided by law of one hundred ($100) for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages and liquidated damages, and, for each subsequent violation of Labor §§ 1197 and 1194, two hundred and fifty dollars ($250 for each underpaid employee for each pay period for which the employee is underpaid in addition to an amount sufficient to recover underpaid wages and liquidated damages. With respect to overtime violations under Labor Code §§ 510 and 558, the statute imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

22

WHEREFORE, Plaintiffs request that this Court enter the following relief:

23
24

a.   Certify a class action pursuant Fed. R. Civ. P. 23 and appoint Plaintiff Lawson and his counsel to represent the class;

25
26

b.   Declare and find that the Defendant violated Cal. Lab. Code §§ 2802, 510, 554, 1197, and 1198, and Cal. Bus. & Prof. Code §17200, *et seq.*;

27
28

c.   Enter Judgment in Plaintiffs' favor on their PAGA claim pursuant to Cal. Lab. Code § 2699(c).

9

TAN, ET AL., V. GRUBHUB HOLDINGS, INC. AND GRUBHUB INC., C.A. NO. 15-05128
SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT

d.  Award compensatory damages, including all expenses owed, underpaid wages, and liquidated damages in an amount according to proof;

e.  Award all costs and attorney's fees incurred prosecuting this claim;

f.  Interest and costs;

g.  Injunctive relief in the form of an order directing Defendant to comply with Cal. Lab. Code;

h.  Such other relief as in law or equity may pertain.

Respectfully submitted,

ANDREW TAN and RAEF LAWSON, in their capacity as Private Attorney General Representatives, and RAEF LAWSON, on behalf of himself and all others similarly situated,

By their attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Thomas Fowler, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com, tfowler@llrlaw.com

Matthew Carlson (SBN 273242)
LICHTEN & LISS-RIORDAN, P.C.
466 Geary Street, Suite 201
San Francisco, CA 94102
(617) 994-5800
Email: mcarlson@llrlaw.com

Dated: April 12, 2016

## CERTIFICATE OF SERVICE

TAN, ET AL., V. GRUBHUB HOLDINGS, INC. AND GRUBHUB INC., C.A. NO. 15-05128
SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT

1    I hereby certify that a copy of this Second Amended Complaint was served by electronic

2  filing on April 12, 2016, on all counsel of record.

3
                                        /s/ Shannon Liss-Riordan___
4                                       Shannon Liss-Riordan, Esq.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAN, ET AL., V. GRUBHUB HOLDINGS, INC. AND GRUBHUB INC., C.A. NO. 15-05128
SECOND AMENDED CLASS ACTION AND PAGA COMPLAINT