GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
JUSTIN T. GOODWIN, SBN 278721
  jgoodwin@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendants
GRUBHUB HOLDINGS INC. and
GRUBHUB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW TAN and RAEF LAWSON in their capacities as Private Attorney General Representatives, and RAEF LAWSON, individually and on behalf of all other similarly situated individuals,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>　　　　　　　Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hearing:<br>Date:　　July 13, 2016<br>Time:　　9:00 a.m.<br>Place:　　Courtroom F<br>Judge:　　Hon. Jacqueline Scott Corley<br><br>ACTION FILED: September 23, 2015 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on July 13, 2016, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jacqueline Scott Corley, in Courtroom F of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, 15th floor, San Francisco, California 94102, Defendants GrubHub Holdings Inc. and GrubHub Inc. (collectively, "GrubHub") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Counts III through V of Plaintiffs' Second Amended Complaint (ECF No. 41) on the ground that Plaintiffs have failed to state a claim against GrubHub upon which relief may be granted.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the papers on file in this case, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

Dated: May 13, 2016

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Theane Evangelis
         Theane Evangelis

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(A)(3)] .................................................. 2

PROCEDURAL HISTORY ............................................................................................................ 2

FACTUAL ALLEGATIONS .......................................................................................................... 3

LEGAL STANDARD ..................................................................................................................... 4

ARGUMENT .................................................................................................................................. 5

    A.    Lawson Fails to State Plausible Claims for Relief Under California's Minimum Wage (Count III) and Overtime (Count IV) Laws. .......................................................... 5

    B.    Lawson Fails to State a Claim under the UCL (Count II) to the Extent It Relies Upon His Defective Wage Claims. ..................................................................................... 9

    C.    Plaintiffs Fail to State a Plausible Claim Under PAGA (Count V). ........................... 10

CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Archila v. KFC U.S. Props.*,
 No. 09-56497, 420 F. App'x 667 (9th Cir. 2011) ................................................................10, 11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ..........................................................................................................4, 7, 8, 9

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...............................................................................................................4, 5, 9

*Berry v. Cty. of Sonoma*,
 30 F.3d 1174 (9th Cir. 1994) ......................................................................................................7

*Caliber Bodyworks, Inc. v. Superior Court*,
 134 Cal. App. 4th 365 (2005) ....................................................................................................10

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
 751 F.3d 990 (9th Cir. 2014) ..............................................................................................4, 6, 8

*Flaishans v. Coram Specialty Infusion Servs.*,
 No. C 14-3249 MMC, 2014 U.S. Dist. LEXIS 134765 (N.D. Cal. Sept. 23, 2014) .......................11

*Foman v. Davis*,
 371 U.S. 178 (1962) ....................................................................................................................4

*Hall v. Plastipak*,
 No. 15-11428, 2015 WL 5655888 (E.D. Mich. Sep. 25, 2015) ..................................................8

*Hendricks v. StarKist Co.*,
 30 F. Supp. 3d 917 (N.D. Cal. 2014) ..........................................................................................4

*Kendall v. Visa U.S.A., Inc.*,
 518 F.3d 1042 (9th Cir. 2008) ....................................................................................................4

*Landers v. Quality Communications, Inc.*,
 771 F.3d 638 (9th Cir. 2014) ..............................................................................................1, 4, 5

*Leadsinger, Inc. v. BMG Music Publ'g*,
 512 F.3d 522 (9th Cir. 2008) ......................................................................................................4

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
 711 F.3d 106 (2d Cir. 2013) ........................................................................................................5

*Mendiola v. CPS Sec. Solutions, Inc.*,
 60 Cal. 4th 833 (2015) ................................................................................................................7

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Morillion v. Royal Packing Co.*,
   22 Cal. 4th 575 (2000) ................................................................................................................7

*Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*,
   971 F.2d 347 (9th Cir. 1992) .......................................................................................................8

*Price v. Starbucks Corp.*,
   192 Cal. App. 4th 1136 (2011) ..................................................................................................11

*Pruell v. Caritas Christi*,
   678 F.3d 10 (1st Cir. 2012) .....................................................................................................5, 9

*Rice v. Fox Broad. Co.*,
   330 F.3d 1170 (9th Cir. 2003) .....................................................................................................9

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) .......................................................................................................4

*Thomas v. Home Depot USA Inc.*,
   527 F. Supp. 2d 1003 (N.D. Cal. 2007) ....................................................................................10

*Varsam v. Lab. Corp. of Am.*,
   120 F. Supp. 3d 1173 (S.D. Cal. 2015) .....................................................................................10

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) .....................................................................................................6

*Yucesoy v. Uber Techs., Inc.*,
   No. 15-CV-00262-EMC, 2015 WL 6955140 (N.D. Cal. Nov. 10, 2015) ...............................1, 8

**Statutes**

Cal. Lab. Code § 2699.3 ................................................................................................................10

Cal. Lab. Code § 2802 .....................................................................................................................9

California Business and Professions Code § 17200, et seq. ...........................................................3

Private Attorneys General Act, Cal. Lab. Code § 2698 et seq. .......................................................3

**Rules**

Fed. R. Civ. P. 8 ..............................................................................................................................4

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................4

**TABLE OF AUTHORITIES**
(continued)

Page(s)

L.R. 7-4(A)(3) ................................................................................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs' amended pleading does nothing to cure the fatal deficiencies that caused this Court to dismiss the bulk of Plaintiffs' claims. Much like Plaintiffs' last pleading, the Second Amended Complaint ("SAC") consists entirely of cursory factual allegations and a few boilerplate recitations of legal conclusions. Despite this Court's express instructions, Plaintiffs have not meaningfully expanded or clarified their allegations, nor have they cured the numerous deficiencies the Court identified when it dismissed all but one of Plaintiffs' claims the last time around. *See* Order Granting in Part Defendants' Motion to Dismiss First Amended Complaint, ECF No. 38 ("Order"). The Court should dismiss Counts III through V, this time with prejudice.

*First*, the Court should dismiss Lawson's minimum wage and overtime claims because, much like the last time he asserted those claims, Plaintiffs have again failed to allege any detail regarding a single workweek in which they worked 40 or more hours without receiving minimum wage or overtime pay. Thus, Plaintiffs have again fallen short of satisfying the threshold pleading requirements set forth by the Ninth Circuit in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014); Order 7 (quoting *Landers*, 771 F.3d at 646). Moreover, the SAC again fails to plead any facts establishing Plaintiffs' regular rates of pay, how those rates were calculated, or which records they consulted in making such calculations—yet another reason this Court should dismiss Plaintiffs' claims. *See, e.g.*, *Yucesoy v. Uber Techs., Inc.*, No. 15-CV-00262-EMC, 2015 WL 6955140, at *3–4 (N.D. Cal. Nov. 10, 2015). And Plaintiffs still do not, as the Order dictates they must, explain "what, if anything, Plaintiffs and drivers generally engage in during their shifts when they are not responding to a delivery assignment." Order 10. While Plaintiffs now allege that time "spent on shift was *all* compensable working time," SAC ¶ 14 (emphasis added), Plaintiffs' new factual allegations actually defeat that conclusion. As this Court recognized in its prior Order, "even if the FAC had alleged that the entire shift is compensable"—as Plaintiffs now do—"such a conclusory allegation is not enough to state a claim." Order 9.

*Second*, the Court should dismiss Plaintiffs' Private Attorneys' General Act ("PAGA") claim (Count V) because Plaintiffs have failed to adequately plead compliance with PAGA's pre-filing

administrative notice and exhaustion requirements. Plaintiffs now allege, in conclusory fashion, that they notified the Labor and Workforce Development Agency ("LWDA") of GrubHub's alleged Labor Code violations. But nowhere in the SAC do Plaintiffs specify what facts and theories they purportedly included in these written notices. The PAGA claim must be dismissed because Plaintiffs fail to plead sufficient facts from which the Court can conclude that the LWDA received adequate notice of the specific facts underlying their claim.

***Third***, this Court should dismiss Lawson's UCL claim (Count II) and Plaintiffs' PAGA claim (Count IV) to the extent those claims are derivative of the SAC's defective minimum wage and overtime claims.

The Court offered Plaintiffs a second chance to clarify their theories and bolster their sparse allegations. *See* Order 21. But Plaintiffs have squandered this opportunity. Accordingly, the Court should dismiss their claims with prejudice.

**STATEMENT OF ISSUES TO BE DECIDED [L.R. 7-4(A)(3)]**

The following issues are raised by this motion:[1]

1. Whether Count II fails to set forth sufficient facts upon which relief can be granted to the extent that it is predicated on other deficient causes of action in the SAC.

2. Whether Count III fails to set forth sufficient facts upon which relief can be granted.

3. Whether Count IV fails to set forth sufficient facts upon which relief can be granted.

4. Whether Count V fails to set forth sufficient facts upon which relief can be granted.

**PROCEDURAL HISTORY**

On March 22, 2016, this Court granted in part GrubHub's motion to dismiss the First Amended Complaint ("FAC"), dismissing the bulk of Plaintiffs' claims and granting Plaintiffs leave to file another amended complaint. *See* Order. On April 12, 2016, Plaintiffs filed their ten-page SAC, which is shorter than the prior complaint and includes only a handful of new factual

---

[1] GrubHub also maintains that Lawson has failed to state a plausible reimbursement claim (Count I) for the reasons set forth in GrubHub's first Motion to Dismiss, ECF No. 21. GrubHub does not move for dismissal of that claim here, however, because the Court previously ruled that Lawson's reimbursement claim may proceed. *See* Order 5–6.

allegations, many of which are implausible on their face. Plaintiffs seek penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 et seq., on behalf of themselves and "all other current and former aggrieved employees of GrubHub who have worked in California." SAC 8 (Count V). In addition, Plaintiff Lawson alleges the following causes of action on behalf of a putative class of "GrubHub drivers who have worked in California": (1) failure to reimburse for business expenses; (2) unlawful business practices under California Business and Professions Code § 17200, et seq.; (3) failure to pay minimum wage; and (4) failure to pay overtime wages. SAC (Counts I through IV).

### FACTUAL ALLEGATIONS

Plaintiffs allege that because they "and other GrubHub drivers are paid by the delivery, and have been required to bear many of the expenses of their employment, their weekly pay rates have fallen below California's minimum wage in many weeks." *Id*. ¶ 22. With regard to their own experiences, Tan alleges only that his "wages fell below minimum wage during several weeks since he began working for GrubHub" due to "fuel and vehicle maintenance costs," and Lawson alleges that he failed to receive "minimum wage in numerous weeks because of the expenses he has been required to bear, such as fuel and vehicle maintenance costs." *Id*. ¶ 22. Plaintiffs assert that Tan "has regularly worked in excess of sixty hours per week" and "twelve (12) hours in a day" without receiving overtime pay, and Lawson "worked approximately forty-five hours and was not paid at time-and-a-half for the hours in excess of forty" during "the week of November 30, 2015." *Id*. ¶ 23.

Plaintiffs also contend that the time "delivery drivers spent on shift was all compensable working time." *Id*. ¶ 14. They allege they were required to accept "75% of all orders that GrubHub dispatch assigns to them," that dispatchers "typically assigned the drivers between two and four or more delivery jobs per hour," that each delivery assignment would "typically take between thirty minutes and an hour and a half to complete," and that drivers had to be within an area of "30 square miles" during their shifts. *Id*. ¶¶ 14–18. Finally, Plaintiffs allege that the "conduct" in the allegations set forth above "constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code Sections 2802, 226, 1197, 1194, 1198, 510, and 554." *Id*. at 8 (Count IV).

## LEGAL STANDARD

To "survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Establishing the plausibility of a complaint's allegations . . . 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679); *see also Landers*, 771 F.3d at 641. While "a court should 'assume the[] veracity' of 'well pleaded factual allegations,'" allegations that "are no more than conclusions, are not entitled to the assumption of truth.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 U.S. at 679). Rule 8 "requires 'more than labels and conclusions,'" and "plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Id.* at 995 (quoting *Twombly*, 550 U.S. at 557). "When considering plausibility, courts must also consider an 'obvious alternative explanation for [the] defendant's behavior.'" *Id.* at 996 (quoting *Iqbal*, 556 U.S. at 682). "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "In sum, if the facts alleged foster a reasonable inference of liability—stronger than a mere possibility—the claim survives; if they do not, the claim must be dismissed." *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 924–25 (N.D. Cal. 2014).

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008)); *see also Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (district court may deny leave to amend due to "repeated failure to cure deficiencies by amendments previously allowed" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

# ARGUMENT

**A.   Lawson Fails to State Plausible Claims for Relief Under California's Minimum Wage (Count III) and Overtime (Count IV) Laws.**

Even with a second opportunity to explain their minimum wage and overtime theories, Plaintiffs still do not (and cannot) allege facts sufficient to state claims upon which relief may be granted.  As before, Plaintiffs' SAC fails to provide the factual enhancement necessary to cross "the line between possibility and plausibility."  *Twombly*, 550 U.S. at 557.  Indeed, the SAC simply ignores many of the deficiencies this Court identified in its order dismissing Lawson's minimum wage and overtime claims.  And Lawson's claims are not saved by the handful of new allegations in the SAC, many of which are not even plausible on their face.

Lawson's minimum wage and overtime claims fail for at least four separate reasons.

***First***, Plaintiffs fail to offer sufficient "detail regarding a *given workweek* when [Tan] worked in excess of forty hours and was not paid overtime for that given workweek" or when Plaintiffs were "not paid minimum wages."  Order 7 (quoting *Landers*, 771 F.3d at 646) (emphasis added).  *Landers* requires that a plaintiff allege, at "minimum," facts establishing the *particular* workweek in which minimum wage and overtime violations purportedly occurred.  *Landers*, 771 F.3d at 646.  It is insufficient to allege merely that an employee "*regularly* worked hours over 40 in a week" without receiving overtime pay or minimum wage.  *Pruell v. Caritas Christi*, 678 F.3d 10, 13–14 (1st Cir. 2012) (emphasis added) (finding that such allegations are "so threadbare or speculative that they fail to cross the line between the conclusory and the factual"); *see also Landers*, 771 F.3d at 642, 644–45 (citing *Pruell* with approval).

Yet that is precisely what Plaintiffs do here.  Tan, for example, still alleges only that he "has regularly worked in excess of sixty hours per week" and "twelve (12) hours in a day" without receiving overtime pay.  SAC ¶ 23.  And with regard to their minimum wage claim, Plaintiffs allege only that their pay fell "below minimum wage in numerous weeks."  SAC ¶ 22.  These generalized allegations do not pass muster under *Landers*.  Order 9; *Landers*, 771 F.3d at 644–45; *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (affirming dismissal where "Plaintiffs ha[d] not alleged a single workweek in which they worked at least 40 hours and

also worked uncompensated time in excess of 40 hours"); *Raphael v. Tesoro Refining & Marketing Co.*, No. 2:15-cv-02862-ODW(Ex), 2015 WL 4127905, at *2-3 (C.D. Cal. July 8, 2015) (same).

***Second***, the SAC offers no *plausible* factual allegations demonstrating "what period of time or type of conduct" constitute compensable work for the purposes of calculating overtime pay and the minimum wage.  Order 9.  Plaintiffs now allege in conclusory fashion that the time they "spent on shift was all compensable working time."  SAC ¶ 14.  But this Court already admonished Plaintiffs that merely alleging that an "entire shift is compensable," without offering factual enhancement sufficient to render that "conclusory allegation" plausible, is "not enough to state a claim."  Order 9.  Plaintiffs have offered no such plausible factual enhancement here.

To begin, the new factual allegations purportedly supporting this conclusion are themselves implausible.  For instance, it is implausible, to say the least, that delivery drivers engaged in "between two and *four or more* delivery jobs per hour" if "[e]ach delivery assignment would typically take between thirty minutes and an hour and a half to complete."  SAC ¶ 16; *Eclectic Props. E., LLC*, 751 F.3d at 995–96 (the court is required to "draw on its . . . common sense" when establishing plausibility).  Four deliveries lasting thirty minutes each—the low end of the range alleged in the SAC—would take two hours, not one hour, to complete.  Yet these facially implausible allegations are Plaintiffs' only response to the Court's directive that they explain "how many assignments [they] or drivers typically receive during each shift."  Order 10.  Plaintiffs do not, for example, explain how much time they personally spent on deliveries during their shifts.  It is self-evident that a plaintiff cannot cure an implausible cause of action by alleging implausible facts.  *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144–45 (9th Cir. 2012) (affirming dismissal where "it is difficult to conceive" how "simultaneous[]" conflicting allegations create "a reasonable inference" of plausibility).

Moreover, Plaintiffs concede in their SAC that they were permitted to turn down 25% of all orders assigned to them.  SAC ¶ 17.  Thus, even if Plaintiffs had no downtime whatsoever during deliveries—a conservative assumption made only for the for sake of argument here—their allegations establish that they could take 37.5 minutes (25%) of personal time during every 2.5-hour delivery block.  A driver who works 4 delivery blocks in a day could therefore take 2.5 hours of personal time

throughout the workday.  And because this personal time is, according to Plaintiffs' own allegations, time during which the driver may simply reject any delivery orders assigned to her, the driver would not need to be "in" or "very near" her car during this time.  *See id.* ¶ 18.  Yet Plaintiffs allege, without any plausible factual support, that such time is *all* compensable, and they root their minimum wage and overtime claims on that faulty premise.  *Id.* ¶ 14.

Plaintiffs' allegation that Lawson was free to roam throughout his "30 square mile[]" delivery zone during his delivery blocks also undermines Plaintiffs' conclusory allegation that their entire delivery blocks were compensable time.  SAC ¶ 14.  The law does not require that workers be compensated for *any* time in which they are subject to some form of geographic restriction.  Rather, courts may consider "*excessive* geographical restrictions" as one out of many relevant factors supporting a finding of compensable time.  Order 10 (quoting *Mendiola v. CPS Sec. Solutions, Inc.*, 60 Cal. 4th 833, 841 (2015)) (emphasis added).  In *Morillion v. Royal Packing Co.*, for example, the California Supreme Court held that "time agricultural employees are required to spend traveling on their employer's buses is compensable," in part because they are confined to the four walls of a bus. 22 Cal. 4th 575, 578 (2000).  Similarly, in *Mendiola*, the court held that security guards must be compensated for time in which they are not permitted to "leave the worksite."  *Mendiola*, 60 Cal. 4th at 841.  Here, far from being confined to a bus or single worksite, Plaintiffs allege that they were free to move throughout a 30-square-mile area during their delivery blocks.  SAC ¶ 14.  A typical worker who, during an unpaid, 30-minute lunch break, can venture only so far from the workplace as will afford her enough time to return by the end of the break enjoys far less freedom of movement than Plaintiffs allege here.

The SAC also fails to offer any new allegations in response to this Court's directive that they explain "what . . . Plaintiffs and drivers generally engage in during their shifts when they are not responding to a delivery assignment."  Order 10.  The new allegations in the SAC, as discussed above, stop well "short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678.  If anything, the allegation that drivers are free to turn down 25% of assigned delivery orders and roam freely throughout a 30-square-mile area supports the inference that much of the time during delivery blocks is *not* compensable.  *See* SAC ¶¶ 14, 17; *Berry v. Cty. of Sonoma*, 30

F.3d 1174, 1185–87 (9th Cir. 1994) (concluding that on-call time was not compensable where plaintiffs "actually engaged in personal activities, thereby effectively using on-call time for their own personal purposes"); *Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 350–54 (9th Cir. 1992) (reversing district court order granting summary judgment in favor of plaintiffs on FLSA overtime claim because, inter alia, plaintiffs engaged in personal activities while "on-call"). As such, Plaintiffs' unsupported "conclusion[]" that all delivery-block time is compensable is "not entitled to the assumption of truth.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 U.S. at 679).

***Third***, Plaintiffs' minimum wage and overtime claims still fail because the SAC is devoid of any facts explaining what hourly and regular rates of pay they used to compute minimum wage and overtime pay, how they calculated those rates, or which records they consulted in doing so. As a court in this District recently explained in a misclassification action brought against another company in the "on-demand" economy, a plaintiff must plead "*specific* facts" regarding each of these issues in order to properly state a minimum wage or overtime claim. *Yucesoy*, 2015 WL 6955140, at *3 (emphasis added). Plaintiffs' failure to plead such basic factual allegations explaining their minimum wage and overtime theories is fatal to their claims. *See id.* at *3–4 (dismissing minimum wage and overtime claims because "Plaintiffs [did] not allege how the basic rate of pay is calculated or their precise theory of overtime"); *Hall v. Plastipak*, No. 15-11428, 2015 WL 5655888, at *3 (E.D. Mich. Sep. 25, 2015) (granting motion to dismiss where plaintiffs "fail[ed] to provide" their "formula" for calculating overtime).

Indeed, such basic factual allegations regarding Plaintiffs' rate of pay are particularly crucial in this case, where Plaintiffs allege that they "receive a flat fee for each delivery completed." FAC ¶ 12; *see also Yucesoy*, 2015 WL 6955140, at *3–4 (dismissing overtime and minimum wage claims where plaintiffs paid on piece-rate basis failed to allege how the basic rate of pay is calculated). This case is unlike a typical overtime action in which workers classified as employees and paid by the hour allege that they were not paid one-and-a-half times their known hourly rate of pay. The number of deliveries that Plaintiffs perform and the amount of fees they recoup during a particular delivery block may vary significantly depending on the time and geographic area in which they choose to

perform their services on a given day.  The SAC thus fails to allege any facts demonstrating that Plaintiffs' minimum wage and overtime claims are "plausible."  *Iqbal*, 556 U.S. at 678.

***Finally***, the minimum wage claim fails for the additional reason that Plaintiffs do not allege which costs, or even what types of costs, they chose to deduct when making any minimum wage calculations.  SAC ¶ 22.  The Complaint's opaque reference to "fuel and vehicle maintenance costs" leaves GrubHub with no way of determining whether these alleged "costs" were even conceivably reimbursable expenses under any California law.  *Id.*; *see also* Cal. Lab. Code § 2802 (requiring reimbursement only as to expenses that are "necessary" and incurred "in direct consequence of the discharge of [] duties").  Thus, Plaintiffs' "labels and conclusions"—which do not even distinguish between recoverable and non-recoverable expenses—are insufficient "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.  And the SAC does not identify or even approximate how much Plaintiffs earned during the "numerous weeks" in which their unspecified expenses purportedly caused their earnings to drop below the minimum wage.  *See Pruell*, 678 F.3d at 15 (affirming dismissal of minimum wage and overtime claims where plaintiffs failed to plead "how much they were paid as wages" and other supporting facts within their knowledge).

Even when construed in the light most favorable to Plaintiffs, the SAC does not plead sufficient facts to elevate Plaintiffs' minimum wage and overtime claims above the mere "possibility" of GrubHub's liability.  *Iqbal*, 556 U.S. at 678.  As such, Plaintiffs' minimum wage and overtime claims must be dismissed with prejudice.

**B.     Lawson Fails to State a Claim under the UCL (Count II) to the Extent It Relies Upon His Defective Wage Claims.**

As this Court previously recognized, Lawson's claim under the California Business and Professions Code ("UCL") derives entirely from his other wage claims.  Order 12.  "Where the UCL claim is premised on the same acts alleged in the complaint's other causes of action, and those causes of action fail, the UCL claim likewise must be dismissed because the plaintiff has not adequately alleged any predicate unlawful acts."  *Id.* (citing *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1182 (9th Cir. 2003)).  The Court therefore should "dismiss the UCL claim" with prejudice "to the extent it is

predicated on the violations alleged in Counts III and IV"—Plaintiffs' legally defective minimum wage and overtime claims.  Order 12–13.

### C. Plaintiffs Fail to State a Plausible Claim Under PAGA (Count V).

The Court previously dismissed Plaintiffs' PAGA claim because Plaintiffs failed to plead compliance with the notice and administrative exhaustion requirements of Labor Code section 2699.3(a).  Order 13.  The SAC fails to cure this deficiency.  As such, Plaintiffs PAGA claim must be dismissed once again.

Before filing a PAGA action, an aggrieved employee must first satisfy the pre-filing notice and exhaustion requirements of Labor Code section 2699.3(a).  As GrubHub explained in its previous motion to dismiss, an aggrieved employee seeking to bring a PAGA claim must (1) give written notice by certified mail to the LWDA and the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation, and (2) wait 30 days for the LWDA to announce whether it will investigate the alleged violations, or, if no such notice is given, wait 33 days from the postmark date of notice before bringing suit.  Cal. Labor Code § 2699.3(a)(1)–(2); Mot. Dismiss FAC 12, ECF No. 21.  A plaintiff's failure to plead compliance with these pre-filing requirements compels dismissal.  *See, e.g.*, *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) ("[A] party bringing a civil action must plead compliance with the pre-filing notice and exhaustion requirements."); *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 370–71 (2005) (dismissing PAGA claim because plaintiff did not plead compliance with notice requirement).

Plaintiffs' new allegations purporting to address the foregoing administrative requirements are patently deficient.  The Labor Code requires that aggrieved employees provide the LWDA with the "facts and theories specific to the plaintiff's principal claims." *Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1182 (S.D. Cal. 2015); *see also* Cal. Lab. Code § 2699.3.  "[M]erely listing the statutes allegedly violated or reciting the statutory requirements is insufficient." *Varsam*, 120 F. Supp. 3d at 1182; *see also Archila v. KFC U.S. Props.*, No. 09-56497, 420 F. App'x 667, 669 (9th Cir. 2011).  Here, the SAC merely alleges that Plaintiffs "provided notice of GrubHub's violations of various provisions of the California Labor Code as alleged in this complaint to the [LWDA]."  SAC

¶¶ 34–35. Nowhere do Plaintiffs specify what facts and theories they included in this written notice. At base, Plaintiffs have not established that they sent the LWDA anything more than a list of purported Labor Code violations by GrubHub, which is plainly insufficient. *Archila*, 420 F. App'x at 669. Because it is impossible for the Court to determine whether the LWDA has been given proper notice of Plaintiffs' claims, Plaintiffs' PAGA claim must be dismissed. *Id.* ("PAGA claims . . . cannot proceed" when notice letter does not "constitute adequate notice[.]").

Finally, Plaintiffs' PAGA claim is entirely derivative of Lawson's other claims under the California Labor Code. As described above, Plaintiffs have failed to state a plausible claim for relief under California's minimum wage (Count II) and overtime (Count IV) laws. Because Plaintiffs' PAGA claim relies upon Counts III and IV, it should be dismissed for that reason as well. *See, e.g.*, Order 13; *Flaishans v. Coram Specialty Infusion Servs.*, No. C 14-3249 MMC, 2014 U.S. Dist. LEXIS 134765, at *4 (N.D. Cal. Sept. 23, 2014) ("Plaintiff's [PAGA claim] fails to the extent it is derivative of any earlier-pleaded claim that is subject to dismissal."); *cf. Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) ("Because the underlying causes of action fail, the derivative UCL and PAGA claims also fail.").

## CONCLUSION

Because Plaintiffs' SAC fails to state claims upon which relief may be granted, and because any further amendment of the complaint would be futile and wasteful, the Court should dismiss Counts III through V with prejudice.

Dated: May 13, 2016               Respectfully submitted,

                                  GIBSON, DUNN & CRUTCHER LLP


                                  By:   */s/ Theane Evangelis*
                                        Theane Evangelis

**ECF ATTESTATION**

I, Justin T. Goodwin, hereby attest that concurrence in the filing of this document has been obtained from Theane Evangelis.

DATED: May 13, 2016   By:   */s/ Justin T. Goodwin*
                              Justin T. Goodwin