THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE D. EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
JUSTIN T. GOODWIN, SBN 278721
  jgoodwin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW TAN and RAEF LAWSON in their capacities as Private Attorney General Representatives, and RAEF LAWSON, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**DECLARATION OF STAN CHIA IN SUPPORT OF DEFENDANTS' MOTION TO DENY CLASS CERTIFICATION**<br><br><u>Hearing</u>:<br><br>Date:    July 13, 2016<br>Time:   1:30 p.m.<br>Place:   Courtroom F<br>Judge:  Hon. Jacqueline Scott Corley<br><br>Action Filed: September 23, 2015 |

I, Stan Chia, declare as follows:

1. I am currently employed as the Senior Vice President of Operations for Grubhub Holdings Inc. (formerly known as Grubhub, Inc.), which is a wholly owned subsidiary of Grubhub Inc. I make this declaration in support of Defendants Grubhub Holdings Inc. and Grubhub Inc.'s Motion to Deny Class Certification. I am authorized to make these statements on behalf of Grubhub Holdings Inc. ("Grubhub"). In my position as Senior Vice President of Operations for Grubhub, I have access to and personal knowledge of the matters and information set forth in this declaration, and if called upon to testify thereto, can and would competently do so. The data from which the information set forth in this declaration was determined is maintained in the regular course of Grubhub's business.

2. I have reviewed the Second Amended Complaint filed in the above-captioned case. I understand that Mr. Lawson seeks to represent a class of "all GrubHub drivers who have worked in California."

3. Grubhub is an online and mobile food ordering company that connects diners with local takeout and delivery restaurants through its website and associated mobile applications (collectively, the "Grubhub Service"). The Grubhub Service is primarily maintained out of Grubhub's headquarters in Chicago, Illinois. Starting in or around June 2014, diners in California could use the Grubhub Service to arrange for delivery of food orders from restaurants by Independent Delivery Partners ("Grubhub Delivery"). Grubhub Delivery is available in dozens of cities. The Grubhub Service, along with Grubhub Delivery, shall be referred to herein as collectively the "Online Platform."

4. Diners place food orders with restaurants through Grubhub's Online Platform. Independent Delivery Partners, such as Plaintiffs Andrew Tan and Raef Lawson, contract with Grubhub to become authorized to use Grubhub's Online Platform to deliver these food orders from the restaurants to the diners in exchange for service fees.

5. In order to become authorized to use Grubhub's Online Platform, Independent Delivery Partners enter into Delivery Service Provider Agreements with Grubhub.

6.	After a driver expresses interest in providing delivery services using the Grubhub Online Platform, Grubhub sends the driver a Delivery Service Provider Agreement through DocuSign, a program that facilitates the electronic exchange of contracts and signed documents.

7.	Delivery Service Provider Agreements signed by Independent Delivery Partners are stored by Grubhub in both DocuSign and the Independent Delivery Partners' profiles on Salesforce, a customer relationship management database.

8.	Attached hereto as <u>Exhibits 1-6</u> are true and correct copies of representative examples of all Delivery Service Provider Agreements executed by Independent Delivery Partners located in California.  Various Independent Delivery Partners also entered into an amendment to their Delivery Service Provider Agreements.  A true and correct copy of a representative example of this Amendment is attached as <u>Exhibit 7</u>.

9.	The Delivery Service Provider Agreements govern the relationship between Grubhub and the Independent Delivery Partners, and establish the terms applicable to all delivery services arranged by Grubhub and performed by the Independent Delivery Partners.

10.	All Delivery Service Provider Agreements entered into by Independent Delivery Partners located in California expressly state that the parties intend the Agreements to create the relationship of principal and independent contractor between Grubhub and the Independent Delivery Partner, Exh. 1 at § 7; Exh. 2 at § 7; Exh. 3 at § 7; Exh. 4 at § 7; Exh. 5 at § 6; Exh. 6 at § 6, and that the parties are not employees, agents, joint venturers, or partners of each other for any purpose.  Exh. 1 at § 7; Exh. 2 at § 7; Exh. 3 at § 7; Exh. 4 at § 7.  When executing the Delivery Service Provider Agreements, Independent Delivery Partners acknowledge (by initialing) that they understand the Agreements to create the relationship of principal-independent contractor, not employer-employee. Exh. 1 at § 7; Exh. 2 at § 7; Exh. 3 at § 7; Exh. 4 at § 7; Exh. 5 at § 6; Exh. 6 at § 6.

11.	The Delivery Service Provider Agreement initially used by Grubhub in California after the launch of its Online Platform in that state in or around June 2014 contains an arbitration agreement with a class action waiver.  Exh. 1 at § 14.  All subsequent Delivery Service Provider Agreements entered into by Independent Delivery Partners located in California contain substantially similar arbitration agreements with class action waivers.  Exh. 2 at § 14; Exh. 3 at § 14; Exh. 4 at

1  § 14; Exh. 5 at § 12; Exh. 6 at § 12.  These provisions apply to all disputes between the Independent
2  Delivery Partners and Grubhub, including all claims arising out of or relating to the Independent
3  Delivery Partners' independent contractor classification, the Independent Delivery Partners'
4  provision of delivery services, and any other aspects of the relationship between Grubhub and the
5  Independent Delivery Partners.  Exh. 1 at § 14; Exh. 2 at § 14; Exh. 3 at § 14; Exh. 4 at § 14; Exh. 5
6  at § 12; Exh. 6 at § 12.

7        12.    All Delivery Service Provider Agreements entered into by Independent Delivery
8  Partners located in California state that, "[u]nless applicable law provides otherwise, as determined
9  by the Arbitrator, the Parties agree that GrubHub [shall/will] pay all of the Arbitrator's fees and
10 costs."  Exh. 1 at § 14; Exh. 2 at § 14; Exh. 3 at § 14; Exh. 4 at § 14; Exh. 5 at § 12; Exh. 6 at § 12.

11       13.    All Delivery Service Provider Agreements entered into by Independent Delivery
12 Partners located in California state that the Independent Delivery Partner has a "[r]ight [t]o [c]onsult
13 [w]ith [a]n [a]ttorney."  Exh. 1 at § 14; Exh. 2 at § 14; Exh. 3 at § 14; Exh. 4 at § 14; Exh. 5 at § 12;
14 Exh. 6 at § 12.

15       14.    Starting in or around July 2015, the Delivery Service Provider Agreements entered
16 into by Independent Delivery Partners located in California have provided Independent Delivery
17 Partners the right to opt out of the arbitration agreement and class action waiver provisions contained
18 therein.  Exh. 4 at § 14; Exh. 5 at § 12; Exh. 6 at § 12.  The Delivery Service Provider Agreements
19 state that Independent Delivery Partners electing to opt out of the arbitration agreement and class
20 action waiver provisions should express their intention to do so in either an email sent to a specific
21 Grubhub email address or a written notice sent to Grubhub at 111 W. Washington St., Ste. 2100,
22 Chicago, IL 60602, Attn:  People Team, or such other address as may be communicated by Grubhub.
23 Exh. 4 at § 14; Exh. 5 at § 12; Exh. 6 at § 12.

24       15.    Grubhub tracks, and maintains records of, the written notices that it receives from
25 Independent Delivery Partners electing to opt out of the arbitration agreement and class action waiver
26 provisions contained in the Delivery Service Provider Agreements.  These records are made at or
27 near the time of the events in question and are maintained in the ordinary scope of Grubhub's
28 business operations.

16. After Grubhub receives written notification of an Independent Delivery Partner's election to opt out of the arbitration agreement and class action waiver provisions of his or her Delivery Service Provider Agreement, the Independent Delivery Partner's election to opt out is notated in the driver's Salesforce profile. The original opt-out notice sent by the Independent Delivery Partner is also attached to his or her Salesforce profile, which must be manually reviewed.

17. Mr. Tan entered into a Delivery Service Provider Agreement with Grubhub on May 29, 2015 (the "May 29, 2015 Agreement"). Attached hereto as <u>Exhibit 8</u> is a true and correct copy of the May 29, 2015 Agreement and related documents. Mr. Tan entered into a second Delivery Service Provider Agreement with Grubhub on July 9, 2015 (the "July 9, 2015 Agreement"). Attached hereto as <u>Exhibit 9</u> is a true and correct copy of the July 9, 2015 Agreement and related documents.

18. The May 29, 2015 Agreement and July 9, 2015 Agreement both contain arbitration agreement and class action waiver provisions. Exh. 8 at § 14; Exh. 9 at § 14.

19. Mr. Lawson entered into a Delivery Service Provider Agreement with Grubhub on August 28, 2015 (the "August 28, 2015 Agreement"). Attached hereto as <u>Exhibit 10</u> is a true and correct copy of the August 28, 2015 Agreement. Mr. Lawson entered into an Amendment to the August 28, 2015 Agreement with Grubhub on December 5, 2015 (the "December 5, 2015 Amendment"). Attached hereto as <u>Exhibit 11</u> is a true and correct copy of the December 5, 2015 Amendment. Mr. Lawson entered into another Delivery Service Provider Agreement with Grubhub on March 11, 2016 (the "March 11, 2016 Agreement"). Attached hereto as <u>Exhibit 12</u> is a true and correct copy of the March 11, 2016 Agreement.

20. The August 28, 2015 Agreement and March 11, 2016 Agreement contain arbitration agreement and class waiver provisions. Exh. 10 at § 14; Exh. 12 at § 12.

21. Based on my review of company records, Mr. Lawson opted out of the arbitration agreement and class action waiver provisions contained in the August 28, 2015 Agreement in an email sent to Grubhub dated August 31, 2015. Based on my review of company records, Mr. Lawson opted out of the arbitration and class action waiver provisions contained in the March 11, 2016 Agreement in an email sent to Grubhub on March 12, 2015.

22. Based on my review of company records, one Independent Delivery Partner in California other than Mr. Lawson has submitted a written notice opting out of the arbitration agreement and class action waiver provisions in that Independent Delivery Partner's Delivery Service Provider Agreement.

23. Based on my review of company records, Mr. Tan did not opt out of the arbitration and class action waiver provisions contained in the May 29, 2015 Agreement and the July 9, 2015 Agreement.

24. Other than the two individuals identified in paragraphs 21 and 22, Grubhub's records indicate that no other Independent Delivery Partners in California have submitted written notices opting out of the arbitration agreement and class action waiver provisions in their Delivery Service Provider Agreements.

25. Based on my review of company records, during the period June 2014 to the date of this declaration, thousands of Independent Delivery Partners in California have contracted with Grubhub to use its Online Platform to deliver food orders to diners.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed at Chicago, Illinois, on this 2nd day of June, 2016.

_____
Stan Chia