UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW TAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GRUBHUB, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-05128-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 50 |

In this putative class action, Plaintiffs Andrew Tan ("Tan") and Raef Lawson ("Lawson," and together, "Plaintiffs") sue Grub Hub Holdings Inc. and GrubHub Inc. ("GrubHub" or "Defendants"), a service that provides food delivery to customers via an on demand dispatch system. The gravamen of Plaintiffs' Second Amended Complaint ("SAC") is that the delivery driver plaintiffs were misclassified as independent contractors and denied the benefits of California wage-and-hour laws. (Dkt. No. 41.[1]) Now pending before the Court is Defendants' motion to dismiss Counts II to V of the SAC for failure to state a claim. (Dkt. No. 50.) Having considered the parties' submissions, and having had the benefit of oral argument on July 31, 2016, the Court DENIES the motion to dismiss. Plaintiffs have pleaded sufficient facts to plausibly support their claims.

**BACKGROUND**

The Court previously discussed the factual background of this case in a previous order and incorporates that discussion here. (*See* Dkt. No. 38 at 1-3.) Following the Court's dismissal of Plaintiffs' First Amended Complaint ("FAC") with leave to amend, Plaintiff filed the SAC, which

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

provides additional details regarding delivery drivers' obligations during their work shifts.

According to the SAC, drivers working for GrubHub are required to sign up for work shifts ahead of time (such as 2.5, 3, or 4 hour blocks). (SAC ¶ 14.) During work shifts, drivers must be within a particular assigned area—in Lawson's case, a 30 square mile area—and be available to accept delivery assignments; drivers are not permitted to leave their zones unless instructed by a GrubHub dispatcher to perform a delivery outside of the assigned area. (*Id.* ¶¶ 14-15.) Drivers are typically assigned between two and four or more delivery jobs per hour during a shift, with each delivery assignment typically taking between 30 minutes and an hour and a half to complete. (*Id.* ¶ 16.) If drivers fail to accept at least 75% of all delivery orders assigned to them, GrubHub will terminate them. (*Id.* ¶ 17.) Further, drivers risk termination if they fail to arrive at restaurants by a certain time designated by GrubHub. (*Id.* ¶ 18.) Given these restrictions, drivers are required to be in or very near to their cars at all times during their shifts and, as a result, are unable to engage in personal non-work activities. (*Id.* ¶¶ 18-19.) Thus, Plaintiffs allege, the entirety of drivers' shift times is compensable working time. (*Id.* ¶ 14.)

The SAC sets forth five causes of action: (1) failure to reimburse for business expenses in violation of California Labor Code § 2802; (2) unlawful and/or unfair business practices under California Business and Professions Code §§ 17200-17208; (3) failure to pay minimum wage in violation of California Labor Code §§ 1197 and 1194; (4) failure to pay overtime in violation of California Labor Code §§ 1194, 1198, 510, and 554; and (5) claim for penalties pursuant to the Private Attorney General Act (PAGA), Cal. Lab. Code § 2698, *et seq.* Lawson alone brings the first four causes of action; Plaintiffs together bring the PAGA claims.

## DISCUSSION

Defendants move to dismiss portions of the SAC on grounds that: (1) Lawson fails to state plausible claims for relief under California's minimum wage and overtime laws (Counts III and IV); (2) Lawson fails to state a claim under the UCL (Count II) to the extent it relies upon his defective wage claims; and (3) Plaintiffs fail to state a plausible claim under PAGA (Count V).

### I.     Counts III & IV: California Minimum Wage & Overtime Laws

The Court previously dismissed Plaintiff's minimum wage and overtime claims because

Plaintiffs failed to allege sufficient facts that give rise to a plausible inference that they were not paid minimum wage or overtime during at least one work week. (Dkt. No. 38 at 6-12.) Specifically, the Court noted that "[t]here are no allegations about what period of time or type of conduct Plaintiffs are counting as hours worked. Without these basic factual allegations, the Court cannot conclude that Plaintiffs' minimum wage or overtime claims are plausible." (*Id.* at 9.) Moreover, to the extent Plaintiffs contended that all of their shift hours are compensable (this had not been pled in the FAC), the Court was unable to make that determination "absent allegations about the number and timing of assignments, geographical restrictions, and what happens when a driver does not accept an assignment." (*Id.* at 12.)

Plaintiffs now allege that all of their shift hours are compensable work hours (SAC ¶ 14) and, as noted above, they provide additional facts relating to drivers' work shifts: in particular, the number and timing of assignments (between two and four or more delivery jobs per hour during a shift, each job typically taking 30 minutes to an hour and a half to complete (*id.* ¶ 16)), geographical restrictions (drivers must be within a particular assigned area and in or near their cars at all times during their shifts (*id.* ¶¶ 14-15, 18-19)), and what happens when a driver does not accept an assignment (GrubHub terminates drivers with less than a 75% acceptance rate of orders (*id.* ¶ 17)). Defendants argue that, even with these additional allegations, Plaintiffs wage-and-hour claims remain deficient.

First, Defendants insist that Plaintiffs continue to provide insufficient detail regarding a specific work week in which they were not paid overtime or were not paid minimum wages. (Dkt. No. 50 at 5.) According to Defendants, *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015), requires Plaintiffs to allege facts "establishing the *particular* workweek in which minimum wage and overtime violations purportedly occurred." (Dkt. No. 50 at 5 (emphasis in original)). But, as the Court previously noted, *Landers* does not require Plaintiffs to identify an exact calendar week or particular instance of denied overtime or minimum wage; instead, the allegations need only give rise to a plausible inference that there was such an instance. (Dkt. No. 38 at 8-9; *see also Boon v. Canon Bus. Solutions, Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015); *Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal.

3

2015).) Drawing all inferences in Plaintiffs' favor, *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), Plaintiffs' allegations give rise to the plausible inference that such an instance exists. For example, Plaintiffs allege that "Lawson worked approximately forty-five hours" during the week of November 30, 2015 and "was not paid at time-and-a-half for the hours in excess of forty." (*Id.* ¶ 23.) Taking as true Plaintiffs' allegations that drivers are unable to perform personal non-work activities during a shift (SAC ¶¶ 18-19), one could reasonably infer that Defendants violated the minimum wage and overtime laws where Lawson's entire 45-hour work week in November 2015 was compensable.

Second, Defendants contend that Plaintiffs' new factual allegations are implausible and do not establish that all of Plaintiffs' shift hours are compensable. (Dkt. No. 50 at 6-8.) Defendants argue that: (a) the allegations that drivers are "typically assigned . . . between two and four or more delivery jobs per hour" and that each assignment "would typically take between 30 minutes and an hour and a half to complete" are contradictory and thus implausible; (b) the ability of drivers to decline up to 25% of assigned orders means that 25% of shift hours are drivers' personal time; and (c) because Lawson worked a 30 square mile area, he was thus "free to roam" and not geographically restricted. Defendants are essentially asking the Court, on a motion to dismiss, to draw all inferences in their favor. The Court cannot do so. *Manzarek*, 519 F.3d at 1031. Drawing all inferences in *Plaintiffs'* favor as required, each of the above allegations supports the reasonable inference that all shift time was compensable. For example: (a) while Plaintiffs allege the *typical* number of assignments per hour and the *typical* time to complete each assignment, it is plausible that the time to complete assignments may in fact be less for some drivers, such that drivers could complete four or more assignments in an hour; (b) drivers could plausibly decline up to 25% of their assigned orders because they are otherwise already busy with orders (and not simply taking personal time); and (c) although Lawson's working area was a 30 square mile area, he could still have been restricted—and not free to roam, as Defendants suggest—because drivers were required to be in or very near to their vehicles during shifts (SAC ¶¶ 18-19). While Defendants' view of the facts may ultimately prevail, the Court cannot presently conclude that the SAC allegations are facially implausible.

1        Third, Defendants claim that Plaintiffs have not provided the requisite detail regarding
2   "what hourly and regular rates of pay they used to compute minimum wage and overtime pay,
3   how they calculated those rates, or which records they consulted in doing so." (Dkt. No. 50 at 14.)
4   At the pleading stage, the level of detail Defendants seek is not required. As the Court noted
5   before, the Ninth Circuit in *Boon* rejected the district court's requirement that a complaint "contain
6   an estimate of how much uncompensated time was worked, how often, and at what rate to survive
7   a motion to dismiss." 592 F. App'x at 632 (internal quotation marks and alteration omitted).
8   Again, the complaint allegations need only give rise to a plausible inference that Plaintiffs were
9   not paid minimum wage or overtime during at least one work week. (Dkt. No. 38 at 9.)
10  Defendants' reliance on *Yucesoy v. Uber Technologies, Inc.* does not compel a different result.
11  No. 15-CV-00262-EMC, 2015 WL 6955140 (N.D. Cal. Nov. 10, 2015). There, the court
12  dismissed plaintiffs' minimum wage and overtime claims because they had not pleaded specific
13  facts to support their contention that their waiting time was compensable. *Id.* at *3-4. Thus, it
14  was unclear as to what plaintiffs contended was compensable "work" time and, in turn, the court
15  could not discern the basis for plaintiffs' theories for their wage and overtime claims. *Id.* Here,
16  Plaintiffs' allegations overcome this problem by alleging that all shift time is compensable work
17  time. (SAC ¶¶ 14-19.) As stated above, Plaintiffs' allegations give rise to a plausible inference
18  that they were not paid minimum wage or overtime during at least one work week, and no
19  additional detail is required at this time.
20       Lastly, Defendants argue that Plaintiffs' minimum wage claim fails because Plaintiffs do
21  not allege the costs or types of costs that were deducted when they made their minimum wage
22  calculations or that such costs were the actual cause of Plaintiffs receiving less than the minimum
23  wage in any given week. (Dkt. No. 50 at 9; Dkt. No. 60 at 8-9.) The SAC places Defendants on
24  notice of the types of expenses that are at issue—namely, "expenses for [the drivers'] vehicles,
25  gas, parking, phone data, and other expenses" (SAC ¶ 21)—and have sufficiently alleged that the
26  payment of such expenses caused Plaintiffs to receive less than the minimum wage. (*Id.* ¶ 22
27  ("Because Plaintiffs and other GrubHub drivers are paid by the delivery, and have been required to
28  bear many of the expenses of their employment, their weekly pay rates have fallen below

California's minimum wage in many weeks.").)  At this stage, the Court need not determine whether the identified expenses *actually* resulted in Plaintiffs receiving less than the minimum wage; rather, the allegations need only show that such causation is plausible.  The Court concludes that it is.

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiffs' minimum wage and overtime claims.

## II. Count II: Unlawful and/or Unfair Business Practices

The Court dismissed Plaintiffs' UCL claim with leave to amend to the extent it was based on Plaintiffs' claims for failure to pay minimum wage and overtime (Counts III and IV).  (Dkt. No. 38 at 12-13.)  Plaintiffs have now sufficiently pled their minimum wage and overtime claims.  The Court therefore DENIES Defendants' motion to dismiss the UCL claims.

## III. Count V: PAGA Claims

The Court previously dismissed Plaintiffs' PAGA claims for failure to plead administrative exhaustion.  (Dkt. No. 38 at 13.)  In response, Plaintiffs added the following allegations:

> 33. Plaintiffs Tan and Lawson allege that GrubHub violated PAGA in the following ways: (1) failure to reimburse its drivers for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car maintenance, phones, and data, in violation of Labor Code §2802; (2) failing to pay minimum wage for each week worked in violation of Ca. Lab. Code §§ 1197 and 1194; (3) failing to pay overtime wages for all hours worked in excess of forty each week in violation of Cal. Lab. Code §§ 1198, 1194, 510, and 554.
>
> 34. Plaintiff Andrew Tan provided notice of GrubHub's violations of various provisions of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("LWDA") and GrubHub on November 10, 2015. The LWDA has not provided a response to Plaintiff Tan's written notice. See Cal. Lab. Code § 2699.3(a)(2)(A).
>
> 35. Plaintiff Raef Lawson provided notice of GrubHub's violations of various provisions of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("LWDA") and GrubHub on December 3, 2015. The LWDA has not provided a response to Plaintiff Lawson's written notice. See Cal. Lab. Code § 2699.3(a)(2)(A).

(SAC ¶¶ 33-35.)  Defendants complain that the allegations of administrative exhaustion remain deficient because Plaintiffs failed to plead the specific "facts and theories" that were provided in

1 their written notices to the LWDA.  (Dkt. No. 50 at 17.)  According to Defendants, "Plaintiffs
2 have not established that they sent the LWDA anything more than a list of purported Labor Code
3 violations by Grubhub."  (Dkt. No. 60 at 14.)

4 Drawing all inferences in Plaintiffs' favor, the Court finds that Plaintiffs have sufficiently
5 pled administrative exhaustion.  Plaintiffs allege that they provided notice to the LWDA of
6 "GrubHub's violations of various provisions of the California Labor Code *as alleged in this*
7 *complaint*" (SAC ¶¶ 34-35 (emphasis added))—that is, Plaintiffs allege, the notices included the
8 specific Labor Code violations along with the supporting factual allegations set forth in the SAC.
9 This is sufficient to plead notice of the "facts and theories" supporting Plaintiffs' claims.  Cal.
10 Lab. Code § 2699.3; *Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1182 (S.D. Cal. 2015).

11 The Court had also dismissed with leave to amend Plaintiffs' PAGA claims to the extent
12 those claims were based on Counts III and IV.  (Dkt. No. 38 at 13.)  Because Plaintiffs have now
13 sufficiently pled Counts III and IV, the PAGA claims can proceed as well.

14 Accordingly, the Court DENIES Defendants' motion to dismiss the PAGA claims.

## CONCLUSION

16 For the reasons set forth above, the Court DENIES Defendants' motion to dismiss.

17 Defendants shall file an answer to the SAC within 14 days of this Order.  The Court will
18 hold a further case management conference on September 15, 2016 at 1:30 p.m.

19 **IT IS SO ORDERED.**

20 Dated: July 13, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

7