UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW TAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GRUBHUB, INC., et al.,<br><br>  Defendants. | Case No. 15-cv-05128-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR AN ORDER DENYING CLASS CERTIFICATION**<br><br>Re: Dkt. No. 51 |

In this putative class action, Plaintiffs Andrew Tan ("Tan") and Raef Lawson ("Lawson," and together, "Plaintiffs") sue Grub Hub Holdings Inc. and GrubHub Inc. ("GrubHub" or "Defendants"), a service that provides food delivery to customers via an on demand dispatch system. The gravamen of Plaintiffs' Second Amended Complaint ("SAC") is that the delivery driver plaintiffs were misclassified as independent contractors and denied the benefits of California wage-and-hour laws. (Dkt. No. 41.[1]) Now pending before the Court is Defendants' motion for an order denying class certification. (Dkt. No. 51.) Having considered the parties' written submissions, and having had the benefit of oral argument on July 13, 2016, the Court GRANTS Defendants' motion and denies class certification. As discussed in detail below, because Lawson is one of only two GrubHub delivery drivers in California who opted out of GrubHub's arbitration and class waiver provisions, Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

**BACKGROUND**

The Court previously discussed the factual background of this case in previous orders and

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

incorporates that discussion here. (Dkt. Nos. 38, 64.)

Additionally, before delivery drivers can begin to provide services through GrubHub they must enter into a Delivery Service Provider Agreement; these agreements govern the relationship between GrubHub and the delivery drivers. (Dkt. No. 52 ¶¶ 5, 9; Dkt. Nos. 52-1 to 52-6 (Exs. 1-6).) The agreements all contain arbitration provisions requiring GrubHub and the delivery drivers to arbitrate any claims or disputes they may have. (Dkt. No. 52 ¶ 11 (referencing various arbitration provisions).) Further, the agreements contain class action waiver provisions whereby both GrubHub and the delivery drivers waive the right to have any disputes or claims heard or arbitrated as a class action. (Dkt. No. 52-1 ¶ 14.1.2 (requiring drivers to "waive their right to have any dispute or claim brought, heard or arbitrated as a class action"); Dkt. No. 52-2 ¶ 14.1.2 (requiring drivers to "waive their right to have any dispute or claim brought between or among them, heard or arbitrated as a class action"); Dkt. No. 52-3 ¶ 14.1.2 (same); Dkt. No. 52-4 ¶ 14.1.2 (same); Dkt. No. 52-5 ¶ 12(b) (requiring drivers to "waive their right to have any dispute or claim brought between them heard or arbitrated as a class action"); Dkt. No. 52-6 ¶ 12(b) (same).)

As of July 2015, GrubHub's Delivery Service Provider Agreements have also contained opt-out provisions that allow delivery drivers to opt out of arbitration (and the accompanying class action waivers). (Dkt. No. 52 ¶ 14; *see also* Dkt. No. 52-4 ¶ 14.1.7; Dkt. No. 52-5 ¶ 12(e); Dkt. No. 52-6 ¶ 12(e).) To opt out of arbitration, a delivery driver must provide written notice, via email or letter, to GrubHub within 30 days of acceptance of the Delivery Service Provider Agreement. (*Id.*) GrubHub maintains a record of all written notices received from drivers opting out of the arbitration and class action waiver provisions. (Dkt. No. 52 ¶¶ 15-16.)

Lawson entered into two Delivery Service Provider Agreements with GrubHub, on August 31, 2015 and March 11, 2016. (Dkt. Nos. 52-11, 52-12.) According to GrubHub's records, Lawson opted out of the arbitration and class action waiver provisions contained in the August 28, 2015 agreement by email to GrubHub on August 31, 2015. (Dkt. No. 52 ¶ 21.) Similarly, Lawson opted out of the arbitration and class action waiver provisions in the March 11, 2016 agreement by

email to GrubHub on March 12, 2016.[2] (*Id.*) Aside from Mr. Lawson, GrubHub's records indicate that only one other delivery driver in California submitted a written notice opting out of the arbitration and class action waiver provisions. (*Id.* ¶¶ 22, 24.) GrubHub represents that it has contracted with "thousands" of delivery drivers in California. (*Id.* ¶ 25.)

## DISCUSSION

### I. Rule 23 Requirements

"A defendant may move to deny class certification before a plaintiff files a motion to certify a class." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009). To have a class properly certified, Plaintiffs must satisfy each of the threshold requirements of Rule 23(a) as well as the requirements for certification under one of the subsections of Rule 23(b). *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). Defendants argue that Lawson cannot satisfy any of the requirements of Rule 23 because he, unlike all but one other GrubHub delivery driver operating in California, opted out of the class action waiver provisions set forth in GrubHub Delivery Service Provider Agreements. (Dkt. No. 51 at 15-21.) As discussed below, the Court agrees that the requirements of Rule 23(a)—numerosity, typicality, adequacy of representation, commonality—and Rule 23(b)(3) are lacking here and class certification is therefore inappropriate.

#### A. Rule 23(a)(3) and (4): Typicality and Adequacy of Representation

Rule 23(a)(3) requires that "the [legal] claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality refers to the nature of the claim or defense of the class representative and not on facts surrounding the claim or defense." *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 510 (N.D. Cal. 2007) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same

---

[2] The Declaration of Stan Chia states that Mr. Lawson opted out of the March 11, 2016 agreement's arbitration and class action waiver provisions on March 12, 2015. (Dkt. No. 52 ¶ 21.) Given the timing of the events, this appears to have been done in error; the Court assumes, for purposes of this motion, that the correct date is March 12, 2016.

course of conduct." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (internal quotation marks and citation omitted). The typicality requirement ensures that "the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982).

Rule 23(a)(4) imposes a closely related requirement to typicality: that the class representative will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine whether Plaintiffs will do so, the Court must ask: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Evon*, 688 F.3d at 1031 (quoting *Hanlon*, 150 F.3d at 1020); *see also Brown v. Ticor Title Ins.*, 982 F.2d 386, 390 (9th Cir. 1992) (noting that adequacy of representation "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive") (citations omitted); Fed. R. Civ. P. 23(g)(1)(B) (stating that "class counsel must fairly and adequately represent the interests of the class"). Because "the typicality and adequacy inquiries tend to significantly overlap[,]" *Woods v. Vector Mktg. Corp.*, No. C-14-0264 EMC, 2015 WL 5188682, at *11 (N.D. Cal. Sept. 4, 2015) (citation omitted), the Court will address them together. In reviewing a defendant's objections to the adequacy of the class representative, "a court must be wary of a defendant's efforts to defeat representation of a class on grounds of inadequacy when the effect may be to eliminate any class representation[.]" *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 682 (N.D. Cal. 1986). As Lawson is the only class representative at this time, the Court will scrutinize Defendants' adequacy challenge closely.

As noted above, Lawson is one of just two individuals in California to opt out of the class action waiver provisions. All other GrubHub drivers in California are potentially subject to some form of class action waiver as set forth in the GrubHub service agreements. (Dkt. No. 51 at 10; Dkt. No. 52 ¶¶ 21-22, 24.) Lawson therefore cannot satisfy either the typicality or adequacy requirements of Rule 23; that is, because Lawson is in a position unique from all but one other

4

driver in California, his claims are not typical of the putative class members nor can he adequately represent the interests of those members, who are potentially bound by the arbitration and class action waiver provisions. For example, Lawson—having opted out of two separate agreements—would be unable to credibly make several procedural unconscionability arguments on behalf of unnamed class members, such as that delivery drivers felt compelled to accept the arbitration provisions as a condition of employment or that the opt-out provision was not sufficiently noticeable.

The Ninth Circuit's decision in *Avilez v. Pinkerton Government Services, Inc.*, 596 F. App'x 579 (9th Cir. 2015), is instructive. In that case, the named plaintiff's arbitration agreement did not contain a class action waiver, but the district court nevertheless certified classes and subclasses that included employees who had signed class action waivers. *Id.* at 579. The Ninth Circuit held that the district court abused its discretion in certifying those classes and subclasses because "those who signed such waivers have potential defenses that [the named plaintiff] would be unable to argue on their behalf." *Id.* Thus, the Ninth Circuit concluded, the named plaintiff was "not an adequate representative, Fed. R. Civ. P. 23(a)(4), and her claim lack[ed] typicality, Fed. R. Civ. P. 23(a)(3)." *Id.* Other courts have similarly found typicality and adequacy of representation to be lacking where the lead plaintiff was not subject to the same arbitration provisions as unnamed plaintiffs. *See, e.g.*, *Tschudy v. J.C. Penney Corp., Inc.*, No. 11CV1011 JM (KSC), 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (finding that named plaintiffs, who were not subject to arbitration agreement, failed to satisfy typicality and adequacy requirements where putative class members had arbitration provisions); *Quinlan v. Macy's Corp. Servs., Inc.*, No. CV1200737DDPJCX, 2013 WL 11091572, at *3 (C.D. Cal. Aug. 22, 2013) (finding typicality requirement not satisfied where the plaintiff "asserts claims that the overwhelming majority of purported class members may be barred from bringing in this court" because over 90% of proposed class, but not lead plaintiff, was subject to binding arbitration); *King v. Capital One Bank (USA), N.A.*, No. 3:11-CV-00068, 2012 WL 5570624, at *14 (W.D. Va. Nov. 15, 2012) (finding that the plaintiff not subject to the arbitration provision "could not fairly and adequately represent in this Court the interests of individuals who are bound to pursue their claims in

arbitration"); *Renton v. Kaiser Found. Health Plan, Inc.*, No. C00-5370RJB, 2001 WL 1218773, at *7 (W.D. Wash. Sept. 24, 2001) (concluding no typicality where, "[u]nlike many class members, [plaintiff] was not subject to an arbitration agreement under her plan").[3] Lawson, too, does not satisfy the typicality and adequacy requirements for the same reasons.

### B. Rule 23(a)(1): Numerosity

A putative class satisfies the numerosity requirement "if the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Because Lawson's claims are not typical of delivery drivers who have not opted out of the arbitration and class action waiver provisions, and because Lawson and one other individual are the only drivers in California that have opted out, the proposed class would consist of just two total members. Joinder of one other driver to this case—in addition to Lawson—would not be impracticable. The numerosity requirement is therefore not satisfied.

### C. Rule 23(a)(2): Commonality

The Court must also find that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[C]ommonality requires that the class members' claims 'depend on a common contention' such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke.'" *Mazza*, 666 F.3d at 588-89 (quoting *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). "The plaintiff must demonstrate the capacity of classwide proceedings to generate common answers to common questions of law or fact that are apt to drive the resolution of the litigation." *Id.* (internal quotation marks and citation omitted).

---

[3] At oral argument, Plaintiffs argued that the arbitration and class action waiver provisions should not preclude class certification because the court in the Uber litigation certified a class that included Uber drivers that had not opted out of arbitration provisions. *See O'Connor v. Uber Techs., Inc.*, 311 F.R.D. 547 (N.D. Cal. 2015). There, the court initially certified a class of drivers that included only those who, among other requirements, had opted out of arbitration agreements that included notice and opt-out provisions that the court had mandated. *Id.* at 550. The court then requested supplemental briefing on class certification and ultimately certified a subclass of individuals who had not opted out of those arbitration agreements because, the court found, the arbitration provisions included an unenforceable and non-severable PAGA waiver. *Id.* at 554-564. The Ninth Circuit granted Uber's Rule 23(f) petition to appeal the order certifying the subclass of drivers subject to arbitration provisions, though argument on that issue has been stayed pending approval of the parties' settlement in the case. Given the circumstances of that case, and that the Court sees no reason to depart from the reasoning set forth by the Ninth Circuit in *Avilez*, the Court still finds that Lawson fails to satisfy the typicality and adequacy requirements.

The commonality requirement is construed permissively and is "less rigorous than the companion requirements of Rule 23(b)(3)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Defendants argue that proceedings here will not generate common answers because the arbitration and class waiver provisions "preclude the vast majority of class members from having their claims litigated in this action." (Dkt. No. 51 at 20.) The Court agrees. *See, e.g.*, *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 861 (D. Md. 2013) ("[W]here certain members of a class are subject to contracts containing arbitration clauses, while other class members are not, those differences in contractual relationships destroy[] the commonality and typicality of the class."); *Renton*, 2001 WL 1218773, at *5 (finding no commonality in part because some putative class members may be subject to mandatory arbitration or to the exhaustion of administrative remedies). Lawson thus cannot satisfy the commonality requirement.

### D. Rule 23(b): Predominance and Superiority

Plaintiffs must also meet one of the provisions of Rule 23(b) in order to have a class certified. *See* Fed. R. Civ. P. 23(b); *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1067 (9th Cir. 2014). In the SAC (*see* SAC ¶¶ 24-32), Plaintiffs maintain that Lawson has satisfied the requirements of Rule 23(b)(3): "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

To meet the predominance requirement of Rule 23(b)(3), "the common questions must be a significant aspect of the case that can be resolved for all members of the class in a single adjudication." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) (internal quotation marks and alterations omitted).

Factors relevant to the superiority requirement include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

Fed. R. Civ. P. 23(b)(3). "A consideration of these factors require the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) (internal citation omitted).

As discussed above, because all but one of the unnamed class members are potentially bound by the class action waiver provisions, Lawson cannot satisfy the commonality requirement of Rule 23(a); he therefore also cannot satisfy the more stringent predominance requirement in Rule 23(b)(3). *See In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d at 861-63. Notably, the class action waiver provisions prevent the resolution of claims for all members in a single adjudication—to the contrary, each driver must have her claims arbitrated on an individual basis. This restriction also prevents Lawson from establishing that the class action procedure is a superior method of adjudication. *See Pablo v. ServiceMaster Glob. Holdings Inc.*, No. C 08-03894 SI, 2011 WL 3476473, at *2 (N.D. Cal. Aug. 9, 2011) (finding class action not superior method of adjudication where a significant number of putative class members signed arbitration agreements).

Accordingly, the Court finds that the Lawson's decision to opt out of the arbitration and class waiver provisions precludes him from satisfying any of the requirements of Rule 23.

## II. Plaintiffs' Arguments

Instead of addressing the requirements of Rule 23, Plaintiffs provide three arguments as to why the arbitration and class action waiver provisions, and Lawson's decision to opt out of those provisions, should not defeat class certification: (1) unnamed class members are not part of this lawsuit and the class action waiver provisions in their delivery service provider agreements are therefore irrelevant; (2) the class action waivers at issue do not restrict unnamed class members from participating passively in a class action brought on their behalf; and (3) the class waiver provisions are unenforceable.

With respect to (1), Plaintiffs contend that the arbitration and class waiver provisions are irrelevant because the unnamed class members do not themselves have active claims or disputes being adjudicated here. Rather, the unnamed class members' claims are being brought by Lawson

8

on behalf of those unnamed members and so the unnamed members are not parties to the litigation; thus, Plaintiffs reason, the unnamed members' class action waivers do not apply. (Dkt. No. 59 at 4.) The Court disagrees. Were the Court to certify a class as Plaintiffs seek, *i.e.*, of all GrubHub drivers in California (*see* SAC ¶ 24), any judgment in this case would bind the unnamed class members (unless they opted out of the class)—in other words, the unnamed class members would become parties and their claims would be heard and adjudicated. *See, e.g.*, *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002) ("What is most important to this case is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement."); *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (noting that "an unnamed member of a *certified* class may be 'considered a 'party' for the [particular] purpos[e] of appealing' an adverse judgment") (emphasis and alterations in original); *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015) ("Certification of a class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power.").

      Regarding (2) and (3), the Court declines to reach these arguments now because Lawson has no standing to challenge the applicability or enforceability of the arbitration and class action waiver provisions. Lawson cannot challenge those provisions himself because, in light of his decision to opt out, they do not apply to him. *See, e.g.*, *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1003 (N.D. Cal. 2011) (finding that because plaintiff "has not shown how the modification clause [in the arbitration agreement] has been applied to her," she "thus lacks standing to challenge the provision"); *Arellano v. T-Mobile USA, Inc.*, No. C 10-05663 WHA, 2011 WL 1362165, at *5 (N.D. Cal. Apr. 11, 2011) ("Plaintiff does not have standing to challenge the change-in-terms provision, because it has never been applied to her[.]"). Nor can he challenge the provisions on behalf of unnamed putative class members who have agreed to those provisions. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 780 F.3d at 1039 (finding that, where named plaintiffs were not subject to arbitration, they "lack[ed] standing to assert any rights the unnamed putative class members might have to preclude Wells Fargo from moving to compel arbitration because the named plaintiffs have no cognizable stake in the outcome of that question"). And, in any event, Lawon is not a typical or adequate representative to make applicability or enforceability

1  arguments on behalf of the unnamed class members.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motion for an order denying class certification.

**IT IS SO ORDERED.**

Dated: July 19, 2016

                                                                            _____
                                                                            JACQUELINE SCOTT CORLEY
                                                                            United States Magistrate Judge