THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
KEVIN RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants GRUBHUB HOLDINGS INC.
and GRUBHUB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW TAN and RAEF LAWSON in their capacities as Private Attorney General Representatives, and RAEF LAWSON, individually and on behalf of all other similarly situated individuals,<br><br>          Plaintiffs,<br><br>  v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>          Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE DOCUMENTARY EVIDENCE REGARDING NON-WITNESS DELIVERY SERVICE PROVIDERS**<br><br>**Hearing:**<br>Date:      August 24, 2017<br>Time:     2:00 p.m.<br>Place:    Courtroom F<br>Judge:   Hon. Jacqueline Scott Corley |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 24, 2017, at 2:00 p.m., or as soon as the matter may be heard before the Honorable Jacqueline Scott Corley in Courtroom F of the United States District Court for the Northern District of California in the San Francisco Courthouse, Fifteenth Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Grubhub Holdings Inc. and Grubhub Inc. (collectively, "Grubhub") will and hereby does move this Court for an order *in limine* directed to Plaintiff Raef Lawson, his attorneys, and his witnesses (collectively, "Plaintiff"), precluding Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument relating in any way to: Delivery Service Providers ("DSP") other than Plaintiff Raef Lawson or Plaintiff's DSP witnesses, Minh Nguyen and Amir Davari, provided that they testify at trial.

This motion is brought on the grounds that such evidence is irrelevant to Plaintiff's claims in the Phase One trial and, to the extent there is any probative value to the evidence, its probative value is substantially outweighed by the risk of unfair prejudice.

Grubhub's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers on file in this action, all matters of which judicial notice may be taken, and such argument of counsel as the Court may permit at the hearing on this matter.

Dated: August 11, 2017

                                THEANE EVANGELIS
                                GIBSON, DUNN & CRUTCHER LLP


                                By:   /s/ Theane Evangelis
                                            Theane Evangelis

                                Attorneys for Defendants GRUBHUB HOLDINGS
                                INC. and GRUBHUB INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Defendants Grubhub Holdings Inc. and Grubhub Inc. (collectively, "Grubhub") and Plaintiff Raef Lawson agreed to bifurcate trial in this case, "with the first phase of trial . . . to be limited to Plaintiff's individual claims and the issue of whether Plaintiff Lawson is an 'aggrieved employee' under PAGA." *See* Dkt. 118.  The Court entered the parties' stipulation as an Order of the Court on June 15, 2017.  *See* Dkt. 122.  Nevertheless, Plaintiff has attempted to obtain discovery and use evidence related to Grubhub's relationship with *other* DSPs who will not serve as witnesses during the Phase One trial.  The Court has already rejected Plaintiff's arguments that information related to the circumstances and termination of other non-witness DSPs is relevant to the right to control Plaintiff. *See* Dkt. 147 at 7.  Plaintiff, however, continued to seek discovery regarding other non-witness DSPs after this date.  *See* Declaration of Theane Evangelis in Support of Grubhub's Motion *in Limine* No. 1 ("Evangelis Decl."), Ex. A at Requests 7, 8 (seeking the number of delivery drivers in California); Ex. B (requesting complaints from DSPs other than Lawson).  Indeed, despite the Court's ruling that each side may present the testimony of a maximum of *two* other DSPs during Phase One, Plaintiff still lists five DSPs on his witness list, and continues to produce documentary evidence regarding DSPs who will not testify at the Phase One trial.  *See* Dkt. 147 at 41; Evangelis Decl., Ex. C.

Therefore, Grubhub anticipates that Plaintiff, his attorneys, and his witnesses (collectively, "Plaintiff"), will attempt to introduce evidence or argument regarding DSPs other than Plaintiff Lawson or Plaintiff's DSP witness(es) who will testify at trial, Minh Nguyen and/or Amir Davari, including by introducing documentary evidence relating to non-witness DSPs.  This Court should preclude Plaintiff from introducing such evidence because (1) it is irrelevant under Federal Rule of Evidence ("FRE") 401 and therefore should be excluded under FRE 402; and (2) any probative value of the evidence is substantially outweighed by dangers of confusing the issues, undue delay, and wasting time, and should be excluded under FRE 403.  *See* Dkt. 122.  In addition, Plaintiff should be permitted to introduce documentary evidence related to Mr. Nguyen or Mr. Davari if and only if they testify at trial.

## II. ARGUMENT

Evidence and argument related to DSPs other than Plaintiff and Plaintiff's DSP witness(es)[1] who will testify at trial, Minh Nguyen and/or Amir Davari,[2] are plainly irrelevant to the Phase One trial. The Court's bifurcation Order states that Phase One is limited to Plaintiff's *individual* claims and to whether he is an "aggrieved employee" under PAGA. *See* Dkt. 122. Indeed, the Court's Order specified that "[a]ny remaining discovery to be conducted by the parties prior to the conclusion of the first phase of trial will be limited" to these issue as well. *See id.* Consistent with that Order, this Court denied Plaintiff's requests for broader discovery into Grubhub's alleged discipline and termination of other DSPs. *See* Dkt. 147 at 18-19 ("I don't know how relevant any [evidence of interactions with other "drivers in the field"] is [to Grubhub's] right to control [Plaintiff] . . . . I'm going to order [discovery only as to] anyone that interacted with Plaintiff"). Accordingly, no evidence or argument related to non-witness DSPs should be permitted during the Phase One trial. *See United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("For evidence to be relevant, it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.").

Case law supports this view. The California Supreme Court has stated that the question of a putative employer's right to control can vary "vis-à-vis *each* putative class member." *Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 528 (2014) (emphasis added); *accord S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 351 (1989) ("the individual factors cannot be applied mechanically . . . they are intertwined and their weight depends often on particular combinations"); *id.* at 354 ("Each service arrangement must be evaluated on its facts, and the dispositive circumstances may vary from case to case."). As the Ninth Circuit has recognized, California's multi-factored

---

[1] Grubhub respectfully submits that neither Mr. Nguyen and Mr. Davari nor any other DSP witnesses are relevant to the Phase One trial proceeding for reasons previously stated in Grubhub's objection to Plaintiff's identification of additional DSPs as trial witnesses. *See* Dkt. 152 at 2-5. Grubhub will not repeat those arguments here in light of the court's prior ruling on that issue, but raises the objection here for preservation purposes.

[2] Grubhub assumes Plaintiff still intends to call both Mr. Nguyen and Mr. Davari to testify at trial. If Plaintiff does not call them to testify, the Court should also exclude any documentary evidence related to them for the reasons set forth in this motion.

employment classification test is inherently "fact-bound," requiring courts to "assess and weigh all of the incidents of the relationship with the understanding that no one factor is decisive, and that it is the rare case where the various factors will point with unanimity in one direction or the other." *Narayan v. EGL, Inc.*, 616 F.3d 895, 901 (9th Cir. 2010) (citations omitted); *see also Soares v. Flowers Foods, Inc.*, 2017 WL 2793807, *14-15 (N.D. Cal. June 28, 2017) ("determining whether the individual performing services [was] engaged in a distinct occupation or business from the alleged employer [is] riddled with individualized inquiries," including "whether they contracted with other companies") *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 529, 542-43 (C.D. Cal. 2013); *Soto v. Diakon Logistics (Delaware), Inc.*, 2010 WL 3420779, at *6-7 (S.D. Cal. Aug. 30, 2010) (employment-classification analysis under *Borello* requires individualized inquiry for each putative employee, including consideration of variations in agreements between drivers, differences in local policies and practices, whether drivers use subcontractors, and whether drivers operate their own vehicles). Indeed, this is especially true here, where Grubhub's practices and agreements have widely varied across time and location. *See* Grubhub's Motion *in Limine* Nos. 2-3; Dkt. 152 at 2-4. Accordingly, Plaintiff cannot show that Grubhub's right (or lack thereof) to control *other DSPs* has any bearing on whether Grubhub had the right to control Plaintiff. The Court should therefore exclude any such evidence regarding non-witness DSPs as irrelevant under Rule 402.

Even if evidence of Grubhub's interactions with other non-witness DSPs were somehow relevant, this Court should exclude it because it would dramatically alter the defined scope of the trial in violation of this Court's order (*see* Dkt. 122), and would lead to confusion of the issues, undue delay, and wasted time. *See* Fed. R. Evid. 403. For any documentary evidence introduced respecting Grubhub's interactions with DSPs other than Plaintiff or Plaintiff's DSP witness(es) who will testify at trial, the parties inevitably will litigate, among other things: (1) the meaning and authenticity of the evidence, which would be difficult or impossible to ascertain without testimony from the drivers to whom it relates—a problem that raises independent due process concerns, because Grubhub would be entitled to cross-examine any such drivers; (2) what that evidence might suggest about Grubhub's right to control *other* individual DSPs; (3) whether Grubhub's purported right to control other individual DSPs has any relevance to Grubhub's right to control *Plaintiff*; (4) what factors distinguish Plaintiff's

experience with Grubhub from the experiences of other DSPs; and (5) how the "particular combinations" of relevant *Borello* factors bear on the classification analysis for Plaintiff vis-à-vis other individual DSPs. *See Ayala*, 59 Cal. 4th at 528; *Narayan*, 616 F.3d at 901. The introduction of evidence regarding other DSPs would devolve into numerous mini-trials on the classification of non-parties whose experiences may shed little or no light on the individual questions at issue in this trial. And Grubhub has a due process right to present every available defense, including to present and examine witnesses on these issues. *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense."); *Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal. 4th 1, 35, 40 (2014). Because the probative value of such evidence would be negligible at best—while the threat of undue delay, wasted time, and confusion of the issues actually being tried is significant—this evidence should be excluded under Rule 403.

### III.   CONCLUSION

For the foregoing reasons, Grubhub respectfully requests that the Court enter an order precluding Plaintiff from introducing documentary evidence regarding DSPs who will not testify during the Phase One trial.

Dated: August 11, 2017

        THEANE EVANGELIS
        GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Theane Evangelis
          Theane Evangelis

Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.

Gibson, Dunn & Crutcher LLP

4
DEFENDANTS' MOTION IN LIMINE NO. 1 RE: NON-WITNESS DELIVERY SERVICE PROVIDERS
CASE NO. 3:15-CV-05128-JSC

**ECF ATTESTATION**

I, Dhananjay S. Manthripragada, hereby attest that concurrence in the filing of this document has been obtained from Theane Evangelis.

Dated: August 11, 2017

By: <u>/s/ Dhananjay S. Manthripragada</u><br>Dhananjay S. Manthripragada

102328966.3