THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
KEVIN RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants GRUBHUB HOLDINGS INC.
and GRUBHUB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW TAN and RAEF LAWSON in their capacities as Private Attorney General Representatives, and RAEF LAWSON, individually and on behalf of all other similarly situated individuals,<br><br>          Plaintiffs,<br><br>     v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>          Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DEFENDANTS' POLICIES AND PRACTICES OUTSIDE THE TIME PERIOD WHEN PLAINTIFF PERFORMED DELIVERIES THROUGH GRUBHUB**<br><br>**Hearing:**<br>Date:     August 24, 2017<br>Time:    2:00 p.m.<br>Place:    Courtroom F<br>Judge:   Hon. Jacqueline Scott Corley |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 24, 2017, at 2:00 p.m., or as soon as the matter may be heard before the Honorable Jacqueline Scott Corley in Courtroom F of the United States District Court for the Northern District of California in the San Francisco Courthouse, Fifteenth Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Grubhub Holdings Inc. and Grubhub Inc. (collectively, "Grubhub") will and hereby does move this Court for an order *in limine* directed to Plaintiff Raef Lawson, his attorneys, and his witnesses (collectively, "Plaintiff"), precluding Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument relating in any way to: Grubhub's policies or practices in effect at any time before or after Plaintiff performed delivery services through Grubhub.

This motion is brought on the grounds that such evidence is irrelevant to Plaintiff's claims and, to the extent there is any probative value to the evidence, its probative value is substantially outweighed by the risks of unfair prejudice, confusing the issues, undue delay, and wasting time.

Grubhub's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers on file in this action, all matters of which judicial notice may be taken, and such argument of counsel as the Court may permit at the hearing on this matter.

Dated: August 11, 2017

THEANE EVANGELIS
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Theane Evangelis
      Theane Evangelis

Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.

ii
DEFENDANTS' MOTION IN LIMINE NO. 2 RE: POLICIES AND PRACTICES OUTSIDE THE TIME PERIOD WHEN PLAINTIFF PERFORMED DELIVERIES THROUGH GRUBHUB
CASE NO. 3:15-CV-05128-JSC

Gibson, Dunn & Crutcher LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Raef Lawson's attorneys represent current and former Delivery Service Partners ("DSPs") in separate administrative proceedings and litigation against Grubhub Holdings Inc. and Grubhub Inc. (collectively, "Grubhub") involving DSPs who performed deliveries at various times. As a result, Grubhub anticipates that Plaintiff will attempt to bring into this trial—which is limited to whether Plaintiff alone has viable *individual* claims and is an aggrieved employee under the California Private Attorneys General Act ("PAGA") (*see* Dkt. 122)—references to Grubhub's policies or practices in effect before Plaintiff signed up to perform deliveries through Grubhub or after Plaintiff stopped performing deliveries through Grubhub, even though Plaintiff only signed up to perform such deliveries in August 28, 2015 and stopped doing so after February 15, 2016. *See* Dkt. 142 at 1; Dkt. 104, ¶ 5, Exs. 1, 4; Dkt. 105 ¶¶ 4-5, Exs. 1-2.

This Court should preclude Plaintiff from introducing evidence of Grubhub's policies and practices in effect at times *other than* the relevant time period because (1) such evidence is irrelevant under Federal Rule of Evidence ("FRE") 401 and therefore should be excluded under FRE 402; and (2) any probative value of the evidence is substantially outweighed by the risks of unfair prejudice, confusing the issues, undue delay, and wasting time, such that the evidence should be excluded under FRE 403. *See* Dkt. 122. Accordingly, Grubhub requests an order *in limine* preventing Plaintiff from referencing Grubhub's policies, procedures, or practices in effect at any time other than August 28, 2015 to February 15, 2016.

### II. ARGUMENT

The Court should exclude evidence of Grubhub's policies and practices in effect at any time other than August 28, 2015 to February 15, 2016 as irrelevant. *See* Fed. R. Evid. 401-402; *see also* Dkt. 105 ¶¶ 4-5, Exs. 1-2; Dkt. 142 at 1; Dkt. 104, ¶ 5, Exs. 1, 4; Dkt. 147 at 31 (limiting scope of discovery to June 2015 through June 2016). Grubhub's policies and practices *applicable to Plaintiff*— namely his Delivery Service Provider Agreements—are the only ones that are relevant to whether Plaintiff has viable individual claims or, individually, is an "aggrieved employee" under PAGA. *See Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 528 (2014) (courts must examine

Gibson, Dunn & Crutcher LLP

1

DEFENDANTS' MOTION IN LIMINE NO. 2 RE: POLICIES AND PRACTICES OUTSIDE THE TIME PERIOD WHEN PLAINTIFF PERFORMED DELIVERIES THROUGH GRUBHUB
CASE NO. 3:15-CV-05128-JSC

"whether evidence of the parties' conduct indicates similar retained rights *vis-à-vis each hiree*" (emphasis added)); *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 354 ("Each service arrangement must be evaluated on its facts, and the dispositive circumstances may vary[.]"); *Soares v. Flowers Foods, Inc.*, 2017 WL 2793807, *14-15 (N.D. Cal. June 28, 2017) ("determining whether the individual performing services [was] engaged in a distinct occupation or business from the alleged employer [is] riddled with individualized inquiries," including "whether they contracted with other companies"); *Soto v. Diakon Logistics, Inc.*, 2010 WL 3420779, at *6-7 (S.D. Cal. Aug. 30, 2010) (employment-classification analysis under *Borello* requires individualized inquiry for each putative employee, including variations in agreements between drivers).  Therefore, it is of no consequence that Grubhub had *other* policies and practices in effect at times other than when Plaintiff performed deliveries through the Grubhub application.  *E.g., Kinnard v. Rutherford Cnty. Bd. of Educ.*, 109 Fed. Appx. 85, 89-90 (6th Cir. 2004) (affirming trial court's exclusion of irrelevant evidence "concerning the [defendant] School Board's employment practices" during "a time period . . . *after* [plaintiff] had left the system" rather than "the time period during which [plaintiff] allegedly suffered" harm) (emphasis added)).  Any such policies or practices are irrelevant to the question whether Plaintiff is an "aggrieved employee" under PAGA based on the policies and practices *that actually applied* to Plaintiff.  *See United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("For evidence to be relevant, it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.").  Indeed, Plaintiff's counsel has also questioned the relevance of any evidence relating to "a time that [Plaintiff] wasn't even working for Grubhub."  *See* Dkt. 147 at 31.

Additionally, evidence of Grubhub's policies and practices outside the relevant timeframe has little or no probative value, and whatever value it may offer is vastly outweighed by the risk of unfair prejudice, wasting time, and confusing the issues.  *See* Fed. R. Evid. 403.  Not only is evidence of Grubhub policies and practices that *did not apply* to Plaintiff irrelevant, its introduction only serves to waste the Court's and parties' time and resources in an effort to manipulate and confuse the record as to the policies and practices applicable to Plaintiff.

Gibson, Dunn & Crutcher LLP

2
DEFENDANTS' MOTION IN LIMINE NO. 2 RE: POLICIES AND PRACTICES OUTSIDE THE TIME PERIOD WHEN PLAINTIFF PERFORMED DELIVERIES THROUGH GRUBHUB
CASE NO. 3:15-CV-05128-JSC

Moreover, introduction of this evidence would inevitably give rise to mini-trials on Grubhub's policies and practices at times that are not relevant to Plaintiff, which would shed little or no light on the questions at issue in this trial. The parties will be forced to litigate, among other things: (1) the meaning of the inapplicable policies and practices, which would require testimony from the drivers to whom they relate; (2) what those inapplicable policies and practices might suggest about Grubhub's right to control *other DSPs* to whom those policies actually apply, which would require testimony and cross-examination of such DSPs, who have been excluded from this first phase of trial; (3) whether Grubhub's purported right to control other individual DSPs based on inapplicable policies and practices has any relevance to Grubhub's right to control *Plaintiff*; (4) what factors distinguish inapplicable policies and practices from the policies and practices that actually applied to Plaintiff when he performed deliveries using the Grubhub application; and (5) how the "particular combinations" of relevant *Borello* factors manifested in policies and practices applicable to *other* DSPs compare to policies and practices that applied to Plaintiff. *See Ayala*, 59 Cal. 4th at 528; *Borello*, 48 Cal. 3d at 354. Grubhub has a due process right to present every available defense, including to bring witnesses and examine them on these issues. *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense."); *Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal. 4th 1, 35, 40 (2014). Yet all of these issues are beyond the scope of, and are therefore inappropriate for, Phase One of trial. Moreover, because the probative value of this evidence would be minimal—while the threat of undue delay, wasting time, and confusion of the issues actually being tried is significant—this evidence should be excluded under Rule 403. *E.g.*, *McEuin v. Crown Equipment Corp.*, 328 F.3d 1028, 1033-34 (9th Cir. 2003) (affirming exclusion of "relevant evidence" whose marginal probative value was outweighed by the risk of "confusion of the issues . . . as well as an unnecessary waste of the court's time"); *Phoenix Techs. Ltd. v. VMware, Inc.*, 2017 WL 2001981, *8 (N.D. Cal. May 11, 2017).

### III. CONCLUSION

For the foregoing reasons, Grubhub respectfully requests that the Court enter an order precluding Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making

3

DEFENDANTS' MOTION IN LIMINE NO. 2 RE: POLICIES AND PRACTICES OUTSIDE THE TIME PERIOD WHEN PLAINTIFF PERFORMED DELIVERIES THROUGH GRUBHUB
CASE NO. 3:15-CV-05128-JSC

Gibson, Dunn & Crutcher LLP

any argument relating in any way to Grubhub's policies or practices in effect at any time other than August 28, 2015 to February 15, 2016.

Dated: August 11, 2017

                              THEANE EVANGELIS
                              GIBSON, DUNN & CRUTCHER LLP


By:   /s/ Theane Evangelis
          Theane Evangelis

Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.

Gibson, Dunn & Crutcher LLP

4

DEFENDANTS' MOTION IN LIMINE NO. 2 RE: POLICIES AND PRACTICES OUTSIDE THE TIME PERIOD WHEN PLAINTIFF PERFORMED DELIVERIES THROUGH GRUBHUB
CASE NO. 3:15-CV-05128-JSC

**ECF ATTESTATION**

I, Dhananjay S. Manthripragada, hereby attest that concurrence in the filing of this document has been obtained from Theane Evangelis.

Dated: August 11, 2017

By: */s/ Dhananjay S. Manthripragada*
Dhananjay S. Manthripragada

102331279.4

5

DEFENDANTS' MOTION IN LIMINE NO. 2 RE: POLICIES AND PRACTICES OUTSIDE THE TIME PERIOD WHEN PLAINTIFF PERFORMED DELIVERIES THROUGH GRUBHUB
CASE NO. 3:15-CV-05128-JSC

Gibson, Dunn & Crutcher LLP