THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
KEVIN RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants GRUBHUB HOLDINGS INC.
and GRUBHUB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW TAN and RAEF LAWSON in their capacities as Private Attorney General Representatives, and RAEF LAWSON, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF DEFENDANTS' POLICIES AND PRACTICES OUTSIDE OF CALIFORNIA**<br><br>**Hearing:**<br>Date:     August 24, 2017<br>Time:    2:00 p.m.<br>Place:    Courtroom F<br>Judge:   Hon. Jacqueline Scott Corley |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 24, 2017, at 2:00 p.m., or as soon as the matter may be heard before the Honorable Jacqueline Scott Corley in Courtroom F of the United States District Court for the Northern District of California in the San Francisco Courthouse, Fifteenth Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Grubhub Holdings Inc. and Grubhub Inc. (collectively, "Grubhub") will and hereby does move this Court for an order *in limine* directed to Plaintiff Raef Lawson, his attorneys, and his witnesses (collectively, "Plaintiff"), precluding Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument relating in any way to: Grubhub's policies or practices outside of California.

This motion is brought on the grounds that such evidence is irrelevant to Plaintiff's claims and, to the extent there is any probative value to the evidence, its probative value is substantially outweighed by the risks of unfair prejudice, confusing the issues, undue delay, and wasting time.

Grubhub's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers on file in this action, all matters of which judicial notice may be taken, and such argument of counsel as the Court may permit at the hearing on this matter.

Dated: August 11, 2017

THEANE EVANGELIS
GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Theane Evangelis
           Theane Evangelis

Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiff Raef Lawson's attorneys represent current and former Delivery Service Partners ("DSPs") in administrative proceedings and litigation against Grubhub Holdings Inc. and Grubhub Inc. (collectively, "Grubhub") in other jurisdictions.  As a result, Grubhub anticipates that Plaintiff will attempt to bring into this trial—which is limited to whether Plaintiff alone has viable *individual* claims and is an aggrieved employee under the California Private Attorneys General Act ("PAGA") (*see* Dkt. 122)—references to Grubhub's policies or practices in states other than California, even though Plaintiff performed deliveries only in the greater Los Angeles, California area (*see* Dkt. 110 at 1) and the geographic scope of the entire lawsuit is limited to California.

This Court should preclude Plaintiff from introducing evidence of Grubhub's policies and practices in states *other than* California, because (1) such evidence is irrelevant under Federal Rule of Evidence ("FRE") 401 and therefore should be excluded under FRE 402; and (2) any probative value of the evidence is substantially outweighed by the risks of unfair prejudice, confusing the issues, undue delay, and wasting time, such that the evidence should be excluded under FRE 403.  *See* Dkt. 122. Accordingly, Grubhub requests an order *in limine* preventing Plaintiff from referencing Grubhub's policies, procedures, or practices in states other than California.

## II.     ARGUMENT

The Court should exclude evidence of Grubhub's policies and practices outside of California. *See* Fed. R. Evid. 401-402.  Plaintiff performed deliveries only in the greater Los Angeles, California area.  *See* Dkt. 110 at 1.  Grubhub's policies and practices *applicable to Plaintiff*—namely his Delivery Service Provider Agreements—are the only ones that are relevant to whether Plaintiff has viable individual claims or, individually, is an "aggrieved employee" under PAGA.  *See Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 528 (2014) (courts must examine "whether evidence of the parties' conduct indicates similar retained rights *vis-à-vis each hiree*" (emphasis added)); *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 354 ("Each service arrangement must be evaluated on its facts, and the dispositive circumstances may vary[.]"); *Soares v. Flowers Foods, Inc.*, 2017 WL 2793807, *14-15 (N.D. Cal. June 28, 2017) ("determining whether the individual performing

services [was] engaged in a distinct occupation or business from the alleged employer [is] riddled with individualized inquiries," including "whether they contracted with other companies"); *Soto v. Diakon Logistics, Inc.*, 2010 WL 3420779, at *6-7 (S.D. Cal. Aug. 30, 2010) (employment-classification analysis under *Borello* requires individualized inquiry for each putative employee, including variations in agreements between drivers).  Therefore, Grubhub's policies and practices related to Delivery Service Providers ("DSPs") in other states—which may be (and often are) different than its California policies and practices—are of no consequence.  *See United Nat. Maintenance, Inc. v. San Diego Convention Ctr. Corp.*, 2012 WL 3861695, *18 (S.D. Cal. Sept. 5, 2012), *aff'd in part and rev'd in part on other grounds* 766 F.3d 1002 (9th Cir. 2014) (approving exclusion of evidence of plaintiff's contracts and policies at other locations where it provided services because "the actual history of the parties' conduct was better evidence of the parties' reasonable expectations than uncertain evidence of various other policies that were not at issue in [the] litigation").  Any such evidence should be excluded as irrelevant.  *See United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("For evidence to be relevant, it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.").

Additionally, evidence of Grubhub's policies and practices outside of California little or no probative value, and whatever value it may offer is vastly outweighed by the risk of unfair prejudice, wasting time, and confusing the issues.  *See* Fed. R. Evid. 403.  Not only is evidence of Grubhub policies and practices that *did not apply* to Plaintiff irrelevant, its introduction only serves to waste the Court's and parties' time and resources in an effort to manipulate and confuse the record as to the policies and practices applicable to Plaintiff.  In addition to time wasted presenting such evidence, the parties inevitably will litigate, among other things:  (1) the meaning of the inapplicable policies and practices, which would require testimony from the drivers to whom it relates; (2) what those inapplicable policies and practices might suggest about Grubhub's right to control *other DSPs* to whom those policies actually apply, but without the benefit of testimony and cross-examination of such DSPs, who have been excluded from the Phase One trial; (3) whether Grubhub's purported right to control other individual DSPs based on inapplicable policies and practices has any relevance to Grubhub's right to control *Plaintiff*; (4) what factors distinguish inapplicable policies and practices from the

DEFENDANTS' MOTION IN LIMINE NO. 3 RE: POLICIES AND PRACTICES OUTSIDE OF CALIFORNIA
CASE NO. 3:15-CV-05128-JSC

Gibson, Dunn & Crutcher LLP

policies and practices that actually applied to Plaintiff in California while he was contracted to use the Grubhub application; and (5) how the "particular combinations" of relevant Borello factors manifested in policies and practices applicable to other DSPs compare to policies and practices that applied to Plaintiff. *See Ayala*, 59 Cal. 4th at 528; *Borello*, 48 Cal. 3d at 354.

The introduction of such evidence would devolve into mini-trials on the classification of non-parties subject to Grubhub's policies and practices in areas outside California, and those mini-trials likely would shed little or no light on the questions at issue in this trial. Grubhub has a due process right to present every available defense, including to bring witnesses and examine them on these issues. *See Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense."); *Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal. 4th 1, 35, 40 (2014). Yet all of these issues are beyond the scope of, and are therefore inappropriate for, Phase One of trial. Because the probative value of this evidence would be minimal—while the threat of undue delay, wasting time, and confusion of the issues actually being tried is significant—this evidence should be excluded under Rule 403. *E.g.*, *McEuin v. Crown Equipment Corp.*, 328 F.3d 1028, 1033-34 (9th Cir. 2003) (affirming exclusion of "relevant evidence" whose marginal probative value was outweighed by the risk of "confusion of the issues . . . as well as an unnecessary waste of the court's time"); *Phoenix Techs. Ltd. v. VMware, Inc.*, 2017 WL 2001981, *8 (N.D. Cal. May 11, 2017).

### III.  CONCLUSION

For the foregoing reasons, Grubhub respectfully requests that the Court enter an order precluding Plaintiff from referring to, mentioning, identifying, introducing any evidence of, or making any argument relating in any way to Grubhub's policies or practices in states other than California.

Dated: August 11, 2017

          THEANE EVANGELIS
          GIBSON, DUNN & CRUTCHER LLP

          By:  /s/ Theane Evangelis
             Theane Evangelis

          Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.

**ECF ATTESTATION**

I, Dhananjay S. Manthripragada, hereby attest that concurrence in the filing of this document has been obtained from Theane Evangelis.

Dated: August 11, 2017

By: */s/ Dhananjay S. Manthripragada*
Dhananjay S. Manthripragada

102331279.4