THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
KEVIN RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants GRUBHUB HOLDINGS INC.
and GRUBHUB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW TAN and RAEF LAWSON in their capacities as Private Attorney General Representatives, and RAEF LAWSON, individually and on behalf of all other similarly situated individuals,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>                    Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**MEMORANDUM OF LAW RE: BURDEN OF PROOF**<br><br>**Phase One Trial:**<br>Date:          September 5, 2017<br>Time:          11:00 a.m.<br>Place:         Courtroom F - 15th Floor<br>Judge:         Hon. Jacqueline Scott Corley |

Defendants Grubhub Holdings Inc. and Grubhub Inc. (together, "Defendants" or "Grubhub") respectfully submit the following Memorandum of Law, pursuant to the Court's July 11, 2017 Pretrial Order (Non-Jury) No. 2, *see* Dkt. 145, regarding the burdens of proof and production at trial regarding each element of Plaintiff's claims.

### I. PLAINTIFF BEARS THE BURDEN OF PROOF REGARDING THE SUBSTANTIVE ELEMENTS OF HIS LABOR CODE CLAIMS

In its order denying Grubhub's motion for summary judgment, this Court found that "[u]nder California law, [a putative employee] establishes a prima facie case that the relationship was one of employer/employee once she comes forward with evidence that she provided services for the [putative] employer," at which point "the burden is on [the putative employer] to prove [that the putative employee] was an independent contractor." Dkt. 142 at 5. Respectfully, and for the reasons below, *see infra* Part II, Grubhub disagrees with that preliminary finding and sets forth its arguments and legal authorities regarding why Plaintiff bears the burden of proof at all times regarding his putative employment status. However, setting aside the issue of Plaintiff's putative employment status for the moment, the following authorities indisputably demonstrate that the burden to prove all *other* necessary elements of Plaintiff's claims rests, at all times, with Plaintiff. *See* Cal. Evid. Code § 500; 8K-A William E. Wegner et al., *Cal. Prac. Guide Fed. Civ. Trials & Ev.* ¶ 8:4804 (The Rutter Group 2017) ("Generally, the party asserting a claim or an affirmative defense has the burden of proving every essential element of its claim or defense.").

- **Expense Reimbursement (Count I):** Plaintiff bears the burden of proof for all necessary elements of his claim for expense reimbursement pursuant to Labor Code section 2802. *See, e.g.*, *Lindell v. Synthes USA*, 155 F. Supp. 3d 1068, 1077 (E.D. Cal. Jan. 6, 2016) (finding that plaintiff bears the burden of proof under Labor Code section 2802); *Mireles v. Paragon Sys., Inc.*, 2014 WL 4385453, at *6–7 (S.D. Cal. Sept. 4, 2014) (same); *see also Cassady v. Morgan, Lewis & Bockius, LLP*, 145 Cal. App. 4th 220, 224–25, 233–39 (2006) (rejecting plaintiff's argument that the burden of proof should shift to defendant for claims under Labor Code section 2802).

- **Minimum Wage (Count II):** Plaintiff bears the burden of proof for all elements of his claim for minimum wage violations pursuant to Labor Code sections 1194 and 1197. *See A-Ju Tours,*

Gibson, Dunn &
Crutcher LLP

*Inc. v. Ok Song Chang*, 2013 WL 4562308, at \*6 (Cal. Ct. App. Aug. 28, 2013) (unpublished) ("[T]he employee [] has the burden of proving that the compensation received, including any commission income, was less than the minimum wage due."); *see also Sanchez v. Martinez*, 2016 WL 128797, at \*3 (Cal. Ct. App. Jan. 12, 2016) (unpublished) ("[P]laintiffs never carried their initial burden of *proving* that they performed uncompensated work . . . [and] were not paid at least the minimum wage.").[1]

- **Overtime (Count III):**  Plaintiff bears the burden of proof for all elements of his claim for overtime violations pursuant to Labor Code sections 510, 554, 1194, and 1198.  *See Eicher v. Advanced Bus. Integrators, Inc.*, 151 Cal. App. 4th 1363, 1377 (2007) (finding that an employee asserting an overtime claim must "prove[] that he has in fact performed work for which he was improperly compensated and . . . produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference") (citation and quotation marks omitted); *Santos v. TWC Admin. LLC*, 2014 WL 12558274, at \*7 (C.D. Cal. Nov. 3, 2014) ("Damages are an essential element of [plaintiff's] overtime claim under Labor Code §§ 204, 515, and 1194; she, therefore, has the ultimate burden of persuasion on this issue at trial.").

- **Unfair Competition Law ("UCL") Claim (Count IV):**  Because Plaintiff bears the burden of proof for the specific Labor Code claims that underpin his UCL claim, Plaintiff likewise bears the burden of proof as to each of the elements of his UCL claim.  *See Garcia v. Bana*, 2013 WL 621793, at \*10 (N.D. Cal. Feb. 19, 2013) (finding that plaintiff was not entitled to restitution under the UCL because he "did not meet his burden to prove that he is owed overtime"); *see also Schramm v. JPMorgan Chase Bank, N.A.*, 2014 WL 12633527, at \*13 (C.D. Cal. July 10, 2014) ("For the foregoing reasons, Plaintiffs have not carried their burden of proof as to violations of the UCL.").

- **"Aggrieved" Status Under PAGA (Count V):**  Plaintiff bears the burden of proof for all elements of his PAGA claim, including his alleged status as an aggrieved employee.  *See Williams*

---

[1]  Courts "are not precluded from considering [state court] unpublished decisions as a possible reflection of California law, although they have no precedential value." *Jerry Beeman and Pharmacy Servs., Inc. v. Anthem Prescription Mgmt., LLC,* 652 F.3d 1085, 1093 (9th Cir. 2011), *vacated on other grounds,* 741 F.3d 29 (9th Cir. 2014); *see also Employers Ins. of Wausau v. Granite State Ins. Co.,* 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value.").

*v. Superior Ct.*, 398 P.3d 69, 80 (Cal. 2017) ("[I]n a PAGA action, the burden is on the plaintiff to establish any violations of the Labor Code.").

## II.  PLAINTIFF SHOULD BEAR THE BURDEN OF PROOF REGARDING HIS PUTATIVE EMPLOYMENT STATUS

As discussed above, this Court found, at summary judgment, that although Plaintiff bears the burden of proof regarding his putative employment status, Plaintiff's burden shifts to Grubhub to *disprove* employment status if Plaintiff can demonstrate "that [he] provided services for" Grubhub. Dkt. 142 at 5.   Grubhub acknowledges that other courts—relying on the rebuttable presumption codified in Labor Code sections 3357 and 3353—have reached this holding as well.  *See, e.g.*, *Narayan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir. 2010); *Cristler v. Express Messenger Sys., Inc.*, 171 Cal. App. 4th 72, 76–77 (2009).  However, Grubhub—in order to preserve all of its arguments for appeal and/or a later possible certification of the issue to the California Supreme Court—respectfully provides its arguments and legal authorities regarding why Plaintiff, at all times, should bear the burden of proof regarding his putative employment status.

Recent decisions of the California Court of Appeal have held that plaintiffs asserting wage-and-hour claims predicated on alleged independent contractor misclassification bear the burden of proving their status as employees.  In *Gardner v. Baby Trend*, 2012 WL 130724 (Cal. Ct. App. Jan. 13, 2012) (unpublished), a unanimous panel of the California Court of Appeal reversed a trial court finding that a plaintiff—a sales representative who distributed defendant's baby products—was an employee and therefore entitled to business expense reimbursements and waiting time penalties.  As *Gardner* explained, the trial court's jury instruction, which "impos[ed] the burden on defendant to *disprove* plaintiff's employee status, in a civil case where plaintiff's cause of action [was] dependent upon that status," was "inconsistent with the fundamental requirement that plaintiff in a civil case has *the burden of proving* each element of his case in chief."  *Id.* at *16–17 (emphasis in original, citations omitted).

Another California Court of Appeal panel reached a similar conclusion in *Brown v. Mission Filmworks, LLC*, 2012 WL 6055939 (Cal. Ct. App. Dec. 6, 2012) (unpublished).  In *Brown*, the Court affirmed a judgment finding that plaintiff was an independent contractor.  In its statement of decision, the trial court concluded that "Plaintiff's burden of proof was not met on any factor to be considered to

Gibson, Dunn &
Crutcher LLP

establish an employer-employee relationship." *Id.* at \*6.  Based on this statement, the plaintiff argued that "the trial court applied the wrong burden of proof" in rendering its judgment. *Id.*  The Court of Appeal, however, found that the "[p]laintiff's argument [was] not persuasive," and held that the plaintiff properly bore the burden of proving employment at all times. *Id.*

As *Gardner* and *Brown* emphasized, Labor Code sections 3353 and 3357—the two statutory provisions from which several other courts have pulled the burden-shifting approach—are located within Division 5 of the California Labor Code, pertaining only to "Worker's Compensation and Insurance." *See* Labor Code §§ 3200–6002.  Those statutory provisions state as follows:

- Labor Code section 3357:  Any person rendering service for another, other than as an independent contractor, or unless expressly excluded herein, is presumed to be an employee.

- Labor Code section 3353:  "Independent contractor" means any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished.

According to *Gardner* and *Brown*, these statutory presumptions do *not* apply in civil litigation, where the burden is on the plaintiff to prove the necessary elements of his or her claim. *See* Cal. Evid. Code § 500 ("Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.").

More specifically, *Gardner* held that the trial court "erred by instructing the jury that it was [*defendant*] which had the burden of proof" because sections 3353 and 3357—as provisions located in the "Worker's Compensation and Insurance" division of the Labor Code—were inapposite.  2012 WL 130724, at \*16.  And, even assuming they did apply, "section 3357 explicitly *excludes* a person 'rendering service . . . as an independent contractor' from those who are presumed to be employees." *Id.* at \*17.  Thus, "[h]ad the jury instruction faithfully applied the rule stated in Labor Code section 3357, it would have instructed the jury that it could only presume that Gardner was an employee *after* it determined that he was *not an independent contractor*." *Id*.  Similarly, in *Brown*, the Court of Appeal rejected the plaintiff's argument that the trial court had erred when it refused to "apply the evidentiary presumption set forth at Labor Code section 3357" because "Plaintiff's case [did] not concern the worker's compensation statutes set forth in Division 4, but rather the [wage and hour] statutes set forth in Division 2 of the Labor Code."  2012 WL 6055939, at \*6.

1

### III. CONCLUSION

2        For these reasons, Grubhub respectfully submits that Plaintiff bears the burden of proof

3    regarding each element of his claims.

4    Dated: August 18, 2017

5                                                    THEANE EVANGELIS
                                                     GIBSON, DUNN & CRUTCHER LLP
6

7
                                                     By:   /s/ *Theane Evangelis*
8                                                                Theane Evangelis

9                                                    Attorneys for Defendants GRUBHUB HOLDINGS
                                                     INC. and GRUBHUB INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>ECF ATTESTATION</u>

2          I, Dhananjay S. Manthripragada, hereby attest that concurrence in the filing of this document

3    has been obtained from Theane Evangelis.

4    Dated: August 18, 2017

5                                                              By:   */s/ Dhananjay S. Manthripragada*
                                                                    Dhananjay S. Manthripragada
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

6

MEMO. OF LAW RE: BURDEN OF PROOF – CASE NO. 3:15-CV-05128-JSC