THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
KEVIN RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants GRUBHUB HOLDINGS INC.
and GRUBHUB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW TAN and RAEF LAWSON in their capacities as Private Attorney General Representatives, and RAEF LAWSON, individually and on behalf of all other similarly situated individuals,<br><br>            Plaintiffs,<br><br>  v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>            Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**MEMORANDUM OF LAW RE: MUTUAL TERMINATION PROVISIONS**<br><br>**Phase One Trial:**<br>Date:      September 5, 2017<br>Time:     11:00 a.m.<br>Place:     Courtroom F - 15th Floor<br>Judge:    Hon. Jacqueline Scott Corley |

Defendants Grubhub Holdings Inc. and Grubhub Inc. (together, "Defendants" or "Grubhub") respectfully submit the following Memorandum of Law, pursuant to the Court's July 11, 2017 Pretrial Order (Non-Jury) No. 2, *see* Dkt. 145, regarding the effect, if any, that the mutual at-will termination provision in Plaintiff Raef Lawson's Delivery Service Provider ("DSP") Agreement has on the determination of whether Plaintiff is an independent contractor or employee of Grubhub.

## I. MUTUAL AT-WILL TERMINATION PROVISIONS DO NOT FAVOR EMPLOYMENT

Plaintiff entered into a DSP Agreement with Grubhub on August 28, 2015, and accepted an amendment to that agreement on December 5, 2015.  *See* Dkt. 105 ¶¶ 4–5, Exs. 1–2.  Under Plaintiff's DSP Agreement (both the original and amended DSP Agreements), Grubhub and Plaintiff each possessed a mutual right to terminate their contract, either: (1) immediately, "[i]f one Party or DSP [] materially breached the Agreement," or (2) "without cause upon fourteen (14) days' prior written notice to the other Party or DSP . . . ."  Dkt. 105-1 at 10 §§ 13.1.1 & 13.1.2.[1]  In its order denying Grubhub's motion for summary judgment, this Court stated that this provision was "an indicator of an at-will employment relationship."  Dkt. 142 at 6.  Respectfully, Grubhub submits that this conclusion conflicts with California law, as interpreted by several Ninth Circuit and California Court of Appeal decisions.[2]

The Ninth Circuit has held that under California's multi-factored employment classification test, a principal's *unilateral* right to "terminate at will" provides "[s]trong evidence in support of an employment relationship," *Alexander v. FedEx Ground Package Sys., Inc.*, 765 F.3d 981, 994–95 (9th Cir. 2014) (citing *Tieberg v. Unemployment Ins. App. Bd.*, 2 Cal. 3d 943, 954 (1970)), but a *mutual* termination provision that provides both parties a right to terminate the contract, with notice and without cause, is *not* inconsistent with an independent contractor relationship.  *See Ruiz v. Affinity Logistics Corp.*, 754 F.3d 1093, 1096–97, 1105 (9th Cir. 2014); *Brown v. Luster*, 165 F.2d 181, 185

---

[1] Plaintiff entered into two additional DSP Agreements with Grubhub on March 11, 2016 and April 7, 2017.  Both of those DSP Agreements also have mutual at-will termination provisions.  *See* Dkt. 105-3 § 11; 105-4 § 11.

[2] Under this Court's Local Rules, "[s]tatements contained in an order of the Court denying a motion for summary judgment or summary adjudication shall not constitute issues deemed established for purposes of the trial of the case, unless the Court so specifies."  Civ. L.R. 56–3.  Here, the Court did not specify that statements made in its summary judgment order constitute issues deemed established for purposes of trial.

(9th Cir. 1947) ("It must be remembered that [a] mutual right to terminate a contract exists in the relationship between an independent contractor and his principal . . . . But that fact would not change the status of the relationship of principal and independent contractor . . . .").[3]  In fact, just last week, the Ninth Circuit—applying the Restatement (Second) of Agency, which is "nearly identical" to California's *Borello* test—unanimously affirmed a summary judgment order finding that telemarketers engaged by defendant were *independent contractors* as a matter of law, in part, because the parties had a mutual "ability to cancel the contract at any time on 30 days' notice . . . ." *Jones v. Royal Admin. Servs., Inc.*, __ F.3d __, 2017 WL 3401317, at *5 (9th Cir. Aug. 9, 2017).  As the Court explained, "[t]he designated impermanency of the relationship support[ed] a finding of independent contractor status."  *Id.*; *see also Hennighan v. Insphere Ins. Sols., Inc.*, 38 F. Supp. 3d 1083, 1105 (N.D. Cal. 2014), *aff'd* 650 F. App'x 500 (9th Cir. 2016) (summary judgment for defendant in misclassification case was appropriate, where the parties' "mutual termination clause [was] evidence of an independent-contractor relationship").

Nearly all of the cases cited in this Court's summary judgment order conform to this long-standing rule that a mutual termination right is *not* indicative of an employment relationship and can in fact exist in either the employment or the independent contractor context.  In *State Compensation Insurance Fund v. Brown*, 32 Cal. App. 4th 188 (1995), for instance, the California Court of Appeal affirmed an order granting summary judgment in favor of a defendant and finding that truck drivers who performed services for the defendant were independent contractors as a matter of law.  *Id.* at 205.  As the court explained, the parties' termination provision—a mutual termination provision with a 14-day notice requirement—did not "shift the balance in favor of employee status" because the mutual termination provision was "consistent *either* with an employment-at-will relationship or parties in a

---

[3] *Accord Desimone v. Allstate Ins. Co.*, 2000 WL 1811385, at *14 (N.D. Cal. Nov. 7, 2000) ("[T]he fact that the [parties'] Agreement may be terminated by Defendant without cause on ninety days written notice does not indicate that Plaintiffs are employees.  Plaintiffs may also terminate the agreement with Defendant without cause on ninety days written notice . . . . [S]uch a mutual termination provision 'is consistent either with an employment-at-will relationship or parties in a continuing contractual relationship.'") (citation omitted); *Robinson v. City of San Bernardino Police Dep't*, 992 F. Supp. 1198, 1202, 1207 n.6. (C.D. Cal. 1998) ("[E]vidence that either party, with notice, can terminate the contract is consistent with either an employment-at-will or continuing contractual relationship and does not necessarily 'shift the balance in favor of employee status.'") (citation omitted).

continuing contractual relationship." *Id*. at 203 (emphasis added).  Thus, *Brown* did *not* hold that a mutual termination provision suggests an employment relationship, as this Court assumed in its summary judgment order.

This Court's summary judgment order also relied on *Narayan v. EGL, Inc*., 616 F.3d 895 (9th Cir. 2010), where the Ninth Circuit stated that a contract permitting "terminat[ion] by ether party upon thirty days' notice" suggested "an at-will employment relationship." *Id*. at 903.  But *Narayan* conflicts with the Ninth Circuit's more recent holdings to the contrary.  In its 2014 *Ruiz* decision, the Ninth Circuit recognized that "a one-year contract that automatically renewed from year to year" and "could be terminated at any time by either party without cause upon giving the other party sixty days['] notice," was "consistent with *either* an employer-employee or independent contractor relationship." 754 F.3d at 1096–97, 1105 (emphasis added).  Two years later, in *Hennighan*, the Ninth Circuit affirmed a summary judgment order holding that the parties' mutual termination clause "weighs *in favor* of" independent contractor status.  *Hennighan*, 38 F. Supp. 3d at 1105, *aff'd* 650 F. App'x 500 (emphasis added).  And, as discussed above, the Ninth Circuit—just last week—found that a mutual at-will termination provision constituted evidence of an independent contractor relationship while applying a test that is "nearly identical" to California's *Borello* test.  *See Jones*, 2017 WL 3401317, at *5.  Thus, notwithstanding *Narayan*, the Ninth Circuit has now (on multiple occasions) clarified that a mutual at-will termination provision is not inconsistent with an independent contractor relationship, *Ruiz*, 754 F.3d at 1105, and in fact serves as "evidence of an independent-contractor relationship," *Hennighan*, 38 F. Supp. 3d at 1105, *aff'd* 650 F. App'x 500.[4]

Post-*Narayan*, the California Court of Appeal (like the Ninth Circuit) has also clarified that mutual termination provisions—like the one in Plaintiff's DSP Agreement—"show an association, rather than the relation of employer and employee."  *Beaumont-Jacques v. Farmers Grp., Inc*., 217 Cal. App. 4th 1138, 1147 (2013) (holding that provision allowing for termination "without cause by either [party] on 30 days' written notice" created a "mutual" right to terminate, and supported

---

[4] *Accord Flores v. Velocity Express, LLC*, 2017 WL 1436039, *16 (N.D. Cal. Apr. 24, 2017) ("[T]he parties' mutual termination provision," which provides for termination "at any time and for any reason by either party with fourteen days prior written notice," "is consistent with either an employer-employee or independent contractor relationship") (citing *Ruiz*, 754 F.3d at 1105).

independent contractor status); *Arnold v. Mutual of Omaha Ins. Co.*, 202 Cal. App. 4th 580, 584, 589 (2011) (holding that a provision that allowed either party to "terminate the contract with or without cause through written notice," "may properly be included in an independent contractor agreement, and is not by itself a basis for changing that relationship to one of an employee").[5]  Because a federal court's construction of state law is "only binding in the absence of any subsequent indication from the [state appellate] courts that [its] interpretation was incorrect," *Owen By and Through Owen v. U.S.*, 713 F.2d 1461, 1464 (9th Cir. 1983), and California appellate courts have since rejected *Narayan's* finding on this issue, this Court can and should follow the more recent Ninth Circuit and California Court of Appeal holdings that a mutual termination provision is *not* evidence of an employment relationship. *See In re Brace*, 566 B.R. 13, 23 n.8 (9th Cir. B.P. 2017) ("Ninth Circuit published authority is binding within the Circuit . . . .  However, if state courts subsequently disagree . . .  [courts are] not bound to follow the prior panel."); *accord Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003); 2 Goelz, Watts and Batalden, *Federal Ninth Circuit Civil Appellate Practice* ¶ 8:205.3 (The Rutter Group 2017).

## II. THE MUTUAL AT-WILL TERMINATION PROVISION HERE CANNOT BE EVIDENCE OF AN EMPLOYMENT RELATIONSHIP

Even if a mutual termination provision could be considered evidence of an employment relationship under certain circumstances, the mutual termination provision at issue here could not.  That is because Grubhub does not—either in its contracts, or in practice—prohibit DSPs whose contracts have been terminated from re-contracting with Grubhub to receive delivery offers through the Grubhub application.  In other words, it is not a "true" termination provision because a DSP could decide to sign up again even after being terminated.  In fact, that is precisely what happened here. Plaintiff initially signed up to use the Grubhub application in August 2015 (*see* Dkt. 104, Ex. 1), received a termination notice from Grubhub for material breach of his DSP Agreement on February 15, 2016 (*see* Dkt. 104 ¶ 5,  Ex. 4), and then signed up to use the Grubhub application again ***less than one month later***, on March 11, 2016 (*see* Dkt. 105 ¶ 6, Ex. 3).  Plaintiff then signed up to use the

---

[5]  *Accord Varisco v. Gateway Science & Eng'g, Inc.*, 166 Cal. App. 4th 1099, 1102, 1106–07 (2008) ("An independent contractor agreement can properly include an at-will clause giving the parties the right to terminate the agreement.  Such a clause does not, in and of itself, change the independent contractor relationship into an employee-employer relationship. . . .  This would be absurd, and it is not the law.").

Grubhub application yet again approximately one year later, on April 7, 2017. *See* Dkt. 105 ¶ 7, Ex. 4.

Grubhub's practice of permitting immediate re-registration to use the Grubhub application as a DSP does not—and cannot—facilitate the kind of "control [over] the manner and means" of performance that employers exert over their employees. *See S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 350–51 (1989); *see also Ali v. U.S.A. Cab Ltd.*, 176 Cal. App. 4th 1333, 1347 (2009) (for an individual to be an employee, "the right to exercise complete or authoritative control must be shown"). Thus, even if a mutually-held right to terminate at-will could indicate an employment relationship under certain circumstances (a proposition that Grubhub strongly disputes, *see supra* Part I), such a "20th Century" rule would not be "very helpful in addressing this 21st Century problem." *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1067, 1081–82 (N.D. Cal. 2015).

### III. CONCLUSION

For these reasons, the mutual at-will termination provision in Plaintiff's DSP Agreement should be deemed indicative of an independent contractor relationship or, at minimum, neutral.

Dated: August 18, 2017

THEANE EVANGELIS
GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Theane Evangelis*
    Theane Evangelis

Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.

### ECF ATTESTATION

I, Dhananjay S. Manthripragada, hereby attest that concurrence in the filing of this document has been obtained from Theane Evangelis.

Dated: August 18, 2017

By: /s/ *Dhananjay S. Manthripragada*
    Dhananjay S. Manthripragada