UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEF LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>GRUBHUB, INC., et al.,<br><br>Defendants. | Case No. 15-cv-05128-JSC<br><br>**ORDER RE GRUBHUB'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 125 |

Defendant Grubhub moves for sanctions against Plaintiff Raef Lawson for publicly filing documents designated "confidential" pursuant to the parties' Stipulated Protective Order. (Dkt. No. 125.) Plaintiff's counsel admits they filed the confidential documents publicly due to computer and server difficulties. Because counsel understood the documents were designated confidential but nonetheless filed them publicly to make the deadline for filing Plaintiff's opposition to summary judgment, the Court GRANTS Grubub's motion for sanctions.

**BACKGROUND**

The Court entered the Stipulated Protective Order proposed by the parties. (Dkt. No. 94.) The Stipulated Protective Order protects material designated by the producing party as "Confidential" or "Attorneys' Eyes Only" from unauthorized disclosure. (*Id*.) Discovery material that qualifies for protection must be so designated before the material is disclosed or produced. (*Id*. at ¶ 5.2.) "Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material." (*Id*. at ¶ 12.3.) If a party learns that "by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized," it must, among other things, "immediately (a) notify in writing the Designating Party

of the unauthorized disclosures [and] (b) use its best efforts to retrieve all unauthorized copies of the Protected Material." (*Id*. at ¶ 10.)

Plaintiff's opposition to Grubhub's Motion for Summary Judgment and supporting evidence was due on Thursday, June 8, 2017. *See* Civ. L.R. 7-3(a). Approximately one week before Plaintiff's opposition was due, Grubhub and Plaintiff set up a call to discuss the confidentiality designations for the deposition transcripts. (Dkt. No. 141-2.) That call never transpired. (*Id*.) Instead, Plaintiff's counsel filed Plaintiff's opposition brief at 11:54 p.m. on June 8 without redaction or sealing. (Dkt. No. 125-2 at 2.) The Liss-Riordan Declaration was not redacted or filed under seal even though it attached copies of seven exhibits that Grubhub had produced pursuant to the Protective Order and designated as "Confidential." (*See* Dkt. No. 111.) Five deposition transcriptions that were designated "confidential" were filed publicly in their entirety, even though Plaintiff's opposition only referred to selections of each transcript. (*See id*.)

Plaintiff's counsel states that he filed the un-redacted documents because he began experiencing "several computer crashes...that were impeding [his] ability to implement the redaction of the voluminous materials that Grubhub designated as confidential." (Dkt. No. 131 at 3 ¶ 8.) Counsel was unable to file the documents un-redacted until his law firm server came back up. (*Id*.) Counsel was able to "redact the documents several hours later." (*Id*.)

Early on June 9, Grubhub noticed that Plaintiff filed Grubhub's confidential material publicly and emailed Plaintiff's counsel at 5:01 a.m. PST. (Dkt. No. 125-7 at 6.) Plaintiff filed a Motion to Seal around that same time. (Dkt. No. 125-4, 125-5, 125-6.) Plaintiff's counsel. replied to Grubhub's email stating that "[d]ue to technical issues" he had "trouble getting a redacted version of [Plaintiff's] brief prepared for filing." (Dkt. No. 125-7 at 6.) He added that he would "talk to the clerk as soon as the court opens" to ensure that "the unredacted version is taken off the public docket." (*Id*.)

Grubhub emailed Plaintiff the instructions listed on the Court's ECF HelpDesk website for "inadvertently e-filed [] sensitive document[s]." (*Id*. at 5.) Civil Local Rule 5-1 requires the parties to consult the ECF website to retrieve improperly filed documents. The ECF website instructions provide four steps to take "without delay" in order to remedy, to the extent possible,

the improper filing: (1) "[i]mmediately" send an email to the Docket Correction email address for the Judge and "mark the message 'urgent'"; (2) call the ECF HelpDesk to have the staff "temporarily block access to the document by ECF users for a limited period of time"; (3) file a Motion to Remove Incorrectly Filed Document "as soon as possible"; and (4) e-file a corrected version of the document. (Dkt. No. 125-7 at 5.) Documents cannot be removed from ECF without a motion.

At 9:41 a.m., Plaintiff's counsel informed Grubhub that the opposition brief and Liss-Riordan Declaration were locked. (*Id*.) Grubhub asked whether Plaintiff's counsel was "immediately taking the other steps listed below that are to be done 'without delay,'" to which counsel replied that he was "awaiting response from Judge Corley's docketing clerk on how best to have the issue resolved." (*Id*. At 4.) At 7:30 pm, Grubhub's counsel explained that Plaintiff's "apparent lack of urgency" was concerning and his failure to take all of the actions prescribed by the Court's ECF HelpDesk was "completely inadequate." (*Id*. at 3.)

## DISCUSSION

### I. Plaintiff Willfully Violated the Protective Order

"A "willful" violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). "A district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith." *Id*. Attorney's fees are appropriate for an attorney's willful violation of a protective order. *Id*.

Plaintiff's counsel willfully violated the Stipulated Protective Order. Counsel publicly filed documents he knew he was required to file under seal because he was more concerned with making Plaintiff's deadline than complying with the Protective Order. Such conduct was wrong. Counsel should have budgeted enough time to get redacted documents filed by the deadline and, having not done so, should have chosen to suffer the consequences, if any, from a late filing rather than unilaterally deciding to violate the Protective Order. There is no excuse for counsel's conduct and the Court expects that if counsel intends to practice in this District it will not happen again.

3

Plaintiff's counsel's reliance on *Koninklijke Philips N.V. v. Elec-Tech International Co.*, is specious as in that case there was no valid court order. No. 14-cv-02737, 2015 WL 6449399, at *1 (N.D. Cal. Oct. 26, 2015) (fundamental to a violations of a protective order and diligence of counsel is the existence of a valid court order). The *Koninklijke* court never issued or approved a protective order. *Id*. The Court is troubled that rather than admit to their breach of professional responsibilities, counsel attempt to deflect sanctions by citation to an inapposite case.

## II. An Award of Attorney's Fees is Appropriate

Rule 37(b)(2) provides for a range of sanctions based on a party's failure to comply with a court order, including protective orders. *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 910 (9th Cir. 1986). Further, under Rule 37(b)(2)(C) "unless the failure was substantially justified or other circumstances make an award of expenses unjust," the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Requiring Plaintiff's counsel to pay Defendant's fees incurred in correcting counsel's egregious error, including the fees incurred in bringing the sanctions motion, is appropriate. Counsel still had not filed the motion to remove the incorrectly filed document as of the sanctions hearing on August 24, 2017 and, regardless, it was necessary for Defendant to bring this violation to the Court's attention given Plaintiff's counsel's intentional violation of the Protective Order.

At oral argument on August 24, 2017, the Court instructed Plaintiff's counsel to inform the Court by close of business today, August 25, whether they will pay the $15,000 that Defendants seek or whether Plaintiff's counsel would prefer the Court require Defendants to submit supporting documentation reflecting Defendants' work in bringing the sanctions motion, with the understanding Defendants are entitled to recover the hours spent preparing such documentation.

## CONCLUSION

For the reasons described above, Grubhub's motion for sanctions is granted against Plaintiff's counsel Lichten & Liss-Riordan, P.C. Plaintiff's counsel shall inform the Court by the close of business on August 25, 2017 whether they will pay $15,000 or seek further

documentation from Defendants.  This Order disposes of Docket No. 125.

**IT IS SO ORDERED.**

Dated: August 25, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge