THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
KEVIN RING-DOWELL, SBN 278289
  kringdowell@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants GRUBHUB HOLDINGS INC.
and GRUBHUB INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RAEF LAWSON, individually and in his capacity as Private Attorneys General Act Representative,<br><br>Plaintiff,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>**Trial:**<br>Date:     Sept. 5, 2017 – Oct. 30, 2017<br>Place:    Courtroom F, 15th Floor<br>Judge:   Hon. Jacqueline Scott Corley |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendants Grubhub Holdings Inc. and Grubhub Inc. (together, "Grubhub") respectfully submit the Proposed Findings of Fact and Conclusions of Law attached hereto as Exhibit A for the Court's consideration while resolving the merits of Plaintiff Raef Lawson's ("Plaintiff") individual claims and Plaintiff's claim that he is an "aggrieved employee" under California's Private Attorneys General Act, California Labor Code sections 2699, et seq. ("PAGA"). As Grubhub's Proposed Findings of Fact and Conclusions of Law demonstrate, the evidence established that Grubhub correctly classified Plaintiff as an independent contractor pursuant to *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989), as well as the Ninth Circuit's most recent decision interpreting the Restatement Second of Agency, *Jones v. Royal Administration Services, Inc.*, 866 F.3d 1100 (9th Cir. 2017).[1]

The evidence at trial proved that the relationship between Grubhub and Plaintiff was highly analogous to the relationship at the center of *Jones*, where the Ninth Circuit held that the defendant—a seller of extended vehicle warranties—could not be held vicariously liable for the conduct of telemarketers who sold the defendant's warranty plans because the telemarketers at issue were independent contractors. Grubhub (like the defendant in *Jones*) "did not have the right to control the hours" that its independent contractor (Plaintiff) worked. *Jones*, 866 F.3d at 1106. Plaintiff (like the telemarketers in *Jones*) "'offered [the same] services to others during the same period.'" *Id.* (citation omitted). And the fleeting and episodic relationship between Grubhub and Plaintiff (like the relationship in *Jones*) was defined by a "designated impermanency." *Id.* at 1107. As in *Jones*, these facts "strongly suggest[]" that Plaintiff was an "independent contractor[] rather than [Grubhub's] employee[.]" *Id*.

---

[1] The *Borello* test was "derived principally from the Restatement Second of Agency." *Borello*, 48 Cal. 3d at 350–51. For that reason, the California Supreme Court has held that "the Restatement [Second of Agency] guidelines … [are] a useful reference" when interpreting and applying California's *Borello* test, and are "logically pertinent to the inherently difficult determination whether a provider of service is an employee or an [] independent contractor …." *Id*. at 354–55. Given that the *Borello* test is based largely on the Restatement Second of Agency, the Restatement Second of Agency factors are "nearly identical" to the *Borello* test. *Jones*, 866 F.3d at 1107.

In fact, the evidence in this case weighed even more heavily in favor of independent contractor status than in *Jones*. Unlike the defendant in *Jones*, which provided direct "oversight" at the workplace, Grubhub did *not* monitor Plaintiff's performance. Rather, Plaintiff completed deliveries without any supervision, performance reviews, or bosses. And unlike the defendant in *Jones*, Grubhub did *not* provide Plaintiff "with some [of the] 'tools and instrumentalities' necessary to complete" deliveries; on the contrary, Plaintiff provided his own vehicle, smartphone, and automobile insurance. *Id*. Plaintiff also exhibited many other characteristics that are fundamentally incompatible with the notion of employment: he had the unfettered right to choose whether to perform deliveries at all, when to perform deliveries, where to perform deliveries, whether to perform driving or delivery services through Grubhub's competitors, whether to hire his own employees or subcontractors, what vehicle to drive, and what to wear. He accepted a contract that merely granted him an *opportunity* to access the Grubhub platform—a ticket to the platform—not a contract that bound Plaintiff to Grubhub in a permanent employment-like relationship. And he accepted and initialed three different contracts defining the parties' relationship as an independent contractor relationship. Based on this evidence, the only plausible conclusion is that Grubhub and Plaintiff entered into exactly the type of relationship they contracted for in the DSP Agreement—an independent contractor relationship.

In addition, Plaintiff failed to prove his wage-and-hour claims for reasons unique to each of those claims. Specifically, Plaintiff did not meet his burden of proving that his self-selected Grubhub blocks constituted compensable on-call time for purposes of California's overtime and minimum wage laws. Quite the opposite: the evidence established that Plaintiff routinely toggled onto the Grubhub platform several hours after the start of his blocks; performed deliveries for other companies, including direct competitors of Grubhub, during his Grubhub blocks; and even remained at home during his blocks, engaging in personal activities. In fact, as a result of Grubhub's lack of control over Plaintiff, Plaintiff even manipulated the block system and defrauded Grubhub by toggling himself "unavailable" or in "airplane mode" for significant portions of his blocks in order to ensure that he did not receive any delivery offers from Grubhub—all the while collecting payments from Grubhub for the entirety of his blocks. Given these facts, Plaintiff could not—and did not—prove that his blocks constituted compensable on-call time, and his minimum wage and overtime claims fail as a result.

The evidence also showed that even if Plaintiff were an employee (which he was not), Grubhub reasonably and in good faith classified Plaintiff as an independent contractor; therefore, Grubhub would have had no reason to know that Plaintiff incurred mileage-related expenses for which he was entitled to reimbursement. In any event, Grubhub *did* pay Plaintiff for mileage, and Plaintiff had no record that he ever incurred any mileage-related expenses above the mileage payments he received from Grubhub. Nor could Plaintiff make this evidentiary showing, given that he never kept track of the mileage he incurred while using the Grubhub app. For these independent reasons, this Court should grant judgment in Grubhub's favor for Plaintiff's expense reimbursement claim.

Grubhub respectfully requests that the Court adopt its Proposed Findings of Fact and Conclusions of Law, enter judgment in Grubhub's favor on all counts, hold that Plaintiff is not an "aggrieved employee" under PAGA, and dismiss Plaintiff's case in its entirety with prejudice.

Dated: October 23, 2017

MICHELE L. MARYOTT
GIBSON, DUNN & CRUTCHER LLP


By: */s/ Michele L. Maryott*
Michele L. Maryott

Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.

**ECF ATTESTATION**

I, Dhananjay S. Manthripragada, hereby attest that concurrence in the filing of this document has been obtained from Michele Maryott.

Dated: October 23, 2017

By: /s/ *Dhananjay S. Manthripragada*
Dhananjay S. Manthripragada