United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEF LAWSON,<br><br>    Plaintiff,<br><br>v.<br><br>GRUBHUB, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-05128-JSC<br><br>**ORDER STAYING COST ORDER AND DENYING MOTION TO DENY COSTS WITHOUT PREJUDICE** |

Plaintiff alleges that Defendant improperly classified him as an independent contractor rather than an employee under California law and in doing so violated California's minimum wage, overtime and employee expense reimbursement laws. (Dkt. No. 41.) Following a bench trial, the Court found for Defendant and the Clerk taxed costs to Plaintiff. Plaintiff's Motion to Deny Costs (the "Motion") is now pending before the Court. (Dkt. No. 230.) Defendant opposes the Motion arguing that it is entitled to recover all costs included in its Bill of Costs. (Dkt. No. 233.) After carefully considering the parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L. R. 7-1(b), stays the taxation of costs, and denies the motion without prejudice to being renewed following disposition of this matter upon appeal.

## BACKGROUND

Plaintiff Raef Lawson ("Plaintiff") worked as a restaurant delivery driver for Defendant Grubhub ("Defendant") in Southern California for four months from late 2015 until his termination in early 2016. (Dkt. No. 221.) On December 15, 2015, Plaintiff initiated this lawsuit in his individual capacity and as a representative action pursuant to the California Private Attorney General Act ("PAGA"). (Dkt. No. 15.)

The case proceeded to trial on Plaintiff's individual California Labor Code and PAGA claims. After a seven-day bench trial, the Court issued an Opinion, finding that: (1) during the

four months Plaintiff performed delivery services for Defendant he was an independent contractor and not a Grubhub employee, pursuant to California's common law *Borello* test, and (2) because he was not an employee during that time, as a matter of law, he could not prevail on his individual California Labor Code or PAGA claims. (Dkt. No. 221.) Accordingly, the Court entered judgment in Defendant's favor. (Dkt. No. 222.) Plaintiff has appealed the Court's Opinion, as well as the Court's Order denying class certification, to the Ninth Circuit Court of Appeals. (Dkt. No. 226.)

On April 10, 2018, Defendant filed a Bill of Costs requesting $26,150.22 in taxable costs. (Dkt. No. 223.) Plaintiff subsequently objected and requested that the Court deny costs to Defendant on four grounds: (1) Plaintiff has limited financial resources, (2) the disparity between Plaintiff's limited financial resources and Defendant's greater financial stature, (3) Plaintiff's case had merit, presented difficult issues, was litigated in good faith, and may be overturned on appeal, and (4) awarding costs would discourage future plaintiffs from bringing cases that seek to advance public policy goals such as the enforcement of remedial labor laws. (Dkt. No. 225.)

The Clerk of the Court subsequently entered a taxation of costs in the amount of $13,444.31. (Dkt. No. 229.) Plaintiff then filed the instant motion to deny costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. (Dkt. No. 230.)

## LEGAL STANDARD

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). However, the Court has discretion to defer ruling on a taxation of costs while an appeal on the merits is pending. *Lasic v. Moreno*, No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007); *Dunklin v. Mallinger,* No. 11-cv-01275-JCS, 2013 U.S. Dist. LEXIS 85340, at *2 (N.D. Cal. June 17, 2013); *see also* Advisory Committee Notes to Rule 54(d) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). The reasoning of the Advisory Committee Notes applies equally to a ruling on a bill of costs. *Lasic*, 2007 WL 4180655, at *1.

In determining whether to stay an order pending an appeal, courts consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, 2015 WL 1304779, at *2 (N.D. Cal. Mar. 20, 2015) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

## DISCUSSION

On balance, the *Hilton* factors weigh in favor of staying the order on the taxation of costs pending the outcome of Plaintiff's appeal to the Ninth Circuit.

### A. Plaintiff is Likely to Succeed on the Merits (Factor 1)

The first issue is whether Plaintiff makes a strong showing that he is likely to succeed on the merits. Plaintiff contends that in light of the California Supreme Court's recent decision in *Dynamex Operations West, Inc. v. Superior Court*, 416 P.3d 1 (Cal. 2018), the Court's ruling against him should now be reversed. (Dkt. No. 235 at 1.) The *Dynamex* Court set forth a three-prong "ABC" test, establishing that:

> a worker is properly considered an independent contractor to whom a wage order does not apply only if the hiring entity establishes: (A) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact; (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity.

*Dynamex*, 416 P.3d at 7. Plaintiff argues that the "ABC" test replaces the *Borello* test applied by the Court in its Opinion finding in favor of Defendant. (Dkt. No. 235 at 1.) Given that the California Supreme Court adopted a new independent contractor test, there is a strong likelihood that Plaintiff's appeal will at least result in a remand. Thus, the first *Hilton* factor is met.

### B. The Parties' Injury Absent a Stay (Factors 2 and 3)

The next issue is whether Plaintiff or other parties interested in the proceeding will be irreparably injured absent a stay. Plaintiff contends that he has limited financial resources and that imposing costs would cause him hardship. (Dkt. 230 at 6-8.) On the other hand, Defendant is a company that operates in 1,200 markets throughout the United States (Dkt No. 221), and had

revenues of $683.1 million in 2017 alone. (Dkt. No. 230-1, Exhibit B.) It is unlikely that imposing a stay of a $13,444.31 taxation award will irreparably harm Defendant. (Dkt. No. 229.) Thus, in balancing the parties' interests, *Hilton* factors 2 and 3 weigh in favor of imposing a stay.

### C. The Public Interest (Factor 4)

The last issue is determining where the public interest lies. Here, the public has an interest in avoiding the inefficient use of judicial resources to rule on Plaintiff's Motion at this stage, and then to later re-evaluate the costs for a second time after the appeal is decided. *See Lasic*, 2007 WL 4180655, at *1. The balancing of this factor also weighs in favor of imposing a stay.

## CONCLUSION

For the reasons stated above, the order taxing costs is stayed pending resolution of Plaintiff's appeal and Plaintiff's motion to deny the taxation of costs is denied without prejudice.

This Order disposes of Docket No. 230.

**IT IS SO ORDERED.**

Dated: June 6, 2018

*[signature]*

JACQUELINE SCOTT CORLEY
United States Magistrate Judge