UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEF LAWSON,<br><br>        Plaintiff,<br><br>    v.<br><br>GRUBHUB, INC., et al.,<br><br>        Defendants. | Case No. 15-cv-05128-JSC<br><br>**ORDER RE: DEFENDANTS' OFFER OF PROOF**<br><br>Re: Dkt. No. 261 |

Following a bench trial, the Court entered judgment for Defendants on Plaintiff's claims for minimum wage, overtime, and expense reimbursement. (Dkt. Nos. 221, 222.)[1] On appeal, the Ninth Circuit vacated the judgment in light of intervening developments in California law and remanded to this Court to apply the "ABC" test to Plaintiff's minimum wage and overtime claims, and to determine whether the ABC test applies to Plaintiff's expense reimbursement claim. *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 916–17 (9th Cir. 2021).

Now before the Court is Defendants' offer of proof and request to reopen discovery so they can put on additional evidence beyond the trial record. (Dkt. No. 261.) Having heard argument on April 14, 2022, the Court sets the following schedule:

- Plaintiff's motion for summary judgment, (Dkt. No. 253), was denied without prejudice, (Dkt. No. 260). The Court will construe the relevant portions as a motion for partial summary judgment on the legal question of whether the ABC test applies to Plaintiff's expense reimbursement claim. *See Lawson*, 13 F.4th at 917.

- On or before May 12, 2022, Defendants shall file an opposition to partial summary

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

judgment not to exceed 15 pages, limited to the legal question of whether the ABC test applies to Plaintiff's expense reimbursement claim.

- On or before May 26, 2022, Plaintiff shall file a reply not to exceed 10 pages.
- On or before June 15, 2022, Defendants shall submit their evidence supplementing the trial record, including declarations, exhibits, and any stipulations. Defendants' supplemental evidence should address Prong B, *see Dynamex Operations W. v. Superior Court*, 416 P.3d 1, 35 (Cal. 2018), and criteria (2), (8), and (10) only of the business-to-business exemption, *see* Cal. Lab. Code § 2776(a). It is limited to expert reports/testimony and other discovery already in Defendants' possession. The Court does not give Defendants permission to re-open the taking of discovery from Plaintiff or third parties.
- On July 7, 2022 at 9:00 a.m., by Zoom videoconference, the Court will hear argument on the motion for partial summary judgment and hold a case management conference. The parties shall be prepared to discuss the implications of the Supreme Court's anticipated ruling in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 734 (2021).

As discussed at the hearing, the Court intends to consider the evidence in phases. If Defendants meet their burden to establish prong B, further proceedings may consider prongs A and C. If Defendants meet their burden to establish criteria (2), (8), and (10) of the business-to-business exemption, further proceedings will consider the other criteria.

**IT IS SO ORDERED.**

Dated: April 14, 2022

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States District Judge