GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
BRANDON J. STOKER, SBN 277325
  bstoker@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants
GRUBHUB HOLDINGS INC. and GRUBHUB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAEF LAWSON, in his capacity as Private Attorney General Representative,<br><br>Plaintiff,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**DEFENDANTS GRUBHUB HOLDINGS INC. AND GRUBHUB INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE LEGAL STANDARD GOVERNING HIS EXPENSE REIMBURSEMENT CLAIM**<br><br>**Hearing:**<br>Date:         July 7, 2022<br>Time:        9:00 a.m.<br>Place:        Courtroom 8<br><br>Judge:         Hon. Jacqueline Scott Corley<br>Action Filed: September 23, 2015<br>Trial Date:    Not set |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................... 1

II. BACKGROUND ..................................................................................................................... 2

III. ARGUMENT ........................................................................................................................... 5

    A. *Dynamex* Is Limited to the Wage Order Context. ..................................................... 5

    B. Plaintiff's Expense Reimbursement Claim Arises from Labor Code Section 2802—Not Wage Order 9. ........................................................................................... 8

    C. Assembly Bill 5 Does Not Expand *Dynamex* Retroactively. ..................................... 13

IV. CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alvarez v. XPO Logistics Cartage LLC*,
  2018 WL 6271965 (C.D. Cal. Nov. 15, 2018) ............................................................................12

*Apple Inc. v. Samsung Elecs. Co.*,
  2017 WL 3232424 (N.D. Cal. July 28, 2017) .............................................................................10

*Arnold v. Mut. of Omaha Ins. Co.*,
  202 Cal. App. 4th 580 (2011) .......................................................................................................6

*Becerra v. McClatchy Co.*,
  69 Cal. App. 5th 913 (2021) ................................................................................................ passim

*Burrell v. Cty. of Santa Clara*,
  2013 WL 2156374 (N.D. Cal. May 17, 2013) .............................................................................9

*Cal. Trucking Ass'n v. Su*,
  903 F.3d 953 (9th Cir. 2018) ....................................................................................................6, 8

*Chaganti v. I2 Phone Int'l, Inc.*,
  313 F. App'x 54 (9th Cir. 2009) ...................................................................................................9

*City of Emeryville v. Robinson*,
  621 F.3d 1251 (9th Cir. 2010) ................................................................................................2, 14

*Coleman v. Quaker Oats Co.*,
  232 F.3d 1271 (9th Cir. 2000) ......................................................................................................9

*Duffey v. Tender Heart Home Care Agency, LLC*,
  31 Cal. App. 5th 232 (2019) .........................................................................................................7

*Dynamex Operations W., Inc. v. Superior Ct.*,
  4 Cal. 5th 903 (2018) ........................................................................................................... passim

*Espejo v. The Copley Press, Inc.*,
  13 Cal. App. 5th 329 (2017) .......................................................................................................10

*Estrada v. FedEx Ground Package Sys., Inc.*,
  154 Cal. App. 4th 1 (2007) ...........................................................................................................9

*Facebook, Inc. v. Power Ventures, Inc.*,
  252 F. Supp. 3d 765 (N.D. Cal. 2017) ...................................................................................2, 10

*Foti v. McHugh*,
  247 F. App'x 899 (9th Cir. 2007) ...............................................................................................14

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Garcia v. Border Transp. Grp., LLC*,
28 Cal. App. 5th 558 (2018) ............................................................................................6, 7, 10, 11

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
42 Cal. 4th 554 (2007) ...............................................................................................................8

*Gonzales v. San Gabriel Transit, Inc.*,
40 Cal. App. 5th 1131 (2019) ..............................................................................................6, 12

*Goro v. Flowers Foods, Inc.*,
2021 WL 4295294 (S.D. Cal. Sept. 21, 2021) ..........................................................................13

*Haitayan v. 7-Eleven, Inc.*,
2021 WL 757024 (C.D. Cal. Feb. 8, 2021) .........................................................................11, 14

*Hanover Ins. Co. v. Poway Acad. of Hair Design, Inc.*,
2016 WL 6698936 (S.D. Cal. Nov. 14, 2016) ............................................................................8

*Henderson v. Equilon Enters., LLC*,
40 Cal. App. 5th 1111 (2019) .....................................................................................................7

*Henry v. Cent. Freight Lines, Inc.*,
2021 WL 3187257 (E.D. Cal. July 28, 2021) .....................................................................12, 14

*Hernandez v. Pac. Bell Tel. Co.*,
29 Cal. App. 5th 131 (2018) .....................................................................................................13

*Johnson v. VCG-IS, LLC*,
2018 WL 3953771 (Cal. Super. Ct. July 18, 2018) ..................................................................12

*Lawson v. Grubhub, Inc.*,
13 F.4th 908 (9th Cir. 2021) ...........................................................................................2, 4, 14

*Martinez v. Combs*,
49 Cal. 4th 35 (2010) .................................................................................................................7

*McClung v. Emp. Dev. Dep't*,
34 Cal. 4th 467 (2004) .............................................................................................................14

*Medina v. Equilon Enters., LLC*,
68 Cal. App. 5th 868 (2021) .......................................................................................................7

*Moreno v. JCT Logistics, Inc.*,
2019 WL 3858999 (C.D. Cal. May 29, 2019) .........................................................................12

*Navajo Nation v. U.S. Forest Serv.*,
535 F.3d 1058 (9th Cir. 2008) (en banc) ................................................................................1, 9

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Rosset v. Hunter Eng'g Co.*,
 2018 WL 4659498 (Cal. Ct. App. Sept. 27, 2018) ...................................................................11

*S. Cal. Pizza Co., LLC v. Certain Underwriters at Lloyd's, London etc.*,
 40 Cal. App. 5th 140 (2019) ..................................................................................................7, 8

*S.G. Borello & Sons, Inc. v. Dep't of Indus. Rels.*,
 48 Cal. 3d 341 (1989) .................................................................................................................1

*Salgado v. Daily Breeze*,
 2018 WL 2714766 (Cal. Ct. App. June 6, 2018) ......................................................................11

*Salter v. Quality Carriers, Inc.*,
 2021 WL 5049054 (C.D. Cal. Oct. 27, 2021) ...............................................................2, 11, 14

*Valadez v. CSX Intermodal Terminals, Inc.*,
 2019 WL 1975460 (N.D. Cal. Mar. 15, 2019) .......................................................................8, 12

*Vazquez v. Jan-Pro Franchising Int'l, Inc.*,
 10 Cal. 5th 944 (2021) ............................................................................................................4, 6

*W. Sec. Bank v. Super. Ct.*,
 15 Cal. 4th 232 (1997) .............................................................................................................14

**STATUTES AND RULES**

Cal. Lab. Code § 2785 .......................................................................................................4, 5, 14

Cal. Lab. Code § 2802 ...................................................................................................... *passim*

Cal. Code Regs. tit. 8, § 11090 ......................................................................................... *passim*

**OTHER AUTHORITIES**

Merriam-Webster's Collegiate Dictionary (11th ed. 2020) ................................................10

I.      INTRODUCTION

The common law test articulated in *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989), continues to govern Plaintiff's classification for purposes of his expense reimbursement claim, and the Court should join the chorus of decisions reaching the same conclusion.  In *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903, 917 (2018), the California Supreme Court held that the "suffer or permit to work" definition of "employ" in the Industrial Welfare Commission's ("IWC") wage orders incorporates the so-called ABC test.  But the Court expressly limited its adoption of the ABC test to "one specific context": "whether workers should be classified as employees or as independent contractors *for purposes of California wage orders*."  *Id.* at 913.  And courts have consistently "declined to extend the ABC test, as set out in *Dynamex*, outside the context of wage orders"—and specifically refused to apply it to claims under Labor Code section 2802.  *Becerra v. McClatchy Co.*, 69 Cal. App. 5th 913, 930, 933 (2021) (collecting cases).

There is no reason to extend *Dynamex* to expense reimbursement claims under section 2802.  Unlike the wage orders, section 2802 does not contain the "suffer or permit to work" language that *Dynamex* specifically construed.  In fact, at the time Lawson used the Grubhub platform, section 2802 did not define "employ" or "employer" at all.  *Borello*'s common law test thus controls.  *See McClatchy*, 69 Cal. App. 5th at 936 ("Because the Labor Code does not expressly define 'employee' for purposes of section 2802, the common law test of employment applies." (citation omitted)).

Plaintiff seeks to escape this inevitable conclusion by arguing that his claim under section 2802 is not a Labor Code claim at all, but instead arises from the wage orders because he seeks reimbursement for vehicle and phone expenses, which constitute "tools or equipment" within the meaning of Wage Order 9.  But in all the years of this litigation, Plaintiff has never brought a wage order claim—let alone presented argument or evidence relevant to Wage Order 9—and it is too late to amend his Complaint to add such a claim now.  *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc).  Moreover, *Dynamex* itself rejected Plaintiff's argument that vehicle expenses are recoverable under Wage Order 9, finding that "the obligation to reimburse employees for business-related transportation expenses such as fuel or tolls" "do[es] *not* derive directly from the applicable wage order."  4 Cal. 5th at 942 (emphasis added).

1    Any claim to reimbursement of phone expenses is doubly waived as Plaintiff never adduced evidence of his alleged damages, nor did he challenge on appeal whether *Dynamex* applies to this particular claim. *See*, *e.g.*, *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 775 (N.D. Cal. 2017) ("[A]n issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived on remand."), *aff'd*, 749 F. App'x 557 (9th Cir. 2019). In any event, numerous courts have also concluded that the obligation to reimburse phone expenses arises under section 2802, not the wage orders. *See*, *e.g.*, *Salter v. Quality Carriers, Inc.*, 2021 WL 5049054, at *7 (C.D. Cal. Oct. 27, 2021) (finding that plaintiff's reimbursement claim for "communication device use" was "not grounded in wage orders").

Plaintiff has also waived any argument that AB5's ABC test governs Plaintiff's expense reimbursement claim "[b]y failing to address the issue in [his] opening brief except in a footnote." *City of Emeryville v. Robinson*, 621 F.3d 1251, 1262 n.10 (9th Cir. 2010). Even so, the argument is unpersuasive because AB5 does not expand the application of the ABC test retroactively. Rather, AB5 "took effect only on January 1, 2020—long after Lawson stopped working for Grubhub." *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 917 (9th Cir. 2021). As such, *Borello* remains the governing classification standard for Lawson's reimbursement claim for expenses incurred in late 2015 and early 2016.

## II.  BACKGROUND

Plaintiff Raef Lawson used the Grubhub platform as a driver from October 25, 2015, to February 14, 2016. Dkt. 221 at 3–4. On December 15, 2015, Plaintiff filed an Amended Complaint alleging that Grubhub misclassified him as an independent contractor and thereby violated various provisions of the California Labor Code. Dkt. 15. Specifically, Plaintiff averred that Grubhub "fail[ed] to reimburse its drivers for all necessary expenditures incurred in performing their duties, including but not limited to fuel, car maintenance, phones, and data, in violation of Labor Code § 2802." Dkt. 41 ¶ 33; *see also* Dkt. 4 Ex. A at 6; Dkt. 15 at 7. At no point did Plaintiff allege that Grubhub also violated Wage Order 9 by failing to reimburse vehicle and phone-related expenses. Rather, he consistently maintained both in his Complaint and throughout his subsequent filings that Grubhub failed to comply *only* with section 2802. *See*, *e.g.*, Dkt. 36 at 4 ("The Allegations in this case are sufficient to state a claim for violation of Cal. Lab. Code § 2802 for failure to reimburse the delivery drivers for

expenses[.]" (capitalization omitted)); Dkt. 58 at 3 n.1 ("Lawson brings claims of violations of … § 2802[.]"); Dkt. 59 at 2 ("Plaintiffs' complaint asserts … [the] failure to reimburse for business expenses in violation of Cal. Lab. Code § 2802[.]"); Dkt. 180 at 21 ("Plaintiff will show that GrubHub did not reimburse him for his expenses, in violation of Labor Code § 2802." (capitalization omitted)); Dkt. 217 at 73 ("Plaintiff established at trial that GrubHub is liable for its failure to reimburse Plaintiff's necessary business expenses (Cal. Lab. Code § 2802)[.]").

The parties stipulated to conduct the trial in phases, "with the first phase … to be limited to Plaintiff's individual claims and the issue of whether Plaintiff Lawson [wa]s an 'aggrieved employee' under PAGA." Dkt. 122 at 2. At the seven-day bench trial in September 2017, Plaintiff maintained that he drove over 500 miles using the Grubhub platform and that he was entitled to $286.10 in unreimbursed vehicle expenses, given "the IRS mileage reimbursement rates in effect at the time." *See* Dkt. 217 at 38–39, 73–75. But he presented no argument or evidence regarding the amount of phone-related expenses that he allegedly incurred and Grubhub allegedly failed to reimburse. *Id.* Instead, Lawson explicitly disclaimed his request for reimbursement of phone expenses, deciding to "focus[] on the car [expenses] for purposes of th[e] trial." Trial Tr. 65:1–4. Upon the conclusion of the trial, the Court determined that Plaintiff was properly classified as an independent contractor under *Borello*. Dkt. 221 at 17–33; *see also* Dkt. 249 at 2.

Shortly thereafter, the California Supreme Court issued its decision in *Dynamex*, which adopted the ABC test solely to determine "whether workers should be classified as employees or as independent contractors *for purposes of California wage orders*." 4 Cal. 5th at 913 (limiting its holding to this "one specific context"). The Court specifically declined to consider whether "the wage order definitions should apply to all the relief [the plaintiffs] sought under section 2802," including "reimbursement for business expenses other than business expenses encompassed by the wage order." *Id.* at 913 n.5. But the Court made clear that "the obligation to reimburse employees for business-related transportation expenses such as fuel or tolls" "do[es] *not* derive directly from the applicable wage order." *Id.* at 942 (emphasis added).

The California Supreme Court subsequently clarified that "*Dynamex*'s interpretation of the suffer or permit to work definition in wage orders applies retroactively to all nonfinal cases governed

by similarly worded wage orders"—precisely because *Dynamex* was an interpretation of the specific language found in the wage orders. *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 10 Cal. 5th 944, 948 (2021) (capitalization omitted). Thus, *Vazquez* did not extend the ABC test beyond the wage order context addressed in *Dynamex*. *See McClatchy*, 69 Cal. App. 5th at 934 ("[A]lthough our Supreme Court has concluded that the *Dynamex* interpretation of the phrase 'suffer or permit to work' applies retroactively, this holding was limited to nonfinal cases governed by wage orders worded similarly to that in *Dynamex*."). To the contrary, the Court underscored the narrow scope of *Dynamex*, which addressed only "what standard applies in determining" employment status "for purposes of the obligations imposed by California's wage orders." *Vazquez*, 10 Cal. 5th at 949–50.

Following *Dynamex*, the California legislature enacted AB5, which took effect on January 1, 2020—nearly four years after Plaintiff had stopped using the Grubhub platform. AB5 extended the ABC test beyond the *Dynamex* wage order context for "work performed on or after January 1, 2020" (Cal. Lab. Code § 2785(c)), while simultaneously limiting its application through various retroactively applicable exemptions (*id.* § 2785(b)). Accordingly, for non-wage order claims that predate January 1, 2020, *Borello* continues to govern classification. *See Lawson*, 13 F.4th at 917 ("AB 5 expanded the application of the ABC test to the rest of the Labor Code, but that expansion took effect only on January 1, 2020[.]"); *McClatchy*, 69 Cal. App. 5th at 935 ("[T]he Legislature has statutorily expanded the reach of the ABC test beyond the wage order context addressed in *Dynamex*. Nonetheless, the employee status of newspaper carriers is, and was at the time the carriers' claims arose, determined by application of the *Borello* test.").

On appeal, Plaintiff contended that *Dynamex* applies to his claim "seeking reimbursement for *the use of his vehicle*"—not the use of his phone. *Lawson*, 13 F.4th 908 (No. 18-15386), Dkt. 28 at 29 n.15 (emphasis added); *see also id.*, Dkt. 61 at 9 ("Plaintiff's § 2802 claim seek[s] reimbursement for use of his vehicle[.]"); *id.*, Dkt. 82 at 4 ("[T]he ABC test also must be applied to Plaintiff's claim for reimbursement for the use of his vehicle[.]"). The Ninth Circuit vacated this Court's judgment under *Borello* and remanded for the Court to "decide in the first instance whether the ABC test applies to Lawson's expense reimbursement claim." *Lawson*, 13 F.4th at 917.

On remand, Plaintiff filed a motion for summary judgment on the grounds that the ABC test governs his expense reimbursement claim for vehicle and phone reimbursement. Dkt. 253 at 14–17. But once again, Plaintiff adduced no evidence establishing any allegedly unreimbursed phone expenses. Instead, he simply maintained that he was entitled to reimbursement of vehicle expenses in the amount of $286.10. *Id.* at 18–20. The Court denied the motion without prejudice. Dkt. 260. But following a hearing on Grubhub's offer of proof, the Court ordered that Plaintiff's motion be construed "as a motion for partial summary judgment on the legal question of whether the ABC test applies to Plaintiff's expense reimbursement claim." Dkt. 269 at 1. The order directed Grubhub to file an opposition "limited to [that] legal question." *Id.* at 2.[1]

### III.   ARGUMENT

*Borello* applies to Plaintiff's claim for reimbursement of vehicle and phone expenses incurred during the brief four months he used the Grubhub platform in late 2015 and early 2016. The California Supreme Court explicitly confined its holding in *Dynamex* to the wage order context, but Plaintiff has only ever alleged a violation of California Labor Code section 2802—not Wage Order 9. Moreover, Plaintiff has waived his claim to reimbursement of phone expenses by failing to present any evidence of alleged damages at trial or to assert this claim on appeal. In any event, courts have repeatedly found that vehicle and phone expenses are reimbursable only under section 2802 and do not constitute "tools or equipment" within the meaning of Wage Order 9. *Dynamex* does not apply retroactively except for wage order claims, nor does AB5 retroactively expand the application of the ABC test beyond the wage order context.

**A.     *Dynamex* Is Limited to the Wage Order Context.**

"*Dynamex* did not purport to replace the *Borello* standard in every instance where a worker

---

[1] The Court also directed Grubhub to submit supplemental evidence regarding criteria (2), (8), and (10) of AB5's business-to-business exemption. *See* Dkt. 269 at 2. Should the Court ultimately find that Grubhub satisfies the business-to-business exemption, then *Borello* would govern all of Plaintiff's claims because AB5's statutory exemptions apply retroactively. *See* Cal. Lab. Code § 2785(b) ("Insofar as the application of [AB5's exemptions] would relieve an employer from liability, those sections shall apply retroactively to existing claims and actions to the maximum extent permitted by law."); *id.* § 2785(c) ("If a hiring entity can demonstrate compliance with all of conditions set forth in any one of [AB5's exemptions], then [the ABC test] and the holding in Dynamex do not apply to that entity, and instead the determination of an individual's employment status as an employee or independent contractor shall be governed by Borello.").

must be classified as either an independent contractor or an employee for purposes of enforcing California's labor protections." *Cal. Trucking Ass'n v. Su*, 903 F.3d 953, 959 n.4 (9th Cir. 2018). Rather, "the Supreme Court recognized that different standards could apply to different statutory claims." *Garcia v. Border Transp. Grp., LLC*, 28 Cal. App. 5th 558, 570 (2018); *see Dynamex*, 4 Cal. 5th at 948 ("[I]t is possible … that a worker may properly be considered an employee with reference to one statute but not another."). In fact, the Court expressly limited its adoption of the ABC test to "one specific context"—namely, "whether workers should be classified as employees or as independent contractors *for purposes of California wage orders*." *Dynamex*, 4 Cal. 5th at 913. And the Court specifically declined to consider whether "the wage order definitions should apply to all the relief sought under section 2802." *Id.* at 916 n.5.

California courts have subsequently confirmed that *Borello* continues to govern non-wage order claims, including claims under section 2802. *See McClatchy*, 69 Cal. App. 5th at 930 ("[T]he determination of whether the carriers were employees or independent contractors for purposes of Labor Code section 2802 is governed by the common law test set out in *Borello* and its progeny."); *Garcia*, 28 Cal. App. 5th at 571 ("*Borello* furnishes the proper standard as to [plaintiff's] non-wage-order claims."); *Gonzales v. San Gabriel Transit, Inc.*, 40 Cal. App. 5th 1131, 1157 (2019) ("As to Labor Code claims that are not either rooted in one or more wage orders, or predicated on conduct alleged to have violated a wage order, the *Borello* test remains appropriate."). And in *Vazquez*, the California Supreme Court reiterated the narrow scope of *Dynamex*, emphasizing that it addressed only "what standard applies in determining" employment status "for purposes of the obligations imposed by California's wage orders." 10 Cal. 5th at 949–50.

There is no basis for extending *Dynamex* to expense reimbursement claims under section 2802. After all, "*Dynamex* was based upon a determination concerning how the term 'suffer or permit to work' in California wage orders should be interpreted for purposes of … the wage orders." *Vazquez*, 10 Cal. 5th at 951. But section 2802 makes no reference to that definition of employment; indeed, it does not define "employee" or "employment" at all. Where "a statute refers to an 'employee' without defining the term, courts have generally applied the common law test of employment to that statute." *Arnold v. Mut. of Omaha Ins. Co.*, 202 Cal. App. 4th 580, 586 (2011). And *Borello*, of course,

"embod[ies] the common law test." *Dynamex*, 4 Cal. 5th at 934; *accord McClatchy*, 69 Cal. App. 5th at 936 ("Because the Labor Code does not expressly define 'employee' for purposes of section 2802, the common law test of employment applies." (citation omitted)).

Plaintiff's reliance on *Duffey v. Tender Heart Home Care Agency, LLC*, 31 Cal. App. 5th 232 (2019), is misplaced. That case concerned the Domestic Worker Bill of Rights which contained "one of the wage orders' alternative definitions [of employer] verbatim." *Id.* at 246. So the court naturally concluded that the "Legislature's use of this definition indicate[d]" its intent to "incorporate the meaning of that term as set forth in" *Martinez v. Combs*, 49 Cal. 4th 35 (2010). *Id.* at 247.[2] Here, by contrast, section 2802 does not contain the "suffer or permit to work" definition of "employ" found in the wage orders, and *Dynamex* does not extend beyond the language it construed. *See*, *e.g.*, *McClatchy*, 69 Cal. App. 5th at 934 ("[T]he *Dynamex* ABC test is limited to claims governed by wage orders that employ the 'suffer or permit to work' standard."); *Garcia*, 28 Cal. App. 5th at 571 ("*Dynamex* applied the 'suffer or permit to work' standard contained in the wage order without deciding what standard applied to *non*-wage-order claims … under Labor Code, section 2802.").

Plaintiff falls back on the "general worker-protective purpose behind wage and hour legislation" in urging that the ABC test should extend to section 2802 notwithstanding the established precedent to the contrary. Mot. at 17 (citation omitted). But section 2802 is not a wage and hour law as it neither "mentions wages or hours" nor "appear[s] in the parts of the Labor Code titled 'compensation' or 'working hours.'" *S. Cal. Pizza Co., LLC v. Certain Underwriters at Lloyd's, London etc.*, 40 Cal. App. 5th 140, 150 (2019). Whereas wage and hour legislation seeks to secure "the minimal wages and working conditions that are necessary to enable [workers] to obtain a subsistence standard of living" (*Dynamex*, 4 Cal. 5th at 952), section 2802 "ensures employers are bearing all of the costs inherent in conducting their businesses" (*S. Cal. Pizza*, 40 Cal. App. 5th at 151 (cleaned up)). Section 2802's purpose and function are therefore distinct: It provides "[d]isbursements for losses and work-related

---

[2] Plaintiff contends that "*Duffey* provides another alternative basis for the Court to find Plaintiff was an employee under *Martinez*." Mot. at 17 n.15. But *Martinez* is irrelevant to this case. *Martinez* is "[t]he controlling case on joint employment in California" (*Medina v. Equilon Enters., LLC*, 68 Cal. App. 5th 868, 874 (2021); *Henderson v. Equilon Enters., LLC*, 40 Cal. App. 5th 1111, 1130 (2019)), and Plaintiff has never suggested that Grubhub is a joint employer.

expenditures," "not payments made in exchange for labor or services." *Id.* at 150; *see also*, *e.g.*, *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 572 (2007) (recognizing the "valid and important distinction between wages (as payment for labor performed) and business expense reimbursement"). Given that section 2802 serves "separate purpose[s]," including "provid[ing] for indemnification for third-party suits," courts have thus found that it "is not a wage and hour law." *Hanover Ins. Co. v. Poway Acad. of Hair Design, Inc.*, 2016 WL 6698936, at *4 (S.D. Cal. Nov. 14, 2016).

But even if it were, Plaintiff "ha[s] not provided any authority or evidence that classifying [him] as [an] employee[] would better effectuate the purpose of the statute than would classifying [him] as [an] independent contractor[]." *Valadez v. CSX Intermodal Terminals, Inc.*, 2019 WL 1975460, at *11 (N.D. Cal. Mar. 15, 2019). If Plaintiff is truly an independent contractor (and he is), "it would not serve the purpose of the statute to require [Grubhub] to reimburse [hi]m." *Id.* That is especially true because *Dynamex* itself "did not purport to replace the *Borello* standard in every instance" (*Su*, 903 F.3d at 959 n.4), but only "*for purposes of California wage orders*" (*Dynamex*, 4 Cal. 5th at 913). The Court should therefore decline Plaintiff's invitation to stretch *Dynamex* beyond the "one specific context" it addressed. *Id*.

**B.    Plaintiff's Expense Reimbursement Claim Arises from Labor Code Section 2802—Not Wage Order 9.**

Perhaps recognizing that *Dynamex* does not apply to section 2802 *itself*, Plaintiff contends that the ABC test governs his *particular* expense reimbursement claim because it "mirrors" the requirements found in Wage Order 9. Mot. at 14. That wage order provides that "[w]hen *tools or equipment* are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer." Cal. Code Regs. tit. 8, § 11090(9)(B) (emphasis added). It never mentions reimbursement or indemnity for expenses. Plaintiff nonetheless insists that because he seeks reimbursement for "use of his vehicle and cell phone"—which he says constitute "tools or equipment" within the meaning of the wage order—*Dynamex* must extend to his claim. Mot. at 14.

Not so. For starters, Plaintiff has never alleged a violation of Wage Order 9 in his Complaint but has sought expense reimbursement solely under section 2802. Dkt. 4 Ex. A at 7; Dkt. 15 at 7; Dkt.

41 at 7. It is well settled that the Court may "not consider claims raised for the first time at summary judgment which Plaintiff[] did not raise in [his] pleadings." *Burrell v. Cty. of Santa Clara*, 2013 WL 2156374, at *11 (N.D. Cal. May 17, 2013); *see also*, *e.g.*, *Navajo Nation*, 535 F.3d at 1080 (holding that the district court need not consider a claim omitted from the complaint and raised for the first time at summary judgment); *Chaganti v. I2 Phone Int'l, Inc.*, 313 F. App'x 54, 55–56 (9th Cir. 2009) (noting that a claim raised "for the first time … in [plaintiff's] motion for summary judgment … is not properly before the court"). That is especially so here, where the parties have already litigated Plaintiff's section 2802 claim through trial—without any indication that Plaintiff's claim rested on Wage Order 9. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."). Rather, at every turn, Plaintiff maintained that he sought reimbursement under section 2802 alone. *See*, *e.g.*, Dkt. 36 at 3–4; Dkt. 58 at 3 n.1; Dkt. 59 at 2; Dkt. 180 at 21; Dkt. 217 at 73. It is simply too late for Plaintiff now to change course and invoke Wage Order 9 as a basis for his reimagined claim.[3]

In any event, *Dynamex* itself squarely rejected Plaintiff's argument that vehicle-related expenses are recoverable under Wage Order 9. The Court specifically held that "the obligation to reimburse employees for business-related *transportation expenses such as fuel or tolls*" "do[es] not derive directly from the applicable wage order." *Dynamex*, 4 Cal. 5th at 942 (emphasis added). Similarly, in *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal. App. 4th 1 (2007), the court found that "neither an automobile nor a truck is considered a *tool*" and that "an automobile is not the type of *equipment* contemplated in the IWC Orders." *Id.* at 23–24, 23 n.25 (emphases added) (citations omitted).[4] As such, Plaintiff's claim for reimbursement of vehicle expenses is a section 2802 claim—not a wage order claim. (That, of course, is why Plaintiff has always alleged that Grubhub violated

---

[3] There is no excuse for this pleading failure. Wage Order 9 has existed for decades, and Plaintiff easily could have alleged a violation of its provisions if he intended to bring such a claim.

[4] Plaintiff misreads *Estrada*. While the *Estrada* court noted that "it is perfectly lawful for an employer to require its employees to provide their own vehicles as a condition of employment, provided only that the employees must be reimbursed for the expenses thereby incurred" (154 Cal. App. 4th at 24–25), the source of this reimbursement requirement was "section 2802"—*not* the wage orders (*id.* at 22).

section 2802, not Wage Order 9.)  Because *Dynamex* is limited to the wage order context and did not "decid[e] what standard applied to *non*-wage-order claims, such as claims for reimbursement of *fuel or tolls* under Labor Code, section 2802," *Borello* continues to govern Plaintiff's claim for vehicle expenses.  *Garcia*, 28 Cal. App. 5th at 571 (second emphasis added).

*Borello* governs Plaintiff's claim for phone expenses, too.  But the Court need not consider this question as Plaintiff has long since abandoned that claim.  Notably, the parties agreed to try the merits of "Plaintiff's individual claims" at the first phase of the trial.  Dkt. 122 at 2.  Despite bearing the burden to establish his "entitle[ment] to a monetary recovery" under section 2802 (*Espejo v. The Copley Press, Inc.*, 13 Cal. App. 5th 329, 373 (2017)), Plaintiff presented no evidence of any phone expenses he allegedly incurred and Grubhub allegedly failed to reimburse (*see generally* Dkt. 217).  In fact, he expressly disclaimed any attempt to recover phone expenses, instead "focusing on the car [expenses claim] for purposes of th[e] trial."  Trial Tr. 65:1–4.  Nor did Plaintiff mention any claim for phone expenses on appeal.  Rather, he contended that *Dynamex* applies only to his claim "seeking reimbursement for *the use of his vehicle*"—not the use of his phone.  *Lawson*, 13 F.4th 908 (No. 18-15386), Dkt. 28 at 29 n.15; *see also id.*, Dkt. 61 at 9 (same); *id.*, Dkt. 82 at 4 (same); Dkt. 253 at 14–17 (seeking damages only for allegedly unreimbursed vehicle expenses).  By failing to establish any loss resulting from the alleged denial of phone reimbursement at trial and by failing to raise this claim on appeal, Plaintiff has doubly waived any claim to phone expenses.  *See*, *e.g.*, *Facebook*, 252 F. Supp. 3d at 775 ("[A]n issue or factual argument waived at the trial level before a particular order is appealed, or subsequently waived on appeal, cannot be revived on remand."); *Apple Inc. v. Samsung Elecs. Co.*, 2017 WL 3232424, at *14 (N.D. Cal. July 28, 2017) (same).

Even if Plaintiff had preserved his claim for phone expenses, that claim is still subject to *Borello*.  The Complaint seeks reimbursement for "phone data" (Dkt. 41 ¶ 21), which does not fall within the ordinary meaning of "tools or equipment" as used in Wage Order 9 (*see Tool*, Merriam-Webster's Collegiate Dictionary 1317 (11th ed. 2020) ("a handheld device that aids in accomplishing a task"); *Equipment*, *id.* at 423 ("the implements used in an operation or activity")).  While phone data may be recoverable under section 2802 as a "necessary expenditure[] or loss[]" (Cal. Lab. Code. § 2802(a)), the same cannot be said for Wage Order 9, which is limited to "tools or equipment" (Cal.

1   Code Regs. tit. 8, § 11090(9)(B)).  Simply put, section 2802 is not coextensive with Wage Order 9,
2   which does not provide reimbursement for vehicle or phone expenses.

3         That is why courts have routinely concluded that *Borello* remains the applicable classification standard for claims for vehicle and phone reimbursement.  In *McClatchy*, for example, the court unequivocally recognized that "the *Dynamex* ABC test is limited to claims governed by wage orders that employ the 'suffer or permit to work' standard" and that the plaintiffs' "claims for business-related transportation expenses brought pursuant to Labor Code section 2802 a[re] non-wage-order claims."  69 Cal. App. 5th at 934.  The court rejected the plaintiffs' argument that their claim for mileage expenses arose from the wage order which ostensibly "'complements' and 'applies' to Labor Code section 2802."  *Id.* at 934 n.9.  And the court concluded that "*Borello* remains the applicable test for determining whether the carriers were independent contractors or employees" for purposes of their section 2802 claim.  *Id.* at 933.

      Similarly, in *Salter*, the court "decline[d] to expand the application of the *Dynamex* ABC test beyond the 'one specific context' endorsed by the California Supreme Court."  2021 WL 5049054, at *7 (citation omitted).  Just as here, the plaintiff in *Salter* "allege[d] that his expense indemnification claim arises under California Labor Code § 2802, and not a wage order."  *Id.* at *8.  And because a "truck does not qualify as a 'hand tool' or 'equipment' as used in Wage Order No. 9," the court determined that *Borello* applied to the plaintiff's claim for indemnification of "insurance, fuel, tolls, communication device use, tires, and truck repair."  *Id.*

      These courts are not alone.  A veritable avalanche of authority demonstrates that *Borello* continues to govern non-wage order claims, including those for reimbursement of vehicle and phone expenses under section 2802.  *See*, *e.g.*, *Garcia*, 28 Cal. App. 5th at 571 ("*Borello* furnishes the proper standard as to [plaintiff's] non-wage-order claims."); *Salgado v. Daily Breeze*, 2018 WL 2714766, at *4, *15 n.6 (Cal. Ct. App. June 6, 2018) (holding that "the common law *Borello* test govern[ed]" a newspaper delivery driver's claim for "reimbursement of mileage [and] other business expenses"); *Rosset v. Hunter Eng'g Co.*, 2018 WL 4659498, at *1, *3 n.2 (Cal. Ct. App. Sept. 27, 2018) (finding that the plaintiff's expense reimbursement claim was "not based on alleged violations of any California wage orders"); *Haitayan v. 7-Eleven, Inc.*, 2021 WL 757024, at *5 (C.D. Cal. Feb. 8, 2021) (holding

that *Dynamex* does not apply to plaintiffs' section 2802 claim); *Valadez*, 2019 WL 1975460, at *10 (same); *Henry v. Cent. Freight Lines, Inc.*, 2021 WL 3187257, at *2–3 (E.D. Cal. July 28, 2021) (same where plaintiff pursued recovery for "fuel expenses"); *Moreno v. JCT Logistics, Inc.*, 2019 WL 3858999, at *8, *12 (C.D. Cal. May 29, 2019) (same where plaintiff sought damages for "unreimbursed costs for fuel and insurance"); *Alvarez v. XPO Logistics Cartage LLC*, 2018 WL 6271965, at *4, *7 (C.D. Cal. Nov. 15, 2018) (same where plaintiff sought recovery for "fuel costs," "insurance costs," "truck lease payments," "equipment maintenance and repair costs," and "fees for tablet computers used for dispatch assignments"), *order vacated on reconsideration on other grounds sub nom. Omar Alvarez v. XPO Logistics Cartage, LLC*, 2021 WL 4057249 (C.D. Cal. June 24, 2021).  This Court should follow suit and reaffirm its prior holding that Plaintiff is properly classified as an independent contractor under *Borello* for purposes of his section 2802 claim.

*Gonzales* does not counsel otherwise.  Plaintiff suggests that the court applied "the ABC test to … Plaintiff's expense reimbursement claim (which included claims for vehicle-related expenses), which was encompassed by the wage orders." Mot. at 15.  But the court did no such thing.  It simply held that "statutory claims alleging misclassification not directly premised on wage order protections … are appropriately analyzed under … the '*Borello*' test." *Gonzales*, 40 Cal. App. 5th at 1140.  And it remanded to the trial court to "evaluate which Labor Code claims enforce wage order requirements, and which do not." *Id.* at 1141.  Critically, though, the plaintiff in *Gonzales* "specifically alleged violations of both the Labor Code and Wage Order No. 9" in his complaint. *Id.* at 1157.  Here, however, Plaintiff has always asserted his expense reimbursement claim exclusively under section 2802. Dkt. 41 at 7.  He has long since forfeited any reliance on Wage Order 9. *See supra* at 8–9.

*Johnson v. VCG-IS, LLC*, 2018 WL 3953771 (Cal. Super. Ct. July 18, 2018), offers Plaintiff no more support.  In an unpublished, non-precedential opinion, the superior court decided, with little analysis, that *Dynamex* governs an expense reimbursement claim where "the applicable wage order … covers each of [the alleged] violations." *Id.* at *3.  But *Johnson* involved exotic dancers' claim for "business-related expenditures, including accessories and music," under Wage Order 10. Third Am. Compl. ¶ 25, *Johnson*, 2018 WL 7628876 (Feb. 8, 2018).  That outlier decision did not address Wage

Order 9, much less a claim for vehicle and phone expenses—as Plaintiff advances here.

The Division of Labor Standards Enforcement's opinion letter is likewise unavailing. That letter is "not subject to the rulemaking procedures of the Administrative Procedure Act" and thus is "not entitled to any deference" under California law. *Hernandez v. Pac. Bell Tel. Co.*, 29 Cal. App. 5th 131, 143 (2018); *McClatchy*, 69 Cal. App. 5th at 928 (same). Regardless, the letter merely acknowledges that "*Dynamex* ties application of the ABC test to enforcement of obligations imposed by the wage orders." Mot. Ex. A at 1. It likewise contends that "reimbursement claims under section 2802 that enforce *specific* requirements *directly* set forth in the wage orders are also governed by the ABC test." *Id.* at 3 (emphases added). That is of no moment here. Wage Order 9 does not specifically require reimbursement, nor does it directly cover vehicle and phone expenses.

The only case that has applied the ABC test to claims for phone and transportation expenses is *Goro v. Flowers Foods, Inc.*, 2021 WL 4295294 (S.D. Cal. Sept. 21, 2021)—and that was because the defendant had waived the argument that section 2802, not the wage order, governed the claims. *See id.* at *8 (noting that the defendants had "decline[d] to address whether [the plaintiff's] claims relate to wage orders" and "rel[ied] solely on the fact [that they] arose before January 1, 2020"). Here, by contrast, Plaintiff's expense reimbursement claim does *not* relate to Wage Order 9 because vehicle and phone expenses do not constitute "tools or equipment" within the meaning of the wage order. *See supra* at 9–10. What's more, the decision in *Goro* predated *McClatchy*, where the California Court of Appeal made clear that "claims for business-related transportation expenses brought pursuant to Labor Code section 2802 a[re] non-wage-order claims" to which *Borello* applies. *McClatchy*, 69 Cal. App. 5th at 934. The Court should follow the overwhelming weight of authority and hold that *Borello* governs Plaintiff's section 2802 claim for vehicle and phone expenses.

**C.     Assembly Bill 5 Does Not Expand *Dynamex* Retroactively.**

The subsequent enactment of AB5 does not change the analysis. In a single line buried in a footnote, Plaintiff posits that his "Section 2802 claim is also clearly covered by the ABC test from A.B. 5, which states that the ABC test governs for the purposes of 'the provisions of this code [the Labor Code].'" Mot. at 16 n.14 (citation omitted). But Plaintiff ceased using the Grubhub platform years before AB5's passage and does not present any legal argument or authority establishing that AB5

applies retroactively. This issue is thus waived. *See Robinson*, 621 F.3d at 1262 n.10 (finding waiver where the plaintiff "fail[ed] to address the issue in its opening brief except in a footnote"); *Foti v. McHugh*, 247 F. App'x 899, 901 (9th Cir. 2007) ("The summary mention of an issue in a footnote, without reasoning in support of the … argument, is insufficient to raise the issue[.]").

In any event, courts have uniformly concluded that "AB-5 is not retroactive." *Salter*, 2021 WL 5049054, at *6; *see also Henry*, 2021 WL 3187257, at *3; *Haitayan*, 2021 WL 757024, at *5. "A basic canon of statutory interpretation is that statutes do not operate retrospectively unless the Legislature plainly intended them to do so." *W. Sec. Bank v. Super. Ct.*, 15 Cal. 4th 232, 243 (1997). Nothing in the text or legislative history of AB5 suggests a "clear and unavoidable intent to have the statute retroactively impose liability." *McClung v. Emp. Dev. Dep't*, 34 Cal. 4th 467, 476 (2004). To the contrary, the legislature specified that AB5 "appl[ies] retroactively" only "[i]nosfar as the application of [its statutory exemptions] would *relieve* an employer from liability." Cal. Lab. Code § 2785(b) (emphasis added). Otherwise, AB5 governs only "work performed *on or after* January 1, 2020." *Id.* § 2785(c); *accord Lawson*, 13 F.4th at 912 (noting that AB5's "exemptions, unlike the rest of AB 5, … apply retroactively" (citation omitted)).

To the extent Plaintiff may argue that AB5 applies retroactively because it merely clarifies existing law, he is mistaken. AB5 "is declaratory of[] existing law" solely "with regard to wage orders of the [IWC] and violations of this code relating to wage orders." Cal. Lab. Code § 2785(a). But insofar as AB5 *expands* the holding of *Dynamex* beyond the wage order context, AB5 does not do so retroactively. *See id.* § 2785(c); *accord Lawson*, 13 F.4th at 917 ("AB 5 expanded the application of the ABC test to the rest of the Labor Code, but that expansion took effect only on January 1, 2020— long after Lawson stopped working for Grubhub."). Accordingly, because *Dynamex* does not extend to non-wage orders and AB5 does not apply retroactively, "the employee status of [Lawson] is, and was at the time [his] claims arose, determined by application of the *Borello* test." *McClatchy*, 69 Cal. App. 5th at 935.

### IV.   CONCLUSION

Consistent with the overwhelming weight of authority, the Court should hold that *Borello* continues to govern Plaintiff's classification for purposes of his expense reimbursement claim.

| | |
|---|---|
| Dated: May 12, 2022 | GIBSON, DUNN & CRUTCHER LLP |
| | By:  */s/ Theane Evangelis*<br>        Theane Evangelis |
| | Attorneys for Defendants<br>GRUBHUB HOLDINGS INC. and GRUBHUB INC. |