UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEF LAWSON,<br><br>        Plaintiff,<br><br>    v.<br><br>GRUBHUB, INC., et al.,<br><br>        Defendants. | Case No. 15-cv-05128-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 253, 272, 274, 289, 290 |

The Court denied without prejudice Plaintiff's motion for summary judgment, (Dkt. Nos. 253, 260), but construes the relevant portions as a motion for partial summary judgment on the legal question of whether the ABC test applies to Plaintiff's expense reimbursement claim, (Dkt. No. 253 at 22–25; Dkt. Nos. 269, 272, 274).[1] *See Lawson v. Grubhub, Inc.*, 13 F.4th 908, 917 (9th Cir. 2021) ("[W]e allow the trial court to decide in the first instance whether the ABC test applies to Lawson's expense reimbursement claim."). The Court also ordered supplementary briefing on the Ninth Circuit's recent decision in *Bowerman v. Field Asset Services, Inc.*, 39 F.4th 652 (9th Cir. 2022). (Dkt. Nos. 287, 289, 290.) Having carefully considered the parties' briefing, and with the benefit of oral argument on July 7, 2022, the Court DENIES Plaintiff's motion. The *Borello* standard applies to Plaintiff's expense reimbursement claim.

**BACKGROUND**

The operative complaint includes a claim for failure to reimburse business expenses in violation of California Labor Code § 2802 and associated penalties. (Dkt. No. 41 at 8–10.) Under Section 2802, "[a]n employer shall indemnify his or her employee for all necessary expenditures

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  or losses incurred by the employee in direct consequence of the discharge of his or her duties, or
2  of his or her obedience to the directions of the employer." Cal. Lab. Code § 2802(a). Plaintiff
3  alleges that because Defendants misclassified him as an independent contractor, they failed to
4  reimburse him for expenses, such as use of his vehicle and cell phone, as required if he were
5  properly classified as an employee.[2] A threshold question on this claim is whether Plaintiff was
6  properly or improperly classified as an independent contractor for purposes of Section 2802.

7  As of 2020, the ABC test governs whether a worker is an employee for purposes of a
8  Section 2802 claim. *Bowerman*, 39 F.4th at 665 n.11; *Lawson*, 13 F.4th at 917; *see* Cal. Lab.
9  Code §§ 2775(b), 2785(c). Previously, and at least prior to the California Supreme Court's
10 decision in *Dynamex Operations West v. Superior Court*, 416 P.3d 1 (Cal. 2018), the *Borello*
11 standard applied. *Estrada v. FedEx Ground Package Sys., Inc.*, 64 Cal. Rptr. 3d 327, 335 (Cal. Ct.
12 App. 2007); *see S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 769 P.2d 399 (Cal. 1989).
13 *Dynamex* focused on employee classification in the context of California's wage orders. 416 P.3d
14 at 5, 26, 40; *see id.* at 5 n.3 (explaining that "wage orders are constitutionally-authorized, quasi-
15 legislative regulations that have the force of law"). *Dynamex* "express[ed] no view" on the
16 question whether "the *Borello* standard is applicable to [a] cause of action under section 2802
17 insofar as that claim seeks reimbursement for business expenses other than business expenses
18 encompassed by the wage order." *Id.* at 7 n.5; *see Gonzales v. San Gabriel Transit, Inc.*, 253 Cal.
19 Rptr. 3d 681, 701 (Cal. Ct. App. 2019) ("*Dynamex* did not reach the question of whether the ABC
20 test applies to non-wage order related Labor Code claims."), *petition for review granted*, 456 P.3d
21 1 (Cal. 2020), *and dismissed*, 481 P.3d 1144 (Cal. 2021).

22 Plaintiff worked for Defendants in 2015 and 2016, a period for which, as the Ninth Circuit
23 explained when it remanded this case, the relevant legal standard was not "clearly settle[d]."
24 *Lawson*, 13 F.4th at 917. Thus, the issue on this motion for partial summary judgment is whether
25 the *Borello* standard or the ABC test explicated in *Dynamex* governs Plaintiff's Section 2802
26 claim.

---

[2] (*See* Dkt. No. 41 at 10; Dkt. No. 253 at 22 n.10 (representing that he seeks reimbursement of expenses related to *use* of vehicle, not purchase or rental).)

## DISCUSSION

The Ninth Circuit's recent decision in *Bowerman* settles the legal question here. There, the plaintiffs worked for a company that "contracts with vendors who perform" "pre-foreclosure property preservation for the residential mortgage industry." 39 F.4th at 657. They alleged the company willfully misclassified them as independent contractors rather than employees, resulting in a "failure to pay overtime compensation and to indemnify them for their business expenses." *Id.*

Considering which employment test would resolve the threshold question of misclassification, the Ninth Circuit explained:

> *Dynamex* did not purport to replace the *Borello* standard in every instance where a worker must be classified as either an independent contractor or an employee for purposes of enforcing California's labor protections. Rather, *Dynamex* was clear that it addressed only the issue of how to distinguish between employees and independent contractors with regard to those claims that derive directly from the obligations imposed by a wage order.

*Id.* at 664 (cleaned up). It then turned to the expense reimbursement claims:

> Here, the class members' expense reimbursement claims are not based on a California wage order, but on California Labor Code § 2802. Nor are they "rooted in" a California wage order, even though the class members belatedly invoked Wage Order 16-2001 in their class certification briefing.

*Id.* at 665 (cleaned up).

Wage Order 16, similarly to other wage orders, requires that "[w]hen the employer requires the use of tools or equipment or they are necessary for the performance of a job, such tools and equipment shall be provided and maintained by the employer." Cal. Code Regs. tit. 8, § 11160(8)(B). The court explained that the "tools and equipment" provision was not equivalent to Section 2802, and thus the provision did not operate to lend Wage Order 16's ABC test to the Section 2802 claims:

> Wage Order 16-2001 does not "cover most of the section 2802 violations alleged," and its provisions are not "equivalent or overlapping" with section 2802. *Gonzales*, 253 Cal. Rptr. 3d at 702, 704. Although section 2802 covers "all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties," Wage Order 16-2001 covers only "tools or equipment." Indeed, many expenses for which class

3

> members sought and recovered reimbursement at trial, including insurance, cellphone charges, dump fees, and mileage/fuel, are covered *only* by section 2802—*not* by Wage Order 16-2001's "tools and equipment" provision. Thus, *Borello*, not *Dynamex*, applies to the expense reimbursement claims.

39 F.4th at 665 (cleaned up). Thus, because the plaintiffs' Section 2802 claims were not based on or rooted in a wage order, the *Borello* standard applied.

*Bowerman* means that a Section 2802 claim is not "based on" a wage order. Nor is it "rooted in" a wage order if the applicable wage order does not require the employer to cover the expenses that are the basis for the Section 2802 claim. Here, Plaintiff's expense reimbursement claim is based on Section 2802, not the wage order applicable to his industry, Wage Order 9. (*See* Dkt. No. 41 at 8–10 (complaint citing Section 2802).) And Wage Order 9's potentially applicable provision substantially echoes Wage Order 16's: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer . . . ." Cal. Code Regs. tit. 8, § 11090(9)(B). Accordingly, *Bowerman*'s holding that expenses such as "cellphone charges" and "mileage/fuel" are not covered by Wage Order 16's "tools and equipment" provision applies equally to Wage Order 9's provision.

Plaintiff attempts to distinguish *Bowerman* by distinguishing Wage Order 16, which covers "on-site" workers in the construction, drilling, logging, and mining industries, from Wage Order 9, which covers the transportation industry and workers like Plaintiff. *See* Cal. Code Regs. tit. 8, §§ 11090, 11160. But *Bowerman*'s analysis was based on the language of the "tools and equipment" provision, not on the industrial context. Therefore, *Bowerman*'s interpretation of the provision applies equally to another wage order with a nearly identical provision.

The Court acknowledges that *Bowerman* did not cite the basis for its conclusion that expenses including "insurance, cellphone charges, dump fees, and mileage/fuel, are covered *only* by section 2802—*not* by Wage Order 16-2001's 'tools and equipment' provision." 39 F.4th at 665. And the Court is not aware of authority specifically concluding that Wage Order 9's "tools and equipment" provision would exclude claimed expenses for use of a vehicle and cell phone. *Compare Gonzales*, 253 Cal. Rptr. 3d at 706 (noting allegations that plaintiffs had to "install

4

equipment and provide tools to access [the] dispatch system," "obtain insurance," and "perform maintenance"), 701–04 (explaining that "failure to reimburse expenses . . . in violation of section 2802 is encompassed by Wage Order No. 9," but remanding to the trial court to consider in the first instance whether the plaintiffs' expense reimbursement claim was so encompassed), *with Salter v. Quality Carriers, Inc.*, No. CV 20-479-JFW(JPRx), 2021 WL 5049054, at *8 (C.D. Cal. Oct. 27, 2021) (holding that a vehicle itself is not a "tool" under Wage Order 9), *appeal docketed*, No. 21-56291 (9th Cir. Nov. 30, 2021), *and Estrada*, 64 Cal. Rptr. 3d at 344–47 (same).

Nonetheless, the Court is bound by *Bowerman*. *See Hart v. Massanari*, 266 F.3d 1155, 1170–71 (9th Cir. 2001). No California Court of Appeal has since issued a conflicting decision, nor has the California Supreme Court. *See Owen ex rel. Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) ("Our interpretation [of California law] was only binding in the absence of any subsequent indication from the California courts that our interpretation was incorrect.").

\* \* \*

Accordingly, the *Borello* standard applies to Plaintiff's expense reimbursement claim under Section 2802.

## CONCLUSION

Plaintiff's motion for partial summary judgment, (Dkt. No. 253 at 22–25), is DENIED. The Court will hold the further case management conference at 9:00 a.m. on September 15, 2022, by Zoom video.

This Order disposes of Docket No. 272 (Defendants' opposition).

**IT IS SO ORDERED.**

Dated: September 13, 2022

*[signature: Jacqueline Scott Corley]*

JACQUELINE SCOTT CORLEY
United States District Judge