SHANNON LISS-RIORDAN (State Bar No. 310719)
(sliss@llrlaw.com)
THOMAS FOWLER, *pro hac vice*
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

Attorneys for Plaintiff RAEF LAWSON

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEF LAWSON, individually and on behalf of all other similarly situated individuals, and in his capacity as Private Attorney General Representative<br><br>     Plaintiff,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>     Defendants. | Case No. 15-cv-05128 JSC<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS**<br><br>Date: June 1, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 8<br><br>Judge: Hon. Jacqueline Scott Corley<br>Action Filed: September 23, 2015<br>Trial Date: Not set |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND .................................................................................................. 2

III.    ARGUMENT ....................................................................................................... 4

        A.      This Court's Rule 52 Order Did Not Create Any Intra-Circuit Splits. .................. 4

                1.      Expense Deductions to Effective Hourly Rate. ........................................... 4

                2.      Compensable Time. ....................................................................................... 6

                3.      Prong B. ......................................................................................................... 7

        B.      This is Not the "Unusual Case" Warranting Entry of Final Judgment
                Under Rule 54(b). ....................................................................................................... 8

        C.      Grubhub Has Failed to Meet the Standard for Interlocutory Appeal Under
                28 U.S.C. § 1292(b). ................................................................................................ 10

        D.      Even if the Court Enters Final Judgment or Certifies its Order for
                Interlocutory Review, Grubhub's Request for a Stay Should Be Denied............. 13

IV.     CONCLUSION................................................................................................... 14

i

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128

# TABLE OF AUTHORITIES

**Cases**

APCC Servs., Inc. v. AT&T Corp.
297 F. Supp. 2d 101 (D.D.C. 2003) ................................................................. 11

Bowerman v. Field Asset Services, Inc.
39 F.4th 652 (9th Cir. 2022) ........................................................................... 3

Brenneise v. San Diego Unified Sch. Dist.
2008 WL 4853329 (S.D. Cal. Nov. 7, 2008) ................................................. 11

Brown v. Abercrombie & Fitch Co.
2015 WL 9690357 (C.D. Cal. July 16, 2015) ................................................. 5

Cases v. Victoria's Secret Stores, LLC
2015 WL 13446989 (C.D. Cal. Apr. 9, 2015) ................................................. 13

Coopers & Lybrand v. Livesay
437 U.S. 463 (1978) ....................................................................................... 10

Couch v. Telescope Inc.
611 F.3d 629 (9th Cir. 2010) ................................................................ 9, 11, 12

Curtiss-Wright Corp. v. Gen. Elec. Co.
446 U.S. 1 (1980) ......................................................................................... 8, 9

Dalton v. Lee Publications, Inc.
2011 WL 1045107 (S.D. Cal. Mar. 22, 2011) ................................................. 5

Doe #1 v. Trump
957 F.3d 1050 (9th Cir. 2020) ....................................................................... 13

Dynamex Operations West, Inc. v. Superior Court
4 Cal. 5th 903 (2018) ..................................................................................... 3

Flores v. Barr
977 F.3d 742 (9th Cir. 2020) ......................................................................... 13

Frlekin v. Apple Inc.
8 Cal. 5th 1038 (2020) ................................................................................... 3

Gelboim v. Bk. Of Am. Corp.
574 U.S. 405 (2015) ........................................................................................ 8

Getz v. Boeing Co.
2009 WL 3765506 (N.D. Cal. June 16, 2009) ............................................... 12

Guynn-Neupane v. Magna Legal Services, LLC
    2021 WL 4481661 (N.D. Cal. Sept. 30, 2021) ................................................................. 7

Haitayan v. 7-Eleven, Inc.
    2021 WL 4078727 (C.D. Cal. Sept. 8, 2021), aff'd, 2022 WL 17547805
    (9th Cir. Dec. 9, 2022) ..................................................................................................... 7

Hassell v. Uber Technologies, Inc.
    2020 WL 7173218 (N.D. Cal. Dec. 7, 2020) .................................................................... 4

ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union
    22 F.4th 1125 (9th Cir. 2022) ................................................................................... 10, 11

Ill. Union Ins. Co. v. Intuitive Surgical, Inc.
    2016 WL 5905935 (N.D. Cal. Oct. 11, 2016).................................................................. 11

In re Cement Antitrust Litigation
    673 F.2d 1020 (9th Cir. 1982) ................................................................................. 10, 12

In re Fullmer
    323 B.R. 287 (Bankr. D. Nev. 2005) .............................................................................. 13

In re Haynes
    2015 WL 13916994 (C.D. Cal. Dec. 16, 2015) ............................................................... 13

James v. Price Stern Sloan, Inc.
    283 F.3d 1064 (9th Cir. 2002) ....................................................................................... 10

Jewel v. National Sec. Agency
    810 F.3d 622 (9th Cir. 2015) ....................................................................................... 8, 9

Lawson v. Grubhub, Inc.
    13 F.4th 908 (9th Cir. 2021) ........................................................................................... 3

Lawson v. Grubhub, Inc.
    302 F. Supp. 3d 1071 (N.D. Cal. 2018) ........................................................................... 3

Lovett v. Omni Hotels Mgmt. Corp.
    No. 14-cv-02844-RS, 2016 WL 7732622 (N.D. Cal. Apr. 18, 2016)................................. 11

Morrison-Knudsen Co. v. Archer
    655 F.2d 962 (9th Cir. 1981) ........................................................................................... 8

Nicolas v. Uber Technologies, Inc.
    2021 WL 2016161 (N.D. Cal. My 20, 2021)..................................................................... 6

Nucci v. Rite Aid Corp.
    2020 WL 3187335 (N.D. Cal. June 14, 2020) ................................................................... 5

Reich v. Japan Enterprises Corp.
    91 F.3d 154 (9th Cir. 1996) ............................................................ 5

Sanchez v. AeroGroup Retail Holdings, Inc.
    2013 WL 1942166 (N.D. Cal. 2013) ............................................. 5

Spears v. Wash. Mut. Bk. FA
    2010 WL 54744 (N.D. Cal. Jan. 8, 2010) ....................................... 12

Steering Comm. v. United States
    6 F.3d 572 (9th Cir. 1993) .............................................................. 11

Syufy Enter. V. Am. Multi Cinema, Inc.
    694 F. Supp. 725 (N.D. Cal. 1988) ................................................ 13

Tsyn v. Wells Fargo Advisors, LLC
    2016 WL 1718139 (N.D. Cal. Apr. 29, 2016) ........................... 8, 11

Union County v. Piper Jaffray & Co.
    525 F.3d 643 (8th Cir. 2008) .......................................................... 12

United States v. Woodbury
    263 F.2d 784 (9th Cir. 1959) .......................................................... 10

Valdovinos v. McGrath
    2007 WL 2023505 (N.D. Cal. July 12, 2009) ................................ 10

Vazquez v. Jan-Pro Franchising Int'l, Inc.
    478 P.3d 1207 (Cal. 2021) ........................................................... 3, 7

Williams v. Alameda County
    2023 WL 2215792 (N.D. Cal. Feb. 24, 2023) ................................ 11

Winter v. Natural Res. Defense Council, Inc.
    555 U.S. 7 (2008) ........................................................................... 13

Wood v. GCC Bend, LLC
    422 F.3d 873 (9th Cir. 2005) ............................................................ 9

**Statutes**

28 U.S.C. § 1292 ..................................................................... 1, 9, 10, 14

Cal. Lab. Code § 1194 ........................................................................... 2

Cal. Lab. Code § 1197 ........................................................................... 2

Cal. Lab. Code § 1198 ................................................................................. 2

Cal. Lab. Code § 2775 ................................................................................. 3

Cal. Lab. Code § 2802 .............................................................................. 2, 3

Cal. Lab. Code § 510 ................................................................................... 2

Cal. Lab. Code § 554 ................................................................................... 2

Private Attorneys General Act ("PAGA")
      Cal. Lab. Code § 2698 *et seq.* ........................................................... 1

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128

## I.    INTRODUCTION

After nearly eight years of litigation spanning state and federal court and encompassing an appeal to the Ninth Circuit, this Court has finally determined that Plaintiff Raef Lawson was an employee of Defendant Grubhub Holdings, Inc. ("Grubhub") under the ABC test, that he is entitled to damages, and thus that he is an aggrieved employee for purposes of the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq*. Plaintiff is now at last ready to proceed to the next phase of the case, in which he will seek penalties against Grubhub in his representative capacity on behalf of the State of California and other Grubhub drivers across California. (Dkt. 313.)

However, Grubhub seeks to delay this matter even further by lodging a motion for certification of final judgment on Plaintiff's individual claims pursuant to Federal Rule of Civil Procedure 54(b) and/or for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Grubhub's requests for such certification and for a stay should be rejected outright, as Grubhub's brief does not establish an entitlement to the relief sought.

First, Grubhub's requests for certification are premised on the existence of "intra-circuit splits" arising from three holdings in the Court's recent Rule 52 order: (1) that Plaintiff's mileage expenses must be deducted when calculating his effective hourly rate, despite the fact that the Court denied Plaintiff's Section 2802 expense reimbursement claim under the <u>Borello</u> standard; (2) that the time Plaintiff spent "on-block", toggled available, and in-network but not performing deliveries was compensable; and (3) that Plaintiff's work of delivering food was clearly within the usual course of Grubhub's business. (Dkt. 317 at 2-4.) However, as discussed at length below, none of the three legal issues that Grubhub highlights are unsettled, and the Court's well reasoned application of settled law to the particular facts of this case did not create an intra-circuit split with respect to any of them.

Second, Grubhub has not carried its burden of showing that this is the exceptional case meriting the exercise of the Court's discretion to enter final judgment pursuant to Rule 54(b). Specifically, Plaintiff's individual claims are plainly not distinct from his representative PAGA

1

claims (indeed, they are virtually identical), and the interests of judicial economy do not favor the entry of final judgment where it is clear that Grubhub is going to appeal these issues to the Ninth Circuit again if it is granted certification now and loses on appeal.

Third, Grubhub has not established any of the factors required to warrant to interlocutory review under Section 1292(b). It has identified neither a controlling issue of law (indeed, it has arguably not even identified *an issue of law*) nor a substantial ground for difference of opinion on any of the three challenged orders.

Finally, there is no reason to enter a stay at this stage and further delay a case that has been pending *for nearly eight years*. The Court should not countenance Grubhub's transparent attempt to prevent the parties from proceeding to Phase Two, in which the Court will decide what penalties are owed to the State of California and similarly situated aggrieved employees under PAGA as a result of Grubhub's misclassification of drivers across California. For the reasons that follow, the Court should deny Grubhub's motion in its entirety.

## II.    BACKGROUND

This case has been pending since September 23, 2015, which asserted claims in state court that Grubhub misclassified delivery drivers across California as independent contractors and thereby violated the California Labor Code by failing to pay minimum wage (Cal. Lab. Code §§ 1197 and 1194), failing to pay a time-and-a-half overtime premium for hours worked in excess of forty per week or eight per day (Cal. Lab. Code §§ 1194, 1198, 510, and 554), and failing to reimburse necessary business expenses (Cal. Lab. Code § 2802). (Dkt. 1.). Shortly thereafter, the case was removed to this Court, and a PAGA claim was added. (Dkt. 1, Dkt. 41.) The parties stipulated to bifurcate the case by focusing first on whether Plaintiff was misclassified (and thus was an "aggrieved employee" under PAGA) and deferring the question of what PAGA penalties may be owed on account of Grubhub's misclassification of California drivers. (Dkt. 122.)

The Court presided over a bench trial on Plaintiff's claims from September 5-12, 2017, and issued its decision on February 8, 2018, determining that Plaintiff was properly classified as

an independent contractor under <u>Borello</u>. <u>See</u> <u>Lawson v. Grubhub, Inc.</u>, 302 F. Supp. 3d 1071 (N.D. Cal. 2018). While Plaintiff's appeal of that decision was pending, the California Supreme Court issued its decision in <u>Dynamex Operations West, Inc. v. Superior Court</u>, 4 Cal. 5th 903 (2018), in which it adopted the Massachusetts ABC test, supplanting <u>Borello</u>. Accordingly, three years later, after the California Supreme Court ruled that <u>Dynamex</u> was retroactive, <u>see</u> <u>Vazquez v. Jan-Pro Franchising Int'l, Inc.</u>, 478 P.3d 1207 (Cal. 2021), the Ninth Circuit vacated this Court's holding that Plaintiff was properly classified as an independent contractor on September 20, 2021. <u>See</u> <u>Lawson v. Grubhub, Inc.</u>, 13 F.4th 908, 916–17 (9th Cir. 2021).

On September 13, 2022, the Court held that the <u>Borello</u> standard applied to Plaintiff's claim for failure to reimburse business expenses under Cal. Lab. Code § 2802 and found that he was properly classified as an independent contractor under that test.[1] (Dkt. 292.) However, on March 30, 2023, the Court held that <u>Dynamex</u>'s ABC test applied to Plaintiff's minimum wage and overtime claims and found that he was in fact an employee of Grubhub for purposes of these claims. (Dkt. 313.) In so holding, the Court found that Grubhub could not meet Prong B of the ABC test because Plaintiff's work of delivering food was clearly within "the usual course" of Grubhub's business of facilitating food ordering from restaurants. Cal. Lab. Code § 2775(b)(1)(B). The Court also held that time when Plaintiff was on-"block", available, and in-network but not performing deliveries was compensable work time under <u>Frlekin v. Apple Inc.</u>, 8 Cal. 5th 1038 (2020), and that mileage expenses may be properly deducted from Plaintiff's effective hourly rate calculation.

Having determined Plaintiff's employment status for each individual cause of action, as well as what type of damages he may seek, the Court has now resolved all issues relevant to Phase One of this case, and the parties are prepared to move on to Phase Two.

---

[1]    Plaintiff reserves the right to appeal the Court's holding that the <u>Borello</u> standard governs Section 2802 claims pursuant to the Ninth Circuit's decision in <u>Bowerman v. Field Asset Services, Inc.</u>, 39 F.4th 652 (9th Cir. 2022), as opposed to the ABC test explicated in <u>Dynamex</u>.

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128

**III.    ARGUMENT**

    **A.    This Court's Rule 52 Order Did Not Create Any Intra-Circuit Splits.**

    In its motion, Grubhub maintains that the Court's Rule 52 order created three intra-circuit splits. In fact, none of the three legal issues that Grubhub highlights are unsettled, and the Court's well reasoned application of settled law to the particular facts of this case did not create any such split.

    **1.    Expense Deductions to Effective Hourly Rate.**

    First, Grubhub argues that the Court's ruling that Plaintiff's mileage expenses must be deducted when calculating his effective hourly rate, despite the fact that the Court denied Plaintiff's Section 2802 expense reimbursement claim under the <u>Borello</u> standard, created an intra-circuit split in light of <u>Hassell v. Uber Technologies, Inc.</u>, 2020 WL 7173218 (N.D. Cal. Dec. 7, 2020). Grubhub is wrong for several reasons. This Court addressed and rejected <u>Hassell</u> in its Rule 52 order, correctly acknowledging that it is a thinly reasoned outlier. (Dkt. 313 at 29.) Indeed, "<u>Hassell</u>'s reasoning" (Dkt. 317 at 3) consists of a single unsubstantiated sentence *in a ruling on a motion to dismiss* where the plaintiff failed to plausibly allege that he even incurred any expenses. See <u>Hassell</u>, 2020 WL 7173218 at *3 ("[P]laintiff fails to allege that he, in particular, incurred any expense when making deliveries or that defendant failed to reimburse him for any such expenses."); <u>id.</u> at *4 ("Absent a right to reimbursement for the mileage expenses deducted, the court does not see any basis to permit plaintiff to count such expenses toward his effective wage rate."). That is plainly distinguishable from this case, where Plaintiff has proved that he incurred expenses at trial and in post-trial briefing, and the issue of his right to reimbursement for them under Section 2802 turns on his employment status under the applicable legal test.

    Even if one were to charitably accept that <u>Hassell</u>'s reasoning conflicts with that of this Court, it would be an outlier in a sea of Ninth Circuit cases that have held that, where expenses reduce an employee's pay below the minimum wage, the employee suffers a minimum wage violation regardless of whether there is an independent violation of § 2802. See, e.g., <u>Brown v.</u>

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128

1  Abercrombie & Fitch Co., 2015 WL 9690357, at *8 (C.D. Cal. July 16, 2015) ("An employee

2  who has ostensibly been paid the minimum wage but has been required to make an expenditure

3  which reduces the employee's net income below the minimum wage is, in essence, in the same

4  position as an employee who was paid less than the minimum wage at the outset. Both have been

5  required to satisfy their living expenses with less than the minimum wage.") (internal quotation

6  omitted); Nucci v. Rite Aid Corp., 2020 WL 3187335, at *16 (N.D. Cal. June 14, 2020) (same);

7  Sanchez v. AeroGroup Retail Holdings, Inc., 2013 WL 1942166, *10-11 (N.D. Cal. May 8,

8  2013) ("[T]he availability of a cause of action for reimbursed expenses under Section 2802 does

9  not persuade the Court that the Legislature did not also intend that employers would be liable

10  under the minimum wage laws where the employer also caused the employee to bear expenses

11  which cause the employee's net wages to fall below the minimum wage law."); Dalton v. Lee

12  Publications, Inc., 2011 WL 1045107, at *4 (S.D. Cal. Mar. 22, 2011) (denying summary

13  judgment to the employer on a minimum wage case without considering viability of a claim

14  under § 2802, explaining "when expenses for bundling the newspapers and driving sixty miles a

15  day are taken into account, Plaintiff was only paid $6 an hour, below California's $8 minimum

16  wage); see also Reich v. Japan Enterprises Corp., 91 F.3d 154, at *6 (9th Cir. 1996) (holding

17  nightclub liable for FLSA minimum wage violation where the expenses incurred by dancers'

18  purchasing cocktail dresses they wore at work brought their pay below minimum wage).

19      Those cases recognize the established rule that the failure to reimburse expenses under

20  Section 2802 and the failure to pay minimum wage by causing an employee to incur expenses

21  constitute two separate, divisible wrongs that are governed by different legal standards. See

22  Sanchez, 2013 WL 1942166 at *11 ("An employer who causes an employee to bear expenses

23  which reduce the employee's net pay below the minimum wage has committed two wrongs.

24  First, the employer has not reimbursed the employee for expenses as required by Section 2802.

25  Second, the employer has caused the employee to have to satisfy the employee's living expenses

26  with less than the minimum wage."). A single exception to that rule is not indicative of an intra-

27  circuit split.

28

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128

### 2.  **Compensable Time.**

Next, Grubhub contends that the Court's ruling that the time Plaintiff spent "on-block", toggled available, and in-network but not performing deliveries was compensable created an intra-circuit split with Nicolas v. Uber Technologies, Inc., 2021 WL 2016161, at *5 (N.D. Cal. My 20, 2021). However, the Court addressed Nicolas in its application of the Frlekin control factors and determined that it was factually distinguishable from this case. (Dkt. 313 at 22-25.) While it is true that Nicolas held that time spent "logged onto the Uber App waiting for requests between rides" was not "compensable under either the subject to control or suffered or permitted to work clause in Wage Order 4[]", 2021 WL 2016161, the Nicolas drivers, unlike Plaintiff, were not contractually required to wait for requests between rides or instructed to accept incoming orders.[2] (Dkt. 313 at 24.) The Court further distinguished this case from Nicolas because Grubhub's requirement that Plaintiff spend time on-block and available primarily benefited Grubhub insofar as it used the block system to structure its on-demand delivery business, whereas there is no such requirement that Uber drivers make themselves available for particular blocks of time. (Dkt. 313 at 24.) That Grubhub disagrees with the Court's application of settled law to the particular facts of this case does not suggest that there is an intra-circuit split.[3]

---

[2]  Grubhub argues that this aspect of the Court's holding cannot be reconciled with Nicolas because "[a]lthough … Lawson may have briefly been subject to an agreement prohibiting him from rejecting orders while on block—thereby requiring him to wait for requests between deliveries—that instruction was eliminated shortly after Lawson began using the Grubhub platform." (Dkt. 317 at 9.) However, the Court *did* reconcile its holding with Nicolas on this issue, noting that "notwithstanding the amended agreement removed the instruction that Mr. Lawson not reject incoming orders or be otherwise unavailable, that instruction remained a practical feature of his employment" where the very reason given for Plaintiff's termination was that he did not make himself available to receive orders during the delivery blocks that he signed up for." (Dkt. 313 at 24, 25.)

[3]  Grubhub drivers are distinguishable from Uber drivers on at least one other ground. Grubhub drivers are required to (and as a practical matter often do) accept nearly every incoming order to receive a "trued up" guaranteed minimum rate. (Dkt. 217 ¶¶ 74-76, Dkt. 305 at 15, Dkt. 313 at 6.) The same is not true of Uber drivers' acceptance of rides. See Nicolas, 2021 WL 2016161 at *5-7.

**3.**     **Prong B.**

Finally, Grubhub takes issue with the Court's Prong B analysis, arguing that its determination that Plaintiff's work was "necessary" to Grubhub's business conflicts with Haitayan v. 7-Eleven, Inc., 2021 WL 4078727, at *17 (C.D. Cal. Sept. 8, 2021), aff'd, 2022 WL 17547805 (9th Cir. Dec. 9, 2022), and Guynn-Neupane v. Magna Legal Services, LLC, 2021 WL 4481661, at *29 (N.D. Cal. Sept. 30, 2021). (Dkt. 317 at 10.) This argument is nonsense. Like Nicolas, the Court addressed both Haitayan and Guynn-Neupane and found that they were distinguishable.

Grubhub's analogy to Haitayan, in which operating stores was held not to be in 7-Eleven's usual course of business where 7-Eleven operated only 1-2.5% of its stores in California, was "apples to oranges" for multiple reasons, including: (1) that Grubhub misleadingly relied on nationwide statistics of orders fulfilled by Grubhub drivers (2-3%) as opposed to the equivalent California statistics (11-12%); (2) that Haitayan did not even rely on the 1-2.5% statistic in finding that franchisees were not employees; and (3) that Haitayan's Prong B analysis emphasized the ways in which franchising as a form of business is distinct from operating a store, whereas Grubhub's restaurant food delivery business is not comparably distinct from its restaurant food ordering business. (Dkt. 313 at 15-16.)

Regardless, as the Court correctly emphasized, Prong B simply does not require that the putative employee's business constitute the majority or even a substantial proportion of the employer's business, making this very inquiry unnecessary. See Vazquez, 478 P.3d at 1215–16. And Grubhub's analogy to Guynn-Neupane is simply farfetched. That case involved a mock juror who served as a "test subject providing data" for a court consulting firm for one day and whose job performance evidently had no impact on the consulting firm revenues. See Guynn-Neupane, 2021 WL 4481661 at *29. That context is plainly different from a driver performing deliveries for Grubhub's food delivery business.

Again, Grubhub has not identified a circuit split with respect to the Court's Prong B analysis; it merely disagrees with the Court's application of settled law to the facts of this case.

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128

**B.      This is Not the "Unusual Case" Warranting Entry of Final Judgment Under Rule 54(b).**

Certification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court.  See Curtiss-Wright Corp. v. Gen. Elec. Co. 446 U.S. 1, 10 (1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). As the party seeking certification, Grubhub bears the burden of convincing the Court that this is the unusual case meriting the exercise of discretion pursuant to Rule 54(b). None of the three reasons it cites suffice to overcome the presumption against certification.

First, Plaintiff's individual claims are not, in fact "distinctly separate" from his representative PAGA claims. Jewel v. National Sec. Agency, 810 F.3d 622, 628 (9th Cir. 2015) ("[Rule 54(b) 'was adopted … specifically to avoid the possibility of injustice of delay[ing] judgment o[n] a *distinctly separate* claim [pending] adjudication of the entire claim …'") (citing Gelboim v. Bk. Of Am. Corp., 574 U.S. 405, 409–10 (2015)). Indeed, the claims that Plaintiff brings in his individual capacity are virtually identical—both legally and factually—to those that he asserts as a representative on behalf of similarly situated aggrieved employees of Grubhub who make up the class of individuals eligible to recover under PAGA. This fact alone counsels in favor of denying Grubhub's request for certification. See Morrison-Knudsen Co., 655 F.2d at 965 ("A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings."); see also Tsyn v. Wells Fargo Advisors, LLC, 2016 WL 1718139, at *2 (N.D. Cal. Apr. 29, 2016) (denying Rule 54(b) certification due to the factual and legal overlap between claims).

Second, and relatedly, the interests of judicial economy do not favor the entry of final judgment. The primary concern in this regard is the need "'to prevent piecemeal appeals in cases

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128

which should be reviewed only as single units.'" <u>Jewel</u>, 810 F.3d at 628 (quoting <u>Curtiss-Wright</u>,

446 U.S. at 10). Critically, the Ninth Circuit has recognized that, "[t]he greater the overlap

[between claims] the greater the chance that this court will have to revisit the same facts—spun

only slightly differently—in a successive appeal." <u>Wood v. GCC Bend, LLC</u>, 422 F.3d 873, 882

(9th Cir. 2005). That is exactly what is going to happen here if the Court enters final judgment as

to some or all of Plaintiff's individual claims. For example, if the Court enters final judgment as

to Plaintiff's employment status under the ABC test, Grubhub will appeal the Court's application

of Prong B. Assuming that Grubhub loses on appeal and this case proceeds to Phase Two, the

Court will have to make an identical determination, applying the same legal standard to

substantially overlapping facts, with respect to the employment status of similarly situated

drivers who are eligible to recover under PAGA. The Court will likely find that those drivers are

also employees under the ABC test, and Grubhub will inevitably appeal that determination,

bringing the same facts and legal issues before Ninth Circuit for the second time.

      Perhaps more to the point, this case has been pending since 2015 and has already come

before the Ninth Circuit. Now, at long last, the parties are finally ready to proceed to the final

stage of litigation, at which all claims and legal issues will be resolved. There is no just reason to

further delay a final determination on the merits with piecemeal appeals.

      Third, as discussed at length elsewhere in this brief, Grubhub has not identified any novel

legal issues or intra-circuit splits meriting immediate review. <u>See</u> <u>supra</u> § III(A); <u>infra</u> § III(C). It

simply disagrees with the Court's application of settled law to the particular facts of this case,

pointing to a handful of cases that this Court distinguished on the facts in its Rule 52 order as

evidence of splits within the Circuit. But just as "[a] party's strong disagreement with the Court's

ruling is not sufficient for there to be a 'substantial ground for difference'" warranting

interlocutory appeal under 28 U.S.C. § 1292(b), neither does it suggest that the Court addressed

contentious and novel legal issues in its order. <u>See</u> <u>Couch v. Telescope Inc.</u>, 611 F.3d 629, 633

(9th Cir. 2010).

      For all of these reasons, the Court should deny Grubhub's motion to enter judgment as to

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128

1  Plaintiff's individual claims under Rule 54(b).

2  **C.  Grubhub Has Failed to Meet the Standard for Interlocutory Appeal Under 28 U.S.C. § 1292(b).**

3  Certification under Section 1292(b) is "to be applied sparingly and only in exceptional

4  cases." <u>United States v. Woodbury</u>, 263 F.2d 784, 788 n.11 (9th Cir. 1959); <u>see also</u> <u>ICTSI Or.,

5  Inc. v. Int'l Longshore & Warehouse Union</u>, 22 F.4th 1125, 1130 (9th Cir. 2022) ("Under 28

6  U.S.C. § 1292(b) parties may take an interlocutory appeal when 'exceptional circumstances

7  justify a departure from the basic policy of postponing appellate review until after the entry of a

8  final judgment.'") (quoting <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978)); <u>James v.

9  Price Stern Sloan, Inc.</u>, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Because § 1292(b) is a

10  departure from the normal rule that only final judgments are appealable, the statute 'must be

11  construed narrowly.'") (internal citation omitted); <u>In re Cement Antitrust Litigation</u>, 673 F.2d

12  1020, 1026 (9th Cir. 1982) (Section 1292(b) certification only appropriate in "exceptional

13  situations in which allowing an interlocutory appeal would avoid protracted and expensive

14  litigation"). The party seeking interlocutory review must show that the court's order meets each

15  of three requirements: (1) the order presents a controlling question of law; (2) as to which there

16  are substantial grounds for difference of opinion; and (3) an immediate resolution of that

17  question may materially advance the ultimate termination of the litigation. <u>See</u> <u>ICTSI Or.</u>, 22

18  F.4th at 1130; <u>see also</u> <u>Valdovinos v. McGrath</u>, 2007 WL 2023505, at *2 (N.D. Cal. July 12,

19  2009) ("The court should construe the requirements for certification strictly, and grant a motion

20  for certification only when exceptional circumstances warrant such an action."). Grubhub cannot

21  carry its burden of meeting any of these requirements.

22  First, at least two of the three legal issues discussed above—whether the time Plaintiff

23  spent "on-block", toggled available, and in-network but not performing deliveries was

24  compensable, and whether Plaintiff's work was necessary to Grubhub's business—do not present

25  controlling questions of law. In fact, they aren't even questions of law; they are mixed questions

26  of law and fact. "A mixed question of law and fact, such as one that requires applying legal

27

28

standards to the facts of the case, is not by itself appropriate for certification." <u>Williams v. Alameda County</u>, 2023 WL 2215792, at *2 (N.D. Cal. Feb. 24, 2023) (citing <u>ICTSI Or.</u>, 22 F.4th at 1131–32; <u>Steering Comm. v. United States</u>, 6 F.3d 572, 575–76 (9th Cir. 1993); <u>Ill. Union Ins. Co. v. Intuitive Surgical, Inc.</u>, 2016 WL 5905935, at *2–3 (N.D. Cal. Oct. 11, 2016) (denying interlocutory appeal where movant argued only for certification of a mixed question of law and fact in an order denying summary judgment); <u>Lovett v. Omni Hotels Mgmt. Corp.</u>, No. 14-cv-02844-RS, 2016 WL 7732622, at *2 (N.D. Cal. Apr. 18, 2016) (a summary-judgment order about "material disputes of fact" did not "present[ ] clean controlling questions of law for appellate review")). Those are exactly the types of questions that Grubhub is asking this Court to certify: Did the Court correctly apply the <u>Frlekin</u> factors in determining that Grubhub exercised control of Plaintiff while "on-block" and toggled available but not performing deliveries?  And did the Court properly apply Prong B of the ABC test in determining that Plaintiff's work was in the usual course of Grubhub's business? Courts within this Circuit have held that a mixed question of law and fact is certifiable only where it is "coupled with a 'pure legal question,' such as whether the district court applied the correct legal standard[.]" <u>Id.</u> (citing <u>Steering Com.</u>, 6 F.3d at 575–76). For at least the two issues identified above, Grubhub has plainly failed to identify a pure legal question.

Second, Grubhub has not identified substantial grounds for difference opinion with respect to any of those three issues. "A 'substantial ground for dispute … exists where a court's challenged decision conflicts with the decisions of several other courts.'" <u>Brenneise v. San Diego Unified Sch. Dist.</u>, 2008 WL 4853329, at *7 (S.D. Cal. Nov. 7, 2008) (quoting <u>APCC Servs., Inc. v. AT&T Corp.</u>, 297 F. Supp. 2d 101, 107 (D.D.C. 2003)).  Here, Grubhub has identified just one allegedly conflicting case for each of the effective hourly rate and compensable time issues that it seeks to certify. A single contradictory decision is plainly insufficient to constitute a *substantial* ground for difference opinion.  See <u>Tsyn</u>, 2016 WL 1718139 at *4  ("[I]t would not warrant a § 1292(b) appeal simply because another district court reached a difference decision in a broadly similar case."); <u>see also</u> <u>Couch</u>, 611 F.3d at 633) ("[J]ust because counsel contends that

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS

1  one precedent rather than another is controlling does not mean there is such a substantial

2  difference of opinion as will support an interlocutory appeal."); Spears v. Wash. Mut. Bk. FA,

3  2010 WL 54744, *3 (N.D. Cal. Jan. 8, 2010) ("[T]hat one district court came to a different

4  conclusion on the same issue is insufficient to establish a substantial ground for difference of

5  opinion.") (citing Cement Antitrust, 673 F.2d at 1026).

6          Grubhub fares only slightly better with the Prong B issue, where it identifies two

7  "conflicting cases", noting that "there are relatively few decisions" that address Prong B. (Dkt.

8  317 at 8.). Putting aside the fact that these cases do not actually conflict with the Court's decision

9  on Prong B for the reasons discussed in its order, see supra § III(A)(3), there are two other

10  problems with Grubhub's analysis. First, as discussed immediately above, this is a question of

11  mixed law and fact addressing the application of the ABC test, and "[t]hat settled law might be

12  applied differently does not establish a substantial ground for difference of opinion." Couch, 611

13  F.3d at 633; see also Getz v. Boeing Co., 2009 WL 3765506, at *3 (N.D. Cal. June 16, 2009)

14  ("[T]hat other district courts have interpreted [a particular case] in the manner advocated by

15  Defendants does not provide a substantial ground for difference of opinion on controlling

16  questions of law."). Second, "a dearth of cases does not constitute 'substantial ground for

17  difference of opinion.'" Couch, 611 F.3d at 633 (quoting Union County v. Piper Jaffray & Co.,

18  525 F.3d 643, 647 (8th Cir. 2008)). Thus, Grubhub's failure to identify more than two allegedly

19  conflicting opinions cannot be excused.

20          Finally, certification of the Court's orders would not materially advance the termination

21  of this litigation. On the contrary, it is clear that Grubhub is going to appeal the Court's orders

22  every step of the way in this case. For the same reasons discussed above, see supra § III(B),

23  certifying the Court's Rule 52 orders for interlocutory appeal now will almost certainly result in

24  duplicative appeals to the Ninth Circuit that address the same legal issues and virtually identical

25  facts. The only scenario in which that is not inevitable is the one in which Grubhub wins on all

26  three issues on appeal, which is unlikely given the dearth of authority supporting its positions.

27  See supra § III(A). Thus, certification now would only prolong the resolution of a case that has

28

been pending for nearly eight years already. <u>See</u> <u>Syufy Enter. V. Am. Multi Cinema, Inc.</u>, 694 F. Supp. 725, 729 (N.D. Cal. 1988) (certification under Section 1292(b) is not appropriate where it "would prolong litigation rather than advance its resolution."). For that reason, Grubhub's motion for certification under Section 1292(b) should be denied.

**D.    Even if the Court Enters Final Judgment or Certifies its Order for Interlocutory Review, Grubhub's Request for a Stay Should Be Denied.**

"[A] discretionary stay pending appeal is viewed as an extraordinary remedy." <u>In re Haynes</u>, 2015 WL 13916994, at *1 (C.D. Cal. Dec. 16, 2015) (quoting <u>In re Fullmer</u>, 323 B.R. 287, 293 (Bankr. D. Nev. 2005)). While Grubhub is correct that the Court has "broad discretion to decide whether a stay is appropriate[,]" <u>Cases v. Victoria's Secret Stores, LLC</u>, 2015 WL 13446989, at *5 (C.D. Cal. Apr. 9, 2015), it has not carried its burden of showing that the balance of factors weigh in favor of granting this extraordinary remedy. <u>See</u> <u>Flores v. Barr</u>, 977 F.3d 742, 745 (9th Cir. 2020) ("A party requesting a stay pending appeal 'bears the burden of showing that the circumstances justify an exercise of [judicial] discretion.'") (quoting <u>Doe #1 v. Trump</u>, 957 F.3d 1050, 1058 (9th Cir. 2020)). The party seeking a stay must make a four-part showing: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of hardships tips in his favor, and [4] that an injunction is in the public interest." <u>In re Haynes</u>, 2015 WL 13916994 at *1 (citing <u>Winter v. Natural Res. Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008)); <u>see also</u> <u>Flores</u>, 977 F.3d at 745–46. Here, Grubhub has failed to allege that any of these requirements could conceivably be met in its favor, and has therefore not carried its burden.

Instead, Grubhub relies on the same flawed arguments that underpin its Rule 54(b) and Section 1292(b) requests: that the Court's orders present controlling issues of law over which the district courts are split, and their immediate resolution will conserve both the Court's and the parties' time and resources. Plaintiff has addressed those arguments elsewhere in this brief, and they should be rejected here for the same reasons discussed above. <u>See</u> <u>supra</u> §§ III(A)-(C). More fundamentally, though, Grubhub's request for a stay should be rejected because this case has

been pending for *nearly eight years*. Since the California Supreme Court adopted the ABC test

Dynamex, Grubhub has attempted to delay this case from reaching the merits. This matter has

been delayed long enough, and there is no reason to delay any further before proceeding to Phase

Two.

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Grubhub's request to enter Rule 54(b)

final judgment as to Plaintiff's expense reimbursement, minimum wage, and overtime claims, or

in the alternative to certify those orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

This case should now proceed to the penalty phase.


Dated: May 15, 2023                      Respectfully submitted,

                                         RAEF LAWSON, individually and on
                                         behalf of all other similarly situated
                                         individuals, and in his capacity as
                                         Private Attorney General Representative

                                         By his attorneys,

                                         /s/ Shannon Liss-Riordan
                                         Shannon Liss-Riordan (State Bar No. 310719)
                                         Thomas Fowler, *pro hac vice*
                                         LICHTEN & LISS-RIORDAN, P.C.
                                         729 Boylston Street, Suite 2000
                                         Boston, MA 02116
                                         (617) 994-5800
                                         Email: sliss@llrlaw.com; tfowler@llrlaw.com

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served by electronic filing on May 15, 2023, on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

PLAINTIFF'S BRIEF IN OPPOSITION TO GRUBHUB'S MOTION
TO ENTER JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B) OR CERTIFY
AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND STAY PROCEEDINGS
CASE NO. 3:15-cv-05128