UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAEF LAWSON,

    Plaintiff,

v.

GRUBHUB, INC., et al.,

    Defendants.

Case No. 15-cv-05128-JSC

**ORDER RE: MOTION FOR ENTRY OF JUDGMENT**

Re: Dkt. No. 317

Before the Court is Grubhub's motion for entry of judgment under Federal Rule of Civil Procedure 54(b), or in the alternative to certify an interlocutory appeal under 28 U.S.C. § 1292(b) and to stay. (Dkt. No. 317.)[1] Having carefully considered the briefing, the Court determines oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the June 8, 2023 hearing, and DENIES the motion.

### BACKGROUND

The operative complaint has five counts. (Dkt. No. 41.) On behalf of himself and "all similarly situated individuals," Mr. Lawson brings claims for expense reimbursement, minimum wage, overtime, violation of California's Unfair Competition Law ("UCL"), and civil penalties under California's Private Attorneys General Act ("PAGA"). (*Id.* at 8–10; *see* Dkt. No. 70 at 4 n.1; Dkt. No. 78.)

The parties stipulated to bifurcate the case. (Dkt. No. 122.) The first phase would address Mr. Lawson's individual claims and whether he is an "aggrieved employee" who can represent similarly situated individuals under PAGA; that is, whether he suffered a California Labor Code

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    violation.  Assuming the Court found he suffered at least one violation, the second phase would

2    address the PAGA penalties claim.  *See Lawson v. Grubhub, Inc.* ("*Lawson II*"), 13 F.4th 908, 910

3    (9th Cir. 2021).  The Court held a bench trial on phase one in 2017 and entered judgment for

4    Grubhub on counts one, two, and three (expense reimbursement, minimum wage, and overtime).

5    (Dkt. Nos. 221, 222); *Lawson v. Grubhub, Inc.* ("*Lawson I*"), 302 F. Supp. 3d 1071 (N.D. Cal.

6    2018).  On appeal, the Ninth Circuit vacated the judgment in light of intervening developments in

7    California law and remanded.  *Lawson II*, 13 F.4th at 916–17.

8         As to count one (expense reimbursement), the Ninth Circuit remanded the issue whether

9    the *Borello* standard or the ABC test determines whether Plaintiff is an "employee" entitled to

10   expense reimbursement.  *Id.* at 917.  As to counts two (minimum wage) and three (overtime), the

11   Ninth Circuit held the ABC test governs, unless an exemption applies, and remanded for the Court

12   to apply the test.  *See Lawson II*, 13 F.4th at 916–17.

13        Following remand, this Court concluded in an order on Plaintiff's motion for partial

14   summary judgment that the *Borello* standard governs the expense reimbursement claim; thus, the

15   Court's previous finding that Mr. Lawson was not an employee under that standard governs

16   disposition of that claim.  (Dkt. No. 292; *see* Dkt. No. 313 at 28 & n.7.)  As for the minimum

17   wage and overtime claims, the Court gave the parties the opportunity to supplement the record and

18   submit Federal Rule of Civil Procedure 52 briefs.  The Court then found Grubhub had not met its

19   burden to show the business-to-business exemption applies and had not met its burden to establish

20   Prong B of the ABC test.  Accordingly, Mr. Lawson is an employee for purposes of those claims.

21   (Dkt. No. 313.)  The Court also found Mr. Lawson is entitled to judgment on his minimum wage

22   claim, but that Grubhub is entitled to judgment on Mr. Lawson's overtime claim.  (*Id.* at 34.)  The

23   Court has not yet adjudicated phase two—the PAGA penalties claim.

24        Grubhub now seeks entry of separate judgment on Plaintiff's individual expense

25   reimbursement, minimum wage, and overtime claims.  (Dkt. No. 317.)  Alternatively, Grubhub

26   asks the Court to certify for interlocutory appeal its orders on Plaintiff's motion for partial

27   summary judgment and on the parties' Rule 52 briefs.  (*See* Dkt. Nos. 292, 313.)  And, if either

28   request is granted, Grubhub asks the Court to stay the PAGA penalties claim until the appeal is

United States District Court
Northern District of California

1  resolved.

## DISCUSSION

### I.  Entry of Judgment

Generally, the U.S. Courts of Appeals have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291; *see Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627 (9th Cir. 2015) ("the foundational rule [is] that generally we have jurisdiction to hear an appeal only if it arises from a final order"). Rule 54(b) is an "important exception." *Jewel*, 810 F.3d at 627. Under the Rule, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved," a court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b).

There are two requirements. First, the order adjudicating fewer than all the claims in the case must be an "ultimate disposition," "sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Second, there must be "no just reason for delay." *Jewel*, 810 F.3d at 628 (quoting Fed. R. Civ. P. 54(b)). The second requirement considers both the parties' interests and "judicial administrative interests" to "assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (cleaned up). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

The Court's orders are an ultimate disposition of Mr. Lawson's individual claims, other than his own PAGA penalties claim. His expense reimbursement claim fails because he is not an employee under *Borello* and therefore is not entitled to expense reimbursement under Cal. Lab. Code § 2802. (Dkt. No. 292.) He is entitled to judgment on his minimum wage claim because he is an employee under the ABC test, with damages in the amount of $65.11. (Dkt. No. 313.) His overtime claim fails because although he is an employee under the ABC test, he did not suffer

3

overtime damages.  (*Id.*)

However, Mr. Lawson's individual claims are not "sufficiently divisible" from the unresolved PAGA penalties claim.  *Curtiss-Wright*, 446 U.S. at 7.  First, the PAGA penalties claim is unresolved as to the specific violations Mr. Lawson suffered, so there is complete overlap between that aspect of the PAGA penalties claim and the claims on which Grubhub seeks to enter judgment.  *See Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1915 (2022) ("[PAGA] gives employees a right to assert the State's claims for civil penalties on a representative basis, but it does not create any private rights or private claims for relief.").  The rest of the PAGA penalties claim also overlaps almost entirely with Mr. Lawson's individual claims: they all arise from the legal right to be classified as an employee and paid accordingly.  *See Wood*, 422 F.3d at 882 ("the only legal right asserted is the right not to be discriminated against on account of age").  The exact same law applies: *Borello* governs the expense reimbursement claim, the ABC test governs the minimum wage and overtime claims, and the business-to-business exemption may be available.  The facts overlap a lot: Grubhub's policies, business model, and operations will be as integral to the remaining claims as to Mr. Lawson's.  The main differences are each worker's hours, pay, potential operation of her own bona fide delivery business, and how she spent her "on-block" time.  (*See* Dkt. No. 313.)  But even those differences go to core areas of overlap: whether a worker is an employee under the ABC test, whether the business-to-business exemption applies, and whether certain on-block time is compensable work time.

Resolution of those questions for Mr. Lawson cannot be cleanly separated from resolution of the PAGA penalties claim.  *See Curtiss-Wright*, 446 U.S. at 10 (noting the district court must analyze "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units"); *e.g.*, *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 1718139, at *2–3 (N.D. Cal. Apr. 29, 2016) (denying Rule 54(b) judgment where dismissed federal wage claim overlapped "almost entirely" with state wage claims).  For example, an immediate appeal from a Rule 54(b) judgment on Mr. Lawson's claims would cover much of the same ground as a later appeal from a final judgment on the PAGA penalties claim.  That "weigh[s] heavily against entry of judgment."  *Wood*, 422 F.3d at 882 ("The greater the

4

1  overlap the greater the chance that this court will have to revisit the same facts—spun only slightly
2  differently—in a successive appeal. . . . We cannot afford the luxury of reviewing the same set of
3  facts in a routine case more than once without a seriously important reason.").

4  As to the second requirement, there *are* just reasons to wait until the entire case is resolved
5  to enter judgment. *See Jewel*, 810 F.3d at 630 ("Our consideration of the single issue served up
6  for interlocutory review is more likely to cause additional delay than it is to ameliorate delay
7  problems."). Grubhub seeks not just a separate judgment, but a separate judgment with a stay of
8  the PAGA penalties claim. Thus, granting Grubhub's request means delaying the ultimate
9  resolution of this case. But this case was filed in 2015 and has already been appealed and
10 remanded once. Mr. Lawson seeks PAGA penalties for alleged labor violations that occurred
11 many years ago. Any further delay to finally resolving the PAGA penalties claim will lead to
12 faded memories, lost evidence, and a diminished opportunity to resolve the PAGA penalties claim
13 on the merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay
14 inherently increases the risk that witnesses' memories will fade and evidence will become stale.");
15 *e.g.*, *Carroll Shelby Licensing, Inc. v. Halicki*, No. 820-CV-01344-MCS-DFM, 2023 WL
16 2347391, at *4 (C.D. Cal. Jan. 30, 2023) (denying Rule 54(b) motion).

17 Judicial administration is an equally important reason to delay judgment and appeal until
18 the entire case is resolved. *See Wood*, 422 F.3d at 882–83 ("Duplication of proceedings and
19 overall delay in final disposition of the action implicate sound judicial administration."). Because
20 Mr. Lawson's claims are not "sufficiently divisible," *Curtiss-Wright*, 446 U.S. at 7, judgment and
21 appeal will only conserve judicial resources *if* Grubhub prevails on its appeal. That is not a sound
22 basis for a Rule 54(b) judgment. *See Tsyn*, 2016 WL 1718139, at *3 ("The plaintiffs simply recast
23 [their summary judgment] disagreement in the language of Rule 54(b) and § 1292(b). If that
24 approach carried the day, then interlocutory appeal would not be 'unusual' but routine in every
25 case in which one side disagreed with a court's dispositive order. (And is there any other kind of
26 case?)").

27 In sum, Grubhub does not meet either requirement for entry of judgment under Rule 54(b).
28 *See Wood*, 422 F.3d at 878.

## II. Interlocutory Appeal

28 U.S.C. § 1292(b) is another exception to the rule that only final orders are appealable. "Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1025–26 (9th Cir. 1982) (en banc).

Section 1292(b) certification is appropriate if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see In re Cement*, 673 F.2d at 1026. District courts have wide discretion whether to certify. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46 (1995). Section 1292(b) is "applied sparingly," only when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Cement*, 673 F.2d at 1026–27 (cleaned up).

### A. Controlling Question of Law

"A controlling question of law must be one of law—not fact—and its resolution must materially affect the outcome of litigation in the district court." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (cleaned up).

Grubhub argues this Court's orders created three "intra-circuit splits." (Dkt. No. 317 at 8–10.) The first issue is whether Mr. Lawson's effective hourly rate calculation (for minimum wage and overtime purposes) can account for his mileage expenses. (*See* Dkt. No. 313 at 28–30.) That is a question of law. *See, e.g.*, *Sanchez v. Aerogroup Retail Holdings, Inc.*, No. 12-CV-05445-LHK, 2013 WL 1942166, at *9–11 (N.D. Cal. May 8, 2013). But it is not controlling because Mr. Lawson would recover some minimum wage damages even without accounting for mileage expenses.[2] Thus, resolution of this question of law would not materially affect the outcome of Mr. Lawson's minimum wage claim, expense reimbursement claim (which fails for different reasons),

---

[2] The Court determined Mr. Lawson's net pay using total pay less tips and Mr. Lawson's mileage expenses calculated according to the IRS rate. (Dkt. No. 313 at 30–31 & n.9.) If Mr. Lawson's net pay were determined using total pay less tips, he was paid below minimum wage on January 7, January 9, January 10, and February 13, 2016. (*See* Trial Ex. 159, columns G, H, and J.)

6

1 or overtime claim (same).  *See In re Cement*, 673 F.2d at 1027 ("Since an appellate decision that
2 recusal was improper could in no way materially affect the eventual outcome of the litigation, we
3 cannot view the question as controlling.").

4       The second issue is whether Mr. Lawson's time on-block, toggled available, and in-
5 network, but not performing deliveries, is compensable work time.  (*See* Dkt. No. 313 at 22–27.)
6 That is a question of applying established law, *see Frlekin v. Apple Inc.*, 8 Cal. 5th 1038, 1049–56
7 (2020), to the facts of Mr. Lawson's work.  The third issue is whether Mr. Lawson's work was
8 outside the usual course of Grubhub's business.  (*See* Dkt. No. 313 at 8–17.)  That is also a
9 question of applying established law, *see Lawson II*, 13 F.4th at 913–14, 916–17, to the facts of
10 Mr. Lawson's work and Grubhub's business.  The Ninth Circuit confronted a similar issue in
11 *ICTSI* and concluded it was "a question of fact, not of law."  22 F.4th at 1132 (cleaned up).

> The dispute between the parties is not about whether primary—as opposed to secondary—employers can recover damages for violation of § 158(b)(4)(B) (a question of law); rather the dispute is about whether ICTSI became a primary employer under the circumstances of this case (a question of fact). . . .  [S]uch question does not present a substantial ground for disagreement as to the question of law.

16 *Id.*; *see SA Music LLC v. Apple, Inc.*, No. 3:20-CV-02146-WHO, 2022 WL 1814148, at *5 (N.D.
17 Cal. June 2, 2022) ("The plaintiffs have, consequently, not identified any true question of law, just
18 an application of a settled legal standard to particular facts."); *cf. Canela v. Costco Wholesale*
19 *Corp.*, No. 13-CV-03598-BLF, 2018 WL 3008532, at *1 (N.D. Cal. June 15, 2018) ("[T]he
20 Article III standing issue . . . is a purely legal question that does not depend on a material dispute
21 of fact.").  So too here.  Grubhub's second and third issues are applications of settled law to the
22 facts as the Court found them from the supplemented bench trial record.

23       In sum, Grubhub does not meet the first of three requirements to certify an interlocutory
24 appeal under Section 1292(b).  *See In re Cement*, 673 F.2d at 1026.  It is often true that reversal on
25 appeal would streamline the rest of the litigation, but we nevertheless have a strong policy against
26 piecemeal appeals.  *See Wood*, 422 F.3d at 878.  Rule 54(b) and Section 1292(b) require a party to
27 show more than its desire for a different result.
28 //

**CONCLUSION**

Grubhub's motion is DENIED. The June 8, 2023 case management conference will be held at 1:30 p.m. by Zoom video, rather than at 10:00 a.m. in person.

This Order disposes of Docket No. 317.

**IT IS SO ORDERED.**

Dated: May 30, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge