UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEF LAWSON, individually and in his capacity as Private Attorney General Representative,<br><br>Plaintiff,<br><br>v.<br><br>GRUBHUB, INC., et al.,<br><br>Defendants. | Case No. 15-cv-05128-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 335 |

Raef Lawson (Lawson), on a representative basis under California's Private Attorneys General Act, Cal. Lab. Code. § 2698 *et seq.*, alleges Grubhub Holdings Inc. and Grubhub Inc. (Grubhub) violated California law by failing to reimburse its drivers for necessary expenditures incurred during performance of their duties, pay minimum wage, and pay overtime wages. (Dkt. No. 41 ¶ 33.)[1] Before the Court is Grubhub's motion for partial summary judgment. (Dkt. No. 335.) Having carefully considered the briefing, and with the benefit of oral argument on September 7, 2023, the Court DENIES Grubhub's motion. Grubhub has not established Lawson lacks statutory standing to pursue PAGA penalties for delivery drivers who suffered Labor Code violations during times other than the four months Lawson drove for Grubhub. It has also not shown applying *Dynamex* retroactively to award PAGA penalties violates due process.

## BACKGROUND

Lawson applied to deliver for Grubhub in August 2015 and performed deliveries between October 2015 and February 2016 in Southern California. (Dkt. No. 313 at 4.) On December 3, 2015, Lawson submitted written notice to the Labor and Workforce Development Agency

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

detailing Grubhub's alleged violations of the California Labor Code. (Dkt. No. 41 ¶ 35.)

The parties stipulated to bifurcate this case into two phases. (Dkt. No. 122.) Phase I was limited to Lawson's individual claims and the issue of whether Lawson qualifies as an "aggrieved employee" under California's Private Attorneys General Act (PAGA). (*Id*. at 3.) After a bench trial for Phase I, the Court found Lawson was properly classified as an independent contractor under the *Borello* standard and entered judgment in Grubhub's favor. (Dkt. Nos. 221 at 17-33, 222.) *See Lawson v. Grubhub, Inc.* ("*Lawson I*"), 302 F. Supp. 3d 1071 (N.D. Cal. 2018), *vacated and remanded*, 13 F.4th 908 (9th Cir. 2021); *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 769 P.2d 399 (Cal. 1989). Lawson appealed the Court's order and accompanying judgment to the Ninth Circuit. (Dkt. No. 226.)

After a series of intervening developments in the law, the Ninth Circuit remanded the case to this Court for further proceedings on Lawson's minimum wage, overtime, and expense reimbursement claims. (Dkt. No. 250.) *See Lawson v. Grubhub, Inc.* ("*Lawson II*"), 13 F.4th 908, 912-13, 916 (9th Cir. 2021). Following remand, the Court found the ABC test, not *Borello*, governed Lawson's minimum wage and overtime claims, and Grubhub misclassified Lawson as an independent contractor instead of an employee for purposes of his minimum wage and overtime claims. (Dkt. No. 313 at 17, 34.) *See* Cal. Lab. Code § 2775(b) (codifying ABC test); *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 478 P.3d 1207, 1215-16 (Cal. 2021); *Dynamex Operations W. v. Superior Court*, 416 P.3d 1, 40 (Cal. 2018).

The Court having found Lawson was misclassified, Grubhub now argues the time period for which Lawson may seek PAGA penalties must be limited to the span of his Grubhub employment—that is, October 2015 to February 2016. Grubhub also argues the Court cannot impose any PAGA penalties for Labor Code violations that occurred prior to the California Supreme Court's *Dynamex* decision because to do so would violate its due process rights.

## DISCUSSION

The purpose of partial summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Under Federal Rule of Civil Procedure 56, partial summary judgment is proper if Grubhub shows there is

2

no genuine dispute of material fact and Grubhub is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In ruling on a motion for partial summary judgment, the Court must "view the evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Id*. at 255. The Court defers to neither party in resolving purely legal questions raised on summary judgment. *See, e.g.*, *Edwards v. Aguillard*, 482 U.S. 578, 595–96 (1987) (concluding the district court did not err in granting summary judgment based on its interpretation of legislative intent); *Dorsey v. Nat'l Enquirer, Inc.*, 973 F.2d 1431, 1434 (9th Cir. 1992) (defining scope of privilege as a matter of law).

**I.    Temporal Scope of PAGA Penalties**

Lawson sues under PAGA "as the proxy or agent of [California's] labor law enforcement agencies." *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 81 (2020) (cleaned up); *see also id.* ("Every PAGA claim is 'a dispute between an employer and the state.'"); *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 675 (9th Cir. 2021) ("PAGA authorizes an aggrieved employee to recover a 'civil penalty' that could have otherwise been 'assessed and collected by' California's Labor & Workforce Development Agency"). "A PAGA representative action is therefore a type of *qui tam* action, conforming to all traditional criteria, except that a portion of the penalty goes not only to the citizen bringing the suit but to all employees affected by the Labor Code violation." *Id.* (cleaned up).

Grubhub insists Lawson, as the state's agent, is limited to seeking PAGA penalties for Labor Code violations that occurred during his Grubhub employment: October 2015 to February 2016. Whether Grubhub is correct "rests on PAGA's language, its underlying purpose, and the legislative intent." *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 83 (2020).

PAGA's language gives "an aggrieved employee" the right to bring a lawsuit to collect civil penalties "on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a); *Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Ct.*, 46 Cal. 4th 993, 1003 (2009) ("The act permits a civil action 'by an aggrieved employee on behalf of himself or herself and other current or former employees' to recover civil penalties for violations of other

provisions of the Labor Code."). An "'aggrieved employee' is any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Cal. Lab. Code § 2699(c). Thus, the plain language of § 2699(c) establishes only two requirements for PAGA standing: 1) the plaintiff must be an aggrieved employee 2) against whom one or more of the alleged violations was committed. *Kim*, 9 Cal. 5th at 83-84.

As the Court found, Lawson suffered minimum wage violations (Dkt. No. 313 at 28-30, 34), so he satisfies these two requirements. *See id.* ("Kim was employed by Reins and alleged that he personally suffered at least one Labor Code violation on which the PAGA claim is based. Kim is thus an 'aggrieved employee' with standing to pursue penalties on the state's behalf."). Nothing in the statute limits a PAGA plaintiff from recovering PAGA penalties for Labor Code violations that occurred before or after the plaintiff's employment. To the contrary, a PAGA plaintiff may recover penalties for aggrieved employees who suffered violations the plaintiff never personally suffered. Cal. Lab. Code § 2699(c) ("against whom one or more of the alleged violations was committed."); *Kim*, 9 Cal. 5th at 84 ("The Legislature defined PAGA standing in terms of violations, not injury. Kim became an aggrieved employee, and had PAGA standing, when one or more Labor Code violations were committed against him."). Indeed, "PAGA standing is not inextricably linked to the plaintiff's own injury. Employees who were subjected to at least one unlawful practice have standing to serve as PAGA representatives even if they did not personally experience each and every alleged violation." *Kim*, 9 Cal. 5th at 85.

This conclusion is consistent with PAGA's purpose. "The Legislature's sole purpose in enacting PAGA was to augment the limited enforcement capability of the [Labor and Workforce Development Agency] by empowering employees to enforce the Labor Code as representatives of the Agency." *Kim*, 9 Cal. 5th at 86; *see also Arias v. Superior Ct.*, 46 Cal. 4th 969, 986 (2009) ("The act's declared purpose is to supplement enforcement actions by public agencies, which lack adequate resources to bring all such actions themselves."); *Adolph v. Uber Techs., Inc.*, 532 P.3d 682, 685 (2023) ("Informed by findings of pervasive underenforcement of many Labor Code provisions and a shortage of government resources to pursue enforcement, the Legislature enacted PAGA to create new civil penalties for Labor Code violations and to allow aggrieved employees,

4

acting as private attorneys general, to recover those penalties." (cleaned up)). Representative PAGA claims are "legally and conceptually different from an employee's own suit for damages and statutory penalties" because "[e]very PAGA claim is a dispute between an employer and the state." *Kim*, 9 Cal. 5th at 81.

Properly understood, Lawson's PAGA claim is an action between California and Grubhub. *See Arias*, 46 Cal. 4th at 986 ("[i]n a lawsuit brought under the act, the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency"); *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1910, *reh'g denied*, 143 S. Ct. 60 (2022) ("By its terms, PAGA authorizes any 'aggrieved employee' to initiate an action against a former employer 'on behalf of himself or herself and other current or former employees' to obtain civil penalties that previously could have been recovered only by the State in an enforcement action brought by California's Labor and Workforce Development Agency"). As the Supreme Court of California explained in *Kim* and reiterated in *Adolph*, "[a]n interpretation of the statute that impedes an employee's ability to prosecute his or her employer's violations committed against other employees would undermine PAGA's purpose of augmenting enforcement of the Labor Code." *Adolph*, 532 P.3d at 692; *Kim*, 9 Cal. 5th at 87 ("Hurdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives."). Consequently, a representative PAGA plaintiff's standing is neither limited to redressing injuries they suffered nor confined to remediating violations that occurred during their period of employment.

That PAGA does not limit a plaintiff to recover penalties only for the period of the plaintiff's employment is also consistent with the legislative history. According to *Kim*, PAGA's definition of "aggrieved employee" was meant to ensure "PAGA suits could not be brought by 'persons who suffered no harm from the alleged wrongful act.'" 9 Cal. 5th at 90. The Legislature was concerned "PAGA would be vulnerable to the same abuses recently exposed under the Unfair Competition Law," as "California law previously authorized any person acting from the general public to sue for relief from unfair competition" and "private attorneys had exploited the generous

5

standing requirement" "by filing shakedown suits to extort money from small businesses for minor or technical violations where no client had suffered an actual injury." *Id*. (cleaned up). "It is apparent that PAGA's standing requirement was meant to be a departure from the 'general public' standing originally allowed under [California's Unfair Competition Law]." *Id*. "[T]rue to PAGA's remedial purpose, the Legislature conferred fairly broad standing on all plaintiffs who were employed by the violator and subjected to at least one alleged violation." *Id*. at 91. Consistent with this legislative history, Lawson is not just a member of the general public; he was a Grubhub employee who suffered a Labor Code violation and thus has statutory standing.

Grubhub's insistence that every court to have considered the issue has held a PAGA plaintiff's statutory standing is limited to recovering penalties during the plaintiff's period of employment is not persuasive. In *Robinson*, the court held "the preclusion of Robinson's claims for the period during which he was employed by Southern Counties deprives him of standing to assert claims arising exclusively after he was so employed." *Robinson v. S. Ctys. Oil Co.*, 53 Cal. App. 5th 476, 484 (2020). He was not an "aggrieved employee" because he "was not affected by *any* of the alleged violations." *Id.* (emphasis added). Here, in contrast, Lawson personally sustained one or more Labor Code violations. (Dkt. No. 313 at 28-30, 34); *see, e.g.*, *Adolph*, 532 P.3d at 695 ("An 'aggrieved employee' under PAGA is not merely a member of the general public; an 'aggrieved employee' is an individual who worked for the alleged violator and personally sustained at least one Labor Code violation.").

In *Shook*, the plaintiffs were also not aggrieved employees under PAGA because the Safe Harbor provision in § 226.2 extinguished the plaintiffs' claims. *Shook v. Indian River Transp. Co.*, 236 F. Supp. 3d 1165, 1175 (E.D. Cal. 2017), *aff'd*, 716 F. App'x 589 (9th Cir. 2018) ("Nor can plaintiffs recover on behalf of other employees for the post-Safe Harbor period. Shook's and Berringer's claims were extinguished by their receipt of the Safe Harbor payments and they were not employed after the Safe Harbor period. Thus, they are not 'aggrieved employees' under PAGA, at least with respect to the post–Safe Harbor period."). As in *Robinson*, the preclusion of the plaintiffs' claims for the period during which they were employed deprived them of standing to assert claims exclusively after they were employed. *Id*. Again, here, Lawson is an aggrieved

6

employee who suffered a minimum wage violation while employed. (Dkt. No. 313 at 28-30, 34.)

*Gau* is inapplicable for the same reason as *Robinson* and *Shook*: the *Gau* plaintiffs' representative PAGA claims were precluded. *Gau v. Hillstone Rest. Grp., Inc.*, No. 20-CV-08250-SVK, 2022 WL 2833977, at *6 (N.D. Cal. July 20, 2022) ("Plaintiffs have offered no sound policy reasons why the court-approved settlement in *Klugh* should not be given the claim preclusive effect to which it is entitled. Accordingly, the Court concludes that Plaintiffs' PAGA claim in this case is barred under the doctrine of claim preclusion."). Here, Lawson was not precluded from litigating his PAGA claim.

In *Nasiri*, the plaintiff lacked representative PAGA standing to bring claims against an employer for whom the plaintiff was never an employee. *Nasiri v. T.A.G. Sec. Protective Servs. Inc.*, No. 18-CV-01170-NC, 2021 WL 4221624, at *3 (N.D. Cal. Sept. 16, 2021), *aff'd*, No. 21-16543, 2023 WL 4449197 (9th Cir. July 11, 2023) ("The issue in Nasiri's case was not that his claims were time-barred; it was that based on the timing of his dates of employment, he was not shown to be an employee of T.A.G., Inc."). While Grubhub points to a sentence in the decision in which the court held the plaintiff also lacked standing to assert PAGA claims on behalf of other employees who worked during a time period arising exclusively after his employment ended, the trial judge's bench trial ruling elucidates the court's ruling was based on the plaintiff's employer (Murga) having incorporated a new entity (TAG) after the plaintiff's employment ended. So, the plaintiff did not have statutory standing to recover PAGA penalties for employees who worked for a different employer. (Dkt. No. 336-1 at 11-12.) Here, Lawson seeks to recover PAGA penalties for employees of his employer: Grubhub.

Put simply, these cases merely stand for the proposition a plaintiff lacks standing to pursue PAGA penalties if the plaintiff is not an aggrieved employee. Lawson is an aggrieved employee. Grubhub's insistence that Lawson does not have statutory standing to recover PAGA penalties for Labor Code violations to other employees beyond the period Lawson worked does not persuade. Its motion for partial summary judgment on this score is DENIED.

## II. Recovery of Penalties Prior to *Dynamex*

It is settled law that *Dynamex* applies retroactively to California employers, including

Grubhub in this case. *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 10 Cal. 5th 944, 951 (2021); *Lawson*, 13 F.4th at 914-16. Citing *BMW v. Gore*, 517 U.S. 559, 574 n.22 (1996), Grubhub still argues it would violate due process to award PAGA penalties for Labor Code violations that occurred before *Dynamex* was decided. In *Gore*, the Supreme Court observed: "The strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases, but the basic protection against 'judgments without notice' afforded by the Due Process Clause, is implicated by civil *penalties*." *Id.* (cleaned up). Grubhub claims "it had no notice whatsoever that the California Supreme Court would adopt and retroactively apply the ABC test" (Dkt. No. 335 at 14), and therefore it would violate due process to impose civil penalties—of any amount—against Grubhub for misclassification of drivers prior to the decision.

In *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 939 F.3d 1045 (9th Cir. 2019), *certified question answered*, 10 Cal. 5th 944 (2021), the Ninth Circuit certified to the California Supreme Court the question of whether *Dynamex* applies retroactively. *See Dynamex Operations W. v. Superior Ct.*, 4 Cal. 5th 903, 416 P.3d 1 (2018). The California Supreme Court answered affirmatively, saying "under well-established jurisprudential principles, our interpretation of that language in *Dynamex* applies retroactively to all cases not yet final that were governed by wage orders containing that definition." *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 10 Cal. 5th 944, 951 (2021). In doing so, the Supreme Court specifically addressed and denied the petitioners' argument it would be unfair to apply the ABC test retroactively because "employers were clearly on notice well before the *Dynamex* decision that, for purposes of the obligations imposed by a wage order, a worker's status as an employee or independent contractor might well depend on the suffer or permit to work prong of an applicable wage order — and that the law was not settled in this area." *Vazquez*, 10 Cal. 5th at 955; *see, e.g.*, *Ayala v. Antelope Valley Newspapers, Inc.*, 59 Cal. 4th 522, 531 (2014); *Martinez v. Combs*, 49 Cal. 4th 35, 57–58 (2010). "[I]ndeed, the ABC test articulated in *Dynamex* was within the scope of what employers reasonably could have foreseen." *Vazquez*, 10 Cal. 5th at 955 ("We reject the contention that litigants must have foresight of the exact rule that a court ultimately adopts in order for it to have retroactive effect."); *see id.* at 957 ("Having concluded that our decision in *Dynamex* applies retroactively, and having

found no reliance or fairness considerations weighing against the general rule that judicial decisions apply retroactively, we likewise reject defendant's related due process challenge to retroactive application.").

Grubhub cites no case that supports finding the imposition of civil penalties unconstitutional in such circumstances, that is, when the law the defendant/employer claims is new was within the scope of what employers reasonably could have foreseen. *Vazquez*, 10 Cal. 5th at 955*; see also Frlekin v. Apple Inc.*, 8 Cal. 5th 1038, 1057 (2020) (cleaned up) (stating the Supreme Court of California has "declined to restrict our decisions to prospective application when doing so would, in effect, negate the civil penalties, if any, that the Legislature has determined to be appropriate in this context, giving employers a free pass as regards their past conduct and hence would exceed our appropriate judicial role."); *Valadez*, 2019 WL 1975460, at *5 ("Defendant's argument that application of *Dynamex* to them would be unfair because it could result in greater civil liability and penalties under PAGA is not as compelling as in cases where the retroactive application of the decision would bar a party's complaint altogether, as in *Williams*, 2 Cal. 5th at 1282, or subject the party to criminal contempt, as in *Moss*, 17 Cal. 4th at 419." ). *Gore* does not come close to compelling a finding of a due process violation. *Bouie* involved criminal punishment. *Bouie v. City of Columbia*, 378 U.S. 347, 358 (1964) ("It is one thing to say that a person remaining on another's land after being told to leave may be ejected with reasonable force or sued in a civil action, and quite another to say he may be convicted and punished as a criminal. . . .for no man is punishable criminally for what was not criminal when done." (cleaned up)). So did *Moss*. *Moss v. Superior Ct. (Ortiz)*, 17 Cal. 4th 396, 429 (1998) ("The effect would be to make conduct that was not subject to criminal contempt sanctions at the time it was committed contemptuous. This we may not do."). Neither *Bouie* nor *Moss* persuade the Court a due process violation exists here. Grubhub has not met its burden of showing the imposition of any PAGA penalties for misclassification prior to the *Dynamex* decision would violate due process.

//

//

# CONCLUSION

Defendant's motion for partial summary judgment is DENIED.

This Order disposes of Docket No. 335.

**IT IS SO ORDERED.**

Dated: September 11, 2023

JACQUELINE SCOTT CORLEY
United States District Judge