SHANNON LISS-RIORDAN (State Bar No. 310719)
(sliss@llrlaw.com)
THOMAS FOWLER, *pro hac vice*
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiff RAEF LAWSON*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEF LAWSON, individually and on behalf of all other similarly situated individuals, and in his capacity as Private Attorney General Representative,<br><br>Plaintiff,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>Defendants. | Case No. 15-cv-05128 JSC<br><br>**PLAINTIFF'S BRIEF ON STANDING TO PURSUE PAGA PENALTIES AFTER EFFECTIVE DATE OF PROPOSITION 22**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Action Filed: September 23, 2015 |

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................ 1

II. BACKGROUND ............................................................................................................. 2

IV. ARGUMENT .................................................................................................................. 3

    A.     Plaintiff Has Article III Standing to Pursue PAGA Penalties Beyond
           December 16, 2020 ............................................................................................. 3

    B.     Limiting the PAGA Penalty Period Would Be Both Contrary to PAGA's
           Express Limitations and Not a Reasonable Response to the Issues Before
           the Court ............................................................................................................. 7

IV. CONCLUSION ............................................................................................................... 9

1

# TABLE OF AUTHORITIES

2

**Cases**

3

Abdullah v. U.S. Sec. Associates, Inc.,
 2011 WL 121733702 (C.D. Cal. Jan. 11, 2011) ...................................................... 4

4

5

Amaral v. Cintas Corp. No. 2,
 78 Cal. Rptr. 3d 572 (Cal. Ct. App. 2008) ............................................................. 8

6

Barnes v. AT & T Pension Benefit Plan-Nonbargained Program,
7 270 F.R.D. 488 (N.D. Cal. 2010) ............................................................................ 6

8

Baumann v. Chase Inv. Services Corp.,
 747 F.3d 1117 (9th Cir. 2014) ................................................................................. 5

9

10

Boyd v. Bank of Am. Corp.,
 300 F.R.D. 431 (C.D. Cal. 2014) ............................................................................ 6

11

Castellanos v. State of California,
12 No. S279622 (Cal.) ............................................................................................. 2, 8

13

Dietz v. Bouldin,
 579 U.S. 40 (2016) ................................................................................................... 7

14

15

Dynamex Ops. W. Inc. v. Superior Court,
 4 Cal. 5th 903 (2018) ........................................................................................... 3, 6

16

Glass v. UBS Fin. Servs., Inc.,
17 331 F. App'x. 452 (9th Cir. 2009) .......................................................................... 4

18

Herrera v. LCS Fin Servs. Corp.,
 274 F.R.D. 666 (N.D. Cal. 2011) ............................................................................ 6

19

20

In re Wells Fargo Home Mortg. Overtime Pay Litig.,
 527 F. Supp. 2d 1053 (N.D. Cal. 2007) .................................................................. 4

21

Kim v. Reins International California, Inc.,
22 9 Cal. 5th 73 (2020) ................................................................................................ 5

23

Lawson v. Grubhub, Inc.,
 2023 WL 2746290 (N.D. Cal. Mar. 30, 2023).......................................................... 3

24

25

Lujan v. Defenders of Wildlife,
 504 U.S. 555 (1992).................................................................................................. 4

26

Nitsch v. Dreamsworks Animation SKG Inc.,
27 315 F.R.D. 270 (N.D. Cal. 2016)............................................................................ 6

28

Portillo et al. v. National Freight, Inc., et al.,
    2021 WL 1884892 (D.N.J. May 11, 2021) ....................................................... 6, 7

Raines v. Byrd,
    521 U.S. 811 (1997) ..................................................................................... 4

TransUnion LLC v. Ramirez,
    594 U.S. 413 (2021) ..................................................................................... 4

Viking River Cruises, Inc. v. Moriana,
    596 U.S. 639 (2022) ..................................................................................... 5

Wofford v. Safeway Stores, Inc.,
    78 F.R.D. 460 (N.D. Cal. 1978) ...................................................................... 5

Zackaria v. Wal-Mart Stores, Inc.,
    142 F. Supp. 3d 949 (C.D. Cal. 2015) ............................................................. 7

**Statutes**

Assembly Bill 5 ("AB-5"),
    Cal. Lab. Code 2775, *et seq.* ............................................................... 3, 6, 8

Private Attorneys General Act ("PAGA"),
    Cal. Lab. Code §§ 2698 *et seq.* ..................................................... 1, 2, 3, 8

Proposition 22, "Prop 22",
    (subsequently codified as Cal. Bus. & Prof. Code Sec. 7451)........................ passim

**Rules**

Fed. R. Civ. P. 23 ("Rule 23") ................................................................ 1, 4, 5

**I.     INTRODUCTION**

At every stage of this litigation, GrubHub has sought to limit Plaintiff's ability to recover PAGA penalties on behalf of other individuals who have suffered Labor Code violations as a result of GrubHub's now decade-long scheme of misclassifying its delivery drivers. For the most part, the Court has rejected these arguments, most recently finding GrubHub's attempt to cut off PAGA penalties as of April 2017 because of purported changes in GrubHub's internal policies regarding on-block deliveries and drivers' ability to decline requests to be arbitrary. (Dkt. 367.)

The Court has, however, indicated that it is inclined to limit the forward scope of PAGA penalties to December 16, 2020, the date that Proposition 22 took effect, under the theory that Plaintiff lacks constitutional standing to seek penalties for minimum wage violations occurring after that date because Proposition 22 changed the criteria for determining app-based drivers' employment status, and Plaintiff no longer worked for GrubHub as of that date. See Order at pp. 14-15 (Dkt. 367). The Court should refrain from doing so for the following reasons.

First, the passage of Proposition 22 has no effect on Plaintiff's constitutional standing to seek PAGA penalties on behalf of individuals who have driven for GrubHub after December 16, 2020. Proposition 22 did not alter the standard for determining whether a worker is an employee or independent contractor. The relevant inquiry remains whether the putative employer can establish all three prongs of the ABC test. Proposition 22 simply established an affirmative defense to the application of the ABC test that employers can avail themselves of so long as they fulfill certain conditions. As Plaintiff has consistently maintained, it is questionable that GrubHub could meet its burden of demonstrating that it has fulfilled those conditions. But this issue is in any event beside the point. In the analogous context of Fed. R. Civ. P. 23 ("Rule 23") class actions (which are *more* difficult to pursue than PAGA claims), courts have consistently held that named plaintiffs may represent class members who are subject to affirmative defenses or counterclaims that do not pertain to the named plaintiffs without raising issues related to standing. There is no reason to find that a PAGA plaintiff loses standing to represent other aggrieved employees in a representative PAGA action, just because they are subject to

affirmative defenses that do not affect the PAGA plaintiff.

Second, cutting off Plaintiff's ability to seek PAGA penalties on behalf of aggrieved employees as of December 16, 2020, would be premature, given that the California Supreme Court is now deciding whether Proposition 22 is constitutional. See Castellanos v. State of California, No. S279622 (Cal.). Of the four judges who have considered the constitutionality of Proposition 22 to date, two have determined that the statute is unconstitutional and unenforceable. There is no reason the Court should decide now to deny penalties for a period of time based upon a law that may very well be struck down later this year. Notably, the California Supreme Court could have denied the petition for review and let the decision stand from the Court of Appeal, but it did not; instead, it decided to grant a discretionary review of the case. It would make more sense for the Court to order GrubHub to produce data now going to the present, and then if the Court later determines that Proposition 22 precludes penalties after December 16, 2020, those penalties could simply be reduced at that point.

Thus, Plaintiff urges the Court not to set what may likely be another arbitrary deadline for the accrual of PAGA penalties, but instead allow Plaintiff to seek PAGA penalties up to the present.

## II.    BACKGROUND

In this phase of the case, Plaintiff seeks PAGA penalties on behalf of California GrubHub drivers stemming from GrubHub's minimum wage, overtime, and expense reimbursement violations, from December 15, 2014, to the present.[1] (Second Amended Compl., Count V, Dkt.

---

[1]    Plaintiff has maintained that he can seek penalties for GrubHub's overtime and expense reimbursement violations for GrubHub's California drivers even though the Court held that he did not suffer those violations. In its February 1, 2024 Order Re: Plaintiff's Constitutional Standing to Pursue PAGA Penalties and the Appropriate PAGA Period, the Court held that Plaintiff does not have Article III standing to pursue PAGA penalties for overtime and expense reimbursement claims suffered by other employees that the Court concluded he did not personally suffer and stayed those claims pending adjudication of his minimum wage claim. (Dkt. 367 at 3-7.) As Plaintiff argued and the Court indicated at the last hearing, those claims should ultimately be remanded to California Superior Court. (Dkt. 346 at 5-13.)

41.)

On March 30, 2023, the Court issued its decision that under the ABC test announced in <u>Dynamex Ops. W. Inc. v. Superior Court</u>, 4 Cal. 5th 903 (2018) and codified in Cal. Lab. Code § 2775 (b)(1), GrubHub misclassified Plaintiff as an independent contractor and was liable for minimum wage violations. <u>See Lawson v. Grubhub, Inc.</u>, 2023 WL 2746290, at *2-20 (N.D. Cal. Mar. 30, 2023).

After further briefing and argument, the Court denied Grubhub's request to limit the PAGA period to April 2017. <u>See</u> Order at pp. 7-14 (Dkt. 367). It indicated, however, that it was inclined to preclude Plaintiff from seeking PAGA penalties for violations occurring after December 16, 2020, the date that Proposition 22 took effect. <u>See id.</u> at 14-16. The Court reasoned that "after December 16, 2020, the criteria for classifying app-based drivers changed" and because Plaintiff did not drive for Grubhub after the law changed, the Court was skeptical that he has constitutional standing to argue that other drivers are employees under Proposition 22. <u>Id.</u> at 14. The Court also suggested that it was inclined to exercise its inherent authority to limit PAGA penalties because "[e]xtending the PAGA penalty period beyond December 16, 2020, would require evaluation of Grubhub's compliance with Proposition 22 and thus a whole new misclassification trial." <u>Id.</u> at 14-15. The Court thus ordered the parties to brief the issue of Plaintiff's constitutional standing to seek PAGA penalties for minimum wage violations occurring after Proposition 22 took effect. <u>See id.</u> at 15.

## IV.   ARGUMENT

### A.   Plaintiff Has Article III Standing to Pursue PAGA Penalties Beyond December 16, 2020

This Court has already recognized that Plaintiff has *statutory* standing to seek PAGA penalties for delivery drivers who suffered Labor Code (i.e., minimum wage) violations up to the present day, (Dkt. 344 at 3-7), and *constitutional* standing to seek such penalties at least up to the date Proposition 22 went into effect (Dkt. 367 at 7-15). Thus, the only remaining issue before the Court regarding the temporal scope of PAGA penalties is whether Plaintiff has *constitutional*

standing to seek PAGA penalties for the period of time between December 16, 2020, and the date of the Court's final judgment. The Court should find that he does indeed have Article III standing to pursue PAGA penalties during that period for much the same reason that it found he has statutory standing to do so.

As the Court articulated in its February 1, 2024 order (Dkt. 367 at 14), "the plaintiff must have a 'personal stake' in the case" in order to maintain Article III standing. TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (citing Raines v. Byrd, 521 U.S. 811, 819–20 (1997)). A plaintiff has such a "personal stake" where he can show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendants; and (iii) that the injury would likely be redressed by judicial relief." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). In the context of Rule 23 class actions, California federal courts have held that named plaintiffs continue to have a "personal stake" in ongoing injuries to other absent class members long after they have ceased being employed by the defendant causing those injuries. See, e.g., Abdullah v. U.S. Sec. Associates, Inc., 2011 WL 11733702, at *2 (C.D. Cal. Jan. 11, 2011) aff'd, 731 F.3d 952 (9th Cir. 2013) ("Notwithstanding Plaintiffs' status as former employees … Plaintiffs and the putative class's current employee members are all equally interested in obtaining compensation for the assertedly unlawful practices set forth in the Second Amended Complaint, and Plaintiffs are adequate representatives."); Glass v. UBS Fin. Servs., Inc., 331 F. App'x. 452, 455 (9th Cir. 2009) (rejecting argument that "because the named plaintiffs are all former employees of defendants, they cannot fairly and adequately represent a class that includes both current and former UBS employees" and noting that "both the former and current employees are equally interested in obtaining compensation for the assertedly unlawful practices set forth in the complaint."); In re Wells Fargo Home Mortg. Overtime Pay Litig., 527 F. Supp. 2d 1053, 1064 (N.D. Cal. 2007) (finding named plaintiffs adequate class representatives although they were former employees and could challenge current employment practices); Wofford v. Safeway Stores, Inc., 78 F.R.D.

1   460, 489 (N.D. Cal. 1978) ("[T]here is ample support for the position that former employees may

2   represent present employees …") (internal citations omitted).

3          Courts adjudicating PAGA claims have similarly held that there is no requirement that

4   PAGA plaintiffs need to have been employed during the entire period for which they seek PAGA

5   penalties on behalf of other aggrieved employees, or even have suffered the same violations. See,

6   e.g., Viking River Cruises, Inc. v. Moriana, 596 U.S. 639, 644 (2022) ("PAGA authorizes any

7   aggrieved employee to initiate an action against a former employer on behalf of himself or

8   herself and **other current or former employees** to obtain civil penalties that previously could

9   have been recovered only be the State in an LWDA enforcement action.") (emphasis added);

10  Kim v. Reins International California, Inc., 9 Cal. 5th 73, 85 (2020) ("Employees who were

11  subjected to at least one unlawful practice have standing to serve as PAGA representatives even

12  if they did not personally experience each and every alleged violation."). As Plaintiff argued in

13  his motion on statutory standing (Dkt. 336 at p. 10), there is no reason to limit the recovery of

14  PAGA penalties on behalf of other aggrieved employees in this case any more than a lead

15  plaintiff would be so limited in seeking recovery on behalf of other class members in a Rule 23

16  class action, given that the requirements to maintain a Rule 23 class action are widely recognized

17  to be more burdensome than those to maintain a PAGA action. See Baumann v. Chase Inv.

18  Services Corp., 747 F.3d 1117, 1123 (9th Cir. 2014) ("[U]nlike Rule 23(a), PAGA contains no

19  requirements of numerosity, commonality, or typicality.") (internal citations omitted).

20         This Court has already determined that Plaintiff has a "personal stake" in seeking redress

21  for minimum wage violations caused by GrubHub's misclassification of him and other drivers

22  under the ABC test. However, it has expressed concern that Plaintiff effectively lost whatever

23  constitutional standing he previously had as of December 16, 2020, because "the criteria for

24  classifying app-based drivers changed" with the passage of Proposition 22 and Plaintiff himself

25  has not driven for GrubHub while those new criteria have been in effect. (Dkt. 367 at p. 14.).

26  However, Proposition 22 did not alter the test for determining whether an app-based driver is an

27  employee or independent contractor. The relevant standard remains the ABC test, as articulated

28

1   in Dynamex and AB-5. Instead, all Proposition 22 did was establish an affirmative defense to

2   applying that test that employers can avail themselves of so long as they fulfill certain

3   conditions.

4          The fact that GrubHub may now utilize an additional affirmative defense against drivers

5   whom it employed after December 16, 2020, should have no more an effect on Plaintiff's

6   standing to bring claims relating to minimum wage violations that they have suffered than the

7   fact that Plaintiff no longer worked for GrubHub as of that date. Federal courts within and

8   outside California have held that named plaintiffs in Rule 23 class actions may represent absent

9   class members who are subject to affirmative defenses or counterclaims that do not affect the

10  named plaintiffs themselves without raising issues related to the named plaintiffs' constitutional

11  standing. See, e.g., Portillo et al. v. National Freight, Inc., et al., 2021 WL 1884892, at *2-3

12  (D.N.J. May 11, 2021) (rejecting defendant's argument that class representatives lacked

13  prudential standing to contest counterclaims against some absent class members based on their

14  execution of a later independent contractor agreement that included an indemnity clause because

15  the named plaintiffs themselves did not sign that agreement); Nitsch v. Dreamsworks Animation

16  SKG Inc., 315 F.R.D. 270, 285 (N.D. Cal. 2016) (rejecting defendants' argument that named

17  plaintiff could not adequately represent class where "some class members have arbitration or

18  release agreements with some Defendants" and thus were subject to affirmative defenses that

19  named plaintiff was not); Boyd v. Bank of Am. Corp., 300 F.R.D. 431, 439 (C.D. Cal. 2014)

20  (noting that "there is no authority for the proposition that an affirmative defense, which may

21  affect some members of the class, creates a conflict that otherwise defeats the adequacy of a

22  proposed class representative") (internal citation omitted); Herrera v. LCS Fin Servs. Corp., 274

23  F.R.D. 666, 681 (N.D. Cal. 2011) ("[t]he fact that some members of a putative class may have …

24  released claims against a defendant does not bar class certification … potential individual

25  questions do not negate the predominance of the common issue[s]"); Barnes v. AT & T Pension

26  Benefit Plan-Nonbargained Program, 270 F.R.D. 488, 495 (N.D. Cal. 2010) (rejecting argument

27  that named plaintiff would "not adequately litigate the [affirmative] defenses AT &T is asserting

28

against the absent class members" and holding that "the potential existence of [affirmative] defenses against absent class members does not, standing alone, make [the named plaintiff] inadequate"). In fact, courts have clarified that this is not even a matter of standing, but is rather a question of whether the named plaintiff fulfills the requirements of Rule 23. See Portillo, 2021 WL 1884892 at *3 ("Due to the representative nature of class actions and the class representatives' obligation to 'vigorously represent' all class members, '[w]hether or not the named plaintiff who meets individual standing requirements may assert the rights of absent class members is not a standing issue, but depends rather on meeting the prerequisites of [Federal Rule of Civil Procedure 23]….') (internal citations omitted).

Thus GrubHub's affirmative defense as to drivers that arose as of December 16, 2020, has no bearing on Plaintiff's *standing* to bring claims on those individuals' behalf, especially considering that PAGA representative actions are supposed to be even more expansive than class actions. See, e.g., Zackaria v. Wal-Mart Stores, Inc., 142 F. Supp. 3d 949, 959 (C.D. Cal. 2015) (refusing to graft Rule 23's manageability requirement onto PAGA).

**B.     Limiting the PAGA Penalty Period Would Be Both Contrary to PAGA's Express Limitations and Not a Reasonable Response to the Issues Before the Court**

As the Court noted, district courts may exercise "inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Dietz v. Bouldin, 579 U.S. 40, 45 (2016). However, the exercise of that power 1) "must be a reasonable response to the problems and needs confronting the court's fair administration of justice" and 2) must not "be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." Id. at 45-46. Here, the Court's exercise of its inherent authority to preclude Plaintiff from recovering PAGA penalties for minimum wage violations occurring after Proposition 22 went into effect *would* in fact be contrary to an express limitation on the Court's power contained in PAGA's statutory text. As Plaintiff argued in his brief on the temporal scope of the PAGA penalty period, PAGA provides that the imposition of penalties is mandatory (not discretionary) and delineates

the narrow circumstances in which a court can reduce such penalties – when an award would be "unjust, arbitrary and oppressive, or confiscatory." <u>Amaral v. Cintas Corp. No. 2</u>, 78 Cal. Rptr. 3d 572 (Cal. Ct. App. 2008) (quoting Cal. Lab. Code § 2699(e)(2)). As discussed above, Plaintiff maintains standing to seek PAGA penalties for minimum wage violations occurring after December 16, 2020, and the Court has not identified any other reason for which awarding penalties after that date would be "unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e)(2). For this reason alone, there is no reason the Court should limit the forward temporal scope of PAGA penalties.

Limiting the forward scope of PAGA penalties is also not a reasonable response to the purported problems confronting the Court in this case. In its order of February 1, 2024, the Court noted its concern that "[e]xtending the PAGA penalty period beyond December 16, 2020, would require evaluation of Grubhub's compliance with Proposition 22 and thus a whole new misclassification trial." Order at pp. 14-15 (Dkt. 367). But, given the status of <u>Castellanos</u> at the California Supreme Court, there is no reason to assume that Proposition 22 will remain good law.

As this Court recognized, even if the California Supreme Court *does* find Proposition 22 to be constitutional, GrubHub drivers will not automatically stop being employees of GrubHub as of December 16, 2020. Order at pp. 14-15 (Dkt. 367). Rather, GrubHub would still have to prove that it has satisfied the requirements of Proposition 22, which GrubHub may not be able to do, in order to avail itself of the defense that it is not its drivers' employer. The Court would not need to convene "a whole new misclassification trial" to decide this question (Dkt. 367 at 15), nor would the parties need to engage in years of additional discovery and factfinding. At most, GrubHub would need to produce additional discovery on its policies and practices after December 16, 2020, so that the Court could determine whether it is fulfilling the conditions prescribed by Proposition 22. Rather than holding a whole new trial, the parties could simply brief this issue and have the Court decide it under Rule 52 as it did for the business-to-business exemption in AB-5. (Dkt. 313.)

1

**IV.     CONCLUSION**

2          For the foregoing reasons, the Court should not limit the assessment of PAGA penalties

3    in this case to the effective date of Proposition 22.

4

5    Dated: February 21, 2024                          Respectfully submitted,

6                                                      RAEF LAWSON, individually and on
                                                       behalf of all other similarly situated
7                                                      individuals, and in his capacity as
                                                       Private Attorney General Representative
8
                                                       By his attorneys,
9
                                                       /s/ Shannon Liss-Riordan_____
10                                                     Shannon Liss-Riordan (State Bar No. 310719)
                                                       Thomas Fowler, *pro hac vice*
11                                                     LICHTEN & LISS-RIORDAN, P.C.
                                                       729 Boylston Street, Suite 2000
12                                                     Boston, MA 02116
                                                       (617) 994-5800
13                                                     Email: sliss@llrlaw.com; tfowler@llrlaw.com

14

15

16                              **CERTIFICATE OF SERVICE**

17          I hereby certify that a copy of this document was served by electronic filing on February

18   21, 2024, on all counsel of record.

19                                                     /s/ Shannon Liss-Riordan
                                                       Shannon Liss-Riordan
20

21

22

23

24

25

26

27

28