SHANNON LISS-RIORDAN, SBN 310719
  sliss@llrlaw.com
THOMAS FOWLER, *pro hac vice*
  tfowler@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: 617.994.5800
Facsimile: 617.994.5801

Attorneys for Plaintiff

THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA
  SBN 254433
  dmanthripragada@gibsondunn.com
BRANDON J. STOKER, SBN 277325
  bstoker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MICHELE L. MARYOT, SBN 191993
  mmaryott@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RAEF LAWSON, in his capacities as Private Attorney General Representative,<br><br>Plaintiffs,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>Defendants. | CASE NO. 3:15-cv-05128-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Conference:**<br>Date:         July 11, 2024<br>Time:        1:30 p.m.<br>Place:       Courtroom 8<br><br>Judge:       Hon. Jacqueline Scott Corley<br>Action Filed: September 23, 2015<br>Trial Date:  Not set |

Plaintiff Raef Lawson, in his capacity as Private Attorneys General Representative ("Plaintiff" or "Lawson"), and Defendants Grubhub Holdings Inc. and Grubhub Inc. (collectively, "Defendants" or "Grubhub"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement pursuant to Local Rule 16-10(d), in advance of the Further Case Management Conference scheduled in this matter for July 11, 2024.

**I.     JURISDICTION AND SERVICE**

The parties do not intend to raise any issues regarding personal or subject matter jurisdiction or venue at this time.

**II.    FACTS**

Since the parties' last CMC Statement (Dkt. 359 at 1–3), the Court determined that Lawson lacks Article III standing to pursue PAGA penalties for overtime and expense reimbursement claims he did not personally suffer and stayed these claims pending adjudication of his minimum wage claim. Dkt. 367 at 15. The Court thus stayed Plaintiff's PAGA claims based on overtime and expense reimbursement. *Id.* As for his minimum wage claim, the Court ruled "on the current record" that Lawson has Article III standing to pursue PAGA penalties after April 2017 for "time spent on-block" as well as time spent off-block but performing deliveries. *Id.* at 8-9. The Court, however, noted that "this standing analysis may change as the record develops." *Id.* at 1–2, 10. The Court further concluded, based on the current record, that Lawson lacks standing to recover PAGA penalties "for minimum wage violations based on off-block time spent waiting for delivery requests and minimum wage violations that occurred after December 16, 2020, the day Proposition 22 took effect." *Id.* at 15. Thus the Court limited the relevant PAGA period to December 3, 2014, through December 16, 2020—"subject to modification pending review of" the parties' supplemental briefs on Lawson's standing to litigate Grubhub's compliance with Prop 22. *Id.*

**III.   LEGAL ISSUES**

The parties currently do not intend to raise new legal issues not already addressed in their prior CMC statement (Dkt. 359 at 4–10) or flagged as an open issue in the Court's recent order (Dkt. 367 at 1–2, 10, 15). The parties reserve the right, however, to raise additional issues in advance of the proposed CMC hearing on November 7, 2024. *See infra* at Part VII.

IV. **MOTIONS**

Since the last CMC statement (Dkt. 359 at 10–11), Plaintiff filed a Brief on Standing to Pursue PAGA Penalties After Effective Date of Proposition 22 on February 21, 2024. Dkt. 369. Grubhub filed a response on March 6, 2024. Dkt. 371.

V. **DISCOVERY**

At the last hearing, the Court directed Grubhub to produce wage-and-hour data for Delivery Partners from December 3, 2014, through December 15, 2020. Dkt. 368 at 39:12–17. The Court also requested that the parties estimate "the number of violations" without regard to the applicability of the business-to-business exemption. Dkt. 368 at 36:1–11.

In April 2024, without waiver of its right to supplement its data production, Grubhub produced more than nine gigabytes of data showing scheduled block hours, pay, and time spent performing deliveries for each Delivery Partner in California for each day. The production also contained more granular offer and order data comprising more than 99 million entries.

The parties are diligently working to analyze the voluminous data that Grubhub has produced over a seven-year span and expect to complete their analysis within the next several months. The parties then plan to meet and confer by October 15, 2024, before presenting their findings to the Court. *See infra* Part VII.

VI. **SETTLEMENT AND ADR**

The parties have engaged in several mediations regarding this case and have not reached settlement. The parties have submitted the ADR forms required under the local rules, have attended all scheduled ADR phone conferences, and will comply with any instructions by the Court regarding whether mediation is appropriate. The parties have rescheduled the settlement conference set for April 24, 2024, to August 23, 2024, to give this Court sufficient time to decide whether Lawson has Article III standing to pursue PAGA penalties for minimum wage violations, if any, occurring after December 16, 2020.

VII. **SCHEDULING**

The parties jointly propose the following schedule through final resolution of the case. Although briefing on Lawson's standing to pursue PAGA penalties after Prop 22's effective date is

now complete, the parties respectfully request that the Court hear argument on this issue on November 7, 2024, given their lead counsel's scheduling conflicts.

| Event | Date |
|---|---|
| Complete minimum wage data analysis by: | September 30, 2024 |
| Complete meet and confer regarding minimum wage data analysis by: | October 15, 2024 |
| Case management conference statement to be filed by: | October 30, 2024 |
| Case Management Conference and hearing on Lawson's standing to pursue PAGA penalties after Prop 22's effective date and for on-block time, and any other legal matters that may arise: | November 7, 2024 |
| Trial plan to be filed by: | November 21, 2024 |
| Close of third-party discovery, if ordered by the Court: | February 17, 2024 |
| Start of trial: | March 3, 2025 |

Dated: July 3, 2024                                   Respectfully submitted,


                                                      LICHTEN & LISS-RIORDAN, P.C.

                                                      By:  /s/       Shannon Liss-Riordan
                                                                     Shannon Liss-Riordan

                                                      Attorneys for Plaintiff RAEF LAWSON


                                                      GIBSON, DUNN & CRUTCHER LLP

                                                      By:  /s/       Theane Evangelis
                                                                     Theane Evangelis

                                                      Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.

## ECF ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

Dated: July 3, 2024

GIBSON, DUNN & CRUTCHER LLP

By: /s/   *Theane Evangelis*
       Theane Evangelis

Attorneys for Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC.