1
2
3
4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7     RAEF LAWSON,                              Case No.  15-cv-05128-JSC

8                    Plaintiff,

9           v.                                  **ORDER RE: PLAINTIFF'S STANDING
                                                TO PURSUE PAGA PENALTIES**
10    GRUBHUB, INC., et al.,                    **AFTER EFFECTIVE DATE OF
                                                PROPOSITION 22**
11                   Defendants.
                                                Re: Dkt. Nos. 369, 371
12

13          Raef Lawson brings a representative PAGA claim alleging Grubhub unlawfully classified

14   its food delivery drivers as independent contractors and as a result failed to reimburse them for

15   necessary expenses, pay them minimum wage, and pay them overtime wages.  (Dkt. No. 41 ¶ 33.)[1]

16   Following oral argument on January 31, 2024, the Court stayed Lawson's overtime and expense

17   reimbursement claims pending final adjudication of the remaining minimum wage claim because

18   Lawson lacks Article III standing to pursue PAGA penalties for violations he did not personally

19   suffer.  (Dkt. No. 367.)  On the issue of whether Lawson lacks Article III standing to pursue

20   penalties for minimum wage violations, if any, that occurred after Proposition 22 took effect on

21   December 16, 2020, the Court ordered supplemental briefing.  (*Id*. at 2, 16.)  Before the Court is

22   the parties' supplemental briefing.  (Dkt. Nos. 369, 371.)

23          Proposition 22 provides app-based drivers are independent contractors if certain conditions

24   are met.  Cal. Bus. & Prof. § 7451.  So, after December 16, 2020, the criteria for classifying app-

25   based drivers changed.  This Court has not adjudicated whether any post-Proposition 22 Grubhub

26   driver was misclassified.  Nonetheless, Lawson seeks to pursue PAGA penalties on behalf of

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1  Grubhub drivers classified as independent contractors under Proposition 22 despite his never

2  having driven for Grubhub under Proposition 22's scheme.

3      A litigant who challenges a statute inapplicable to him lacks constitutional standing.  *See,*

4  *e.g.*, *Summers v. Earth Island Inst.*, 555 U.S. 488, 493-95 (2009) (ruling no constitutional standing

5  when the challenged regulations "neither require nor forbid any action on the part of respondents"

6  and the alleged injury "was not tied to application of the challenged regulations."); *Clements v.*

7  *Fashing*, 457 U.S. 957, 966 n.3 (1982) ("A litigant has standing to challenge the constitutionality

8  of a statute only insofar as it adversely affects his own rights."); *Warth v. Seldin*, 422 U.S. 490,

9  508 (1975) ("[A] plaintiff who seeks to challenge exclusionary zoning practices must allege

10 specific, concrete facts demonstrating that the challenged practices harm him, and that he

11 personally would benefit in a tangible way from the court's intervention."); *Get Outdoors II, LLC*

12 *v. City of San Diego, Cal.*, 506 F.3d 886, 892 (9th Cir. 2007) ("[A plaintiff] has standing to

13 challenge only those provisions that applied to it.").  Lawson is not challenging the

14 constitutionality of Proposition 22.  However, Lawson must "allege (and eventually prove)"

15 Grubhub failed to comply with Proposition 22's requirements to recover PAGA penalties for any

16 post-Proposition 22 minimum wage violations.  *James v. Uber Techs. Inc.*, 338 F.R.D. 123, 145

17 (N.D. Cal. 2021).  But because Lawson did not drive for Grubhub on or after December 16, 2020,

18 he lacks a personal stake in the adjudication of Grubhub's compliance with Proposition 22.

19 *TransUnion LLC*, 141 S. Ct at 2203; *see also Raines v. Byrd*, 521 U.S. 811, 819 (1997) ("We have

20 consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the

21 alleged dispute, and that the alleged injury suffered is particularized as to him.").  So, Lawson

22 lacks Article III standing to argue Grubhub drivers are employees under Proposition 22's scheme.

23      Lawson argues he still has constitutional standing to pursue PAGA penalties for minimum

24 wage violations after December 16, 2020, because "Proposition 22 did not alter the standard for

25 determining whether a worker is an employee or an independent contractor" and instead "simply

26 established an affirmative defense to the application of the ABC test[.]"  (Dkt. No. 369 at 5.)  Not

27 so.  Proposition 22 provides "[n]otwithstanding any other provision of law . . . an app-based driver

28 is an independent contractor and not an employee or agent with respect to the app-based driver's

2

United States District Court
Northern District of California

1    relationship with a network company" subject to four conditions.  Cal. Bus. & Prof. Code § 7451.

2    Proposition 22 does not place the burden on "network compan[ies]" to prove compliance with

3    Proposition 22.  *Id.*  "[W]here the plain text of the statute is silent as to which party carries the

4    burden of proof, as is the case here, [the Ninth Circuit] begin[s] with the ordinary default rule that

5    plaintiffs bear the risk of failing to prove their claims."  *Tourgeman v. Nelson & Kennard*, 900

6    F.3d 1105, 1109 (9th Cir. 2018) (cleaned up).  So, to pursue PAGA penalties for minimum wage

7    violations after December 16, 2020, Lawson must show Grubhub violates Proposition 22.  *James*,

8    338 F.R.D. at 145.  As determined above, Lawson lacks Article III standing to adjudicate whether

9    Grubhub violates Proposition 22 because Lawson did not drive from Grubhub on or after

10   December 16, 2020.  The PAGA period thus spans December 13, 2014, to December 16, 2020.

11        Even apart from Lawson's lack of Article III standing, district courts possess "inherent

12   powers that are "governed not by rule or statute but by the control necessarily vested in courts to

13   manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Dietz*

14   *v. Bouldin*, 579 U.S. 40, 45 (2016) (cleaned up).  The Court's exercise of its inherent power 1)

15   "must be a reasonable response to the problems and needs confronting the court's fair

16   administration of justice" and 2) must not "be contrary to any express grant of or limitation on the

17   district court's power contained in a rule or statute."  *Id.* at 45-46 (cleaned up).  Though trial

18   courts lack inherent authority to dismiss or strike a PAGA claim on manageability grounds, trial

19   courts may "limit[] the types of evidence a plaintiff may present or us[e] other tools to assure that

20   a PAGA claim can be effectively tried."  *Estrada v. Royalty Carpet Mills, Inc.*, No. S274340, 2024

21   WL 188863, at *18 (Cal. Jan. 18, 2024); *see also Woodworth v. Loma Linda Univ. Med. Ctr.*, 93

22   Cal. App. 5th 1038, 1047 (2023), *reh'g denied* (Aug. 17, 2023) ("When faced with unwieldy

23   PAGA claims, trial courts may limit the scope of the claims or the evidence to be presented at trial

24   but may not prohibit PAGA plaintiffs from presenting their claims entirely.").

25        As the Court previously noted:

26           Even aside from standing, December 16, 2020 is a reasonable
             bookend to Lawson's PAGA penalty period because the Court can
27           employ a consistent analysis to classify app-based drivers from
             December 13, 2014, to December 16, 2020, for the purposes of
28           Lawson's minimum wage claim.  Extending the PAGA penalty period

1

> beyond December 16, 2020, would require evaluation of Grubhub's compliance with Proposition 22 and thus a whole new misclassification trial.  By limiting the PAGA period through December 16, 2020, the Court avoids this issue altogether without contradicting any express rule or statute.  The effective date of Proposition 22 marks a change in work circumstances.  This is an appropriate and administrable limit on the evidence Lawson may introduce at trial to prove the alleged minimum wage violations suffered by other aggrieved employees.

(Dkt. No. 367 at 14-15 (internal citations omitted).)

Finally, Lawson argues "cutting off Plaintiff's ability to seek PAGA penalties on behalf of aggrieved employees as of December 16, 2020, would be premature, given that the California Supreme Court is now deciding whether Proposition 22 is constitutional."  (Dkt. No. 369 at 6.) The Court may reconsider its limitation of the PAGA period based on the California Supreme Court's forthcoming decision in *Castellanos v. State of California*, No. S279622.

## CONCLUSION

For the reasons stated, the period for which Lawson may seek to recover PAGA penalties for minimum wage violations is December 3, 2014, through December 16, 2020, the day Proposition 22 took effect.

This Order disposes of Docket Nos. 369 and 371.

**IT IS SO ORDERED.**

Dated: July 23, 2024

JACQUELINE SCOTT CORLEY
United States District Judge