SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER, *pro hac vice*
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Plaintiff Raef Lawson*

TODD M. FRIEDMAN (SBN 216752)
(tfriedman@toddflaw.com)
ADRIAN R. BACON (SBN 280332)
(abacon@toddflaw.com)
MATTHEW R. SNYDER (SBN 350907)
(msnyder@toddflaw.com)
LAW OFFICES OF
TODD M. FRIEDMAN, P.C.
23586 Calabasas, CA 91302
Telephone:    (323) 306-4234

*Attorneys for Plaintiff Rejenna Marshall*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEF LAWSON and REJENNA MARSHALL, in their capacities as Private Attorney General Representatives, individually, and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>GRUBHUB HOLDINGS INC. and GRUBHUB INC.,<br><br>Defendants | Case No. 15-cv-05128 JSC<br><br>**PLAINTIFFS' NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Action Filed:  September 23, 2015<br>Hearing: February 19, 2026<br>Time: 10:00 AM PT<br>Courtroom:    8 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on February 19, 2026, or as soon thereafter as the matter may be heard before the Honorable Jacqueline Scott Corley, in Courtroom F of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, 15th floor, San Francisco, California 94102, Plaintiffs Raef Lawson and Rejenna Marshall, individually and on behalf of all others similarly situated, will, and hereby do move the Court pursuant to Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b) for an order:

(1) Preliminarily approving the Settlement Agreement between Plaintiffs Raef Lawson and Rejenna Marshall on the one hand, and Defendants GrubHub Holdings Inc. and GrubHub Inc. on the other (attached as Exhibit 1 to the Declaration of Shannon Liss-Riordan, filed herewith), on the grounds that its terms are sufficiently fair, reasonable, and adequate for notice to be issued to the settlement class;

(2) Certifying the proposed settlement class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(c);

(3) Approving the form and content of the proposed class notice and claim form (attached as Exhibit 2 to the Declaration of Shannon Liss-Riordan);

(4) Appointing Lichten & Liss-Riordan, P.C. and the Law Offices of Todd M. Friedman, P.C. to represent the class as counsel;

(5) Appointing Simpluris as Settlement Administrator;

(6) Scheduling a hearing regarding final approval of the proposed settlement, Class Counsel's request for attorneys' fees and costs, and service awards to the named Plaintiffs;

(7) Granting such other and further relief as may be appropriate.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below, the Declarations of Shannon Liss-Riordan and Todd M. Friedman filed concurrently herewith; all supporting exhibits filed herewith; all other pleadings and papers filed

in this action; and any argument or evidence that may be presented at or prior to the hearing in this matter.[1]

Dated: January 15, 2026

RAEF LAWSON and REJENNA MARSHALL, in their capacity as Private Attorney General Representatives, individually, and on behalf of themselves and all others similarly situated,

By their attorneys,
/s/ Shannon Liss-Riordan
Shannon Liss-Riordan (SBN 310719)
Thomas Fowler, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com, tfowler@llrlaw.com

*Attorneys for Plaintiff Raef Lawson*

/s/ Todd M. Friedman
Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Matthew R. Snyder (SBN 350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas, CA 91302
(323) 306-4234
Email: tfriedman@toddflaw.com;
abacon@toddflaw.com; msnyder@toddflaw.com

*Attorneys for Plaintiff Rejenna Marshall*

---

[1] "During the hearing of November 6, 2025, the Court indicated that it would not approve the releases as they were phrased in the Settlement Agreement. The parties have agreed to amended language that they believe addresses the Court's concerns. However, if upon review the Court has additional concerns about the amended language, the parties request a settlement conference to address the issue."

RENEWED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.   INTRODUCTION ..................................................................................................... 1

II.  PROCEDURAL BACKGROUND ............................................................................ 2

III. ARGUMENT ............................................................................................................. 3

    A.   The Relief Would Be Provided to Drivers Who Worked for GrubHub After Proposition 22 Went Into Effect ................................................................... 3

    B.   The Parties Have Clarified the Scope of the Release ......................................... 5

    C.   The Notice and Claim Form Process Proposed by the Settlement Agreement Should be Approved ......................................................................... 7

III. CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

Bennett v. Calderon,
  No. 23CECG04675 (Fresno Cnty. Super. Ct. Nov. 21, 2024) ................................................... 5

Bilby v. Jalil,
  No. 37-2023-00015325-CU-PA-CTL (San Diego Cnty. Super. Ct. Dec. 20, 2024) .................. 5

Cotter v. Lyft,
  3:13-cv-04065-VC (N.D. Cal.) .................................................................................................. 7

In re Apple iPhone 4 Products Liab. Litig.,
  2012 WL 3283432 (N.D. Cal. Aug. 10, 2012) .......................................................................... 8

In re Toyota Motor Corp. Unintended Acceleration Mktg.,
  Sales Practices, & Products Liab. Litig.,
  2013 WL 3224585 (C.D. Cal. June 17, 2013) .......................................................................... 8

Lawson v. GrubHub, Inc.,
  2024 WL 396183 (N.D. Cal. Feb. 1, 2024) ........................................................................... 3, 4

Marciano v. DoorDash,
  CGC-15-548102 (Cal. Sup. Ct.) ................................................................................................ 7

O'Connor v. Uber Techs., Inc.,
  Civ. A. No. 13-3826, Dkt. 954-01 ¶ 12 (N.D. Cal.) .................................................................. 7

Raines v. Byrd,
  521 U.S. 811 (1997) ............................................................................................................... 3, 4

Singer v. Postmates,
  4:15-cv-01284-JSW (N.D. Cal.) ................................................................................................ 7

Winns v. Postmates Inc.,
  No. CJC-20-005068 (Cal. Sup. Ct.) .......................................................................................... 7

**Statutes**

Cal. Bus. & Prof. Code § 17200 et seq. ........................................................................................ 6

Cal. Bus. § Prof. Code § 7451 ...................................................................................................... 4

RENEWED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

1   Cal. Bus. § Prof. Code § 7453 ..................................................................................................4

2   Cal. Code Civ. Proc. § 1542 .....................................................................................................6

3   Cal. Lab. Code § 2698 ..............................................................................................................1

4   Cal. Lab. Code § 2775(b)..........................................................................................................3

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RENEWED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to the Court's directive during the hearing of November 6, 2025 (Dkt. 430), Plaintiffs hereby submit this renewed motion addressing the issues the Court raised at the hearing and seeking an order preliminarily approving a proposed class action settlement entered into by Plaintiffs and Defendants GrubHub Holdings Inc. and GrubHub Inc. (collectively "Defendants" or "GrubHub"). The parties have now entered into an amended Settlement Agreement that is attached as Exhibit 1 to the Declaration of Shannon Liss-Riordan (filed herewith). The Settlement Agreement has been amended: (1) to tailor the language of the Settlement Class Members' release to make clear that they only release claims arising out of or related to the claims alleged in the <u>Lawson</u> and <u>Marshall</u> matters; and (2) to include the terms related to Plaintiff Rejenna Marshall, who used the GrubHub app as a driver from 2021 to the present, and brought her own case challenging GrubHub's misclassification of drivers following the effective date of Proposition 22, and thus has standing to seek damages and penalties against GrubHub under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 et seq., for that period of time. Plaintiffs have also filed an Amended Complaint for Settlement that adds Ms. Marshall as a named Plaintiff in this matter and includes allegations asserted in *Marshall*, including those addressed to the post-Proposition 22 time period. (Dkt. 435.)

The justifications for granting preliminary approval in this matter have been set forth in detail in Plaintiff Lawson's initial preliminary approval motion (Dkt. 422) and Supplemental Brief (Dkt. 426). Those arguments are incorporated by reference herein and, in this renewed motion, Plaintiffs address the issues that the Court raised at the hearing held on November 6, 2025.

Plaintiffs thus now request that the Court: (1) grant preliminary approval of the Settlement; (2) certify a settlement class for settlement purposes only; (3) approve the manner and forms of notice; (4) appoint Lichten & Liss-Riordan, P.C. and the Law Offices of Todd M. Friedman to represent the class as class counsel; (5) appoint Simpluris as Settlement Administrator; and (6) establish a timetable for final approval.

## II. PROCEDURAL BACKGROUND

Plaintiff Lawson submitted a motion for preliminary approval (Dkt. 422) on August 13, 2025. At the Court's direction, he submitted a supplemental brief (Dkt. 426) on October 20, 2025. Accompanying this supplemental brief was the fully executed settlement agreement that included an Addendum A that was intended to incorporate into the settlement the claims brought in Marshall v. GrubHub Inc., Case No. CVRI2504505 (Riverside Sup. Ct.), which alleged overlapping claims seeking PAGA penalties for the period following Proposition 22's effective date. A copy of the Marshall complaint is attached to the Declaration of Todd M. Friedman (Exhibit B) as Exhibit 1.

At the preliminary approval hearing on November 6, 2025, the Court advised Plaintiffs to file an amended complaint including Plaintiff Marshall in this case and to explain why Plaintiff Marshall has Article III standing to release claims against GrubHub subsequent to the effective date of Proposition 22. Second, the Court expressed concern that, while the parties intended to release only claims related to independent contractor misclassification, the actual release of claims in the agreement could be read to extend beyond such claims. Third, the Court directed Plaintiffs to address the reasons they preferred a claims form process rather than issuing checks to the entire Settlement Class.

In light of the Court's expressed concerns, the parties negotiated and entered into an amended Settlement Agreement, and Plaintiffs have now filed their Amended Complaint for Settlement (Dkt. 435) to include Ms. Marshall as a named plaintiff. Plaintiff Marshall has worked for GrubHub since June 2021, and she has alleged that GrubHub has not satisfied the requirements of Proposition 22, and therefore the Dynamex ABC test would apply to her claims.[2]

---

[2] Plaintiff Lawson submitted the initial Settlement Agreement to the LWDA on September 30, 2025 (Liss-Riordan Decl. ¶ 2, Exhibit A), and Plaintiffs are submitting the amended Settlement Agreement to the LWDA concurrently with this motion. (Liss-Riordan Decl. ¶ 3, Exhibit A.)

III.     ARGUMENT

    A.     The Relief Would Be Provided to Drivers Who Worked for GrubHub After Proposition 22 Went Into Effect

In light of the Court's comments during the hearing held on November 6, 2025, the parties have filed an Amended Complaint for Settlement that includes Rejenna Marshall as a named plaintiff. (Am. Compl. for Settlement, Dkt. 435.) At the hearing, the Court expressed concern that it lacked jurisdiction to approve a settlement that extended past December 16, 2020 (the date that Proposition 22 became effective), because it had held previously that Plaintiff Lawson lacked standing to pursue PAGA penalties for GrubHub drivers who worked subsequent to that date, see Lawson v. GrubHub, Inc., 2024 WL 396183, at *8-9 (N.D. Cal. Feb. 1, 2024).

The addition of Plaintiff Marshall to the complaint in this case addresses the Court's concern regarding its jurisdiction to approve a settlement that includes the time period after Proposition 22 became effective. Ms. Marshall has worked for GrubHub from June 2021 (i.e., after Proposition 22 took effect) to the present. (Am. Compl. for Settlement ¶¶ 4, 25, Dkt. 435.) She alleges that GrubHub did not meet the requirements of Proposition 22, and thus that Proposition 22 does not serve as a defense to the claims raised, and that she and similarly situated drivers were misclassified under the ABC test, see Cal. Lab. Code § 2775(b), suffering California Labor Code violations as a result. (Am. Compl. for Settlement ¶¶ 14, 25-37, Dkt. 435.) Therefore, the Amended Complaint for Settlement confirms Plaintiffs' "'personal stake' in the alleged dispute" and alleges an injury that "is particularized as to [them]." See Raines v. Byrd, 521 U.S. 811, 819 (1997).

Proposition 22 provides that "if certain conditions are met, app-based drivers are independent contractors." Lawson, 2024 WL 396183, at *8. These conditions are:

> (a) The network company does not unilaterally prescribe specific dates, times or day, or a minimum number of hours during which the app-based driver must be logged into the network company's online-enabled application or platform.
>
> (b) The network company does not require the app-based driver to accept any specific rideshare service or deliver service request as a condition of maintaining access to the network company's online-enabled application or platform.

      (c) The network company does not restrict the app-based driver from performing rideshare services or delivery services through other network companies except during engaged time.

      (d) The network company does not restrict the app-based driver from working in any other lawful occupation or business.

Cal. Bus. § Prof. Code § 7451.[3]

      The Amended Complaint alleges that Plaintiff Marshall's employment relationship with GrubHub is not governed by Proposition 22, because GrubHub has unilaterally prescribed specific times and minimum hours during which Plaintiff Marshall was required to work for it. (Am. Compl. for Settlement ¶¶ 14, 25-35, Dkt. 435.) Moreover, she alleges GrubHub prohibited Plaintiff Marshall from accepting delivery or rideshare jobs from other gig-work companies. (Am. Compl. for Settlement ¶¶ 14, 25-35, Dkt. 435.) Thus, she contends that GrubHub has also not complied with other requirements of Proposition 22. (Am. Compl. for Settlement ¶¶ 14, 35, Dkt. 435.)  As such, she alleges that GrubHub cannot assert Proposition 22 as a defense to misclassification claims, and her employment relationship would therefore be governed by the "ABC" test. (Am. Compl. for Settlement ¶¶ 14, 35, Dkt. 435.) She contends that as the result of her misclassification, she suffered minimum wage, overtime, and expense reimbursement violations under the California Labor Code. (Am. Compl. for Settlement ¶¶ 36-37, Dkt. 435.) Plaintiff Marshall's allegations suffice to establish Article III standing to recover a settlement for drivers who drove after the enactment of Proposition 22. See Raines, 521 U.S. at 819; Lawson, 2024 WL 396183, at *8.

      Moreover, for reasons explained in Plaintiff Lawson's original preliminary approval motion, the settlement here provides fair and adequate relief to those who have post-Proposition 22 claims. Plaintiffs reiterate that this settlement was heavily influenced by GrubHub's current financial condition and ability to pay.  Had the case reached the penalty trial several years ago, the circumstances would have likely been far different.  However, as noted in Plaintiff's initial

---

[3]     Proposition 22 also imposed additional requirements that would require, among other things, that GrubHub pay drivers a "guaranteed minimum level of compensation," equal to 120% of the local minimum wage plus the applicable milage rate. In evaluating whether a driver has met the guaranteed minimum, GrubHub may not include incentive bonuses earned by a driver to calculate their earnings. Cal. Bus. § Prof. Code § 7453. In other words, the "guaranteed minimum level of compensation" includes only the money paid to drivers by GrubHub for completing specific deliveries. Id.

motion, between 2020 and late 2024, GrubHub's value decreased considerably—from $7.3 billion to $650 million. And although the FTC recently obtained a $140 million judgment against GrubHub, the FTC settled with GrubHub for $24,800,000, based upon GrubHub's inability to pay more than that amount.

  Moreover, Plaintiff Marshall's case was in its early stages. While Ms. Marshall contends that GrubHub did not meet the conditions necessary for Proposition 22 to apply to its drivers, GrubHub disagrees with that assertion and was prepared to mount an aggressive defense. At this stage, Class Counsel are unaware of any court – whether state or federal – to address the question on the merits of whether a delivery network company has met the requirements for Proposition 22 to apply. (Liss-Riordan Decl. ¶ 8, Exhibit A; Friedman Decl. ¶ 13, Exhibit B.) With respect to transportation network companies, however, courts have consistently held that Prop 22 is satisfied as a matter of law. See, e.g., Bilby v. Jalil, No. 37-2023-00015325-CU-PA-CTL (San Diego Cnty. Super. Ct. Dec. 20, 2024) (app-based driver using the Uber app was an independent contractor); Bennett v. Calderon, No. 23CECG04675 (Fresno Cnty. Super. Ct. Nov. 21, 2024) (same). While Plaintiff Marshall would have been prepared to argue vigorously that GrubHub did not meet Proposition 22's requirements, the lack of favorable precedent injects a great amount of uncertainty into the inquiry. (Friedman Decl. ¶¶ 14-15, Exhibit B.) Furthermore, even after overcoming the question of Proposition 22, Plaintiff Marshall would have to establish that she was an "aggrieved employee" for the purposes of her PAGA claim – in other words, she would have to establish that she was GrubHub's employee under the ABC test and that she had suffered minimum wage, overtime, and/or expense reimbursement violations under the California Labor Code. The settlement allows GrubHub's drivers to receive relief now rather than waiting out what likely would have been several more years of hotly contested litigation. This consideration is all the more important, given that GrubHub's ability to pay may have become further limited as the litigation continued.

  **B.** **The Parties Have Clarified the Scope of the Release**

  Mindful of the Court's concerns about the breadth of the release as written, the parties have agreed to amended language in the settlement agreement that makes clear that the release

only reaches claims stemming from the core misclassification claim and related allegations in this matter. These changes have been made to ¶ 2.3 (defining "Authorized Claimants' Released Claims" and ¶ 2.40 (defining "Settlement Class Members' Released Claims" of the Settlement Agreement (Exhibit 1 to Liss-Riordan, Decl., Exhibit A).

Paragraph 2.3 now states as follows:

> "Authorized Claimants' Released Claims" means all of the Settlement Class Members' Released Claims as well as any and all claims, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, liquidated damages, action, or causes of action, whether known or unknown, contingent or accrued, against the Released Parties arising out of or related to the facts alleged in the Amended Complaint for Settlement or the FLSA. For the removal of doubt, the foregoing release includes any unknown claims related to the claims asserted in this Action or under the FLSA that an Authorized Claimant does not know or suspect to exist in his or her favor, which if known by him or her, might have affected this Settlement Agreement and release of the Released Parties.

(Settlement Agreement ¶ 2.3, Exhibit 1 to Liss-Riordan Decl., Exhibit A.)

Likewise, Paragraph ¶ 2.40 states:

> "Settlement Class Members' Released Claims" means any and all past and present claims, actions, demands, causes of action, suits, debts, guarantees, obligations, rights, or liabilities, of any nature and description whatsoever, known or unknown, asserted or unasserted, existing or potential, recognized now or hereafter, contingent or accrued, expected or unexpected, disclosed or undisclosed, apparent or unapparent, pursuant to any theory of recovery (including, but not limited to, those based in tort or contract; common law or equity; or federal, state, county, city, or local law, statute, ordinance, rule, regulation, or interpretative guideline), and for any type of relief that can be released as a matter of law (including, without limitation, claims for compensatory, consequential, liquidated, punitive, statutory, or exemplary damages; unpaid wages or costs; penalties; sanctions; equitable remedies; interest; or attorneys' fees, costs, or disbursements other than those expressly awarded by the Court under this Agreement) that arise out of, relate to, or are based on the facts alleged in the Amended Complaint for Settlement, and all claims premised on, arising out of, or relating to the allegation that Delivery Partners were misclassified as independent contractors during the Settlement Period. For the removal of doubt, the foregoing release includes all claims pertaining to employment, misclassification, hours of work, wage-and-hour violations, unpaid wages or costs, timely payment of wages, regular wages, final wages, tips, minimum wages, overtime wages, working more than six (6) days in seven (7), expense reimbursement, wage statements, payroll recordkeeping, reporting time, improper deduction of wages, failure to provide workers' compensation insurance, meal periods, rest breaks, sick leave, final pay, waiting time penalties, PAGA penalties, unfair business practices, and any other perquisites of employment, including but not limited to the California Labor Code, Industrial Welfare Commission Wage Orders, and California Business and Professions Code § 17200 et

seq. The foregoing release also includes unknown claims covered by California Civil Code section 1542, as quoted below in Paragraph 9.3.

(Settlement Agreement ¶ 2.40, Exhibit 1 to Liss-Riordan Decl., Exhibit A.)

Except for the named plaintiffs, the release does not provide for release of claims unrelated to the core allegations in the *Lawson* and *Marshall* cases, *e.g.* claims for discrimination, wrongful termination, personal injury, etc. Plaintiffs believe that these changes have addressed the Court's concerns.

### C. The Notice and Claim Form Process Proposed by the Settlement Agreement Should be Approved

As discussed at the hearing, Plaintiffs' counsel believe that the proposed notice and claim form process detailed in the Settlement Agreement is appropriate and will result in a better outcome than simply sending out checks to all settlement class members. Class action settlements commonly utilize emailed claim forms in settlements like this one, and they have proven effective. See, e.g., Winns v. Postmates Inc., No. CJC-20-005068 (Cal. Sup. Ct.) (using a virtually identical claims process); Cotter v. Lyft, 3:13-cv-04065-VC (N.D. Cal.) (same); Singer v. Postmates, 4:15-cv-01284-JSW (N.D. Cal.) (same); Marciano v. DoorDash, CGC-15-548102 (Cal. Sup. Ct.) (same); O'Connor v. Uber Techs., Inc., Civ. A. No. 13-3826, Dkt. 954-01 ¶ 12 (N.D. Cal.) (same).

There are very good reasons for using a claims process – a process which has been approved by numerous courts around the country, including in California. (Liss-Riordan Decl. ¶¶ 4-8, Exhibit A.) Using a claim form (with repeated follow-up reminders) in order to confirm that class members' addresses are up-to-date helps ensure that class members will actually receive their settlement payment. (Liss-Riordan Decl. ¶ 5, Exhibit A.) Sending checks to class members at outdated addresses causes numerous difficulties (particularly with such a transient class population and a class that spans back more than a decade, to December 2014) and does not necessarily lead to more class members receiving settlement funds. (Liss-Riordan Decl. ¶ 6, Exhibit A.) Instead, it leads to numerous checks being sent out and never cashed, necessitating the expense of cancelling checks, as well as the risk of checks being cashed by current residents at class members' former addresses (which leads to problems when class members later inquire

about their checks, only to find they were cashed by someone else). (Liss-Riordan Decl. ¶, Exhibit A.) It also leads to the problem of tax forms being sent to class members who never actually received or cashed their payment (which, as Plaintiffs' counsel discussed at the hearing, has caused extensive headaches in past settlements in which checks were sent out to a widely dispersed and transitory class, where federal or state taxing authorities conduct audits of class members who never actually received the checks that were sent out). (Liss-Riordan Decl. ¶ 7, Exhibit A.)

      The claim form process here also ensures that settlement funds will be distributed among class members who have submitted claim forms, thus maximizing the payments to those class members who are invested enough in the litigation to submit the simple claim form. (Liss-Riordan Decl. ¶ 8, Exhibit A.) The claim form here is not burdensome – it requires simply confirmation (or entry if necessary) of basic information that any class member will know by heart – an address, phone number, and email address. See In re Apple iPhone 4 Products Liab. Litig., 2012 WL 3283432, *3 (N.D. Cal. Aug. 10, 2012) (overruling objection that claims process was "overly burdensome" where class members were required to provide only their name, address and iPhone serial number and to check a box verifying their reception problems in order to file a claim, and could do so by mail or electronically); see also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig., 2013 WL 3224585, at *18 (C.D. Cal. June 17, 2013) ("The requirement that class members download a Claim Form or request in writing a Claim Form, complete the form, and mail it back to the settlement administrator is not onerous. Additionally, in lieu of a written claim, class members are given the what [sic] the Court considers the even less onerous option of submitting an online claim."). Moreover, settlement class members will be given ample opportunity to submit claims. (Settlement Agreement ¶¶ 6.1-6.11, Exhibit 1 to Liss-Riordan Decl., Exhibit A)

### III.   CONCLUSION

      For the foregoing reasons, and for the reasons set forth in Plaintiff Lawson's Motion for Preliminary Approval (Dkt. 422) and Supplemental Brief (Dkt. 426), the Court should preliminarily approve the settlement in this matter. The Court should allow the Settlement

1  Administrator to proceed with the issuance of notice and should schedule the case for a final
2  settlement approval hearing.

3  Dated: January 15, 2026                    Respectfully submitted by

                                              RAEF LAWSON and REJENNA MARSHALL, in
                                              their capacity as Private Attorney General
                                              Representatives, individually, and on behalf of
                                              themselves and all others similarly situated,

                                              By their attorneys,
                                              /s/ Shannon Liss-Riordan
                                              Shannon Liss-Riordan (SBN 310719)
                                              Thomas Fowler, *pro hac vice*
                                              LICHTEN & LISS-RIORDAN, P.C.
                                              729 Boylston Street, Suite 2000
                                              Boston, MA 02116
                                              (617) 994-5800
                                              Email:  sliss@llrlaw.com, tfowler@llrlaw.com

                                              *Attorneys for Plaintiff Raef Lawson*

                                              /s/ Todd M. Friedman
                                              Todd M. Friedman (SBN 216752)
                                              Adrian R. Bacon (SBN 280332)
                                              Matthew R. Snyder (SBN 350907)
                                              LAW OFFICES OF TODD M. FRIEDMAN, P.C.
                                              23586 Calabasas, CA 91302
                                              (323) 306-4234
                                              Email: tfriedman@toddflaw.com;
                                              abacon@toddflaw.com; msnyder@toddflaw.com

                                              *Attorneys for Plaintiff Rejenna Marshall*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was served by electronic filing on January 15, 2026, on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan
